# 13-1223-cv

## United States Court of Appeals

### for the

## Second Circuit

JON SASMOR,

*Plaintiff - Appellant,*

v.

STEVEN POWELL, Individually and as City Marshal,

*Defendant - Cross Claimant - Cross Defendant - Appellee,*

and,

CHAIM GOLDBERGER, aka Henry Goldberg, ISAAC TEITELBAUM, aka Isaac Titalbaum, ABRAHAM SCHNEEBALG, FERN FISHER, Individually and as Deputy Chief Administrative Judge for the New York City Courts, CAROL ALT, Individually and as Chief Clerk of the Civil Court of the City of New York, and HENRY MANAGEMENT, LLC,

*Defendants - Cross Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## JOINT APPENDIX
## Volume 1 of 2 (Pages JA001 to JA247)

JON SASMOR
287 Franklin Avenue
Brooklyn, NY 11205
(917) 318-2619
jonathan.sasmor@gmail.com

*Plaintiff-Appellant, Pro Se*

MARK H. SHAWHAN
Assistant Solicitor General
Office of N.Y.S. Att'y General
120 Broadway 25th Floor
New York, NY 10271-0332
(212) 416-6325
mark.shawhan@ag.ny.gov

*Attorney for Defendants -
Cross Defendants - Appellees
Fern Fisher and Carol Alt*

KENNETH D. LITWACK
Kenneth D. Litwack Counselor
at Law P.C.
38·08 Bell Blvd Second Floor
Bayside, NY 11361
(718) 428-4806
Klitwack@aol.com

*Attorney for Defendant - Cross
Claimant - Cross Defendant -
Appellee Steven Powell*

NO APPEARANCE *for Defendants - Cross Defendants - Appellees Chaim Goldberger, Isaac Teitelbaum, Abraham Schneebalg, and Henry Management, LLC*

# 13-1223-cv

## United States Court of Appeals

### for the

## Second Circuit

JON SASMOR,

*Plaintiff - Appellant,*

v.

STEVEN POWELL, Individually and as City Marshal,

*Defendant - Cross Claimant - Cross Defendant - Appellee,*

and,

CHAIM GOLDBERGER, aka Henry Goldberg, ISAAC TEITELBAUM, aka Isaac Titalbaum, ABRAHAM SCHNEEBALG, FERN FISHER, Individually and as Deputy Chief Administrative Judge for the New York City Courts, CAROL ALT, Individually and as Chief Clerk of the Civil Court of the City of New York, and HENRY MANAGEMENT, LLC,

*Defendants - Cross Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## JOINT APPENDIX
## Volume 1 of 2 (Pages JA001 to JA247)

JON SASMOR
287 Franklin Avenue
Brooklyn, NY 11205
(917) 318-2619
jonathan.sasmor@gmail.com

*Plaintiff-Appellant, Pro Se*

MARK H. SHAWHAN
Assistant Solicitor General
Ofice of N.Y.S. Att'y General
120 Broadway 25th Floor
New York, NY 10271-0332
(212) 416-6325
mark.shawhan@ag.ny.gov

*Attorney for Defendants -
Cross Defendants - Appellees
Fern Fisher and Carol Alt*

KENNETH D. LITWACK
Kenneth D. Litwack Counselor
at Law P.C.
38-08 Bell Blvd Second Floor
Bayside, NY 11361
(718) 428-4806
Klitwack@aol.com

*Attorney for Defendant - Cross
Claimant - Cross Defendant -
Appellee Steven Powell*

NO APPEARANCE *for Defendants - Cross Defendants - Appellees Chaim Goldberger, Isaac Teitelbaum, Abraham Schneebalg, and Henry Management, LLC*

# JOINT APPENDIX TABLE OF CONTENTS

## VOLUME 1

District Court Docket Sheet..........................................................................JA001

Verified Amended Complaint filed by Plaintiff Jon Sasmor (ECF No. 6)...JA012

      Exhibit A: "All Persons" Warrant and *In Personam* Judgment
          from *Ronald Henry Land Trust v. Fletcher*
          (ECF No. 6 at 38-40)...............................................................JA049

      Exhibit B: "All Persons" Warrant and *In Personam* Judgment
          from *Ronald Henry Land Trust v. Diaz*
          (ECF No. 6 at 41-43)...............................................................JA052

      Exhibit C: "All Persons" Warrant and *In Personam* Judgment
          from *Ronald Henry Land Trust v. Rosenbaum*
          (ECF No. 6 at 44-46)...............................................................JA055

Verified Answer filed by Defendant Steven Powell (ECF No. 9)................JA058

Notice of Appearance and Verified Answer filed by Defendants
          Chaim Goldberger, Isaac Teitelbaum, Abraham Schneebalg,
          and Henry Management, LLC (ECF No. 20)....................................JA065

Notice of Motion to Dismiss by Defendant Powell (ECF No. 36 at 1)........JA078

Declaration of Kenneth D. Litwack, Esq. dated March 21, 2012
          (ECF No. 36 at 2-5).............................................................JA079

      Exhibit A: Verified Amended Complaint filed by Plaintiff
          Jon Sasmor (ECF Nos. 36-1, 2, 3) *[omitted; see JA012]*

1

Exhibit B: Verified Answer filed by Defendant Steven Powell
(ECF No. 36-4 at 1-8) *[omitted; see JA058]*

Exhibit C: N.Y.C. Dep't of Investigation, N.Y.C. Marshals
Handbook of Regulations, Ch. IV, § 6-3
(ECF No. 36-4 at 9-12)...........................................................JA083

Exhibit D: Warrant of Eviction in *Ronald Henry Land Trust v.
Rosenbaum* (ECF No. 36-5 at 1-2)  *[omitted; see JA056]*

Exhibit E: Warrant of Eviction in *Ronald Henry Land Trust v.
Fletcher* (ECF No. 36-5 at 3-4)  *[omitted; see JA050]*

Exhibit F: Warrant of Eviction in *Ronald Henry Land Trust v.
Diaz* (ECF No. 36-5 at 5-6)  *[omitted; see JA053]*

Exhibit G: Housing Court documents from *Ronald Henry Land
Trust v. Rosenbaum*, as follows:

Decision/Order of Housing Judge Marcia J. Sikowitz
dated May 31, 2011 (ECF No. 36-5 at 8-9)
*[omitted; see JA245]*

Decision & Order on Motion from Appellate Term dated
July 5, 2011 (ECF No. 36-5 at 10)
*[omitted; see JA247]*

Exhibit H: Housing Court documents from *Ronald Henry Land
Trust v. Fletcher*, as follows:

Order to Show Cause of Housing Judge George H.
Heymann dated May 26, 2011 (ECF No. 36-6 at 2)......JA087

2

Decision/Order of Housing Judge George H. Heymann
   dated June 3, 2011 (ECF No. 36-6 at 3)
   *[omitted; see JA230]*

Decision & Order on Motion from Appellate Term dated
   July 5, 2011 (ECF No. 36-6 at 4)
   *[omitted; see JA231]*

Exhibit I: Housing Court documents from *Ronald Henry Land
   Trust v. Diaz*, as follows:

Decision/Order of Housing Judge George H. Heymann
   dated June 3, 2011 (ECF No. 36-6 at 6)
   *[omitted; see JA240]*

Order to Show Cause of Appellate Term dated June 6,
   2011 (ECF No. 36-6 at 7-8)...........................................JA089

Decision & Order on Motion from Appellate Term dated
   July 5, 2011 (ECF No. 36-6 at 9)
   *[omitted; see JA241]*

Exhibit J: N.Y. App. Div. Joint Administrative Order 453,
   reprinted in N.Y.C. Marshals Handbook of Regulations
   (ECF No. 36-6 at 10-14).........................................JA092

Exhibit K: N.Y. App. Div. Joint Administrative Order 456,
   reprinted in N.Y.C. Marshals Handbook of Regulations
   (ECF No. 36-7 at 1-2)............................................JA097

Exhibit L: N.Y.C. Dep't of Investigation, N.Y.C. Marshals
   Handbook of Regulations, Ch. IV, § 1-2
   (ECF No. 36-7 at 3-4)............................................JA099

Exhibit M: Proposed Amended Verified Answer by Defendant
   Steven Powell (ECF No. 36-7 at 5-9)......................................JA101

Notice of Motion to Dismiss by Defendants Fern Fisher and Carol Alt
   (ECF No. 48)...................................................................JA106

Declaration of Andrew H. Meier, Esq. dated March 22, 2012
   (ECF No. 48-2).................................................................JA108

   Exhibit 1: Verified Amended Complaint filed by Plaintiff
      Jon Sasmor (ECF No. 48-3) *[omitted; see JA012]*

   Exhibit 2: Plaintiff's Lease for 287 Franklin Avenue
      (ECF No. 48-4), as follows:......................................JA112

      People's Choice Realty Version of Lease with Rider
         (ECF No. 48-4 at 3-9).....................................JA114

      Version of Lease Provided by Defendant Goldberger
         without Rider (ECF No. 48-4 at 11-16).........................JA122

   Exhibit 3: Memorandum of Law in Support of Answer filed
      by Jon Sasmor in *Ronald Henry Land Trust v. Rosenbaum*
      (appendix and exhibits omitted) (ECF No. 48-5).....................JA128

   Exhibit 4: Check Copies and Receipts from Rent and Security
      Deposit (ECF No. 48-6) (redacted)...........................JA169

   Exhibit 5: First Amended Complaint filed by 287 Franklin Av.
      Residents' Ass'n, Jon Sasmor, Lisa Lin, William Osterweil,
      Kurt Fletcher, and Vilija Skubutyte in Related Case
      *287 Franklin Av. Residents' Ass'n, et al. v. Meisels, et al.*,
      E.D.N.Y. No. 11-cv-976 (KAM) (JO) (ECF No. 48-7)
      *[omitted here; available on ECF]*

4

Exhibit 6: Housing Court Documents from *Ronald Henry Land Trust v. Lin, et al.* (ECF No. 48-8), as follows:.........................JA175

Judicial Request / Order for Housing Inspection dated December 1, 2010 (ECF No. 48-8 at 3-4).......................JA177

N.Y.C. Dep't of Hous. Preservation and Development Violation Summary Report (ECF No. 48-8 at 6-7)........JA180

Order to Repair / Vacate Order for Top Floor of 287 Franklin Av. dated January 18, 2011 (ECF No. 48-8 at 9)........................................................................JA183

Exhibit 7: Notice of Petition and Petition with Exhibits in *Ronald Henry Land Trust v. Fletcher* (ECF No. 48-9)..........................JA184

Exhibit 8: Notice of Petition and Petition with Exhibits in *Ronald Henry Land Trust v. Diaz* (ECF No. 48-10)............................JA194

Exhibit 9: Notice of Petition and Petition with Exhibits in *Ronald Henry Land Trust v. Fletcher* (ECF No. 48-11).......................JA204

Exhibit 10: Printout of Housing Court Case History for *Ronald Henry Land Trust v. Sasmor and Lin* (ECF No. 48-12)..........JA213

Exhibit 11: Notice of Petition and Petition with Exhibits in *Ronald Henry Land Trust v. Sasmor and Lin* (ECF No. 48-13)..........JA215

Exhibit 12: Housing Court Documents from *Ronald Henry Land Trust v. Fletcher* (ECF No. 48-14), as follows:.........................JA222

Special Appearance filed by Jon Sasmor and Willie Osterweil (ECF No. 48-14 at 3-4)..................................JA224

Affidavit of Jon Sasmor and Willie Osterweil dated May
17, 2011 in Support of Order to Show Cause to Stay
Execution of Warrants as to Tenants Unnamed in
Caption (ECF No. 48-14 at 5-7)....................................JA226

Order to Show Cause Denied by Housing Judge George
M. Heymann dated May 18, 2011 (ECF No. 48-14
at 8).............................................................................JA229

Decision/Order of Housing Judge George H. Heymann
dated June 3, 2011 (ECF No. 48-14 at 9)......................JA230

Decision & Order on Motion from Appellate Term dated
July 5, 2011 (ECF No. 48-14 at 10)...............................JA231

Exhibit 13: Housing Court Documents from *Ronald Henry Land
Trust v. Diaz* (ECF No. 48-15), as follows:..............................JA232

Housing Court History of Proceedings (ECF No. 48-15 at 2)..JA233

Special Appearance filed by Jon Sasmor and Willie
Osterweil (ECF No. 48-15 at 3-4)..................................JA234

Affidavit of Jon Sasmor and Willie Osterweil dated May
17, 2011 in Support of Order to Show Cause to Stay
Execution of Warrants as to Tenants Unnamed in
Caption (ECF No. 48-15 at 5-7)....................................JA236

Order to Show Cause Denied by Housing Judge George
M. Heymann dated May 18, 2011 (ECF No. 48-15
at 8).............................................................................JA239

Decision/Order of Housing Judge George H. Heymann
dated June 3, 2011 (ECF No. 48-15 at 9)......................JA240

Decision & Order on Motion from Appellate Term dated
July 5, 2011 (ECF No. 48-15 at 10)..............................JA241

Exhibit 14: Housing Court Documents from *Ronald Henry Land
Trust v. Rosenbaum* (ECF No. 48-16), as follows:..................JA242

Answer filed by Jon Sasmor and Lisa Lin (exhibits omitted)
(ECF No. 48-16 at 2-3)..................................................JA243

Decision/Order of Housing Judge Marcia J. Sikowitz
dated May 31, 2011 (ECF No. 48-16 at 4-5).................JA245

Decision & Order on Motion from Appellate Term dated
July 5, 2011 (ECF No. 48-16 at 6)................................JA247

## VOLUME 2

Declaration of Jon Sasmor dated March 22, 2012 (ECF No. 56)................JA248

Exhibit A: People's Choice Realty Receipts for Rent and
Security Deposit (ECF No. 56-1) *[omitted; see JA171, JA 172]*

Exhibit B: Plaintiff's Lease for 287 Franklin Avenue, People's
Choice Realty Version of Lease with Rider (ECF No. 56-2)
*[omitted; see JA114]*

Exhibit C: Plaintiff's Lease for 287 Franklin Avenue, Version of
Lease Provided by Defendant Goldberger without Rider
(ECF No. 56-3) *[omitted; see JA122]*

Exhibit D: Plaintiff's Lease for 287 Franklin Avenue, Altered
Version of People's Choice Realty Lease without Rider,
as Provided by Trust Defendants in Discovery in Related
Case (ECF No. 56-4)...............................................JA270

7

Exhibit E: "Ronald Henry Land Trust" Deed dated May 12, 2009
(ECF No. 56-5).........................................................................JA274

Exhibit F: Trust Defendants' Interrogatory Responses in Related
Case Concerning Peter Henry a/k/a "Goro" (ECF No. 56-6)...JA283

Exhibit G: Invoice dated July 30, 2010 from Defendant Henry
Management, LLC Showing $50 Charge Related to "goro"
(ECF No. 56-7).........................................................................JA289

Exhibit H: Affidavit of Ronald Henry dated August 6, 2010
(ECF No. 56-8).........................................................................JA290

Exhibit I:  Rent Check to Ronald Henry (ECF No. 56-9)
(redacted)..................................................................................JA292

Exhibit J: Memorandum and Order of Magistrate Judge James
Orenstein in Related Case dated March 12, 2012 (ECF No.
56-10)........................................................................................JA293

Exhibit K: Managing Agent's Affidavit of Ronald Henry dated
August 12, 2010 (ECF No. 56-11).........................................JA297

Exhibit L: Notice of Pendency of Action for *IndyMac Federal
Bank, FSB v. Ronald Henry* (ECF No. 56-12)........................JA299

Exhibit M: Docket as of February 28, 2012 for *OneWest Bank,
FSB v. Ronald Henry* (ECF No. 56-13)..................................JA303

Exhibit N: Agreement and Declaration of Trust, Ronald Henry
Land Trust, dated May 13, 2009 (ECF No. 56-14)................JA304

Exhibit O: Assignment of Beneficial Interest in Land Trust, dated
May 13, 2009 (ECF No. 56-15).............................................JA312

8

Exhibit P: Affirmation of Defendant Chaim Goldberger dated
      July 21, 2011 (ECF No. 56-16)...............................................JA313

Exhibit Q: Nonpayment Petition in *Ronald Henry Land Trust*
      *v. Lin, et al.* (ECF No. 56-17)...................................................JA314

Exhibit R: *In Personam* Housing Court Judgments Against
      Fletcher, Diaz, and Rosenbaum (ECF No. 56-18)
      *[omitted; see JA051, JA054, JA057]*

Exhibit S: Transcript of April 28, 2011 Housing Court
      Proceedings before Housing Judge George M. Heymann
      in *Ronald Henry Land Trust v. Fletcher* and
      *Ronald Henry Land Trust v. Diaz* (ECF No. 56-19)................JA315

Exhibit T: Decision/Order of Housing Judge Marcia J. Sikowitz
      dated May 31, 2011 in *Ronald Henry Land Trust v.*
      *Rosenbaum* (ECF No. 56-20) *[omitted; see JA 245]*

Exhibit U: Decision & Orders on Motion from Appellate Term dated
      July 5, 2011 in *Ronald Henry Land Trust v. Fletcher,*
      *Ronald Henry Land Trust v. Diaz,* and *Ronald Henry Land*
      *Trust v. Rosenbaum* (ECF No. 56-21) *[omitted; see JA231,*
      *JA241, JA247]*

Exhibit V: *In Personam* Housing Court Judgments Against
      Osterweil, Skubutyte, and Campos (ECF No. 56-22)..............JA327

Exhibit W: "All Persons" Warrants Related to Fletcher, Diaz,
      and Rosenbaum Cases (ECF No. 56-23) *[omitted;*
      *see JA050, JA053, JA056]*

9

Exhibit X: "All Persons" Warrants Related to Osterweil, Skubutyte, and Campos Cases, Accompanied by Cover Letters Returning Warrants Unexecuted (ECF No. 56-24)....................................JA330

Exhibit Y: *In Personam* Notices of Petition (ECF No. 56-25)...........JA335

Exhibit Z: Housing Court Affidavits of Service (ECF No. 56-26).....JA341

Exhibit AA: Letters from Plaintiff Jon Sasmor to Defendant Steven Powell dated July 12, 2011; July 18, 2011; and October 3, 2011 (ECF No. 56-27)...........................................JA353

Reply Declaration of Jon Sasmor dated July 27, 2012 (ECF No. 57-1)......JA361

Exhibit A: *Bedford Apts. Co. v. Coutts*, 28 Hous. Ct. Rptr. 738A, N.Y.L.J., Nov. 30, 2000, p. 29, col. 6 (N.Y. App. Term 2000) (ECF No. 57-2).............................................................JA363

Exhibit B: Deed Related to *Bedford Apts.* Case (ECF No. 57-3).......JA364

Exhibit C: Correspondence Between Plaintiff and Defendants' Counsel Regarding Preliminary Injunction Motion (ECF No. 57-4) *[omitted here; available on ECF]*

Exhibit D: Letter Included in Legislative History of Conn. Gen. Stat. § 47a-26h (ECF No. 57-5)...............................................JA366

Letter dated November 8, 2012 from Andrew H. Meier, Esq. to Magistrate Judge James Orenstein (ECF No. 58)...............................JA368

Exhibit A: Post-Trial Decision and Order dated October 10, 2012 in *Ronald Henry Land Trust v. Sasmor and Lin* (ECF No. 58 at 4-15).............................................................................JA371

Letter dated November 15, 2012 from Jon Sasmor to Magistrate Judge
        James Orenstein (ECF No. 59)...........................................................JA383

        Exhibit 1: Notices of Appeal in *Ronald Henry Land Trust v.*
                *Sasmor and Lin* (ECF No. 59-1)............................................JA386

Letter dated November 16, 2012 from Jon Sasmor to Magistrate Judge
        James Orenstein, Correcting Typographical Error (ECF No. 60).......JA391

Plaintiff's Objections to Report and Recommendation, dated March 15,
        2013 (ECF No. 63) (which are independently relevant because
        they affect the standard of review by the District Judge)....................JA392

Notice of Appeal filed by Jon Sasmor on April 2, 2013 (ECF No. 68).......JA438

11

APPEAL,NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:11–cv–04645–KAM–JO

| | |
|---|---|
| Sasmor v. Powell et al | Date Filed: 09/26/2011 |
| Assigned to: Judge Kiyo A. Matsumoto | Date Terminated: 03/29/2013 |
| Referred to: Magistrate Judge James Orenstein | Jury Demand: Plaintiff |
| Cause: 28:1331 Fed. Question | Nature of Suit: 950 Constitutional – State Statute |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Jon Sasmor**
           represented by  **Jon Sasmor**
287 Franklin Avenue
Brooklyn, NY 11205
917–318–2619
Email: jonathan.sasmor@gmail.com
PRO SE

V.

**Defendant**

**Steven Powell**
*Individually and as City Marshal*
           represented by  **Kenneth Litwack**
Litwack &Litwack, Counselors at Law, P.C.
42–40 Bell Blvd.
Suite 300
Bayside, NY 11361
(718)428–4806
Fax: (718)428–2064
Email: klitwack@aol.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chaim Goldberger**
*also known as*
Henry Goldberg
           represented by  **David Lyle Stern**
Stern &Stern, Esqs.
50 Court Street
Brooklyn, NY 11201
(718) 935–9458
Fax: (718) 935–1050
Email: sternandsternesq@aol.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Henry Management, LLC**
           represented by  **David Lyle Stern**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Isaac Teitelbaum**
*also known as*
Isaac Titalbaum
           represented by  **David Lyle Stern**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Abraham Schneebalg**
           represented by  **David Lyle Stern**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JA001**

**Fern Fisher**
*Individually and as Deputy Chief*
*Adminstrative Judge for the New York*
*City Courts*

represented by **Andrew Hodge Meier**
Office of the New York State Attorney
General
120 Broadway
24th Floor
New York, NY 10271
212–416–8305
Fax: 212–416–6009
Email: andrew.meier@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Anne Connell**
Office of the New York State Attorney
General
120 Broadway, 24th Floor
New York, NY 10271
212–416–8965
Fax: 212–416–6009
Email: Monica.Connell@oag.state.ny.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carol Alt**
*Individually and as Chief Clerk of the*
*Civil Court of the City of New York*

represented by **Andrew Hodge Meier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Steven Powell**
*Individually and as City Marshal*

represented by **Kenneth Litwack**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Steven Powell**
*Individually and as City Marshal*

represented by **Kenneth Litwack**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Carol Alt**
*Individually and as Chief Clerk of the*
*Civil Court of the City of New York*

represented by **Andrew Hodge Meier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Fern Fisher**
*Individually and as Deputy Chief*
*Adminstrative Judge for the New York*

represented by **Andrew Hodge Meier**
(See above for address)
*LEAD ATTORNEY*

**JA002**

*City Courts*

*ATTORNEY TO BE NOTICED*

**Monica Anne Connell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Chaim Goldberger**                    represented by  **David Lyle Stern**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Henry Management, LLC**               represented by  **David Lyle Stern**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Abraham Schneebalg**                  represented by  **David Lyle Stern**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Isaac Teitelbaum**                    represented by  **David Lyle Stern**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/26/2011 | 1 | COMPLAINT against Carol Alt, Fern Fisher, Chaim Goldberger, Henry Management, LLC, Steven Powell, Abraham Schneebalg, Isaac Teitelbaum, filed by Jon Sasmor. (Attachments: #1 Civil Cover Sheet, #2 Declaration of Notice and Urgency) (Davis, Kimberly) (Entered: 09/26/2011) |
| 09/26/2011 | 2 | Unsigned Order to Show Cause by Jon Sasmor (Davis, Kimberly) (Entered: 09/26/2011) |
| 09/26/2011 | 3 | MEMORANDUM in Support filed by Jon Sasmor. (Davis, Kimberly) (Entered: 09/26/2011) |
| 09/26/2011 | | FILING FEE: $ 350.00, receipt number 4653034266 (Davis, Kimberly) (Entered: 09/26/2011) |
| 09/26/2011 | 4 | FILING FEE: $ 350.00, receipt number 4653034266 filed by Jonathan Sasmor. (Galeano, Sonia) (Entered: 09/26/2011) |
| 09/26/2011 | 5 | ORDER. For the reasons set forth in the attached Order, plaintiff's request for a temporary restraining order is denied. Ordered by Judge Kiyo A. Matsumoto on 9/26/2011. (Chang, Emily) (Entered: 09/26/2011) |
| 10/11/2011 | 6 | AMENDED COMPLAINT against All Defendants, filed by Jon Sasmor. (Brucella, Michelle) (Entered: 10/12/2011) |
| 10/14/2011 | 8 | SUMMONS Returned Executed by Jon Sasmor. Steven Powell served on 10/13/2011, answer due 11/3/2011; Isaac Teitelbaum served on 10/11/2011, answer due 11/1/2011; Abraham Schneebalg served on 10/11/2011, answer due 11/1/2011; Fern Fisher served on 10/13/2011, answer due 11/3/2011; Carol Alt served on 10/13/2011, answer due 11/3/2011. (Latka–Mucha, Wieslawa) (Entered: 10/21/2011) |
| 10/18/2011 | 7 | SUMMONS Returned Executed by Jon Sasmor. Chaim Goldberger served on 10/11/2011, answer due 11/1/2011; Henry Management, LLC served on 10/11/2011, answer due 11/1/2011. (Galeano, Sonia) (Entered: 10/19/2011) |

**JA003**

| 10/27/2011 | 9 | ANSWER to 6 Amended Complaint , CROSSCLAIM against All Defendants by Steven Powell. (Litwack, Kenneth) (Entered: 10/27/2011) |
|---|---|---|
| 11/01/2011 | 10 | NOTICE of Appearance by Monica Anne Connell on behalf of Carol Alt, Fern Fisher (notification declined or already on case) (Connell, Monica) (Entered: 11/01/2011) |
| 11/01/2011 | 11 | Letter MOTION for Extension of Time to File Answer re 6 Amended Complaint *or Motion to Dismiss* by Carol Alt, Fern Fisher. (Connell, Monica) (Entered: 11/01/2011) |
| 11/01/2011 | | ORDER re 11 Letter MOTION for Extension of Time to File Answer — Plaintiff shall respond in writing to the motion by defendants Carol Alt and Fern Fisher by November 3, 2011. The deadline for defendants Alt and Fisher to answer or otherwise respond to the complaint is extended to November 4, 2011, pending resolution of this motion. Defendants Alt and Fisher are further directed to serve a copy of this order on plaintiff immediately. Ordered by Magistrate Judge James Orenstein on 11/1/2011. (Konkoly, Antonia) (Entered: 11/01/2011) |
| 11/03/2011 | 14 | Letter dated 11/3/2011 from *pro se* Jon Sasmor to Judge Orenstein, in response to defendants' 11 request for an extension of time, etc. (Latka–Mucha, Wieslawa) (Entered: 11/18/2011) |
| 11/04/2011 | | ORDER granting in part and denying in part 11 Motion for Extension of Time to Answer — The deadline for defendants Alt and Fisher to answer or otherwise respond to the complaint is extended to December 5, 2011, without prejudice to an application for further time upon a showing of good cause. Defendants Alt and Fisher are further directed to serve a copy of this order on plaintiff immediately. Ordered by Magistrate Judge James Orenstein on 11/4/2011. (Konkoly, Antonia) (Entered: 11/04/2011) |
| 11/04/2011 | 12 | Request for Certificate of Default against defendant Isaac Teitelbaum and defendant Abraham Schneebalg; filed by *pro se* Jon Sasmor, dated 11/4/2011. W/Attachments: # 1 Proposed Notation of Default, # 2 Proposed Notation of Default. (Latka–Mucha, Wieslawa) (Entered: 11/07/2011) |
| 11/04/2011 | 13 | DECLARATION / MOTION for Default Judgment as to defendants Isaac Teitelbaum and Abraham Schneebalg; filed by *pro se* Jon Sasmor, dated 11/4/2011. (Latka–Mucha, Wieslawa) (Entered: 11/07/2011) |
| 11/10/2011 | 15 | Request for Certificate of Default against defendants Chaim Goldberger, and Henry Management, LLC; filed by *pro se* Jon Sasmor, dated 11/10/2011. W/Attachments: # 1 Proposed Notation of Default, # 2 Proposed Notation of Default. (Latka–Mucha, Wieslawa) (Entered: 11/18/2011) |
| 11/10/2011 | 16 | MOTION / DECLARATION in Support of 15 Request to Enter Defaults as to defendants Chaim Goldberger, and Henry Management, LLC; filed by *pro se* Jon Sasmor, dated 11/10/2011. W/Attachments: # 1 Declaration of Service. (Latka–Mucha, Wieslawa) (Entered: 11/18/2011) |
| 11/21/2011 | | SCHEDULING ORDER: A status conference is scheduled for November 29, 2011, at 9:30 a.m. Defendants Alt and Fisher are directed to serve a copy of this order on the plaintiff. Ordered by Magistrate Judge James Orenstein on 11/21/2011. (Rambaud, Dennis) (Entered: 11/21/2011) |
| 11/21/2011 | | Email Notification Test – DO NOT REPLY (Guy, Alicia) (Entered: 11/21/2011) |
| 11/22/2011 | 17 | NOTICE of Appearance by David Lyle Stern on behalf of Abraham Schneebalg, Isaac Teitelbaum (aty to be noticed) (Stern, David) (Entered: 11/22/2011) |
| 11/22/2011 | 18 | NOTICE of Appearance by David Lyle Stern on behalf of Chaim Goldberger, Henry Management, LLC (aty to be noticed) (Stern, David) (Entered: 11/22/2011) |
| 11/25/2011 | 19 | Letter MOTION to Adjourn Conference by Carol Alt, Fern Fisher. (Connell, Monica) (Entered: 11/25/2011) |
| 11/28/2011 | | ORDER granting 19 Motion to Adjourn Conference — The application is granted on consent. The status conference previously scheduled for November 29, 2011, is rescheduled for December 5, 2011, at 3:00 p.m. Ordered by Magistrate Judge |

| | | James Orenstein on 11/28/2011. (Rambaud, Dennis) (Entered: 11/28/2011) |
|---|---|---|
| 11/28/2011 | 20 | *Defendants Goldberger, Henry Mgmt, Teitel Baum and Schnee balg* ANSWER to 9 Answer to Amended Complaint, Crossclaim, 1 Complaint, 6 Amended Complaint , ANSWER to 9 Answer to Amended Complaint, Crossclaim, 1 Complaint, 6 Amended Complaint , ANSWER to 9 Answer to Amended Complaint, Crossclaim, 1 Complaint, 6 Amended Complaint by Chaim Goldberger, Henry Management, LLC. (Stern, David) (Entered: 11/28/2011) |
| 11/28/2011 | 21 | *Goldberger, Henry Mgmt, Teitelbaum &Schneebalg Answer* ANSWER to 9 Answer to Amended Complaint, Crossclaim, 1 Complaint, 6 Amended Complaint , ANSWER to 9 Answer to Amended Complaint, Crossclaim, 1 Complaint, 6 Amended Complaint , ANSWER to 9 Answer to Amended Complaint, Crossclaim, 1 Complaint, 6 Amended Complaint by Abraham Schneebalg, Isaac Teitelbaum. (Stern, David) (Entered: 11/28/2011) |
| 11/30/2011 | 22 | Letter MOTION for Extension of Time to File Answer by Carol Alt, Fern Fisher. (Connell, Monica) (Entered: 11/30/2011) |
| 12/01/2011 | 23 | NOTICE of Appearance by Andrew Hodge Meier on behalf of Carol Alt, Fern Fisher (aty to be noticed) (Meier, Andrew) (Entered: 12/01/2011) |
| 12/02/2011 | | ORDER granting 22 Motion for Extension of Time to Answer — The deadline for defendants Alt and Fisher to answer, move, or otherwise respond to the complaint is extended to January 6, 2012. Defendants Alt and Fisher are further directed to serve a copy of this order on plaintiff immediately. Ordered by Magistrate Judge James Orenstein on 12/2/2011. (Rambaud, Dennis) (Entered: 12/02/2011) |
| 12/02/2011 | 25 | Letter dated 12/2/2011 from *pro se* Jon Sasmor to Judge Orenstein, in response to Defendants Fern Fisher and Carol Alt's 22 Motion for a second extension of time. (Latka–Mucha, Wieslawa) (Entered: 12/06/2011) |
| 12/05/2011 | 24 | Minute Entry for proceedings held before Magistrate Judge James Orenstein:Initial Conference Hearing held on 12/5/2011. The parties anticipate filing a variety of motions, including dismissal motions by defendants Powell, Fisher, and Alt, as well as a motion for a preliminary injunction by plaintiff Sasmor. The parties will submit a proposed briefing schedule for all anticipated motions no later than December 12, 2011. The parties consent to a stay of discovery pending resolution of the anticipated dismissal motions. (Orenstein, James) (Entered: 12/05/2011) |
| 12/05/2011 | | ORDER withdrawing 13 Motion for Default Judgment; withdrawing 16 Motion for Default Judgment — as stated on the record at today's initial conference, the motions are withdrawn on consent now that the defendants have answered. Ordered by Magistrate Judge James Orenstein on 12/5/2011. (Orenstein, James) (Entered: 12/05/2011) |
| 12/09/2011 | 26 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Steven Powell. (Attachments: # 1 Proposed Amended Verified Answer, # 2 Affidavit of Service) (Litwack, Kenneth) (Entered: 12/09/2011) |
| 12/09/2011 | 27 | Proposed Scheduling Order *for Defendants' motions to dismiss and Plaintiff's motion for preliminary injunction* by Carol Alt, Fern Fisher (Meier, Andrew) (Entered: 12/09/2011) |
| 12/13/2011 | | Email Notification Test – DO NOT REPLY (Levine, Evelyn) (Entered: 12/13/2011) |
| 12/14/2011 | 28 | RESPONSE to Motion re 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jon Sasmor. (Sasmor, Jon) (Entered: 12/14/2011) |
| 12/14/2011 | 29 | Letter MOTION for pre motion conference *for preliminary injunction motion; and request for leave to renew motion for temporary restraining order* by Jon Sasmor. (Sasmor, Jon) (Entered: 12/14/2011) |
| 12/16/2011 | 30 | RESPONSE in Opposition re 29 Letter MOTION for pre motion conference *for preliminary injunction motion; and request for leave to renew motion for temporary restraining order Opposition to Request for Leave to Renew Motion for Temporary Restraining Order* filed by Carol Alt, Fern Fisher. (Meier, Andrew) |

| | | |
|---|---|---|
| | | (Entered: 12/16/2011) |
| 12/20/2011 | | ORDER. (1) The court grants requests from defendant Powell 26 and plaintiff Sasmor 29 for a pre–motion conference to discuss Mr. Powell's potential motion to dismiss and Mr. Sasmor's potential motion for a preliminary injunction. All parties are directed to participate in a telephone pre–motion conference on 1/12/2012 at 5:00 PM. Plaintiff shall initiate the call when all parties are on the line. (2) The court denies plaintiff's renewed motion for a temporary restraining order for essentially the same reasons cited in the court's September 26, 2011 Order 5 . Although the court acknowledges that the plaintiff has properly served all defendants and made efforts to recraft his complaint, he still has not shown immediate and irreparable injury and a likelihood of success on the merits. Ordered by Judge Kiyo A. Matsumoto on 12/20/2011. (Chang, Emily) (Entered: 12/20/2011) |
| 12/21/2011 | 31 | First MOTION for pre motion conference *ahead of motion to dismiss* by Carol Alt, Fern Fisher. (Meier, Andrew) (Entered: 12/21/2011) |
| 12/27/2011 | 32 | RESPONSE to Motion re 31 First MOTION for pre motion conference *ahead of motion to dismiss* filed by Jon Sasmor. (Sasmor, Jon) (Entered: 12/27/2011) |
| 01/04/2012 | | ORDER. Plaintiff has advised that his phone lacks the capability needed to initiate a multiple–party call. Accordingly, the court respectfully requests that counsel for defendant Powell initiate the telephone pre–motion conference on 1/12/2012 at 5:00 PM when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 1/4/2012. (Chang, Emily) (Entered: 01/04/2012) |
| 01/12/2012 | | Set/Reset Hearings: Telephone Conference set for 1/12/2012 06:00 PM before Judge Kiyo A. Matsumoto. Due to an unforeseen conflict with the court's trial calendar, the telephone conference previously scheduled for today, 1/12/2012, at 5:00 PM is adjourned by one hour to 6:00 PM. (Chang, Emily) (Entered: 01/12/2012) |
| 01/12/2012 | | Set/Reset Hearings: Telephone Conference set for 1/13/2012 10:00 AM before Judge Kiyo A. Matsumoto. For the convenience of all parties and the court, the telephone conference previously adjourned to today, 1/12/2012 at 6:00 PM, is adjourned to tomorrow, 1/13/2012 at 10:00 AM. Counsel for defendant Powell shall initiate the telephone pre–motion conference when all parties are on the line. (Chang, Emily) (Entered: 01/12/2012) |
| 01/13/2012 | | ORDER. Upon agreement of all parties, the telephone conference previously scheduled for today, 1/13/2012 at 10:00 AM, is adjourned to 1/19/2012 at 6:00 PM. Counsel for defendant Powell shall initiate the telephone pre–motion conference when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 1/13/2012. (Chang, Emily) (Entered: 01/13/2012) |
| 01/18/2012 | | Set/Reset Hearings: Due to an unforeseen conflict in the court's trial calendar, the telephone conference previously scheduled for tomorrow, 1/19/2012 at 6:00 PM, is adjourned to 1/26/2012 at 6:15 PM. Counsel for defendant Powell shall initiate the telephone pre–motion conference when all parties are on the line. Ordered by Judge Kiyo A. Matsumoto on 1/18/2012. (Chang, Emily) (Entered: 01/18/2012) |
| 01/26/2012 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto:Telephone Conference held on 1/26/2012. Jon Sasmor appeared pro se; Kenneth Litwack, Esq. appeared for defendant Powell; David Stern, Esq. appeared for defendants Goldberger, Henry Management LLC, Teitelbaum, and Schneebalg; and Andrew Meier, Esq. appeared for defendants Fisher and Alt. The following was discussed and ordered: (1)(a) By 3/15/2012, defendants shall serve their motions to dismiss on plaintiff and plaintiff shall serve his motion for a preliminary injunction upon defendants; (b) By 4/30/2012, all parties shall serve their oppositions; and (c) By 5/21/2012, all parties shall serve their replies and the fully briefed motions shall be filed on ECF; (2) Plaintiff shall comply with Federal Rule of Civil Procedure 5.1 insofar as his motion questions the constitutionality of a state statute; (3) defendants Fisher and Alt are granted leave to file excess pages and shall file a motion not to exceed 50 pages; (4) plaintiff is granted leave to file excess pages and shall file a motion not to exceed 50 pages and a reply not to exceed 30 pages; and (4) the parties shall submit two courtesy copies of all fully briefed motions to |

**JA006**

| | | |
|---|---|---|
| | | the court. Ordered by Judge Kiyo A. Matsumoto on 1/26/2012. (Tape #6:24–6:55.) (Chang, Emily) (Entered: 01/26/2012) |
| 01/30/2012 | 33 | NOTICE by Jon Sasmor *Rule 5.1 Notice of Constitutional Question to New York Attorney General Eric Schneiderman with Certificate of Service by USPS Certified Mail* (Attachments: #1 Order of Hon. Kiyo A. Matsumoto dated January 26, 2012, #2 Verified Amended Complaint (Docket Entry No. 6)) (Sasmor, Jon) (Entered: 01/30/2012) |
| 02/07/2012 | | ORDER. Pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403(b), the Court hereby certifies to the New York State Attorney General that the constitutionality of subdivision 749(1) of the New York Real Property Actions and Proceedings Law has been drawn into question under the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 6, 11 and 12 of the New York Constitution. The New York State Attorney General may intervene by Tuesday, April 10, 2012 for presentation of evidence, where applicable, and for argument on the question of constitutionality on a date to be requested by the New York State Attorney General and approved by the Court. The Clerk of Court is directed to serve a copy of this Order upon the New York State Attorney General at 120 Broadway, New York, NY 10271, and note service on the docket by February 9, 2012. Ordered by Judge Kiyo A. Matsumoto on 2/7/2012. (Chang, Emily) (Entered: 02/07/2012) |
| 02/13/2012 | | Motions terminated: 29 Letter MOTION for pre motion conference *for preliminary injunction motion; and request for leave to renew motion for temporary restraining order* filed by Jon Sasmor, 31 First MOTION for pre motion conference *ahead of motion to dismiss* filed by Carol Alt, Fern Fisher, 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell. Conference held on 1/26/2012. Ordered by Judge Kiyo A. Matsumoto on 2/13/2012. (Chang, Emily) (Entered: 02/13/2012) |
| 03/07/2012 | 34 | Letter by Steven Powell (Litwack, Kenneth) (Entered: 03/07/2012) |
| 03/07/2012 | 35 | Letter *in Response to Defendant Powell's Request for Extension of Time (Docket Entry No. 34)* by Jon Sasmor (Sasmor, Jon) (Entered: 03/07/2012) |
| 03/08/2012 | | ORDER. The court grants defendant Powell's request for an extension of time 34 and plaintiff Sasmor's request 35 that all deadlines be adjourned by one week. Accordingly, the revised briefing schedule is as follows: (a) By 3/22/2012, defendants shall serve their motions to dismiss on plaintiff and plaintiff shall serve his motion for a preliminary injunction upon defendants; (b) By 5/7/2012, all parties shall serve their oppositions; and (c) By 5/28/2012, all parties shall serve their replies and the fully briefed motions shall be filed on ECF. Ordered by Judge Kiyo A. Matsumoto on 3/8/2012. (Chang, Emily) (Entered: 03/08/2012) |
| 03/21/2012 | 36 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Steven Powell. (Attachments: #1 Exhibit Exhibit A, #2 Exhibit Exhibit A, #3 Exhibit Exhibit A, #4 Exhibit Exhibit B–C, #5 Exhibit Exhibit D–G, #6 Exhibit Exhibit H–J, #7 Exhibit Exhibit K–M) (Litwack, Kenneth) (Entered: 03/21/2012) |
| 03/21/2012 | 37 | MEMORANDUM in Support re 36 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell. (Attachments: #1 Statement of Facts, #2 Argument Point I, #3 Argument Point 2, #4 Argument Point 3—Conclusion) (Litwack, Kenneth) (Entered: 03/21/2012) |
| 03/22/2012 | 38 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Chaim Goldberger, Henry Management, LLC. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Memorandum in Support) (Stern, David) (Entered: 03/22/2012) |
| 05/01/2012 | 39 | MOTION for Extension of Time to File Response/Reply as to Order,, by Jon Sasmor. (Sasmor, Jon) (Entered: 05/01/2012) |
| 05/02/2012 | | ORDER granting 39 Motion for Extension of Time to File Response/Reply. Plaintiff's request for an extension of time to file his opposition is granted on consent. Accordingly, the revised briefing schedule is as follows: (a) By 5/21/2012, all parties shall serve their oppositions; and (b) By 6/18/2012, all parties shall serve their replies and the fully briefed motions shall be filed on ECF. Ordered by Judge |

**JA007**

| | | |
|---|---|---|
| | | Kiyo A. Matsumoto on 5/2/2012. (Chang, Emily) (Entered: 05/02/2012) |
| 05/16/2012 | 40 | MOTION for Leave to File Excess Pages , Second MOTION for Extension of Time to File Response/Reply by Jon Sasmor. (Sasmor, Jon) (Entered: 05/16/2012) |
| 05/17/2012 | | ORDER granting in part 40 Motion for Leave to File Excess Pages; granting 40 Motion for Extension of Time to File Response/Reply. The court grants in part plaintiff's motion for leave to file excess pages; and grants plaintiff's motion for an extension of time to file his oppositions on consent. Accordingly: (1) plaintiff is granted leave to file three separate oppositions to the three motions to dismiss; (2) each opposition brief may be no longer than 45 pages; and (3) the revised briefing schedule is as follows: (a) By 5/29/2012, all parties shall serve their opposition, and (b) by 7/3/2012, all parties shall serve their replies and file the fully briefed motions on ECF, and deliver two courtesy copies to chambers. Ordered by Judge Kiyo A. Matsumoto on 5/17/2012. (Chang, Emily) (Entered: 05/17/2012) |
| 06/22/2012 | 41 | First MOTION for Extension of Time to File Response/Reply *Briefs in Further Support of Pending Motions*, First MOTION for Leave to File Excess Pages *for Judicial Defendants' Reply Brief* by Carol Alt, Fern Fisher. (Meier, Andrew) (Entered: 06/22/2012) |
| 06/25/2012 | | ORDER granting 41 Motion for Extension of Time to File Response/Reply re 41 First MOTION for Extension of Time to File Response/Reply *Briefs in Further Support of Pending Motions*. First MOTION for Leave to File Excess Pages *for Judicial Defendants' Reply Brief* (Replies due by 7/17/2012.); granting 41 Motion for Leave to File Excess Pages. Defendants' request for an extension of time to file their reply briefs is granted on consent. By 7/17/2012, all parties shall serve and file their reply briefs on ECF, and send two courtesy copies of all motion papers to the court. In addition, the court grants defendants' request to file a 20–page reply brief. Ordered by Judge Kiyo A. Matsumoto on 6/25/2012. (Chang, Emily) (Entered: 06/25/2012) |
| 07/06/2012 | 42 | Letter MOTION to Amend/Correct/Supplement *"Plaintiff's Memorandum in Opposition to Defendant Powell's Motion for Judgment on the Pleadings" --- Requesting Leave to Submit this Supplemental Letter Correcting One Case Citation and Containing Citation to One Additional Statute* by Jon Sasmor. (Sasmor, Jon) (Entered: 07/06/2012) |
| 07/10/2012 | | ORDER granting 42 Motion to Amend/Correct/Supplement. The court acknowledges defendant Powell's objection to the pro se plaintiff's motion to amend plaintiff's opposition brief 42 , but grants the plaintiff's motion in the interest of justice. Defendant Powell may seek an extension for filing his reply if necessary in light of the plaintiff's motion to amend. Ordered by Judge Kiyo A. Matsumoto on 7/10/2012. (Chang, Emily) (Entered: 07/10/2012) |
| 07/12/2012 | 43 | MOTION for Extension of Time to File by Steven Powell. (Litwack, Kenneth) (Entered: 07/12/2012) |
| 07/13/2012 | | ORDER granting 43 Motion for Extension of Time to File. Defendant Powell's motion for an extension of time to file his reply papers is granted, and the extension applies to all parties. Accordingly, by 7/27/2012, all parties shall serve and file their reply briefs on ECF, and send two courtesy copies of all motion papers to the court. Ordered by Judge Kiyo A. Matsumoto on 7/13/2012. (Chang, Emily) (Entered: 07/13/2012) |
| 07/20/2012 | 44 | REPLY to Response to Motion re 38 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Chaim Goldberger. (Attachments: # 1 Exhibit A, # 2 B) (Stern, David) (Entered: 07/20/2012) |
| 07/23/2012 | 45 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Steven Powell. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit A, # 4 Exhibit Exhibit B–C, # 5 Exhibit Exhibit D–G, # 6 Exhibit Exhibit H–J, # 7 Exhibit Exhibit K–M) (Litwack, Kenneth) (Entered: 07/23/2012) |
| 07/23/2012 | 46 | MEMORANDUM in Support re 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell. (Attachments: # 1 Statement of Facts, # 2 Argument Point 1, # 3 Argument Point 2, # 4 Argument Point 3 &Conclusion) |

| | | |
|---|---|---|
| | | (Litwack, Kenneth) (Entered: 07/23/2012) |
| 07/23/2012 | 47 | REPLY in Support re 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell. (Attachments: # 1 Exhibit Exhibit A) (Litwack, Kenneth) (Entered: 07/23/2012) |
| 07/24/2012 | 48 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Carol Alt, Fern Fisher. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Declaration Exhibit 1, # 4 Declaration Exhibit 2, # 5 Declaration Exhibit 3, # 6 Declaration Exhibit 4, # 7 Declaration Exhibit 5, # 8 Declaration Exhibit 6, # 9 Declaration Exhibit 7, # 10 Declaration Exhibit 8, # 11 Declaration Exhibit 9, # 12 Declaration Exhibit 10, # 13 Declaration Exhibit 11, # 14 Declaration Exhibit 12, # 15 Declaration Exhibit 13, # 16 Declaration Exhibit 14) (Meier, Andrew) (Entered: 07/24/2012) |
| 07/24/2012 | 49 | REPLY in Support of Motion to Dismiss filed by Carol Alt, Fern Fisher. (Meier, Andrew) (Entered: 07/24/2012) |
| 07/24/2012 | 50 | MEMORANDUM in Opposition to Motion for a Preliminary Injunction filed by Carol Alt, Fern Fisher. (Attachments: # 1 Declaration) (Meier, Andrew) (Entered: 07/24/2012) |
| 07/27/2012 | 51 | RESPONSE in Opposition re 48 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jon Sasmor. (Attachments: # 1 Plaintiff's Memorandum of Law in Opposition to Defendants Fisher and Alt's Motion to Dismiss, # 2 Certificate of Service dated May 30, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 07/27/2012 | 52 | RESPONSE in Opposition re 38 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jon Sasmor. (Attachments: # 1 Plaintiff's Memorandum of Law in Opposition to Defendants Goldberger, Henry Management, LLC, Teitelbaum, and Schneenbalg's Motion to Dismiss, # 2 Certificate of Service dated May 30, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 07/27/2012 | 53 | RESPONSE in Opposition re 36 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jon Sasmor. (Attachments: # 1 Plaintiff's Amended Memorandum of Law in Opposition to Defendant Powell's Motion for Judgment on the Pleadings, # 2 Certificates of Service dated May 30, 2012 and July 12, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 07/27/2012 | 54 | MOTION for Preliminary Injunction by Jon Sasmor. (Attachments: # 1 Notice of Motion for Preliminary Injunction, # 2 Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction, # 3 Certificate of Service dated March 24, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 07/27/2012 | 55 | REPLY in Support re 54 MOTION for Preliminary Injunction filed by Jon Sasmor. (Attachments: # 1 Plaintiff's Reply Memorandum of Law in Further Support of Motion for Preliminary Injunction, # 2 Exhibit 1: Eighteen Factual Discrepancies in State Defendants' Memorandum in Opposition, # 3 Certificate of Service dated July 27, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 07/27/2012 | 56 | AFFIDAVIT/DECLARATION in Support re 54 MOTION for Preliminary Injunction , AFFIDAVIT/DECLARATION in Opposition re 48 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 36 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 38 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jon Sasmor. (Attachments: # 1 EXHIBIT A – People's Choice Realty Receipts REDACTED, # 2 EXHIBIT B – Lease – People's Choice version, # 3 EXHIBIT C – Lease – Goldberger version, # 4 EXHIBIT D – Lease – Trust Defendants Discovery version, # 5 EXHIBIT E – Ronald Henry Land Trust Deed, # 6 EXHIBIT F – Goro Discovery, # 7 EXHIBIT G – Goro Invoice, # 8 EXHIBIT H – Ronald Henry Affidavit, # 9 EXHIBIT I – Ronald Henry Check REDACTED, # 10 EXHIBIT J – Judge Orenstein Memorandum and Order, Doc. No. 94 in 11–cv–976, # 11 EXHIBIT K – Ronald Henry FTAP Affidavit, # 12 EXHIBIT L – Foreclosure Notice of Pendency, # 13 EXHIBIT M – Foreclosure Docket, # 14 EXHIBIT N – Trust Agreement, # 15 EXHIBIT O – Assignment of Beneficial Interest, # 16 EXHIBIT P – Goldberger |

| | | |
|---|---|---|
| | | Affirmation, #17 EXHIBIT Q – Nonpayment Petition, #18 EXHIBIT R – Fletcher, Diaz, and Rosenbaum Judgments, #19 EXHIBIT S – Fletcher and Diaz Transcript, #20 EXHIBIT T – Rosenbaum Decision Order, #21 EXHIBIT U – Fletcher, Diaz, and Rosenbaum Appellate Term Orders, #22 EXHIBIT V – Osterweil, Skubutyte, and Campos Judgments, #23 EXHIBIT W – Fletcher, Diaz, Rosenbaum, AND ALL OTHER PERSONS Warrants, #24 EXHIBIT X – Osterweil, Skubutyte, Campos, AND ALL OTHER PERSONS Warrants, #25 EXHIBIT Y – Notices of Petition, #26 EXHIBIT Z – Yisroel A. Simon Affidavits of Service, #27 EXHIBIT AA – Three Letters from Plaintiff Sasmor to Defendant Powell, #28 Certificates of Service dated March 24, 2012 and May 30, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 07/27/2012 | 57 | AFFIDAVIT/DECLARATION in Support re 54 MOTION for Preliminary Injunction filed by Jon Sasmor. (Attachments: #1 Reply Declaration of Jon Sasmor dated July 27, 2012, #2 EXHIBIT A – Bedford Apts. Co. opinion – 28 Hous. Ct. Rptr. 738A, #3 EXHIBIT B – Bedford Apts. Co. deed, #4 EXHIBIT C – Emails to and from Mr. Litwack and Mr. Stern, #5 EXHIBIT D – Letter included in Conn. Gen. Stat. § 47a–26h Legislative History, #6 Certificate of Service dated July 27, 2012) (Sasmor, Jon) (Entered: 07/27/2012) |
| 08/31/2012 | | ORDER REFERRING MOTION: 48 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Carol Alt, Fern Fisher, 36 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell, 54 MOTION for Preliminary Injunction filed by Jon Sasmor, 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell, 38 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Chaim Goldberger, Henry Management, LLC are respectfully referred to Magistrate Judge Orenstein. Ordered by Judge Kiyo A. Matsumoto on 8/31/2012. (Chang, Emily) (Entered: 08/31/2012) |
| 11/08/2012 | 58 | Letter *to Magistrate Judge Orenstein concerning a recent decision in one of the related Housing Court matters* by Carol Alt, Fern Fisher (Meier, Andrew) (Entered: 11/08/2012) |
| 11/15/2012 | 59 | Letter *in Opposition to 58 State Defendants' Letter concerning recent Housing Court decision* by Jon Sasmor (Attachments: #1 Notices of Appeal) (Sasmor, Jon) (Entered: 11/15/2012) |
| 11/16/2012 | 60 | Letter –– *Correction to ECF No. 59 Letter* by Jon Sasmor (Sasmor, Jon) (Entered: 11/16/2012) |
| 02/21/2013 | 61 | REPORT AND RECOMMENDATIONS re 48 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Carol Alt, Fern Fisher, 54 MOTION for Preliminary Injunction filed by Jon Sasmor, 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Powell, 38 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Chaim Goldberger, Henry Management, LLC — For the reasons set forth in the attached document, I respectfully recommend that the court grant the defendants' motions to dismiss the Amended Complaint in its entirety, with prejudice as to the causes of action asserted under federal law, and that it deny plaintiff Sasmor's motion for a preliminary injunction as moot. Any objections to the attached Report and Recommendation must be filed no later than March 11, 2013. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. Ordered by Magistrate Judge James Orenstein on 2/21/2013. (Orenstein, James) (Entered: 02/21/2013) |
| 03/06/2013 | 62 | MOTION for Extension of Time to File *Objections to 61 Report and Recommendations* by Jon Sasmor. (Sasmor, Jon) (Entered: 03/06/2013) |
| 03/06/2013 | | ORDER granting in part and denying in part 62 Plaintiff's Motion for Extension of Time to File Objections. By 3/15/2013, plaintiff must file his objections to Judge Orenstein's Report and Recommendation. Defendants shall file their response by 3/21/2013. The court is unlikely to grant further extensions to either party in the absence of good cause. Ordered by Judge Kiyo A. Matsumoto on 3/6/2013. (Tolentino, Raymond) (Entered: 03/06/2013) |

**JA010**

| 03/15/2013 | 63 | OBJECTION to 61 Report and Recommendations filed by Jon Sasmor. (Sasmor, Jon) (Entered: 03/15/2013) |
| 03/21/2013 | 64 | MEMORANDUM in Opposition *to Plaintiff's Objections to Magistrate Judge Orenstein's Report and Recommendation* filed by Carol Alt, Fern Fisher. (Meier, Andrew) (Entered: 03/21/2013) |
| 03/21/2013 | | ORDER re 63 and 64 . In light of the significant briefing already afforded to plaintiff and the extension of time given to him to file his objection to the Rthe court will not entertain a reply by plaintiff to defendants' Responses. Ordered by Judge Kiyo A. Matsumoto on 3/21/2013. (Tolentino, Raymond) (Entered: 03/21/2013) |
| 03/21/2013 | 65 | REPLY in Opposition *ro Objections to Report and Recommendation* filed by Chaim Goldberger. (Stern, David) (Entered: 03/21/2013) |
| 03/31/2013 | 66 | ORDER ADOPTING REPORT AND RECOMMENDATIONS. For the reasons set forth in the attached Memorandum and Order, the Report and Recommendation issued by Magistrate Judge Orenstein on 2/21/13 61 is adopted in its entirety as the opinion of the court. Therefore, defendants' motions to dismiss plaintiff's complaint and/or motions for judgment on the pleadings are granted, plaintiff's complaint is dismissed in its entirety, with prejudice to the federal claims therein, and the court will not exercise jurisdiction over plaintiffs remaining state–law claims. Also for the reasons set forth in the Memorandum and Order, plaintiff's request for a preliminary injunction is denied. The court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on the pro se plaintiff and note service on this docket within three days of entering this Memorandum and Order. The Clerk of Court is further respectfully requested to enter judgment in favor of defendants, to serve the pro se plaintiff with a copy of the judgment and the appeals packet, and to close this case. Ordered by Judge Kiyo A. Matsumoto on 3/31/2013. (Kelley, Jamuna) (Entered: 03/31/2013) |
| 04/02/2013 | 67 | CLERK'S JUDGMENT: Ordered and Adjudged that Defendants' motions to dismiss Plaintiff's complaint and/or motions for judgment on the pleadings are granted; and that judgment is hereby entered in favor of Defendants Steven Powell, Individually and as City Marshal, Chaim Goldberger a/k/a Henry Goldberg, Henry Management, LLC, Isaac Teitelbaum a/k/a Isaac Titalbaum, Abraham Schneebalg, Fern Fisher, Individually and as Deputy Chief Administrative Judge for the New York City Courts; and Carol Alt, Individually and as Chief Clerk of the Civil Court of the City of New York and against Plaintiff Jon Sasmor dismissing the complaint in its entirety, with the federal claims dismissed with prejudice and the state law claims dismissed without prejudice; that pursuant to 28 U.S.C. § 1915(a)(3) any appeal from the Courts Order would not be taken in good faith; and that in forma pauperis status is denied for purposes of an appeal. Ordered by Clerk of Court on 4/2/2013. (Brucella, Michelle) (Entered: 04/02/2013) |
| 04/02/2013 | 68 | NOTICE OF APPEAL as to 67 Clerk's Judgment,,,, 66 Order Adopting Report and Recommendations, by Jon Sasmor. Filing fee $ 455. Appeal Record due by 4/16/2013. Service done electronically. (Attachments: # 1 Certificate of Service) (Sasmor, Jon) Modified on 4/3/2013 to reflect electronic service (McGee, Mary Ann). (Entered: 04/02/2013) |
| 04/03/2013 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 68 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 04/03/2013) |
| 04/05/2013 | 69 | USCA Appeal Fees received $ 455.00 receipt number 4653057153 re 68 Notice of Appeal, filed by Jon Sasmor (McGee, Mary Ann) (Entered: 04/05/2013) |
| 04/05/2013 | | First Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 69 USCA Fee (McGee, Mary Ann) (Entered: 04/05/2013) |

**JA011**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JON SASMOR,

                Plaintiff,

   - against -

STEVEN POWELL, Individually and as City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER Individually and as Deputy Chief
Administrative Judge for the New York City Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York,

                Defendants.

-----------------------------------------------------------------X

# ORIGINAL

**VERIFIED
AMENDED
COMPLAINT**

No. 11-CV-4645 (KAM) (JO)

**Jury Trial Demanded**



RECEIVED
OCT 11 2011
PRO SE OFFICE

## INTRODUCTION

1. This case is about the facial and as-applied constitutionality of a New York statute that mandates the issuance of unconstitutional "wildcard" general eviction warrants.

2. New York's eviction warrants statute, subsection 749(1) of the New York Real Property Actions and Proceedings Law ("RPAPL"), commands the removal of **all persons** upon a judgment against **any one person**.

3. Plaintiff Jon Sasmor was evicted, presumably as one among "all persons," despite never having been served with process and never having been named in a judgment.

4. Plaintiff asserts that subsection 749(1)'s general warrant language violates well settled and repeatedly restated fundamental principles of Constitutional law "embedded in our traditions since the origins of the Republic," *Payton v. New York*, 445 U.S. 573, 601 & n.54 (1980), principles based on a thousand years of English law going all the way back to the Magna Carta.

1

**JA012**

5. Plaintiff asserts ongoing constitutional injury to Plaintiff and to all New York residents by the daily issuance of hundreds of unconstitutional general warrants.

6. Plaintiff asserts specific constitutional violations related to past evictions from certain rooming units at 287 Franklin Avenue and imminent future evictions from additional rooming units.

7. Plaintiff asserts supplementary state law claims.

PARTIES

8. Plaintiff Jon Sasmor resides at 287 Franklin Avenue, Brooklyn, NY 11205.

9. Defendant Steven Powell has an office at 774 Manor Road, Staten Island, NY 10314.

10. Defendant Chaim Goldberger a/k/a Henry Goldberg resides at 198 Middleton Street, Brooklyn, NY 11206 or at 1270 59th Street, Brooklyn, NY 11219 and has an office at 503 Lafayette Avenue, Basement, Brooklyn, NY 11205.

11. Defendant Henry Management, LLC has an office at 503 Lafayette Avenue, Basement, Brooklyn, NY 11205 and has registered with the New York Department of State an address of 320 Roebling Street, Ste. 518, Brooklyn, NY 11211.

12. Defendant Isaac Teitelbaum a/k/a Isaac Titalbaum resides at 237 Hooper Street, Brooklyn, NY 11211.

13. Defendant Abraham Schneebalg resides at 238 Keap Street, Brooklyn, NY 11211.

14. Defendant Fern Fisher has an office at 111 Centre Street, Room 1240, New York, NY 10013.

15. Defendant Carol Alt has an office at 111 Centre Street, Room 1240, New York, NY 10013.

JA013

## JURISDICTION AND VENUE

16. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a), and 2201; and 42 U.S.C. §§ 1983, 1985(3), and 1988.

17. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because at least one Defendant resides in this judicial district and all Defendants are believed to reside in New York State.

## THE UNCONSTITUTIONAL NEW YORK EVICTION WARRANTS STATUTE

19. Subsection 749(1) of the New York Real Property Actions and Proceedings Law states:

> Upon rendering a final judgment for petitioner, the court shall issue a warrant directed to the sheriff of the county or to any constable or marshal of the city in which the property, or a portion thereof, is situated, or, if it is not situated in a city, to any constable of any town in the county, describing the property, and commanding the officer **to remove all persons** [boldface added], and, except where the case is within section 715 [relating to prostitution or vice], **to put the petitioner into full possession** [boldface added].

20. On its face, this warrants statute commands the removal of **all persons** upon an eviction judgment against **any one person**, including the removal of other persons who have not been given notice and an opportunity to be heard.

21. According to statistics on its website (http://www.nycourts.gov/courts/nyc/civil/statistics.shtml), the Civil Court of the City of New York issued 114,705 warrants of possession in 2010, presumably each and every one commanding the removal of "all persons" pursuant to RPAPL subsection 749(1). (This number 114,705 is the sum of the citywide totals for "Warrants

3

**JA014**

of Possession" from each of the four quarterly reports for 2010.)

22.  When the 2010 total number of warrants is divided by 260 business days per year, an average of 441 eviction warrants were issued in the City of New York each business day last year, presumably each and every one commanding the removal of "all persons" pursuant to RPAPL subsection 749(1).  This number excludes additional unconstitutional general warrants issued in other parts of New York State, for which Plaintiff has not found any statistics.

<center>ADDITIONAL RELEVANT LAW</center>

23.  42 U.S.C. § 1983 protects against deprivations of federal rights under color of state law.

24.  42 U.S.C. § 1985(3) protects against conspiracies involving deprivations of federal rights.

25.  The Fourth Amendment of the United States Constitution provides a right to be secure from unreasonable searches, from unreasonable seizures, from warrants issued without probable cause, and from imprecise warrants.

26.  The Fourteenth Amendment of the United States Constitution protects against State deprivations of life, liberty, or property without due process of law and against State deprivations of equal protection of the laws.

27.  Article I, Section 6 of the New York State Constitution protects persons in New York from deprivations of life, liberty or property without due process of law.

28.  Article I, Section 11 of the New York State Constitution protects persons in New York from deprivations of equal protection of the laws of the state and its subdivisions.

29.  Article I, Section 12 of the New York State Constitution provides a right to be secure from unreasonable searches, from unreasonable seizures, from warrants issued without probable

<center>4</center>

<div align="right">**JA015**</div>

cause, and from imprecise warrants.

30. Article 7 of the New York Real Property Actions and Proceedings Law ("RPAPL") governs New York summary eviction proceedings.

31. RPAPL section 711 provides that "A tenant shall include an occupant of one or more rooms in a rooming house . . . who has been in possession for thirty consecutive days or longer; he shall not be removed from possession except in a special proceeding."

32. Section 26-521 of the New York City Administrative Code provides that court process must be used to evict "an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer or who has entered into a lease with respect to such dwelling unit. . . ."

33. RPAPL section 735 sets procedures for service of process for eviction proceedings upon the persons who are named respondents.

34. RPAPL subsection 747(1) provides that final judgments in eviction proceedings shall "be entered determining the rights of the parties."

35. RPAPL section 853 provides treble damages for wrongful eviction.

### PLAINTIFF'S CONSTITUTIONALLY PROTECTED INTERESTS

36. 287 Franklin Avenue, Brooklyn, NY is a rooming house with nine rooming units, a shared kitchen and living room, and two shared bathrooms. In both the rooming units and the common spaces, typical household items may be found, including mattresses, dishes, a refrigerator, food, bookshelves, and toiletries. There also is a flower garden. Plaintiff has occupied several rooms in the rooming house at 287 Franklin Avenue as a permanent resident for thirty consecutive days or longer, including the three rooms from which he was evicted.

37. Plaintiff moved into 287 Franklin Avenue on April 1, 2010 pursuant to a lease for "all

5

floors, entire apartment" that named ten tenants including Plaintiff and named Defendant Henry Management, LLC as owner.  Plaintiff had discovered the rooms available for rent at 287 Franklin Avenue through a classified advertisement and made arrangements to move in through a real estate agency (People's Choice Realty) by having a credit check done, by paying rent and security deposit, and by signing the lease.  After accepting Plaintiff's rent and security deposit, the real estate agency provided Plaintiff with keys to the front door.

38.  A separate, slightly different copy of the lease was signed by Defendant Chaim Goldberger for Defendant Henry Management LLC, who purportedly acts as managing agent for "Ronald Henry Land Trust," of which Defendants Isaac Teitelbaum and Abraham Schneebalg are purported trustees.  The lease signed by Defendant Goldberger also included Plaintiff as one of ten tenants and covered "all floors, entire apartment" of 287 Franklin Avenue.

39.  At the time Plaintiff moved in, the agents at People Choice Realty told plaintiff that "Isaac Titalbaum" was the owner of 287 Franklin Avenue and that "Henry" [referring to Defendant Chaim Goldberger] was the managing agent.

40.  In May 2010, Plaintiff became suspicious about the ownership of the building because foreclosure notices began to arrive in the mail.  These notices were addressed to Ronald Henry.  One of the other tenants, Brian Dudjak, told Plaintiff that Ronald Henry had visited 287 Franklin Avenue before Plaintiff moved in and was surprised to find people living in the building.

41.  In June 2010, Plaintiff discovered that the person to whom he had been making out rent checks, Defendant Isaac Teitelbaum a/k/a Isaac Titalbaum, was not the fee owner of 287 Franklin Avenue.  Instead, the most recent deed on file with the New York City Register listed "Ronald Henry Land Trust" as the fee owner of 287 Franklin Avenue.

<div align="center">6</div>

<div align="right">JA017</div>

42. In August 2010, Plaintiff found and met with Ronald Henry. Ronald Henry claimed ownership of 287 Franklin Avenue and told Plaintiff and provided an affidavit stating that he did not sign the deed granting possession of 287 Franklin Avenue from himself as grantor to "Ronald Henry Land Trust" as grantee. Also in August 2010, 287 Franklin Avenue Residents' Association, of which Plaintiff is the President, paid nominal rent to Ronald Henry for the entire building at 287 Franklin Avenue. Since that time, Plaintiff and other tenants have escrowed rent in part because of the conflicting claims to ownership.

43. In August 2010, Ronald Henry instructed Plaintiff and other tenants to change the front door locks to 287 Franklin Avenue, at the suggestion of Officer Villanueva of the 79th Precinct of the New York Police Department. Ronald Henry himself kept a copy of the new front door key. Ronald Henry told Plaintiff both verbally and in an email that Plaintiff could continue to live at 287 Franklin Avenue. Ronald Henry submitted a list of tenants, including Plaintiff, to the New York Police Department as part of the Formal Trespass Affidavit Program, pursuant to which Ronald Henry requested police assistance in preventing future break-in attempts by Defendants Goldberger and Teitelbaum.

44. As a result of the lock change at Ronald Henry's and Officer Villanueva's direction, for thirteen months between August 2010 and September 2011, Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC had no access to the front door locks of the building despite several break-in attempts by them and despite their being told on several different occasions by police officers that they could not change the front door locks.

45. Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC claim ownership of 287 Franklin Avenue in the name of "Ronald Henry Land Trust." To Plaintiff's knowledge, these Defendants have paid no property taxes, utilities, or violation

7

**JA018**

penalties for the property and conduct business in the name of "Ronald Henry Land Trust"

specifically for the purpose of avoiding lawful expenses of property ownership. Some of the

utilities have been paid for by the City of New York as emergency repairs. Plaintiff has

information and believes that many of the taxes and other expenses have been paid by OneWest

Bank, FSB to protect the priority of the mortgage upon which it is in the process of foreclosing.

Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC operate similar

schemes involving phony "land trusts" and unpaid bills on other properties in Brooklyn,

including at least 162 Covert Street, 973 Lafayette Avenue, and 1082 Pacific Street.

46.  Until the September 20, 2011 break-in, which will be discussed in detail below,

Plaintiff, the other tenants, and Ronald Henry maintained exclusive access to the front door locks

of 287 Franklin Avenue. Since the September 20, 2011 break-in, Defendant Goldberger also has

access to one of the two front doors, though he also provided keys to Plaintiff and other tenants

but apparently not to Ronald Henry.

47.  Since April 2010, 287 Franklin Avenue has constituted Plaintiff's permanent home

and mailing address. 287 Franklin Avenue is the address listed on Plaintiff's driver's license.

Plaintiff has no other residence.

48.  Plaintiff initially used only one of the rooming units at 287 Franklin Avenue when he

moved in on April 1, 2010 (the "Top Floor Front Small Room"). He subsequently began using

several other rooms when co-tenants moved out and gave him their keys and permission to use

their rooms, each of which also were included in Plaintiff's shared lease. Many of the other

tenants moved out because of Defendant Goldberger's repeated break-in attempts and

harassment.

49.  A vacate order was issued for the top floor of 287 Franklin Avenue in January 2011

8

by the New York City Department of Housing Preservation and Development ("HPD"). HPD
inspectors instructed Plaintiffs and other tenants not to sleep on the top floor because it lacked
sufficient fire egress to allow the rescue of sleeping people. The HPD inspectors told Plaintiff
and other tenants that, pursuant to the vacate order, tenants could continue using the four top
floor rooms for storage or meetings, but that no one could sleep there.

50. Though 287 Franklin Avenue has a foreclosure case pending and two groups of
parties make conflicting claims to ownership, Plaintiff has paid rent to both groups, both groups
have accepted Plaintiff's rent, and both groups have provided Plaintiff and co-tenants with keys
to the front doors. All parties claiming to be the owners have at some time expressly given
permission and acquiesced to Plaintiff's occupancy.

51. Besides Plaintiff's property interests as a tenant under New York law, Plaintiff has a
liberty interest in protection from the issuance of unconstitutional "all persons" warrants. These
general warrants may be used against any person in New York (including Plaintiff) despite the
fact that nearly all people in New York (including Plaintiff) are not bound by any of the
underlying judgments.

52. In addition to constitutionally protected property and liberty interests, Plaintiff has a
constitutionally protected reasonable expectation of privacy at 287 Franklin Avenue. Plaintiff's
reasonable expectation of privacy places him within the ambit of the Fourth Amendment.

53. Constitutional deprivations themselves constitute irreparable harm to Plaintiff. The
continuing issuance and execution of unconstitutional "all persons" warrants results in daily,
repeating irreparable harm both to Plaintiff and to all other New York residents as they continue
to be deprived of Constitutional rights.

JA020

## THE UNCONSTITUTIONAL EVICTIONS

54. By two separate evictions, Plaintiff Jon Sasmor was evicted from three rooms of his home at 287 Franklin Avenue, Brooklyn, NY 11205. On July 13, 2011, he was evicted from his bedroom. On July 20, 2011, he was evicted from rooms that he and other co-tenants used as storage and exercise rooms. Plaintiff Sasmor had occupied each of the three rooms for at least six months prior to the evictions.

55. Plaintiff Sasmor was never named in any judgment of eviction.

56. Plaintiff Sasmor does not even know for sure by what warrant, if any, he was evicted, because at all times during the July 13 and July 20 evictions, Defendant City Marshal Powell refused to show any warrant, notwithstanding Plaintiff Sasmor's repeated requests to see a warrant.

57. However, Plaintiff Sasmor has discovered three warrants in the Housing Court records that were returned executed by Defendant Powell. These warrants commanded the removal of "Kurt Fletcher and all other persons," "Amanda Diaz and all other persons," and "Alex Rosenbaum and all other persons" from the three rooms from which Plaintiff was evicted.

58. Kurt Fletcher, Amanda Diaz, and Alex Rosenbaum are long-departed former tenants who moved out of 287 Franklin Avenue, respectively, in September 2010, January 2011, and August 2010.

59. Judgments by default were entered against these former tenants at the Civil Court of the City of New York, Housing Part ("Brooklyn Housing Court"). These three default judgments against the three individually named, long-departed former tenants resulted in the issuance of three warrants to remove those individually named former tenants "and all other persons." Copies of the three warrants and the three underlying judgments are attached as Exhibits A, B,

10

**JA021**

and C.

60. While the warrants of eviction commanded the removal of "Kurt Fletcher and all other persons," "Amanda Diaz and all other persons," and "Alex Rosenbaum and all other persons," no service of process was made upon "all other persons." *See* N.Y. Real Prop. Acts. Law § 735 (providing procedures for service of process on named respondent only).

61. False affidavits of service of the Housing Court petitions were filed respecting each of the three former tenants falsely stating that the process server had gained access to the inside of 287 Franklin Avenue on several occasions and had posted process on various interior doors. None of these affidavits alleged any service to persons other than the named former tenants. No service whatsoever was made or alleged with respect to Plaintiff Sasmor or to any of the actual tenants.

62. Plaintiff and the other actual tenants found out about the Housing Court cases only by searching the Housing Court records online and then visiting the clerk's office and paying to make photocopies of the petitions.

63. Plaintiff Jon Sasmor read the eviction warrants statute, subsection 749(1), and attempted to defend the cases against long-departed former tenants because the statute said an "all persons" warrant would issue.

64. But the Brooklyn Housing Court denied Plaintiff and the other actual tenants an opportunity to be heard because they were not the respondents named in the cases.

65. In two cases, Plaintiff was asked to step back and to speak no more, and in the third case, despite Plaintiff and Lisa Lin's having filed a written answer and despite their attempted appearances as the actual tenants as reflected on the transcript of the hearing, their answer was ignored by the Court in its written opinion and default judgment against the named respondent.

11

**JA022**

66. Thus, despite Plaintiff's and other actual tenants' attempted appearances, including responsive papers and attendance in person at the hearings, default judgments after inquest issued against long-departed former tenants in all three cases. *See* N.Y. Real Prop. Acts. Law § 747(1) (providing for entry of final judgments in summary eviction cases to determine the rights of named parties only).

67. Moreover, in all three cases, the Appellate Term of the Supreme Court of the State of New York, Second Department, 2nd, 11th, and 13th Judicial Districts dismissed Plaintiff's and other actual tenant's appeals on the Court's own motion stating that "nonparty-appellants are not aggrieved by the final judgment."

68. Plaintiff asserts that he was given no opportunity to be heard whatsoever, because, when he attempted to present defenses in the underlying eviction cases, he was told that only the people named as respondents could speak. Plaintiff explicitly was denied the opportunity to be heard on the merits, to speak further, or to present any defenses.

69. Nonetheless, Plaintiff and other actual tenants in fact were evicted, thus suffering a deprivation of their Constitutionally protected property rights—a deprivation that continues today.

70. Plaintiff makes no objection to the judgments that were made in the underlying eviction cases that bound long departed former tenants. These judgments could stand as made without interfering with Plaintiff's constitutional rights. Instead, Plaintiff objects to the inexplicable, unconstitutional state procedure by which warrants issued to remove "all other persons" as a result of these judgments against individually named people.

71. Since the unconstitutional evictions, Plaintiff has had no access to his bedroom, storage room, exercise room, and his possessions inside those rooms. Plaintiff's rooms continue

12

to sit untouched, padlocked shut, with Plaintiff's possessions inside and Plaintiff locked out.

72. Furthermore, additional notices of eviction were served on September 20, 2011, so that additional unconstitutional "all persons" evictions are likely to occur in the near future absent preliminary relief from this Court.

## THE CONTEXT OF FRAUD

73. In *287 Franklin Avenue Residents' Ass'n v. Meisels*, No. 11-CV-976 (KAM) (JO), a related case currently in the discovery phase in this Court, Plaintiff and others make claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and under State law based upon Defendants' schemes at various properties in Brooklyn, including at least 287 Franklin Avenue, 162 Covert Street, 973 Lafayette Avenue, and 1082 Pacific Street, to operate illegal apartments and hostels, to collect illegal rents by extortion, to create false entities and "land trusts," to launder money and evade taxes, and to defraud unknowing tenants, homeowners, foreign visitors, banks, and government agencies.

74. In furtherance of their fraudulent schemes, Defendants and others conduct business directly in the name of "Ronald Henry Land Trust," "Sylvia Francis Land Trust," "Leon Jenkins Trust," and presumably other "land trusts" in order to avoid naming any individual responsible for taxes, fines, utilities, and violations.

75. Based on the trust documents provided by Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC in their initial disclosures in the RICO case and based on statements made by Ronald Henry to Plaintiff that he went to Bayside, Queens in May, 2009 to sign a stack of papers, Plaintiff believes that the trust documents for the "Ronald Henry Land Trust" scheme were prepared by Ephraim Frenkel. Frenkel has an office in Bayside, Queens and Frenkel himself notarized the trust agreement.

13

JA024

76. Frenkel is an attorney who previously resigned from the bar upon pleading guilty to possession of a forged instrument with intent to defraud, deceive, or injure, *In re Frenkel*, 188 A.D. 2d 104 (N.Y. App. Div. 1993), was later reinstated, *In re Frenkel*, 301 A.D. 2d 436 (N.Y. App. Div. 2003), and currently is being prosecuted for wire fraud, Indictment, *United States v. Frenkel*, No. 10-CR-1207 (S.D.N.Y. December 7, 2010, Docket Entry No. 19).

77. The trust agreement for "Ronald Henry Land Trust" explicitly states that the trust is not a business trust, and shows that "Ronald Henry Land Trust" is neither an employee trust fund nor a retirement trust fund. Therefore, Plaintiff asserts that the "Ronald Henry Land Trust" cannot be a type of trust permitted to own property directly in the name of the trust, though property purportedly was taken in its name in the July 13 and July 20 evictions.

78. The Housing Court eviction proceedings that resulted in all the unconstitutional warrants all were filed just one day after Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC had filed their answer in the prior pending RICO case. All seven eviction cases brought that day were brought in the name of "Ronald Henry Land Trust" and all the known "all persons" eviction warrants related to 287 Franklin Avenue purportedly command that "Ronald Henry Land Trust" be put into full possession.

79. Defendants' attempts to harass, intimidate, extort, and defraud have continued, developed, and intensified throughout the pendency of the RICO lawsuit in this Court and have been furthered by the unconstitutional issuance and execution of "all persons" eviction warrants.

ADDITIONAL UNCONSTITUTIONAL EVICTIONS ARE IMMINENT

80. According to Housing Court records, other known warrants presently outstanding for 287 Franklin Avenue reference "Room #1, 1st Story," "Room #5 – Second Story," and "2 Fl Front Large Room." Presumably all these warrants also command the removal of "all persons."

**JA025**

81.  The nine rooming units at 287 Franklin Avenue have no numbers.  The building has a common kitchen and living room space on the lowest floor.  On the three upper floors, there are nine single room occupancy bedroom doors that are not numbered and, to Plaintiff's knowledge, never have been numbered.  The numbering of the floors is also itself ambiguous because the lowest floor, technically a few steps below street level, could be counted either as the basement or as the first floor.  No objective person would have any way of knowing which rooms are referred to by the property descriptions in the outstanding eviction warrants for "Room #1, 1st Story," "Room #5 – Second Story," and "2 Fl Front Large Room,"

82.  The mere existence of outstanding warrants that lack particularity sufficient to identify any premises constitutes irreparable constitutional injury to Plaintiff because such warrants may or may not be used to evict Plaintiff, and Plaintiff is protected by the Fourth Amendment from this type of "general warrant" that can be used against various persons and premises at the whim of the executing officer.  A general warrant to be used at the officer's discretion is also, by its mere existence, offensive to Plaintiff's Fourteenth Amendment liberty interests.

83.  In regards to 287 Franklin Avenue, Defendants already have executed evictions by a procedure in which Defendant Marshal Powell, instead of looking at any warrants, asked Defendant Goldberger to identify the premises at which the evictions should occur and then they together performed the evictions at the rooms chosen by Defendant Goldberger.

84.  Since the outstanding "wildcard warrants" could not possibly be used to identify particular rooms objectively, instead they could be used by Defendants to remove "all other persons," including Plaintiff and other actual tenants, from any of several rooms that Defendants might choose.

15

**JA026**

85. Plaintiff is in possession of some of the rooming units that possibly could be targeted by the outstanding warrants depending on how the Defendants choose to interpret those warrants. The existence of such warrants lacking particularity harms Plaintiff irreparably by depriving Plaintiff of his Constitutional rights.

86. On September 20, 2011, Defendants Chaim Goldberger and Abraham Schneebalg, accompanied by a man with a drill and a crowbar and a man who apparently was a process server drilled out the locks on the front door of 287 Franklin Avenue and pried the door open with a crowbar, breaking the barrel bolts and shattering chunks of the doorframe.

87. Plaintiff and another tenant pushed back on the door with all their might and Plaintiff called the police twice.

88. Two patrol cars arrived, but the four officers, upon being told that the process server worked for the marshal, instructed Plaintiff to allow Defendants inside to serve the process, though Plaintiff did not consent.

89. The process server asked Defendant Goldberger which two rooms should be served with Notices of Eviction.

90. Defendant Goldberger pointed to two rooms. Without looking at the premises descriptions on the Notices of Eviction, the process server slipped the Notices of Eviction over the doors and into the two rooms to which Goldberger had pointed.

91. The two Notices of Eviction were delivered to two rooms on the same floor, one addressed to "Luis Campos, tenant, John and Jane Doe, undertenant" in "Room #1, 1st Story," and the other addressed to "Willie Osterweil, tenant, John and Jane Doe, undertenant" in "2 Fl Front Large Room." Furthermore, the two rooms to which the notices were served (at Defendant Goldberger's choosing) were *on the same floor*, notwithstanding that the notices were addressed

16

to rooms *on two different floors.*

92. Neither Willie Osterweil nor Luis Campos lives in the room to which the notice addressed to them was delivered. Rather, other actual tenants are in possession of those rooms, one of which also actively is used by Plaintiff. Additionally, due to the obvious flaws in the notices for two different flaws served to two rooms on the same floor, Plaintiff believes such warrants could be executed at the officer's whim against other rooms in the building that he lawfully occupies.

93. Though Plaintiff previously had been told by Defendant Marshal Powell's office that additional evictions could occur on September 28, 2011, no evictions occurred that day, possibly because of the Jewish holidays and/or possibly because of this lawsuit.

94. When Plaintiff spoke with Ken Litwack, attorney for Defendant City Marshal Powell, on Friday, October 7, 2011, Attorney Litwack said that additional evictions are scheduled for Wednesday, October 12, 2011. When Plaintiff twice mentioned the defects in the outstanding warrants, including the fact that two notices of eviction for rooms on different floors were delivered to two rooms on the same floor, Attorney Litwack both times said that he would not discuss the substance of the case and that he was going to hang up. Yet Attorney Litwack said he would be representing Defendant Powell in this case.

95. Later on Friday, October 7, 2011, Plaintiff Jon Sasmor sent an email to Attorney Litwack discussing the constitutional defects in the outstanding warrants and attaching PDF files from the PACER system of all documents filed in this case as of that time.

96. Besides evictions related to the three known outstanding general warrants mentioned above, additional unknown unconstitutional evictions may occur at any time because of possible other unknown "all other persons" warrants that could be used to evict Plaintiff or any other

17

**JA028**

resident in New York State at any time without notice or opportunity to be heard.

## DEFENDANTS' INVOLVEMENT UNDER COLOR OF STATE LAW

97. Defendants Deputy Chief Administrative Judge Fisher and Chief Clerk Alt ("Court Defendants"), through the issuance as per RPAPL subsection 749(1) of general warrants to evict "all persons," have furthered the fraudulent schemes and extortion of Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC.

98. Defendant Alt had her signature stamped on the unconstitutional eviction warrants found by Plaintiff in Court records (Exhibits A, B, and C), and Plaintiff believes that Defendant Alt continues to direct that her signature be stamped on hundreds more unconstitutional eviction warrants daily, "in the name of the People of the State of New York."

99. Defendant Fisher is responsible for the administration and operation of the New York City Courts, including the procedures by which unconstitutional eviction warrants are issued.

100. Defendants Fisher and Alt are believed to be employed by the New York Office of Court Administration, a subdivision of New York State, and they act as state officers within the New York State Unified Court System.

101. Defendant City Marshal Powell is a state officer primarily responsible for enforcing Civil Court orders.

102. Throughout the July 13 and July 20, 2011 evictions, Defendant Powell wore a uniform that appeared identical to a New York Police Department uniform, except that the patches on his sleeves read "New York City Marshal" instead of "New York Police Department."

103. Defendant Powell as a city marshal is required to be bonded.

104. In each of the eviction cases in which a warrant was issued for a room at 287 Franklin Avenue, Stuart I. Jacobs, Esq., the attorney for the named petitioner "Ronald Henry

**JA029**

Land Trust," wrote a letter to Defendant City Marshal Steven Powell stating: "You are hereby requested to submit the papers in the above entitled action to the Judge for a final order. The Landlord requests that any judgement [sic] against 'John and/or Jane Doe' be severed." Defendant Powell filed these letters at the Brooklyn Housing Court with his Warrant Requisitions.

105. Plaintiff by letters dated July 12, 2011, July 18, 2011, and October 3, 2011 put Defendant Powell on notice that Plaintiff occupied the rooms subject to the eviction notices and that it would be unconstitutional to evict other persons who had not been given due process opportunity to defend against the evictions. The October 3, 2011 letter additionally addressed this lawsuit and the additional defects in the premises descriptions in the outstanding warrants.

106. The office of Defendant Powell acknowledged receipt of the July 12, 2011 and July 18, 2011 letters prior to each of the past evictions. During Plaintiff's October 7, 2011 phone conversation with Attorney Litwack, attorney for Defendant Powell, Attorney Litwack stated that he had reviewed Plaintiff's October 3, 2011 letter to Defendant Powell.

107. When Defendant Powell, Defendant Goldberger, and a third man with a bag of tools arrived at the front door of 287 Franklin Avenue on July 13, 2011, Plaintiff Jon Sasmor showed Defendant Marshal Powell the letter from Stuart I. Jacobs, Esq. requesting that "any judgement [sic] against 'John and/or Jane Doe' be severed." and also read aloud Chapter IV, Section 1-2 of the NYC Marshals' Handbook regarding "Parties to be Named."

108. Defendant Powell told Plaintiff Sasmor "Are you going to let me do this or should I call the Fire Department and they'll vacate the whole building?"

109. Defendant Powell then immediately instructed the man with the tools to knock down the front door of 287 Franklin Avenue. To save the front door from being knocked down,

19

**JA030**

Plaintiff Sasmor unlocked and opened the door.

110. On July 13, 2011 and again on July 20, 2011, Plaintiff Sasmor stated at the threshold of the building and at each of the thresholds of each of the individual rooms that he did not consent to the entry of Defendant Powell, Defendant Goldberger, and the man with the tools.

111. The three men entered anyway notwithstanding Plaintiff Sasmor's explicit denial of consent.

112. The three men performed all three evictions without showing a warrant and refused Plaintiff Sasmor's repeated requests to see a warrant.

113. Defendant Powell also refused Plaintiff Sasmor's repeated requests to see his badge.

114. Defendant Powell asked Defendant Goldberger at which rooms the three evictions should occur rather than obtaining that information from a warrant.

115. Additionally, Defendant Powell called the Fire Department in an unsuccessful attempt to have the Fire Department vacate the whole building, which the Fire Department refused to do because it deemed the building sufficiently safe.

116. At the end of each of the three evictions, Defendant Powell affixed a "Marshal's Legal Possession" notice to the door of each of the three rooms from which Plaintiff was evicted and locked out.

117. Defendant Goldberger arrived with Defendant Marshal Powell and was with Defendant Powell throughout the July 13 and July 20 evictions.

118. Defendant Goldberger willfully participated in the evictions in several ways. Defendant Goldberger identified for Defendant Powell the rooms at which the evictions would occur, gave instructions to the man with the tools about changing the locks, tested the new locks and kept the keys, retained possession of Plaintiff's belongings inside, talked with Defendant

20

JA031

Powell privately inside the rooms while the locks were being changed, and remained in the

building after Defendant Powell departed on July 20 in order to conduct a search of Plaintiff's

bedroom where the July 13 eviction occurred and to install an additional padlock.

119. Defendant Goldberger also verified the petitions which initiated the Housing Court

cases that preceded the unconstitutional evictions, provided affirmations to the Housing Court,

and testified at the inquests.

120. At all relevant times, Defendant Goldberger was acting on behalf of himself and/or

Defendants Teitelbaum, Schneebalg, and Henry Management, LLC, i.e. as an employee or agent

of Defendant Henry Management, LLC and/or of Defendants Isaac Teitelbaum and Abraham

Schneebalg individually and/or as purported trustees of "Ronald Henry Land Trust."

121. At the September 20 break-in, the process server stated that he was working for

Defendant Powell, and one of the police officers present, Officer Struggs, stated that he was

allowing the process server and Defendants Goldberger and Schneebalg access to the building

because the process server worked for the Marshal, Defendant Powell. (The process server,

whose name is unknown, may be added as a Defendant at a later time.)

<div align="center">NO APPROPRIATE STATE COURT FORUM</div>

122. There is no state case pending with identical parties, that is, between Plaintiff and

any of the Defendants. Plaintiff was not a party to any of the cases that produced the known "all

other persons" warrants or "wildcard warrants." Nor are any of the Defendants party to the

pending eviction case in which Plaintiff is one of the named respondents and "Ronald Henry

Land Trust" is the named petitioner.

123. The claims presented herein could not have been presented in any existing state

proceeding due to lack of subject matter jurisdiction for constitutional claims in the Housing

<div align="center">21</div>

<div align="right">**JA032**</div>

Court. The Civil Court of the City of New York, which includes the Housing Part, commonly known as the Housing Court, is a Court of limited jurisdiction. The Civil Court has no jurisdiction to determine the constitutionality of statutes and state policies, nor to provide declaratory or injunctive relief, nor to adjudicate claims with respect to state officer Defendants.

124. Additionally, Plaintiff could not raise his constitutional claim in the eviction case in which he is named because his constitutional claims concern the execution of evictions against people not named as parties, and Plaintiff would have no standing to raise such an objection in the one case in which he actually is a party. Therefore, it is necessary to raise these constitutional claims in this separate case in a court of appropriate jurisdiction.

125. Thus, Plaintiff has had no prior opportunity in state court or any other court to present the constitutional claims presented herein.

CONSTITUTIONAL VIOLATIONS CONTINUE DAILY

126. New York's unconstitutional eviction warrants statute remains in effect.

127. Defendant Alt continues to have her signature stamped on hundreds of unconstitutional eviction warrants each business day.

128. Defendant Fisher continues to administer the issuance of hundreds of unconstitutional eviction warrants each business day.

129. Defendant Powell continues to execute unconstitutional evictions each business day.

130. Defendants Goldberger, Teitelbaum, Schneebalg, and Henry Management, LLC continue to operate fraudulent schemes that abuse unconstitutional warrants and may result in more additional unconstitutional evictions imminently.

131. Plaintiff and numerous others known as "all persons" are at peril in their homes

22

**JA033**

while warrants continue to issue by the thousands from New York Courts to remove "all persons."

## COUNT 1

### ("All other persons" warrants:
### 4th and 14th Amendment deprivations under 42 U.S.C. § 1983)

### (against Defendants Powell, Goldberger, Henry Management, LLC,
### Teitelbaum, Schneebalg, Fisher, and Alt)

132.  Paragraphs 1 through 101 are repeated and realleged as though set forth fully herein.

133.  By the requisition, issuance, and execution against Plaintiff of eviction warrants to remove long-departed former tenants and "all other persons," Defendants acted and/or conspired under color of state law to deprive Plaintiff of 4th Amendment rights to be secure from (i) unreasonable searches, (ii) unreasonable seizures, (iii) warrants issued without probable cause, and (iv) imprecise warrants.

134.  By the requisition, issuance, and execution against Plaintiff of eviction warrants to remove long-departed former tenants and "all other persons," Defendants acted and/or conspired under color of state law to deprive Plaintiff of 14th Amendment rights to (i) procedural due process, (ii) equal protection, and (iii) substantive due process.

## COUNT 2

### (Warrants without a clear description of premises:
### 4th and 14th Amendment deprivations under 42 U.S.C. § 1983)

### (against Defendants Powell, Goldberger, Henry Management, LLC,
### Teitelbaum, and Schneebalg)

135.  Paragraphs 1 through 104 are repeated and realleged as though set forth fully herein.

23

**JA034**

136. By the applications for and issuance of "wildcard warrants" that do not describe any subject premises with sufficient particularity to enable its objective identification, Defendants acted and/or conspired under color of state law to deprive Plaintiff of 4th Amendment rights to be secure from (i) unreasonable searches, (ii) unreasonable seizures, (iii) warrants issued without probable cause, and (iv) imprecise warrants.

137. By the applications for and issuance of "wildcard warrants" that do not describe any subject premises with sufficient particularity to enable its objective identification, Defendants acted and/or conspired under color of state law to deprive Plaintiff of 14th Amendment rights to (i) procedural due process, (ii) equal protection, and (iii) substantive due process.

### COUNT 3

("Ronald Henry Land Trust" warrants:
4th and 14th Amendment deprivations under 42 U.S.C. § 1983)

(against Defendants Powell, Goldberger, Henry Management, LLC,
Teitelbaum, and Schneebalg)

138. Paragraphs 1 through 107 are repeated and realleged as though set forth fully herein.

139. By filing Housing Court petitions and by the issuance and execution of warrants granting possession to "Ronald Henry Land Trust," which is not a person or entity itself and is not capable of owning property in its name, Defendants acted and/or conspired under color of state law to deprive Plaintiff of 4th Amendment rights to be secure from (i) unreasonable searches, (ii) unreasonable seizures, and (iii) warrants issued without probable cause.

140. By filing Housing Court petitions and by the issuance and execution of warrants granting possession to "Ronald Henry Land Trust," which is not a person or entity itself and is not capable of owning property in its name, Defendants acted and/or conspired under color of

24

**JA035**

state law to deprive Plaintiff of 14th Amendment rights to (i) procedural due process and (ii)

substantive due process.

<div align="center">

COUNT 4

(refusal to show badge and warrants:
4th and 14th Amendment deprivations under 42 U.S.C. § 1983)

(against Defendants Powell, Goldberger, Henry Management, LLC,
Teitelbaum, and Schneebalg)

</div>

141.  Paragraphs 1 through 110 are repeated and realleged as though set forth fully

herein.

142.  By evicting Plaintiff on July 13 and July 20, 2011 without showing a badge or

warrant, by refusing repeatedly to show a badge and the warrants despite Plaintiff's requests,

and/or by evicting Plaintiff without any Court judgment against Plaintiff, Defendants acted

and/or conspired under color of state law to deprive Plaintiff of 4th Amendment rights to be

secure from (i) unreasonable searches and (ii) unreasonable seizures.

143.  By evicting Plaintiff on July 13 and July 20, 2011 without showing a badge or

warrant, by refusing repeatedly to show a badge and the warrants despite Plaintiff's requests,

and/or by evicting Plaintiff without any Court judgment against Plaintiff, Defendants acted

and/or conspired under color of state law to deprive Plaintiff of 14th Amendment rights to (i)

procedural due process, (ii) equal protection, and (iii) substantive due process.

<div align="center">

COUNT 5

(warrantless entry:
4th Amendment deprivations under 42 U.S.C. § 1983)

(against Defendants Powell, Goldberger, Henry Management, LLC,
Teitelbaum, and Schneebalg)

</div>

144.  Paragraphs 1 through 113 are repeated and realleged as though set forth fully

<div align="center">

25

</div>

<div align="right">

**JA036**

</div>

herein.

145. By entering Plaintiff's home and evicting Plaintiff on July 13 and July 20, 2011 without permission and without a valid warrant, and by entering Plaintiff's home on September 20, 2011 without permission and without a valid warrant, Defendants acted and/or conspired under color of state law to deprive Plaintiff of 4th Amendment rights to be secure from (i) unreasonable searches and (ii) unreasonable seizures.

<div align="center">

COUNT 6

(Violation of 42 U.S.C. § 1985(3))

(against Defendants Powell, Goldberger, Henry Management, LLC, Teitelbaum, and Schneebalg)

</div>

146. Paragraphs 1 through 115 are repeated and realleged as though set forth fully herein.

147. In relation to and for the purposes of effecting the unconstitutional July 13 and July 20 evictions and the unconstitutional September 20 break-in, Defendants conspired for the purposes of depriving Plaintiff of equal protection of the laws or equal privileges and immunities under the laws, acted in furtherance of the object of the conspiracy, injured Plaintiff in person or property, and deprived Plaintiff of having or exercising the rights and privileges of citizens of the United States.

148. By evicting Plaintiff on July 13 and July 20, 2011 without showing a badge or warrant, by refusing to show a badge and the warrants at Plaintiff's requests, and/or by evicting Plaintiff without any Court judgment against Plaintiff, Defendants throughout the July 13 and 20 evictions went in disguise for the purposes of depriving Plaintiff of equal protection of the laws or equal privileges and immunities under the laws, acted in furtherance of the object of the conspiracy, injured Plaintiff in person or property, and deprived Plaintiff of having or exercising

<div align="center">26</div>

<div align="right">**JA037**</div>

the rights and privileges of citizens of the United States.

## COUNT 7

### (claims under the New York State Constitution)

### (against Defendants Powell, Goldberger, Henry Management, LLC, Teitelbaum, and Schneebalg)

149. Paragraphs 1 through 118 are repeated and realleged as though set forth fully herein.

150. All 42 U.S.C. § 1983 claims asserted above related to deprivations by the listed Defendants of rights under the Fourth and Fourteenth Amendments of the United States Constitution hereby are asserted directly under the New York State Constitution.

151. Defendants under color of state law violated Plaintiff's due process rights under Article I, Section 6 of the New York State Constitution.

152. Defendants under color of state law violated Plaintiff's equal protection rights under Article I, Section 11 of the New York State Constitution.

153. Defendants under color of state law violated Plaintiff's rights to be secure from unreasonable searches and seizures, warrants issued without probable cause, and imprecise warrants under Article I, Section 12 of the New York State Constitution.

## COUNT 8

### (wrongful eviction under RPAPL section 853 and New York common law)

### (against Defendants Powell, Goldberger, Henry Management, LLC, Teitelbaum, and Schneebalg)

154. Paragraphs 1 through 123 are repeated and realleged as though set forth fully herein.

155. By the July 13 and July 20 evictions and all the events therewith associated, and by

27

**JA038**

keeping Plaintiff out of his bedroom and storage rooms thereafter, Defendants unlawfully put

Plaintiff out and unlawfully kept Plaintiff out.

<div align="center">COUNT 9</div>

<div align="center">(abuse of process)</div>

<div align="center">(against Defendants Powell, Goldberger, Henry Management, LLC,<br>Teitelbaum, and Schneebalg)</div>

156. Paragraphs 1 through 125 are repeated and realleged as though set forth fully

herein.

157. By the July 13 and July 20 evictions and all the process therewith associated, and

by keeping Plaintiff out of his rooms thereafter, Defendants abused process and injured Plaintiff.

158. By abusing service of process to conduct the unlawful break-in and entry on

September 20, Defendants abused process and injured Plaintiff.

<div align="center">COUNT 10</div>

<div align="center">(trespass on property)</div>

<div align="center">(against Defendants Powell, Goldberger, Henry Management, LLC,<br>Teitelbaum, and Schneebalg)</div>

159. Paragraphs 1 through 128 are repeated and realleged as though set forth fully

herein.

160. During the July 13 and July 20 evictions, Defendants intentionally entered on

Plaintiff's property without justification or permission, and Plaintiff was harmed by Defendants'

actions.

161. During the September 20 break-in, Defendants intentionally entered on Plaintiff's

property without justification or permission, and Plaintiff was harmed by Defendants' actions.

<div align="center">28</div>

<div align="right">**JA039**</div>

COUNT 11

(trespass on chattels)

(against Defendants Powell, Goldberger, Henry Management, LLC,
Teitelbaum, and Schneebalg)

162. Paragraphs 1 through 131 are repeated and realleged as though set forth fully
herein.

163. During the July 13 and July 20 evictions, and by locking Plaintiff out of his rooms
thereafter with Plaintiff's possessions inside, Defendants have intentionally, without justification
or permission, interfered with Plaintiff's enjoyment of Plaintiff's personal property, and Plaintiff
was harmed by Defendants' actions.

COUNT 12

(conversion)

(against Defendants Powell, Goldberger, Henry Management, LLC,
Teitelbaum, and Schneebalg)

164. Paragraphs 1 through 133 are repeated and realleged as though set forth fully
herein.

165. During the July 13 and July 20 evictions, and by locking Plaintiff out of his rooms
thereafter with Plaintiff's possessions inside, Defendants converted Plaintiff's property.

COUNT 13

(intentional infliction of emotional distress)

(against Defendants Powell, Goldberger, Henry Management, LLC,
Teitelbaum, and Schneebalg)

166. Paragraphs 1 through 135 are repeated and realleged as though set forth fully
herein.

167. During the July 13 and July 20 evictions, by refusing to show a badge or warrant,

29

**JA040**

by threatening to call the Fire Department to have the entire building vacated and by calling the

Fire Department, by evicting Plaintiff Sasmor from his bedroom notwithstanding the letters from

Attorney Jacobs and Plaintiff Sasmor and the absence of due process or a proper warrant,

Defendant Powell by extreme and outrageous conduct, with intent to cause, or disregard of a

substantial probability of causing severe emotional distress, caused severe emotional distress.

168.  During the September 20 break-in, by destroying the locks with a drill, prying open

the barrel bolts with a crowbar, forcing open the front door, shattering the door frame, and

entering Plaintiff's home without a warrant, without knocking first, and without consent, while

Plaintiff was inside, Defendants by extreme and outrageous conduct, with intent to cause, or

disregard of a substantial probability of causing severe emotional distress, caused severe

emotional distress.


WHEREFORE Plaintiff requests judgment against Defendants Powell, Goldberger, Henry

Management, LLC, Teitelbaum, Schneebalg, Fisher, and Alt as follows:

(a) A declaration that New York's eviction warrant statute, Subsection 749(1) of the New York

Real Property Actions and Proceedings Law, which authorizes the removal of **all persons** upon a

judgment against **any one person**, is unconstitutional due to violation of:

   (1)     Fourth Amendment rights to security from (i) unreasonable searches, (ii)

   unreasonable seizures, (iii) warrants issued without probable cause, and (iv) imprecise

   warrants; and

   (2)     Fourteenth Amendment rights to (i) procedural due process, (ii) equal protection,

   and (iii) substantive due process.

(b) A declaration that the requisition, issuance and execution of warrants of eviction to "remove

all persons" and to "place the petitioner in full possession" is unconstitutional due to violation of:

    (1)    Fourth Amendment rights to security from (i) unreasonable searches, (ii) unreasonable seizures, (iii) warrants issued without probable cause, and (iv) imprecise warrants; and

    (2)    Fourteenth Amendment rights to (i) procedural due process, (ii) equal protection, and (iii) substantive due process.

(c) An injunction against the requisition, issuance, or execution of any New York eviction warrant to evict "all persons" and/or to "place the petitioner in full possession;"

(d) A declaration that the requisition, issuance, or execution of any warrant of eviction against any person other than the person(s) named in the judgment of possession is unconstitutional due to violation of:

    (1)    Fourth Amendment rights to security from (i) unreasonable searches, (ii) unreasonable seizures, (iii) warrants issued without probable cause, and (iv) imprecise warrants; and

    (2)    Fourteenth Amendment rights to (i) procedural due process, (ii) equal protection, and (iii) substantive due process.

(e) An injunction against the requisition, issuance, or execution of any warrant of eviction against any person other than the person(s) named in a judgment of possession;

(f) Costs and disbursements, attorney fees if an attorney is engaged, and interest, all as permitted by the Court; and

(g) Such other and further relief as the Court deems just and proper.

JA042

WHEREFORE Plaintiff further requests judgment against Defendants Powell, Goldberger, Henry

Management, LLC, Teitelbaum, and Schneebalg as follows:

(h) A declaration that the requisition, issuance and execution of "wildcard warrants" of eviction

that do not describe the subject premises with sufficient particularity to enable its objective

identification is unconstitutional due to violation of:

      (1)    Fourth Amendment rights to security from (i) unreasonable searches, (ii)

      unreasonable seizures, (iii) warrants issued without probable cause, and (iv) imprecise

      warrants; and

      (2)    Fourteenth Amendment rights to (i) procedural due process, (ii) equal protection,

      and (iii) substantive due process.

(i) An injunction against the requisition, issuance, or execution of any warrant of eviction that

does not describe the subject premises with sufficient particularity to enable its objective

identification;

(j) An injunction against the requisition, issuance, or execution of any warrant of eviction relating

to 287 Franklin Avenue Brooklyn, NY for "Room #1, 1st Story," "Room #5 – Second Story," or

"2 Fl Front Large Room" or any other "wildcard warrant" for 287 Franklin Avenue that does not

describe the premises with sufficient particularity to enable its objective identification;

(k) An injunction against the requisition, issuance, or execution of any warrant of eviction for a

numbered apartment in a building that does not have apartment numbers;

(l) A declaration that it would be unconstitutional to evict Plaintiff except by a warrant issued

pursuant to a judgment in which he is named and which describes a premises with sufficient

particularity to enable its objective identification;

(m) An injunction against the eviction of Plaintiff except by a warrant issued pursuant to a

32

**JA043**

judgment in which he is named and which describes a premises with sufficient particularity to enable its objective identification;

(n) A declaration that Ronald Henry Land Trust is not a business trust;

(o) A declaration that Ronald Henry Land Trust is not a person or entity itself;

(p) A declaration that Ronald Henry Land Trust was never properly formed as a trust;

(q) A declaration that Ronald Henry Land Trust is not capable of owning property in its name;

(r) A declaration that a warrant of eviction awarding possession to "Ronald Henry Land Trust," which is not a person or entity itself and is not capable of owning property in its name, is unconstitutional due to violation of:

    (1)    Fourth Amendment rights to security from (i) unreasonable searches, (ii) unreasonable seizures, and (iii) warrants issued without probable cause; and

    (2)    Fourteenth Amendment rights to (i) procedural due process and (ii) substantive due process.

(s) An injunction against the requisition, issuance, execution, or enforcement of any warrant of eviction granting possession of property to "Ronald Henry Land Trust;"

(t) A declaration that the July 13, 2011 and July 20, 2011 evictions at 287 Franklin Avenue, Brooklyn, NY, the Defendants' failure to show a badge and the warrants, the repeated refusal of Defendants to show a badge and the warrants despite Plaintiff's requests, the evictions of Plaintiff without any Court judgment against Plaintiff, and the keeping out of Plaintiff from his rooms and away from his possessions thereafter, were unconstitutional due to violation of:

    (1)    Fourth Amendment rights to security from (i) unreasonable searches and (ii) unreasonable seizures; and

    (2)    Fourteenth Amendment rights to (i) procedural due process, (ii) equal protection,

JA044

and (iii) substantive due process.

(u) An injunction against the further enforcement of the July 13, 2011 and the July 20, 2011 evictions against other persons not named in any judgment, including the keeping out of Plaintiff from his rooms and away from his possessions;

(v) A declaration that it is unconstitutional to execute any eviction warrant without first showing a badge and the warrant;

(w) An injunction against executing any eviction warrant without first showing a badge and the warrant;

(x) A declaration that the September 20 warrantless break-in and entry into Plaintiff's home was unconstitutional due to violation of Plaintiff's Fourth Amendment rights to security from unreasonable searches.

(y) An injunction against entering Plaintiff's home without a warrant.

(z) Compensatory and punitive damages for the requisition, issuance, and execution of unconstitutional or wrongful eviction warrants, including but not limited to actual or nominal damages, pain and suffering, emotional distress, and punitive damages;

(aa) Compensatory and punitive damages for the unconstitutional or wrongful eviction of Plaintiff on July 13, 2011 and July 20, 2011 and for the keeping out of Plaintiff from his rooms and away from his possessions thereafter, including but not limited to actual or nominal damages, pain and suffering, emotional distress, and punitive damages;

(bb) Compensatory and punitive damages for the unconstitutional entry into Plaintiff's home on September 20, 2011, including but not limited to actual or nominal damages, pain and suffering, emotional distress, and punitive damages;

(cc) A declaration that Defendants have violated Sections 6, 11, and 12 of Article I of the New

34

York Constitution;

(dd) An injunction against further similar violations of Sections 6, 11, and 12 of Article I of the New York Constitution;

(ee) Compensatory and punitive damages for State Constitutional violations, including but not limited to actual or nominal damages, the costs of Housing Court litigation, pain and suffering, emotional distress, and punitive damages;

(ff) Treble damages pursuant to RPAPL Section 853;

(gg) Compensatory and punitive damages for the abuse of process by which the unconstitutional or wrongful eviction warrants were obtained and executed, including but not limited to actual or nominal damages, the costs of associated Housing Court litigation, pain and suffering, emotional distress, and punitive damages;

(hh) Compensatory and punitive damages for the abuse of process by which service of process was abused to conduct the unlawful break-in and entry on September 20, including but not limited to actual or nominal damages, pain and suffering, emotional distress, and punitive damages;

(ii) Compensatory and punitive damages for the trespass on property, trespass on chattels, and conversion, including but not limited to actual or nominal damages, pain and suffering, emotional distress, and punitive damages;

(jj) Compensatory and punitive damages for the intentional infliction of emotional distress, including but not limited to actual or nominal damages, pain and suffering, emotional distress, and punitive damages;

(kk) Costs and disbursements, attorney fees if an attorney is engaged, and interest, all as permitted by the Court; and

35

**JA046**

(ll) Such other and further relief as the Court deems just and proper.

<div align="center">DEMAND FOR JURY TRIAL</div>

169. Plaintiff hereby demands a trial by jury on all causes of action so triable.


Dated: October 11, 2011
Brooklyn, New York

                                   Jon Sasmor
                                   Plaintiff, Pro Se
                                   287 Franklin Avenue
                                   Brooklyn, NY 11205
                                   (917) 318-2619

JA047

## VERIFICATION

I, Jon Sasmor, Plaintiff in this case, verify under penalty of perjury that the foregoing Verified Amended Complaint is true and correct.

Dated:  October 11, 2011
Brooklyn, New York

Jon Sasmor

37

**JA048**

**Exhibit A**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Warrant Index Number
064297/2011/001
FJ SEQ 001

## WARRANT OF EVICTION

TO THE SHERIFF OF THE CITY OF NEW YORK OR ANY MARSHAL, GREETINGS:
After a decision and the entry of a judgement of possession in favor of the
petitioner(s)

RONALD HENRY LAND TRUST,

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK, you are commanded TO
REMOVE THE RESPONDENT(S):

FLETCHER, KURT

AND ALL OTHER PERSONS from the premises

**COPY**

287 FRANKLIN AVE TOP FL BROOKLYN, NY 11205
TOP FL BACK SMALL ROOM
and to put the petitioner(s) in full possession.
This warrant may be executed Forthwith.

WITNESS, HON. GEORGE M. HEYMANN
Judge, Civil/Housing Court

Date 05/13/2011          Chief Clerk Carol Alt

RETURN: Pursuant to the command of this warrant I have this day put the
petitioner(s) above named into full possession of the premises by
Legal Possession ____        Eviction ____        7/20/11

                              Signature

Docket Number: 056507
APS Control Number:

STEVEN POWELL
774 MANOR ROAD -
STATEN ISLAND, NY 10314
(718) 494-7474

(To be signed in case of Legal Possession)
Possession of the premises with the contents intact is hereby acknowledged.
The petitioner accepts responsibility for all property on the premises,
releases the marshal from any liability, and agrees to hold the marshal
harmless from any action resulting from the execution of this warrant.

Petitioner Agent Attorney for Landlord

23201106429700l

**JA050**



## CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF KINGS    PART 1
### DECISION AND JUDGMENT

INDEX # 084297/2011
JUDGMENT SEQ # 001

RONALD HENRY LAND TRUST,

Petitioner(s)

**AGAINST**
FLETCHER, KURT

Respondent(s)

**Decision and Judgment is rendered based upon
a decision made after an inquest was held as follows:**
Judgment of possession is granted in favor of:
RONALD HENRY LAND TRUST,
and against
FLETCHER, KURT
A counterclaim is granted in favor of the respondent in the amount of    $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of    $0.00 in favor of:
RONALD HENRY LAND TRUST,
and against
FLETCHER, KURT

for a total amount of    $0.00

(Monthly use and occupancy is set at    $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue forthwith          Execution ___forthwith___

Date ___APR 28 2011___

Judge, Civil/Housing Court    GEORGE M. HEYMANN
                             JUDGE, HOUSING PART

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

### ENTRY OF JUDGMENT

Judgment entered in accordance with the above on ___APR 28 2011___

Carol Alt
CHIEF CLERK

Warrant issued to Marshal _Carlson_    On ___MAY 1 2011___    Chief Clerk, Civil Court

3-71

CIV-LT-50(2006)                                              Page 1 of 1

JA051

**Exhibit B**

# CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF KINGS

Warrant Index Number
064298/2011/001
FJ SEQ 001

## WARRANT OF EVICTION

**TO THE SHERIFF OF THE CITY OF NEW YORK OR ANY MARSHAL, GREETINGS:**
After a decision and the entry of a judgement of possession in favor of the
petitioner(s)

RONALD HENRY LAND TRUST,

**IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK, you are commanded TO
REMOVE THE RESPONDENT(S):**

DIAZ, AMANDA

**AND ALL OTHER PERSONS from the premises**

287 FRANKLIN AVE TOP FL BROOKLYN, NY 11205
TOP FLOOR BACK LARGE ROOM
and to put the petitioner(s) in full possession.
This warrant may be executed Forthwith.

**COPY**

WITNESS, HON. GEORGE M. HEYMANN
         Judge, Civil/Housing Court

Date 05/13/2011          Chief Clerk Carol Alt       CHIEF CLERK

**RETURN:** Pursuant to the command of this warrant I have this day put the
petitioner(s) above named into full possession of the premises by
         Legal Possession _p_           Eviction ___ 7/20/11

                          Signature ___STEVEN POWELL___  230 Pm
                                       STEVEN POWELL
Docket Number: 056508                  774 MANOR ROAD
APS Control Number:                    STATEN ISLAND, NY 10314
                                       (718) 494-7474

(To be signed in case of Legal Possession)
Possession of the premises with the contents intact is hereby acknowledged.
The petitioner accepts responsibility for all property on the premises,
releases the marshal from any liability, and agrees to hold the marshal
harmless from any action resulting from the execution of this warrant.

                    Petitioner, (Agent) Attorney for Landlord

232011064298001

JA053

## DECISION AND JUDGMENT

RONALD HENRY LAND TRUST,

Petitioner(s)

**AGAINST**
DIAZ, AMANDA

Respondent(s)

**Decision and Judgment is rendered based upon**
a decision made after an inquest was held as follows:
Judgment of possession is granted in favor of:
RONALD HENRY LAND TRUST,
and against
DIAZ, AMANDA
A counterclaim is granted in favor of the respondent in the amount of   $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of   $0.00 in favor of:
RONALD HENRY LAND TRUST,
and against
DIAZ, AMANDA

for a total amount of   $0.00

(Monthly use and occupancy is set at   $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue forthwith      Execution _____

Date _____APR 28 2011_____

GEORGE M. HEYMANN
JUDGE, HOUSING PART

Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

### ENTRY OF JUDGMENT

Judgment entered in accordance with the above on _____APR 28 2011_____

Carol Alt
Chief Clerk, Civil Court

Warrant issued to Marshal _____    On _____
5-12

CIV-LT-50(2006)                           Page 1 of 1

**Exhibit C**

# CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF KINGS

Warrant Index Number
064303/2011/001
FJ SEQ 001

## WARRANT OF EVICTION

**TO THE SHERIFF OF THE CITY OF NEW YORK OR ANY MARSHAL, GREETINGS:**
After a decision and the entry of a judgement of possession in favor of the petitioner(s)

RONALD HENRY LAND TRUST,

**IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK, you are commanded TO REMOVE THE RESPONDENT(S):**

ROSENBAUM, ALEX

**AND ALL OTHER PERSONS from the premises**

287 FRANKLIN AVE. 2 FL BROOKLYN, NY 11205
SECOND FLOOR BACK LARGE ROOM
and to put the petitioner(s) in full possession.
This warrant may be executed Forthwith.

WITNESS, HON. MARCIA J. SIKOWITZ
        Judge, Civil/Housing Court

COPY

Date 06/13/2011            Chief Clerk Carol Alt

RETURN: Pursuant to the command of this warrant I have this day put the petitioner(s) above named into full possession of the premises by
        Legal Possession        Eviction    7/18/11

                        Signature                    1:45 Am
                                    STEVEN POWELL
Docket Number: 056784            774 MANOR ROAD -
APS Control Number:            STATEN ISLAND, NY 10314
                        (718) 494-7474

(To be signed in case of Legal Possession)
Possession of the premises with the contents intact is hereby acknowledged. The petitioner accepts responsibility for all property on the premises, releases the marshal from any liability, and agrees to hold the marshal harmless from any action resulting from the execution of this warrant.

                Petitioner  Agent  Attorney for Landlord

232011064303001

**JA056**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS        PART E
DECISION AND JUDGMENT

INDEX # 60466/11
JUDGMENT SEQ # 001

RONALD HENRY LAND TRUST,

Petitioner(s)

AGAINST
ROSENBAUM, ALEX

Respondent(s)

Decision and Judgment is rendered based upon
a decision made after a hearing on a motion as follows:
Judgment of possession is granted in favor of:
RONALD HENRY LAND TRUST,
and against
ROSENBAUM, ALEX
A counterclaim is granted in favor of the respondent in the amount of     $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of     $0.00 in favor of:
RONALD HENRY LAND TRUST,
and against
ROSENBAUM, ALEX

for a total amount of     $0.00

(Monthly use and occupancy is set at     $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue forthwith        Execution_____ and

Date   5/31/11                    Judge, Civil/Housing Court   MARCIA J. SIKOWITZ
                                                               JUDGE, HOUSING COURT

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied.   Failure to do so subjects the judgment creditor to penalties.

ENTRY OF JUDGMENT

Judgment entered in accordance with the above on _____

Carol ___
CHIEF CLERK
Chief Clerk, Civil Court

Warrant issued to Marshal _____ On _____

CIV-LT-50(2008)

Page 1 of 1

JA057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JON SASMOR,                                                    **VERIFIED ANSWER**

                                       Plaintiff

                                                              11-CV-4645 (KAM) (JO)

              -against-

STEVEN POWELL, Individually and as City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER, Individually and as Deputy Chief
Administrative Judge for the New York City Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York,

                                       Defendants.
-------------------------------------------------------------------X

              Defendant CITY MARSHAL STEVEN POWELL, by his attorneys KENNETH D.

LITWACK, ESQ., Counselor at Law, P.C. answers the complaint as follows:

       1)     City Marshal Steven Powell denies the allegations set forth in paragraphs 3, 20,

51, 52, 53, 54, 56, 84, 91, 92, 102, 107, 112, 113, 122, 123, 124, 125, 129, 131, 133, 134, 136,

137, 139, 140, 142, 143, 145, 147, 148, 151, 152, 153, 155, 157, 158, 160, 161, 163, 165, 167,

and 168.

       2)     Defendant City Marshal Steven Powell denies sufficient knowledge and/or

information to form a belief as to paragraphs 10, 11, 12, 13, 21, 22, 36, 37, 38, 39, 40, 41, 42, 43,

44, 45, 46, 47, 48, 49, 50, 55, 58, 60, 61, 62, 63, 64, 65, 67, 68, 70, 72, 75, 76, 77, 78, 80, 85, 86,

87, 90, 96, 119, 120, 127, and 130.

       3)     Defendant City Marshal Steven Powell denies any allegation in plaintiff's

complaint that refers to a "break-in" or that refers to an "eviction" but does admit that he

performed a legal possessions at said premises.

4)      Defendant City Marshal Steven Powell admits paragraph 66 only to the extent that judgments were issued.

5)      Defendant City Marshal Steven Powell denies paragraphs 69 to the extent that plaintiff was evicted.

6)      Defendant City Marshal Steven Powell denies paragraphs 71 to the extent that there were constitutional evictions and denies sufficient information or knowledge to form a belief as to whether any of plaintiff's property was locked up in any of the rooms within in which a dispossession did take place.

7)      Defendant City Marshal Steven Powell denies paragraph 73 as it applies to him.

8)      Defendant City Marshal Steven Powell denies paragraph 74 as it applies to him.

9)      Defendant City Marshal Steven Powell denies paragraph 79 as it applies to him.

10)     Defendant City Marshal Steven Powell denies paragraph 81 to the extent that no person had any way of knowing which rooms were referred to in the warrants.

11)     Defendant City Marshal Steven Powell admits paragraph 83 only to the extent that City Marshal Powell performed legal possessions at the premises.

12)     Defendant City Marshal Steven Powell denies paragraph 109 to the extent that he instructed someone to "knock down" the front door.

13)     Defendant City Marshal Steven Powell admits paragraph 110 only to the extent that the plaintiff obstructed the Marshal's entry into the building.

14)     Defendant City Marshal Steven Powell denies paragraph 112 to the extent that "three men performed all three evictions".

15)     Defendant City Marshal Steven Powell admits paragraph 115 only to the extent that he called the Fire Department but not in an attempt to have the whole building vacated.

**JA059**

16)      Defendant City Marshal Steven Powell admits paragraph 116 only to the extent that he had annexed a Marshals Notice of Legal Possession to the door of three (3) units.

17)      Defendant City Marshal Steven Powell denies that defendant Goldberger willfully participated in the dispossess except admits that defendant Goldberger was present.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18)      The complaint fails to state a claim upon which relief can be granted as to City Marshal Steven Powell who acted upon a warrant that was valid on its face.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19)      City Marshal Steven Powell acted on a warrant that was valid on its face.

## AS AND FOR THIRD AFFIRMATIVE DEFENSE

20)      The Marshal is protected by qualified immunity as an officer of the court.

## AS AND FOR A CROSS CLAIM AGAINST DEFENDANTS CHAIM GOLDBERGER a/k/a HENRY GOLDBERG, ISSAAC TEITELBAUM a/k/a ISAAC TITALBAUM, ABRAHAM SCHNEEBALG AND HENRY MANAGEMENT, LLC.

21)      Defendant Steven Powell is a duly authorized and appointed City Marshal of the City of New York.  On or about July 20, 2011 the Defendant City Marshal Steven Powell performed legal possession of certain rooms at 287 Franklin Avenue, Brooklyn, New York.  If Marshal Powell is required to pay damages pursuant to the plaintiff's allegations then in that event he should be indemnified by the individuals that caused that harm to wit:  Chaim Goldberger a/k/a Henry Goldberg, Issaac Teitelbaum a/k/a Isaac Titalbaum, Abraham Schneebalg and Henry Management, LLC. and judgment should be granted to Defendant Steven Powell over and against the aforesaid named defendants.

**JA060**

**AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS CHAIM
GOLDBERGER a/k/a HENRY GOLDBERG, ISSAAC TEITELBAUM a/k/a ISAAC
TITALBAUM, ABRAHAM SCHNEEBALG AND HENRY MANAGEMENT, LLC.**

22)    If Defendant City Marshal Powell is required to pay damages pursuant to the

allegations set forth in plaintiff's complaint then in that event any wrong doing alleged against

Marshal Powell which was the result of the activities of defendants Chaim Goldberger a/k/a

Henry Goldberg, Issaac Teitelbaum a/k/a Isaac Titalbaum, Abraham Schneebalg and Henry

Management, LLC., and any liability there from should be apportioned amongst all defendants

according to their involvement and wrong doing.

**WHEREFORE,** Defendant City Marshal Steven Powell demands that the complaint

against him be dismissed in its entirety.

Dated: Bayside, New York
       October   , 2011

**KENNETH D. LITWACK, ESQ.**
Counselor at Law, P.C.
Attorney for City Marshal Steven Powell
38-08 Bell Blvd, 2nd Floor
Bayside, NY 11361
**Tel:** (718) 428-4806
**Fax:** (718) 947-2794

**JA061**

## VERIFICATION

STATE OF NEW YORK COUNTY OF Richmond ss

I, CITY MARSHAL STEVEN POWELL, am the Defendant in the within action. I have read the foregoing Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge, except as to those matter therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

STEVEN POWELL

Subscribed and sworn to before me

on October 25th, 2011

NOTARY PUBLIC

My commission expires on 3-24-14

CECELIA POWELL
Notary Public, State of New York
No. 01PO4855284
Qualified in Richmond County
Term Expires March 24, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JON SASMOR,

                Plaintiff

                -against-

STEVEN POWELL, Individually and as City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER, Individually and as Deputy Chief
Administrative Judge for the New York City Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York,

                          Defendants.
-------------------------------------------------------------X

11-CV-4645 (KAM) (JO)

## AFFIDAVIT OF SERVICE BY MAIL

State of New York      )
                    )   ss:
County of Queens     )

**DALUZA VILLA**, being duly sworn deposes and says:

I am over 18 years of age and not a party to this action. My business address is 38-08 Bell Blvd., Bayside, New York 11361. On **OCTOBER 27, 2011**, I served the within **VERIFIED ANSWER** upon:

Jon Sasmor
Plaintiff Pro Se
287 Franklin Avenue
Brooklyn, NY 11205

by United States first-class mail by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of them at the address set forth above.

Dated:  October 27, 2011

                                            DALUZA VILLA

Sworn before me this
_____ day of October 2011

-----------------------------
NOTARY PUBLIC

KENNETH LITWACK
NOTARY PUBLIC, STATE OF NEW YORK
No. 02LI4680446
Qualified in Queens County
Commission Expires Dec. 22, 20__

**JA063**

INDEX NO: 11-CV-4645

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JON SASMOR,

                               Plaintiff

            -against-

STEVEN POWELL, Individually and as a City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER, Individually and as Deputy Chief
Administrative Judge for the New York city Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York

                               Defendants

---

## VERIFIED ANSWER

---

### *KENNETH D. LITWACK, COUNSELOR AT LAW, P.C.*
*Attorney for*
*City Marshal Steven Powell*
*Office and Post Office Address, Telephone*
*38-08 Bell Boulevard, 2nd Floor*
*Bayside, NY 11361*
*(718) 428-4806*
*(718) 947-2794 Fax*

**KENNETH D. LITWACK, ESQ.**                                       **TARA A. CHERRICK, ESQ.**

---

Service of a copy of the within is hereby admitted.

Dated,

                                  Attorney(s) for

ATTORNEY'S SIGNATURE PURSUANT TO
22 NYCRR 130-1.1a

Sir:-Please take notice

□ NOTICE OF ENTRY
that the within is a true copy of a
duly entered in the office of the clerk of the within named court on              , 2011

□ NOTICE OF SETTLEMENT
that an                which the within is a true copy will be presented for settlement to the HON.,
one of the judges of the within named court,         on .         2011    A.M.

Dated,

                        Yours, etc.
                        **KENNETH D. LITWACK, Counselor at Law, P.C.**
                        *Attorney for City Marshal Steven Powell*
**To**                     *Office and Post Office Address*
                      *38-08 Bell Boulevard, 2nd Floor*
                      *Bayside, New York 11361*

**JA064**

UNITED STATES DISTRICT COURT
EASTERN DISCTIRCT OF NEW YORK
-----------------------------------------------------------------X

JOHN SASMOR,                                           Docket No.: CV11-4645

                              Plaintiffs,          **NOTICE OF APPEARANCE
                                                    AND VERIFIED ANSWER**

              -against-


STEVEN POWELL, Individually and as City Marshal,
CHAIM GOLDBERGER a/k/a HENRY
GOLDBERGER, HENRY MANAGEMENT, LLC,
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM,
ABRAHAM SCHNEEBALG, FERN FISHER, Individually
and as Deputy Chief Administrative Judge for the New
York City Courts and CAROL ALT, Individually and as
Chief Clerk of the Civil Court of the City of New York,


                              Defendants.
-----------------------------------------------------------------X

              Defendants Chaim Goldberger, Isaac Teitelbaum, Abraham

Schneebalg, and Henry Management, LLC as and for their Answer to the

Verified Complaint, upon information and belief, respond as follows:

              1.     Deny the allegations contained in paragraph "1" of the

Complaint.

              2.     Deny the allegations contained in paragraph "2" of the

Complaint and refer all questions of law to the courts.

              3.     Deny the allegations contained in paragraphs "3", "4", "5",

"6" and "7" of the Complaint.

                              PARTIES

                                                        **JA065**

4.     Lacks knowledge or information sufficient to respond to the allegations contained in paragraphs "8" and "9" of the Complaint.

5.     Admits the allegations contained in paragraph "10" of the Complaint only to the extent that Chaim Goldberger resides at 198 Middleton Street, Brooklyn, New York.

6.     Admits the allegations contained in paragraphs "11", "12" and "13" of the Complaint.

7.     Lacks knowledge or information sufficient to respond to the allegations contained in paragraphs "14" and "15" of the Complaint.

<u>JURISDICTION AND VENUE</u>

8.     Deny the allegations contained in paragraphs "16", "17" and "18" of the Complaint.

[ALLEGED]
THE UNCONSTITUTIONAL NEW YORK EVICTION
<u>WARRANTS STATUTE</u>

9.     Deny the allegations contained in paragraphs "19" and "20" of the Complaint and refer all questions of law to the courts.

10.    Deny the allegations contained in paragraphs "21" and "22" of the Complaint.

<u>ADDITIONAL RELEVANT LAW</u>

11.    Answering paragraphs "23", "24, "25", "26", "27", "28", "29", "30", "31", "32", "33", "34" and "35" of the Complaint and refer all questions of law and interpretation of law to the courts.

PLAINTIFF'S [ALLEGED] CONSTITUTIONALLY
<u>PROTECTED INTERESTS</u>

**JA066**

12.    Deny the allegations contained in paragraph "36" of the Complaint.

13.    Lack knowledge or information sufficient to respond to the allegations contained in paragraph "37" of the Complaint.

14.    Deny the allegations contained in paragraph "38" of the Complaint.

15.    Lack knowledge or information sufficient to respond to the allegations contained in paragraphs "39" and "40" of the Complaint.

16.    Deny the allegations contained in paragraphs "41", "42", "43", "44", "45" and "46" of the Complaint.

17.    Lack knowledge or information sufficient to respond to the allegations contained in paragraph "47" of the Complaint.

18.    Deny the allegations contained in paragraphs "48", "49", "50", "51", "52" and "53" of the Complaint.

## THE [ALLEGED] UNCONSTITUTIONAL
## EVICTIONS

19.    Deny the allegations contained in paragraphs "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71" and "72" of the Complaint.

## THE CONTEXT OF "ALLEGED FRAUD"

20.    Answering paragraphs "73", "74" and "75" Defendants deny all claims made by Plaintiffs in the alleged related case.

21.    Lacks knowledge or information sufficient to respond to the allegations contained in paragraph "76" of the Complaint.

**JA067**

22.   Deny the allegations contained in paragraphs "78" and "79" of the Complaint.

[ALLEGED] ADDITIONAL UNCONSTITUTIONAL EVICTIONS
ARE IMMINENT

23.   Lack knowledge or information sufficient to respond to the allegations contained in paragraph "80" of the Complaint.

24.   Deny the allegations contained in paragraphs "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92" and "93" of the Complaint.

25.   Lack knowledge or information sufficient to respond to the allegations contained in paragraphs "94" and "95" of the Complaint.

26.   Deny the allegations contained in paragraph "96" of the Complaint.

DEFENDANTS [ALLEGED] INVOLVEMENT
UNDER COLOR OF STATE LAW

27.   Deny the allegations contained in paragraphs "97", "98", "99", "100" and "101" of the Complaint.

28.   Lack knowledge or information sufficient to respond to the allegations contained in paragraphs "103", "104", "105", "106", "107", "108" and "109" of the Complaint.

29.   Deny the allegations contained in paragraphs "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120" and "121" of the Complaint.

NO APPROPRIATE STATE FORUM

**JA068**

30.   Deny the allegations contained in paragraph "122" of the Complaint.

31.   Deny the allegations contained in paragraphs "123" and "124" of the Complaint and refer all questions of law to the courts.

32.   Deny the allegations contained in paragraph "125" of the Complaint.

[ALLEGED] CONSTITUTIONAL VIOALTIONS
CONTINUE DAILY

33.   Deny the allegations contained in paragraphs "126", "127", "128", "129", "130" and "131" of the Complaint.

AS AND TO COUNT 1

34.   Answering paragraph "132" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "101" as if set forth at length.

35.   Deny the allegations contained in paragraphs "133" and "134" of the Complaint.

AS AND TO COUNT 2

36.   Answering paragraph "135" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "104" as if set forth at length.

37.   Deny the allegations contained in paragraphs "136" and "137" of the Complaint.

AS AND TO COUNT 3

**JA069**

38.    Answering paragraph "138" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "107" as if set forth at length.

39.    Deny the allegations contained in paragraphs "139" and "140" of the Complaint.

## AS AND TO COUNT 4

40.    Answering paragraph "141" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "110" as it set forth at length.

41.    Deny the allegations contained in paragraphs "142" and "143" of the Complaint.

## AS AND TO COUNT 5

42.    Answering paragraph "144" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "113" as it set forth at length.

43.    Deny the allegations contained in paragraph "145" of the Complaint.

## AS AND TO COUNT 6

44.    Answering paragraph "146" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "115" as if set forth at length.

45.    Deny the allegations contained in paragraphs "147" and "148" of the Complaint.

**JA070**

## AS AND TO COUNT 7

46. Answering paragraph "149" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "118" as if set forth at length.

47. Deny the allegations contained in paragraphs "150" through "153" of the Complaint.

## AS AND TO COUNT 8

48. Answering paragraph "154" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "123" as if set forth at length.

49. Deny the allegations contained in paragraph "155" of the Complaint.

## AS AND TO COUNT 9

50. Answering paragraph "156" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "125" as it set forth at length.

51. Deny the allegations contained in paragraphs "157" and "158" of the Complaint.

## AS AND TO COUNT 10

52. Answering paragraph "159" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "128" as if set forth at length.

**JA071**

53.   Deny the allegations contained in paragraphs "160" and "161" of the Complaint.

### AS AND TO COUNT 11

54.   Answering paragraph "162" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "131" as if set forth at length.

55.   Deny the allegations contained in paragraph "163" of the Complaint.

### AS AND TO COUNT 12

56.   Answering paragraph "164" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "133" as if set forth at length.

57.   Deny the allegations contained in paragraph "165" of the Complaint.

### AS AND TO COUNT 13

58.   Answering paragraph "166" of the Complaint Defendants repeat and reallege each and every admission and denial in response to paragraphs "1" through "135" as it set forth at length.

59.   Deny the allegations contained in paragraphs "167" and "168" of the Complaint.

### FOR A FIRST DEFENSE

60.   The Complaint, in whole or in part, fails to state a cause of action upon which the relief requested therein can be granted. Plaintiff appears

**JA072**

to alternately bring this case in an individual capacity and in the capacity as a member of a class. Plaintiff has neither sought nor received certification to pursue this case as a class action.

## FOR A SECOND DEFENSE

61.    Plaintiff remains in occupancy of the premises from which he claims to have been unconstitutionally evicted.

## FOR A THIRD DEFENSE

62.    Defendants have acted pursuant to lawfully issued Orders from courts of competent jurisdiction.

## FOR A FOURTH DEFENSE

63.    Plaintiff lacks the requested standing to pursue some or all of the claims herein.

## FOR A FIFTH DEFENSE

64.    Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## FOR A SIXTH DEFENSE

65.    Plaintiff's claims are barred, in whole, or in part by the doctrine of unclean hands.

## FOR A SEVENTH DEFENSE

66.    Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## FOR AN EIGHTH DEFENSE

67.    Plaintiff's claims, in whole or in part, fail to state a cause of action cognizable under Federal law.

WHEREFOR Defendants respectfully demand judgment dismissing the Complaint in its entirety together with an award of the costs and disbursements of this case.

Dated: Brooklyn New York
   November 28, 2011

Respectfully Submitted

David Lyle Stern (DLS 6420)
STERN & STERN, ESQS.
50 Court Street, Suite 1100
Brooklyn, New York 11201
SternandSternEsq@aol.com
(718) 935-9458
Attorneys for Defendants
Chaim Goldberger
Isaac Teitelbaum
Abraham Schneebalg
Henry Management, LLC

JA074

## VERIFICATION

ABRAHAM SCHNEEBALG, affirms under penalty of perjury:

1.    I affirm rather than swear due to my religious beliefs. I am a Defendant in the within proceeding.

1.    I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

ABRAHAM SCHNEEBALG

Affirmed to before me
November 28 , 2011

NOTARY PUBLIC

PAMELA SMITH
Notary Public, State Of New York
No. 01SM4983322
Qualified in Queens County
Commission Expires June 24, 20__

**JA075**

## **VERIFICATION**

ISAAC TEITELBAUM, affirms under penalty of perjury:

1.    I affirm rather than swear due to my religious beliefs. I am a Defendant in the within proceeding.

1.    I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

ISAAC TEITELBAUM

Affirmed to before me
November 2 8 , 2011

NOTARY PUBLIC

PAMELA SMITH
Notary Public, State Of New York
No. 01SM4983322
Qualified in Queens County
Commission Expires June 24, 20 __

**JA076**

## VERIFICATION

CHAIM GOLDBERGER, affirms under penalty of perjury:

1.      I affirm rather than swear due to my religious beliefs. I am a Defendant in the within proceeding.

1.      I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

CHAIM GOLDBERGER

Affirmed to before me
November  28 , 2011

NOTARY PUBLIC

PAMELA SMITH
Notary Public, State Of New York
No. 01SM4983322
Qualified in Queens County
Commission Expires June 24, 20 11

**JA077**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JON SASMOR,                                               **NOTICE OF MOTION**

                                        Plaintiff

                                                          11-CV-4645 (KAM) (JO)

                   -against-

STEVEN POWELL, Individually and as City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER, Individually and as Deputy Chief
Administrative Judge for the New York City Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York,

                                        Defendants.
-------------------------------------------------------------------X
SIR/MADAME:

          **PLEASE TAKE NOTICE**, that upon the annexed declaration of KENNETH D.

LITWACK, Esq., dated March 2ℓ, 2012; the exhibits annexed hereto; and the accompanying

Memorandum of Law, the Defendant CITY MARSHAL STEVEN POWELL, shall move this Court,

pursuant to FED. R. Civ. P 12 (c) at the United States District Court for the Eastern District, located at

225 Cadman Plaza East, NY 11201, at date and time convenient to the Court, for an Order granting

Defendant Powell's Motion to Dismiss Plaintiff's Complaint with prejudice as it relates to the Defendant

Powell herein as it fails to state a claim upon which relief may be granted, in its entirety, or in the

alternative, leave to file an amended answer along with such other and further relief as this Court may

deem just and proper.

**Dated:** Queens, New York
          March 2ℓ, 2012                         Yours etc.,

                                                 _____
                                                 **KENNETH D. LITWACK** (KDL 6527)
                                                         Counselor at Law, P.C.
                                       Attorney for Defendant City Marshal Steven Powell
                                                         38-08 Bell Blvd, 2nd Floor
                                                         Bayside, NY 11361
                                                         **Tel:** (718) 428-4806
                                                         **Fax:** (718) 947-2794


                                                                    **JA078**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JON SASMOR,                                                **DECLARATION**

                                    Plaintiff
                                                           11-CV-4645 (KAM) (JO)

                -against-

STEVEN POWELL, Individually and as City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER, Individually and as Deputy Chief
Administrative Judge for the New York City Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York.

                                    Defendants.
------------------------------------------------------------------X
        KENNETH D. LITWACK, ESQ., the attorney for New York City Marshal Steven

Powell affirms as follows under penalty of perjury:

        1)      I am the attorney for City Marshal Steven Powell. I make this declaration on

personal knowledge and matters of public record.

        2)      The Marshal moves herein, pursuant to FED. R. Civ. Proc. 12(c) to dismiss the

complaint, because it fails to state a claim upon which amended relief may be granted, because

the Marshal executed a warrant that was valid on its face, on the basis of his qualified immunity,

because the Marshal has been improperly named as a party and because of Plaintiff's lack of

standing to bring this law suit as it applies to the Marshal. In the alternative, the Marshal seeks

leave to file an Amended Complaint.

        3)      Plaintiff brings suit herein concerning legal possessions that took place at a

property in Kings County New York known as 287 Franklin Avenue, Brooklyn, New York,

11205. Named as Defendants are New York City Marshal Steven Powell (hereinafter "Marshal

Powell") various individuals that are alleged to represent an alleged owner of the property, the

Deputy Chief Administrative Judge for the New York City Courts, Fern Fisher and Carol Alt, the Chief Clerk of the Civil Court of the City of New York.

4)    The complaint alleges various constitutional violations, under both the Federal and New York State Constitutions, violation of Federal Rights under 42 U.S.C. §1983 and 42 U.S.C. §1985(3) as well as violations under State Common Law for Abuse of Process, Trespass, Conversion, Intentional Infliction of Emotional Distress and Wrongful Eviction under New York NY CLS RPAPL §853. See Complaint attached to motion as **Exhibit A**. Defendant Powell has answered. (See **Exhibit B**)

5)    The gravamen of all of these alleged violations is that the Plaintiff, Jon Sasmor, was improperly evicted from various portions of the subject premises due to the execution of various warrants. The complaint states that Plaintiff had a possessory right to three areas/rooms in the subject premises and was removed in spite of that because he was not named as a party on the warrants of eviction which commanded Marshal Powell to "remove all persons" in addition to the named tenant in the apartment. Plaintiff is also claiming the three warrants that were executed were what he calls "wild cat warrants" which did not properly specify the particular rooms that were the subject of the dispossess that were performed.

More specifically the complaint alleges as follows:

- COUNT 1 – Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for the use of "all other person" warrants

- COUNT 2 – Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for the application and issuance of "wild cat warrants"

- COUNT 3 – Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for issuance of executions granting possession to "Ronald Henry Land Trust" which is not an entity capable of owning property.

**JA080**

- COUNT 4 - Violation of 4th and 14the Amendments under U.S. Const. and 42 U.S.C. §1983 for the Marshal refusing to show his badge and the warrant and by evicting Plaintiff without any court judgment against him. Violation of Plaintiff's right to be secure from unreasonable searches and seizures.

- COUNT 5 – Violation of the 4th Amendment under U.S. Const. and 42 U.S.C. §1983 by entering "Plaintiff's home" and evicting him without permission and without a valid warrant.

- COUNT 6 - Violation of 42 U.S.C. §1985 by evicting Plaintiff without showing a badge or warrant and without any court judgment against Plaintiff.

- COUNT 7 – Under Article 1 § 6 of the New York State Constitution for violating Plaintiff's due process rights; under Article 1 § 11 of the New York State Constitution for violating Plaintiffs equal protection rights; for violation of Article 1 § 12 of the New York State Constitution for violating rights to be secured from unreasonable searches and seizures where warrants were issued without probable cause and improper warrants being issued.

- COUNT 8 – Wrongful eviction under NY CLS RPAPL § 853.

- COUNT 9 – Abuse of process.

- COUNT 10 – Trespass on property.

- COUNT 11 – Trespass on chattels.

- COUNT 12 – Conversion.

- COUNT 13 – Intentional infliction of emotional distress.

Steven Powell is a New York City Marshal duly appointed pursuant to § 1600 et. seq. of the New York Civil Court Act. On July 13, 2011, Marshal Powell executed a warrant of eviction that was issued by the Civil Court of the City of New York County of Kings against Alex

Rosenbaum under Warrant Index #: 064303/2011. (See **Exhibit C** of Plaintiff's Amended

Complaint attached here as **Exhibit D**) On July 20, 2011, Marshal Powell executed warrants of

eviction against Kurt Fletcher and Amanda Diaz under New York City Civil Court County of

Kings Warrants with Index Numbers 064297/2011 and 064298/2011, respectfully. (See

**Exhibits A & B** of Plaintiff's Amended Complaint attached hereto as **Exhibits E and F**

respectfully).

**Affirm:**     Queens, New York
           March ___ 2012

                              Yours etc.,

                              _____
                              **KENNETH D. LITWACK** (KDL 6527)
                                        Counselor at Law, P.C.
                    Attorney for Defendant City Marshal Steven Powell
                                        38-08 Bell Blvd, 2nd Floor
                                        Bayside, NY 11361
                                        **Tel:** (718) 428-4806
                                        **Fax:** (718) 947-2794



EXHIBIT
C

JA083

Department of Investigation                              CHAPTER IV
Edward J. Kuriansky, *Commissioner*        EVICTIONS AND LEGAL POSSESSIONS

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)        PG. 60

If the tenant is not home or will not admit the marshal, the marshal has the authority to break into the apartment to execute the warrant. However, this must be done in the least disruptive way, e.g., using the landlord's key, or gaining entry through a window. This breaking and entering must be done either by the marshal or in his presence and under his supervision.

If a marshal is aware of facts and circumstances from which he should reasonably foresee that a disturbance at the premises is likely to occur he should contact the local precinct and await the arrival of the police before proceeding.[1] Facts and circumstances that should result in the marshal's contacting the police before proceeding include, but are not limited to, an occupant's physical resistance to the marshal's entry, a person's use or threatened use of a weapon or physical force to impede the eviction, and any other conduct by the occupant, or other facts of which the marshal is aware, indicating that the occupant will not leave the premises voluntarily in response to the marshal's direction.

Section 6-3: **Removal of Tenant's Property**

The distinction between an eviction and a legal possession is that in an eviction both the tenant and his personal property are removed from the premises, whereas in a legal possession the tenant is removed from the premises and his property remains under the care and control of the landlord as bailee for the tenant. Marshals are required to perform whichever service is desired by the landlord and may not restrict themselves to legal possessions.

If the landlord indicates that he desires mere possession of the property rather than having the premises delivered to him in "broom clean" condition, upon giving possession of the tenant's premises to the landlord, the landlord or his representative must endorse the back of the warrant as follows:

"Possession of the tenant's premises with the contents intact is hereby acknowledged. The landlord accepts responsibility for all the property on the premises, releases the marshal from any liability, and agrees to save the marshal harmless from any action resulting from the enforcement of this warrant."

Signature of landlord, his attorney or agent

---

[1] Q-1 (October 28, 1954).

60

**JA084**

Department of Investigation                                    **CHAPTER IV**
Edward J. Kuriansky, *Commissioner*               EVICTIONS AND LEGAL POSSESSIONS

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)          PG. 61

This "hold harmless" clause may not be used during an eviction; it is reserved solely for legal possession.

In the event the landlord demands that the premises be turned over to him in "broom clean" condition, the marshal must conduct an eviction. He must hire a bonded moving company which is licensed by the New York State Department of Transportation. The marshal must also direct the moving company to deliver the items removed from the premises to a warehouse licensed by the Department of Consumer Affairs pursuant to Title 20, Chapter 48 of the New York City Administrative Code.

The Department of Investigation can restrict marshals from using certain movers or storers due to improper acts and past criminal behavior on the part of the movers or storers. Further clarification of this power is elaborated upon in Appendix K, "Joint Administrative Order 514."[1]

With respect to legal possessions, marshals are prohibited from making any arrangements with a moving company on behalf of the landlord.

The New York City Administrative Code § 20-482 provides that "no representative of the City, including, but not limited to, sheriffs and marshals, shall deposit any household goods in a warehouse that is not licensed pursuant to this subchapter."

It is the responsibility of the marshal to periodically check with the Department of Consumer Affairs to ensure that the warehouse(s) used is (are) continually licensed.[2]

In all situations where the marshal and mover have access to the tenant's premises at the same time, and a tenant's property is to be removed, a marshal must remain on the premises until all property has been removed and placed on and secured in the moving van.[3] This rule applies whether the marshal performs an eviction or legal possession. Under no circumstances shall the tenant's property ever be permitted to remain on the sidewalk.

If the landlord has requested a legal possession and no property is being removed, a marshal must remain until the landlord has possession of the premises. A landlord has

---

[1] Q-126 (May 5, 1983).

[2] Q-125 (March 2, 1983).

[3] Q-95 (December 11, 1980); Q-39 (October 3, 1973); Q-12 (July 7, 1967).

JA085

possession of the premises when the marshal has secured the premises by changing the locks, or having them changed under his direction and in his presence.

Where a landlord has requested a full eviction (e.g. possession of premises in broom-clean condition) the cost of removal of the tenant's property and its delivery to a bonded warehouse must be borne by the landlord.

In every instance in which the moving bill is paid by a marshal, a copy of such bill must be retained on file for a period of three years.

### Section 6-4: Inventory of Property

All marshals are required to prepare a written inventory of all items contained in the premises of any tenant to be evicted. The inventory shall be prepared regardless of whether the marshal does an eviction or a legal possession.[1] The inventory must be complete and accurate, giving a description of all appliances, household furniture, goods, and properties present. Both the quantity and condition of the property must be noted. Numbers are to be used rather than "hash marks."

The full name of the tenant must be present on all inventories.[2] The inventory form must be dated, and signed by the marshal, landlord (or his representative), and, whenever feasible, the tenant. The inventory form used should have a specially designated place for each of the above mentioned signatures. A copy of this inventory must be provided to the tenant at the time of the eviction whether or not it is specifically requested. If the tenant is not present, the marshal must make a copy of the inventory available to the tenant upon request. An inventory must be prepared whether the marshal performs an eviction or a legal possession.

Whenever electronic equipment such as stereos, televisions, appliances, etc., are inventoried, the make, model, and where possible, the serial number must be recorded on the inventory.

The marshal should take extra care to ensure that the carton count is correct and legible. Numbers rather than "hash marks" are to be used in reflecting the number of cartons inventoried. If no cartons are prepared, indicate in the quantity column, the number zero, "0."

---

[1] Q-29 (May 24, 1972).

[2] Q-38 (June 26, 1973).

JA086

# EXHIBIT H

JA087

613   502   N IF
L&T 56507

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART J, ROOM 502
-------------------------------------------------------X
RONALD HENRY LAND TRUST,
    Petitioner

    -against-

KURT FLETCHER,
    Respondent,
JON SASMOR and WILLIE OSTERWEIL,
    Appellants.
-------------------------------------------------------X

Index No. L&T 64297/11

ORDER TO SHOW CAUSE
TO FIX UNDERTAKING
FOR STAY PENDING APPEAL

Premises: 287 Franklin Ave
Top Floor Back Small Room
Brooklyn, NY 11205

Upon the annexed affidavit of Jon Sasmor and Willie Osterweil, the above named Appellants, sworn to on May 25, 2011, and upon the exhibits affixed thereto, and upon all the papers and proceedings herein:

Let the Petitioner or its attorney(s) show cause at a motion term of the
    Civil Court of the City of New York
    Housing Part:  Part J, Rm 502
    Located at:  141 Livingston Street, Brooklyn, NY 11201
    On:  6/3/11  at  9:30  a.m./p.m.

Or as soon thereafter as may be heard, why an Order should not be made:
Fixing an undertaking for an automatic stay pending an appeal pursuant to CPLR § 5519 (a) (6), or alternatively, granting a discretionary stay upon terms that are just pursuant to CPLR § 5519 (c), or other relevant law, to stay all proceedings to enforce the Decision and Judgment dated April 28, 2011 pending an appeal, and/or for such other relief as the Court deems just and proper.

Until the entry of a court order, all proceedings by Petitioner, its attorney, and any City Marshal are stayed.

Service of a copy of this Order to Show Cause, Annexed Affidavit and Exhibits upon Petitioner's Attorney:
Attorney:  (Judge to Initial)               Marshal:  (Judge to Initial)
__ By Personal Service "In Hand Delivery"   __ By Personal Service "In Hand Delivery"
__ By Certified Mail, R.R.R.                __ By Certified Mail, R.R.R.
__ By First Class Mail with Certificate     __ By First Class Mail with Certificate
of Mailing at Post Office                   of Mailing at Post Office
On or Before _____, shall be deemed good and sufficient.
Papers may be served by either of the Appellants in person.

Proof of such service may be filed with the clerk in the Part indicated above or in the L&T Clerk's Office before the return date of the Order to Show Cause.

Attorney: Stuart J. Jacobs          Marshal: Steven Powell
1779 51st Street                    774 Manor Road
Brooklyn, NY 11204                  Staten Island, NY 10314
(718) 436-3396                      (718) 494-7814

    George M. Heymann
    Judge, Civil/Housing Court

OK AS TO FORM
CLERK
DATE 5/25/11

JA088



# EXHIBIT
# I

10/06/2011  14:15   17189637445            MARSHAL S ROBYN                  PAGE  05/16
Case 1:11-cv-04645-KAM-JO   Document 36-6   Filed 03/21/12   Page 7 of 14 PageID #: 389

(6/11)

SUPREME COURT OF THE STATE OF NEW YORK:
APPELLATE TERM: SECOND DEPARTMENT
☑  2ⁿᵈ, 11ᵗʰ & 13ᵗʰ JUDICIAL   ☐  9ᵗʰ & 10ᵗʰ JUDICIAL
      DISTRICTS                        DISTRICTS                    *Lof 5L508*

_Ronald  Henry  Land  Trust_
                    _Petitioner - Appellee_                **ORDER TO SHOW CAUSE**

          -against-                                          Appellate Term Docket Number:

_Amanda  Diaz,  Respondent_
_Jon Sasmor  and  Willie Osterweil,_
                         _Appellants_                        Lower Court Index No. *Lof 64298/11*

          Upon the annexed affidavit of _Jon Sasmor_ and _Willie Osterweil_, dated ___June 3___,
2_011_, and the papers annexed thereto,

          LET _Ronald  Henry  Land  Trust_ _____ **SHOW CAUSE BEFORE**
THIS COURT, at the courthouse thereof, located at 141 Livingston Street, 15ᵗʰ Floor, Brooklyn,
New York, 11201, on the _22 ⁿᵈ_ day of _JUNE_, 2_011_, at 10:00 o'clock in the
forenoon of that date, why an order should not be made and entered:

☑  Staying the Eviction                        ☑  Staying Execution of the Warrant
☐  Staying the trial                           ☐  Restore to Possession
☐  Staying enforcement of money judgment       ☐  Other: _____
☐  Staying the Sentence

          And, Granting such other and further relief as to the court may seem just and equitable.

          **SUFFICIENT CAUSE THEREFOR APPEARING**, it is

          **ORDERED** that service of a copy of this order to show cause and the papers upon which it
was made upon _the Respondent's attorney and Marshall_, by
                                                                              _if any_
☑  personal delivery pursuant to CPLR 2103(b)(1) or 2103(c)

☐  office delivery pursuant to CPLR 2103(b)(3)

☐  overnight delivery service pursuant to CPLR 2103(b)(6)

☐  first class mail with certificate of mailing at the Post Office

on or before _JUNE 7ᵗʰ_, 2_011_, shall be deemed sufficient service thereof,
and it is further;

**JA090**

L+T 56508

(6/11)

ORDERED that opposition papers, if any, must be served by

⟪initial⟫ ☒     personal service at least two (2) days prior to the return date herein; and it is further,

☐     overnight delivery service at least three (3) days prior to the return date herein; and it is;

ORDERED that (provision not applicable unless initialed by justice of Appellate Term):

⟪initial⟫ ☒     Pending the hearing and determination of this motion and entry of an order hereon, LET all proceedings on part of the respondent(s), or any person acting on behalf of the respondent(s) including the attorney(s) and agent(s) of the respondent(s) and, if applicable, any marshal or sheriff BE STAYED.

_____ ☐     The above temporary stay is conditioned upon the movant depositing with the Clerk of the Court in the lower court the sum of $ _____ on or before 5:00PM on _____. Said amount is to remain on deposit until the appeal is determined or unless otherwise ordered by the court. If the deposit is not timely made, then the temporary stay is deemed vacated. **Check with the lower court to determine the acceptable methods of payment and the location where the deposit must be made.**

⟪initial⟫ ☒     Proof of service and of deposit (if deposit is required) must be filed with the clerk of this court no later than 5:00PM on **June 21, 2011** .

⟪initial⟫ ☒     These papers may be served by the appellant in person.

Dated: Brooklyn, New York

June 6th, 2011

⟪signature⟫

## Hon. Marsha L. Steinhardt

_____

PRESIDING / ASSOCIATE JUSTICE
APPELLATE TERM: 2ND DEPARTMENT

*NOTE: On the return date all motions and proceedings are deemed submitted. Oral argument is not permitted (22 NYCRR 731.7 & 732.7).*

IF YOU HAVE BEEN SERVED WITH THESE PAPERS YOU MAY CALL THE APPELLATE TERM CLERK'S OFFICE AT (347) 401-9580 TO VERIFY THE AUTHENTICITY OF THE PAPERS.

JA091



EXHIBIT
J

**Department of Investigation**
Edward J. Kuriansky, *Commissioner*

APPENDIX
JOINT ADMINISTRATIVE ORDER 453

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)          PG. 168

## Joint Administrative Order 453

The Appellate Division of the Supreme Court, First Judicial Department, and the Appellate Division of the Supreme Court, Second Judicial Department, pursuant to the authority vested in each of them, and for the purpose of providing controls and close supervision of City Marshals, do hereby jointly order as follows:

(1) The Commissioner of Investigation of the City of New York or his designee, is empowered to supervise and monitor the official acts of New York City Marshals and to take complaints, make inquiries and conduct investigations into all aspects of marshals' activities.

(2) The Commissioner of Investigation or his designee, in order to investigate and monitor the activities of city marshals, may hold hearings, compel the attendance of and examine under oath a marshal and his employees regarding the official acts of any marshal.

(3) (a) Each city marshal shall keep detailed books and records and maintain bank accounts as prescribed by the Appellate Divisions or the Department of Investigation.

(b) A city marshal's official books, records and bank accounts are public records and as such are subject to unannounced inspections by the Department of Investigation or anyone designated for that purpose by the Commissioner of Investigation or the Appellate Divisions.

(c) Should the Commissioner of Investigation deem it proper, the Department of Investigation may take into its custody any or all of the official records of a city marshal for the purpose of inspecting them.

(d) Each city marshal shall surrender all official books and records including, but no limited to, cash books, docket books, check books, bank statements, and cancelled checks to the Department of Investigation upon termination of office. Should it become necessary, access to such official books and record for the purpose of examination shall be accorded to the city marshal surrendering the same. Upon termination of office, each city marshal shall further prepare a fina report of his official acts, as prescribed by the Department of Investigation, whic shall include a final statement of monies held in trust, expenses incurred, and fee earned.

**Department of Investigation**                                    APPENDIX
Edward J. Kuriansky, *Commissioner*          JOINT ADMINISTRATIVE ORDER 453

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)          PG. 169

(e) A city marshal is entitled to only those fees for those services which are prescribed by law and set forth in an official schedule of fees issued by the Commissioner of Investigation. A city marshal shall perform all other services required of him by law without any other fees or charges, except as otherwise expressly prescribed by law. No fee to which a city marshal is entitled may be waived without specific written authorization of the Commissioner of Investigation.

(f) Each city marshal shall henceforth, in accordance with the procedures prescribed by the Department of Investigation, provide for a fiduciary who shall, upon the death or incapacity of said marshal, assume complete responsibility for the marshal's bank accounts and official records, and shall distribute any monies held in trust or otherwise collected by the marshal to the proper judgment creditors or to any other individual(s) to whom such monies are due and owing. Such a fiduciary shall be compensated at the marshal's own expense.

(4) (a) The Commissioner of Investigation is empowered to continue to issue directives regarding marshals' official day to day activities including, but not limited to, the official records to be kept by city marshals, the procedures for performing their duties, and the conduct of marshals and their employees. Copies of all directives shall be forwarded to the Appellate Divisions, and each directive shall remain in full force and effect unless and until nullified by joint order of both Appellate Divisions.

(b) Any handbook of regulations for city marshals which may be promulgated by the Department of Investigation shall become effective upon the approval of both Appellate Divisions. Any substantial policy changes therein shall require similar approval. However, copies of any other changes therein by directive or otherwise shall be forwarded to the Appellate Divisions and such changes shall remain in full force and effect unless and until nullified by joint order of both Appellate Divisions.

(5) The Director of the Bureau of Marshals at the Department of Investigation or any other person or persons designated by the Commissioner of Investigation may, after an investigation, present evidence of incompetency, misconduct, or other wrongdoing as set forth in Section (6) herein to the Commissioner of Investigation. The Commissioner may accordingly designate a deputy commissioner, assistant commissioner, or other qualified person to hear charges as provided herein or, in the

169

JA094

**Department of Investigation**                                        APPEND
Edward J. Kuriansky, *Commissioner*                    JOINT ADMINISTRATIVE ORDER 4

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)         PG. 1

alternative, at the option of the Commissioner, refer these charges and this evidence
to the Appellate Divisions for disciplinary action or removal proceedings.

(6) (a) The Commissioner of Investigation may, after a hearing on charges preferred
against a city marshal, impose penalties upon him including, but not limited to,
suspension from the performance of his official duties for a period not to exceed
six months for violation of the civil laws, the rules of the Appellate Divisions of
the First and Second Departments, the rules of the Civil Court of the City of Ne
York, the directives of the Department of Investigation, or for incompetency or
misconduct.

(b) A city marshal against whom such disciplinary action is proposed shall have
written notice thereof and of the reasons therefor, shall be furnished a copy of th
charges preferred against him, and shall be allowed at least eight days for
answering the same in writing. The marshal shall be entitled to a full and
complete hearing with the assistance and presence of counsel.

(c) The hearing upon such charges shall be held by such deputy commissioner,
assistant commissioner, or other person designated by the Commissioner of
Investigation for that purpose.

(d) The deputy commissioner or assistant commissioner holding such hearing shall,
upon the request of the city marshal against whom charges are preferred, permit
him to be represented by counsel, and shall allow him to summon witnesses on
his behalf. The burden of proving incompetency, misconduct or other
wrongdoing shall be upon the Director of the Bureau of Marshals or other person
designated by the Commissioner of Investigation for the purpose of preferring
charges and shall be by a fair preponderance of evidence. The deputy or assistan
commissioner holding such hearing shall receive evidence in the same manner as
if this hearing were held pursuant to section 75 of the Civil Service Law, in that
compliance with technical rules of evidence shall not be required.

(e) If the city marshal is found guilty, a transcript of the hearing, and a written
statement of the determination and the reason therefor, shall be filed in the office
of the Department of Investigation. A copy of the transcript shall, upon request
of the city marshal affected, be furnished to him without charge.

(f) If desired, the city marshal may appeal any decision by the Commissioner of
Investigation to the appellate divisions. The marshal shall file such appeal in

170

**Department of Investigation**
Edward J. Kuriansky, *Commissioner*

APPENDIX
JOINT ADMINISTRATIVE ORDER 453

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)          PG. 171

writing within 20 days after service of written notice of the determination to be reviewed, such written notice to be delivered personally or by registered mail to the last known office address of such city marshal. When notice is given by registered mail, such city marshal shall be allowed an additional three days in which to file an appeal.

(7) A marshal, after being furnished with a copy of the charges preferred against him, may knowingly waive a hearing as provided in subdivision (6) of this section, and agree to a penalty prescribed by the Commissioner of Investigation.

(8) Perjury by a city marshal or his failure to testify concerning his official duties at an investigative or administrative hearing held at the Department of Investigation after being granted immunity from the use of the testimony in a criminal prosecution shall be ground for removal.

(9) Failure to comply with penalties imposed by the Commissioner of Investigation shall be ground for removal.

This Order is effective immediately and shall remain in full force and effect unless and until modified or nullified by Joint Order of both Appellate Divisions.

Dated: New York, N.Y. and
        Brooklyn, New York
        November 12, 1975

FOR THE FIRST DEPARTMENT          FOR THE SECOND DEPARTMENT

/S/                                /S/
HAROLD A. STEVENS                  FRANK A. GULOTTA
Presiding Justice                  Presiding Justice

171

JA096

# EXHIBIT K

JA097

## Joint Administrative Order 456

The Appellate Division of the Supreme Court, First Judicial Department, and the Appellate Division of the Supreme Court, Second Judicial Department, pursuant to the authority vested in each of them, and for the purpose of supplementing and amending their joint administrative order (J.ADM 453 dated November 12, 1975), with respect to providing controls and close supervision of City Marshals, do hereby, effective immediately, jointly order as follows:

(1) Any and all charges preferred by the Commissioner of Investigation shall be in writing and filed with both Appellate Divisions pursuant to Section 1610 of the Civil Court Act.

(2) The Commissioner of Investigation or his designee, as provided in paragraph (5) of Joint Administrative Order #453, may thereupon conduct hearings on the charges filed with both Appellate Divisions, except with respect to such charges warranting immediate suspension of a city marshal pending a hearing as hereinafter provided.

(3) Should the Commissioner of Investigation, following a hearing, conclude that a penalty in excess of a suspension of six months is warranted, he may impose such six months' suspension, and shall thereupon refer the entire matter together with the minutes of all proceedings had therein and his report and recommendations to both Appellate Divisions for their joint consideration and disposition.

(4) Should the Commissioner of Investigation deem the charges to be of such a nature as to warrant the immediate suspension of a city marshal pending a hearing on removal proceedings, he shall not conduct such hearings or proceedings but shall file such charges in writing with both Appellate Divisions pursuant to Section 1610 of the Civil Court Act, together with his request for the immediate suspension of such city marshal and for such removal proceedings as the Appellate Divisions may be advised to pursue under the circumstances.

(5) In all other respects the provisions of Joint Administrative Order #453 dated November 12, 1975, shall remain in full force and effect.

Dated:  New York, N.Y. and
        Brooklyn, New York
        February 27, 1976

FOR THE FIRST DEPARTMENT                 FOR THE SECOND DEPARTMENT

/S/                                      /S/
HAROLD A. STEVENS                        FRANK A. GULOTTA
Presiding Justice                        Presiding Justice

172

**JA098**



EXHIBIT
L

JA099

**Department of Investigation**                        CHAPTER IV
Edward J. Kuriansky, *Commissioner*         EVICTIONS AND LEGAL POSSESSIONS

NEW YORK CITY MARSHALS HANDBOOK OF REGULATIONS (10-24-97)        PG. 44

Additional grounds for summary proceedings include, among others, illegal use or occupancy of the premises.[1]

Section 1-2: **Parties to be Named**

Generally, all persons in possession of real property who derive their right or title to possession through the respondent (tenant) must be named in the papers. If a sub-tenant is in possession, he must be joined in the proceedings. If he is not named, he may not be evicted, even though the prime tenant may be evicted. Generally, the children, spouse, or guests of a tenant need not be named. Where a landlord does not know the name of the tenant, or subtenants, he may proceed against them by designating such tenant "John or Jane Doe."

---

[1] *See*, e.g. RPAPL §§ 711(5), 715

44

JA100



EXHIBIT
M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JON SASMOR,

                                              Plaintiff

                              -against-

STEVEN POWELL, Individually and as City Marshal;
CHAIM GOLDBERGER a/k/a HENRY GOLDBERG;
HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG;
FERN FISHER, Individually and as Deputy Chief
Administrative Judge for the New York City Courts; and
CAROL ALT, Individually and as Chief Clerk of the
Civil Court of the City of New York,

                                              Defendants.
-----------------------------------------------------------------X

**PROPOSED AMENDED
VERIFIED ANSWER**

11-CV-4645 (KAM) (JO)

          Defendant CITY MARSHAL STEVEN POWELL, by his attorneys KENNETH D.

LITWACK. ESQ., Counselor at Law, P.C. answers the complaint as follows:

          1)      City Marshal Steven Powell denies the allegations set forth in paragraphs 3, 4, 5,

6, 20, 51, 52, 53, 54, 56, 82, 84, 91, 92, 102, 107, 112, 113, 122, 123, 124, 125, 129, 131, 133,

134, 136, 137, 139, 140, 142, 143, 145, 147, 148, 151, 152, 153, 155, 157, 158, 160, 161, 163,

165, 167, and 168.

          2)      Defendant City Marshal Steven Powell denies sufficient knowledge and/or

information to form a belief as to paragraphs 10, 11, 12, 13, 21, 22, 36, 37, 38, 39, 40, 41, 42, 43,

44, 45, 46, 47, 48, 49, 50, 55, 58, 60, 61, 62, 63, 64, 65, 67, 68, 70, 72, 75, 76, 77, 78, 80, 85, 86,

87, 90, 96, 119, 120, 122, 127, and 130.

          3)      Defendant City Marshal Steven Powell denies any allegation in plaintiff's

complaint that refers to a "break-in" or that refers to an "eviction" but does admit that he

performed a legal possessions at said premises.

4)      Admits paragraphs 57 expect that denies that plaintiff was evicted.

5)      Defendant City Marshal Steven Powell admits paragraph 66 only to the extent that judgments were issued.

6)      Defendant City Marshal Steven Powell denies paragraphs 69 to the extent that plaintiff was evicted.

7)      Defendant City Marshal Steven Powell denies paragraphs 71 to the extent that there were constitutional evictions and denies sufficient information or knowledge to form a belief as to whether any of plaintiff's property was locked up in any of the rooms within in which a dispossession did take place.

8)      Defendant City Marshal Steven Powell denies paragraph 73 as it applies to him.

9)      Defendant City Marshal Steven Powell denies paragraph 74 as it applies to him.

10)     Defendant City Marshal Steven Powell denies paragraph 79 as it applies to him.

11)     Defendant City Marshal Steven Powell denies paragraph 81 to the extent that no person had any way of knowing which rooms were referred to in the warrants.

12)     Defendant City Marshal Steven Powell admits paragraph 83 only to the extent that City Marshal Powell performed legal possessions at the premises.

13)     Defendant Powell admits paragraph 114 only to the extent that he conferred with Defendant Goldberger as to the identity of the rooms in question.

14)     Defendant City Marshal Steven Powell denies paragraph 109 to the extent that he instructed someone to "knock down" the front door.

15)     Defendant City Marshal Steven Powell admits paragraph 110 only to the extent that the plaintiff obstructed the Marshal's entry into the building.

16)     Defendant City Marshal Steven Powell denies paragraph 112 to the extent that
"three men performed all three evictions".

17)     Defendant City Marshal Steven Powell admits paragraph 108 and 115 only to the
extent that he called the Fire Department but not in an attempt to have the whole building
vacated.

18)     Defendant City Marshal Steven Powell admits paragraph 116 only to the extent
that he had annexed a Marshals Notice of Legal Possession to the door of three (3) units.

19)     Defendant City Marshal Steven Powell denies that defendant Goldberger willfully
participated in the dispossess except admits that defendant Goldberger was present.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20)     The complaint fails to state a claim upon which relief can be granted as to City
Marshal Steven Powell who acted upon a warrant that was valid on its face.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21)     City Marshal Steven Powell acted on a warrant that was valid on its face.

### AS AND FOR THIRD AFFIRMATIVE DEFENSE

22)     The Marshal is protected by qualified immunity as an officer of the court.

### AS AND FOR A CROSS CLAIM AGAINST DEFENDANTS CHAIM GOLDBERGER a/k/a HENRY GOLDBERG, ISSAAC TEITELBAUM a/k/a ISAAC TITALBAUM, ABRAHAM SCHNEEBALG AND HENRY MANAGEMENT, LLC.

23)     Defendant Steven Powell is a duly authorized and appointed City Marshal of the
City of New York. On or about July 20, 2011 the Defendant City Marshal Steven Powell
performed legal possession of certain rooms at 287 Franklin Avenue, Brooklyn, New York. If

Marshal Powell is required to pay damages pursuant to the plaintiff's allegations then in that event he should be indemnified by the individuals that caused that harm to wit: Chaim Goldberger a/k/a Henry Goldberg, Issaac Teitelbaum a/k/a Isaac Titalbaum, Abraham Schneebalg and Henry Management, LLC. and judgment should be granted to Defendant Steven Powell over and against the aforesaid named defendants.

### AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS CHAIM GOLDBERGER a/k/a HENRY GOLDBERG, ISSAAC TEITELBAUM a/k/a ISAAC TITALBAUM, ABRAHAM SCHNEEBALG AND HENRY MANAGEMENT, LLC.

24)    If Defendant City Marshal Powell is required to pay damages pursuant to the allegations set forth in plaintiff's complaint then in that event any wrong doing alleged against Marshal Powell which was the result of the activities of defendants Chaim Goldberger a/k/a Henry Goldberg, Issaac Teitelbaum a/k/a Isaac Titalbaum, Abraham Schneebalg and Henry Management, LLC., and any liability there from should be apportioned amongst all defendants according to their involvement and wrong doing.

**WHEREFORE,** Defendant City Marshal Steven Powell demands that the complaint against him be dismissed in its entirety.

Dated: Bayside, New York

_____
**KENNETH D. LITWACK, ESQ.**
Counselor at Law, P.C.
Attorney for City Marshal Steven Powell
38-08 Bell Blvd, 2nd Floor
Bayside, NY 11361
**Tel:** (718) 428-4806
**Fax:** (718) 947-2794

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JON SASMOR,                                          :
                                                     :
                    Plaintiff,                       :
                                                     :       Civil Action Number:
          -against-                                  :       11-cv-4645(KAM)(JO)
                                                     :
STEVEN POWELL, Individually and as City              :
Marshal; CHAIM GOLDBERGER a/k/a HENRY                :
GOLDBERG; HENRY MANAGEMENT, LLC;                     :
ISAAC TEITELBAUM a/k/a ISAAC                          :
TITALBAUM; ABRAHAM SCHNEEBALG;                       :
FERN FISHER, Individually and as Deputy Chief        :
Administrative Judge for the New York City           :
Courts; and CAROL ALT, Individually and              :
as Chief Clerk of the Civil Court of the City of     :
New York,                                            :
                    Defendants.                      :
---------------------------------------------------------------X

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the Verified Amended Complaint (the "Complaint"),

and by the annexed memorandum of law and declaration of Andrew H. Meier and the exhibits

attached thereto, and upon all prior proceedings in this matter, Defendants FERN FISHER and

CAROL ALT (collectively the "Judicial Defendants"), will move this Court before the Honorable

Kiyo A. Matsumoto, United States District Court Judge, on a date as set by the Court, at the United

States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, at 9:30 a.m., or as soon thereafter

as counsel can be heard, for an order pursuant to the Federal Rules of Civil Procedure, Rules

12(b)(1) and 12(b)(6), dismissing the Complaint in this matter on the grounds that it is barred by:

the lack of Article III jurisdiction, the doctrine of abstention, Plaintiff's lack of standing, the

*Rooker-Feldman* doctrine, collateral estoppel, *res judicata*, Plaintiff's failure to state a claim upon

which relief can be granted, the Federal Court Improvement Act of 1996, the Eleventh Amendment,

and judicial immunity.

1

**JA106**

PLEASE TAKE FURTHER NOTICE that, pursuant to the Court's current scheduling order, Plaintiff must serve his papers in opposition to this motion on the Judicial Defendants' counsel on or before May 7, 2012, and the Judicial Defendants' reply is due on or before May 28, 2012. Pursuant to the Court's individual rules, the parties are required to electronically file their own motion papers once the motion is fully briefed. Failure to respond may result in the dismissal of the Complaint.

Dated:        March 22, 2012
              New York, New York


                              _____/S/_____
                              ANDREW MEIER
                              Office of the New York State Attorney General
                              *Counsel for the Judicial Defendants*
                              120 Broadway
                              New York, NY 10271
                              (212) 416-8305

To:     Jon Sasmor
        *Plaintiff pro se*
        287 Franklin Avenue
        Brooklyn, NY 11205

        Kenneth Litwack
        Litwack & Litwack, Counselors at Law, P.C.
        *Attorneys for Defendant Powell*
        42-40 Bell Blvd.
        Suite 300
        Bayside, NY 11361

        David Lyle Stern
        Stern & Stern, Esqs.
        *Attorneys for Defendants Goldberger, Henry Management, LLC, Teitelbaum, and Schneebalg*
        50 Court Street
        Brooklyn, NY 11201

**JA107**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JON SASMOR,                                      :

              Plaintiff,                       :

                              :       Civil Action Number:

     -against-                        :       11-cv-4645(KAM)(JO)

                              :

STEVEN POWELL, Individually and as City          :
Marshal; CHAIM GOLDBERGER a/k/a HENRY            :    **DECLARATION OF**
GOLDBERG; HENRY MANAGEMENT, LLC;                 :    **ANDREW H. MEIER**
ISAAC TEITELBAUM a/k/a ISAAC                     :
TITALBAUM; ABRAHAM SCHNEEBALG;                   :
FERN FISHER, Individually and as Deputy Chief    :
Administrative Judge for the New York City       :
Courts; and CAROL ALT, Individually and          :
as Chief Clerk of the Civil Court of the City of :
New York,                                        :
               Defendants.                      :
------------------------------------------------------------X

     ANDREW H. MEIER, pursuant to 28 U.S.C. section 1746 declares under penalty of perjury

as follows:

     1.     I represent FERN FISHER, Deputy Chief Administrative Judge for the New York

City Courts, and CAROL ALT, Chief Clerk of the Civil Court of the City of New York

(collectively the "Judicial Defendants"), in the above-captioned action. I submit this declaration

in support of the Judicial Defendants' motion to dismiss this action as against them in the

entirety.

     2.     Reference is made in the accompanying memorandum of law to certain documents;

for the convenience of the Court, the relevant documents are annexed hereto.

     3.     Attached hereto as Exhibit 1 is a copy of Plaintiff's Verified Amended Complaint in

this matter, dated October 11, 2011 (the "Complaint").

**JA108**

4.    Attached hereto as Exhibit 2 is a copy of the lease referred to in paragraphs 37 and 38

of the Complaint; Plaintiff submitted the lease as exhibits C and D to the "Memorandum of Law

in Support of Answer" that Plaintiff filed in *Ronald Henry Land Trust v. Rosenbaum*, N.Y. Civ.

Ct., Kings Co., Index #64303-11 (Exhibit 3, *infra*).

5.    Attached hereto as Exhibit 3 is a copy of the "Memorandum of Law in Support of

Answer" (without Appendix and exhibits) that Plaintiff filed in *Ronald Henry Land Trust v.

Rosenbaum*, N.Y. Civ. Ct., Kings Co., Index #64303-11.

6.    Attached hereto as Exhibit 4 are copies of documents that Plaintiff filed as exhibit E

to his "Memorandum of Law in Support of Answer" in *Ronald Henry Land Trust v. Rosenbaum*,

N.Y. Civ. Ct., Kings Co., Index #64303-11 (Exhibit 3, *supra*).

7.    Attached hereto as Exhibit 5 is a copy of Plaintiff's First Amended Complaint in *287

Franklin Avenue Residents' Association, et al. v. Meisels, et al.*, E.D.N.Y. Dkt. No. 11-cv-976

(KAM)(JO).

8.    Attached hereto as Exhibit 6 is a copy of the Judicial Request/Order for Housing

Inspection issued by the City of New York, Kings County, Housing Part (the "Housing Court"),

in *Ronald Henry Land Trust v. Lin, et al.*, N.Y. Civ. Ct., Kings Co., Index #100576/2011, and

copies of certain City of New York Department of Housing Preservation and Development

documents, which Plaintiff filed as exhibits in *Ronald Henry Land Trust v. Rosenbaum*, N.Y.

Civ. Ct., Kings Co., Index #64303-11 (Exhibit 3, *supra*).

9.    Attached hereto as Exhibit 7 are copies of the Notice of Petition, Notice of

Termination of Tenancy, Holdover Petition, and Affidavit of Conspicuous Service in *Ronald

Henry Land Trust v. Fletcher*, N.Y. Civ. Ct., Kings Co., Index #64297/2011.

**JA109**

10.     Attached hereto as Exhibit 8 are copies of the Notice of Petition, Holdover Petition, Affidavits of Conspicuous Service, Holdover Notice, Verification, and Notice of Termination of Tenancy in *Ronald Henry Land Trust v. Diaz*, N.Y. Civ. Ct., Kings Co., Index #64298/2011.

11.     Attached hereto as Exhibit 9 are copies of the Notice of Petition, Holdover Petition, Notice of Termination of Tenancy, and Affidavits of Conspicuous Service from *Ronald Henry Land Trust v. Rosenbaum*, N.Y. Civ. Ct., Kings Co., Index #64303/2011.

12.     Attached hereto as Exhibit 10 is a copy of the Unified Court System Case History for *Ronald Henry Land Trust v. Sasmor, et al.*, N.Y. Civ. Ct., Kings Co., Index #64299/2011.

13.     Attached hereto as Exhibit 11 are copies of the Notice of Petition, Holdover Petition, Affidavits of Personal Service, and Notice of Termination of Tenancy from *Ronald Henry Land Trust v. Sasmor, et al.*, N.Y. Civ. Ct., Kings Co., Index #78902/2011.

14.     Attached hereto as Exhibit 12 are copies of the Unified Court System Case History, "Special Appearance," "Affidavit in Support of Order to Show Cause to Stay Execution of Warrant as to Tenants Unnamed in Caption," "Order to Show Cause to Vacate Default and to Restore to the Calendar," and the Decision/Order of the Housing Court in *Ronald Henry Land Trust v. Fletcher*, N.Y. Civ. Ct., Kings Co., Index #64297/2011, as well as the Appellate Term's Decision & Order on Motion dismissing Plaintiff's appeal in the matter.

15.     Attached hereto as Exhibit 13 are copies of the Unified Court System Case History, "Special Appearance," "Affidavit in Support of Order to Show Cause to Stay Execution of Warrant as to Tenants Unnamed in Caption," "Order to Show Cause to Vacate Default and to Restore to the Calendar," and the Decision/Order of the Housing Court in *Ronald Henry Land Trust v. Diaz*, N.Y. Civ. Ct., Kings Co., Index #64298/2011, as well as the Appellate Term's Decision & Order on Motion dismissing Plaintiff's appeal in the matter.

3

**JA110**

16.   Attached hereto as Exhibit 14 are copies of Plaintiff's Answer and the Decision/Order of the Housing Court in *Ronald Henry Land Trust v. Rosenbaum*, N.Y. Civ. Ct., Kings Co., Index #64298/2011, as well as the Appellate Term's Decision & Order on Motion dismissing Plaintiff's appeal in the matter.

13.   I swear under penalty of perjury that the foregoing is true and correct.

WHEREFORE, the Judicial Defendants respectfully request that the Court grant their motion to dismiss this matter as against them in the entirety and grant such other relief as the Court should find just and necessary.

ANDREW MEIER

Executed on March 22, 2012 in New York, NY

**JA111**

**MEIER DECLARATION
EXHIBIT 2**

**JA112**

# Exhibit C

Page 1

**STANDARD FORM OF APARTMENT LEASE**
(FOR APARTMENTS NOT SUBJECT TO THE RENT STABILIZATION LAW)
THE REAL ESTATE BOARD OF NEW YORK, INC.
(Copyright 1985. All Rights Reserved. Reproduction in whole or in part prohibited.)

**PREAMBLE:** This lease contains the agreements between You and Owner concerning Your rights and obligations and the rights and obligations of Owner. You and Owner have other rights and obligations which are set forth in government laws and regulations.

You should read this Lease and all of its attached parts carefully. If You have any questions, or if you do not understand any words or statements, get clarification. Once you and Owner sign this Lease You and Owner will be presumed to have read it and understood it. You and Owner admit that all agreements between You and Owner have been written into this Lease. You understand that any agreements made before or after this Lease was signed and not written into it will not be enforceable.

THIS LEASE is made on _____3_____ _____20_____ _____10_____ between

Owner: _Henry Management LLC_

whose address is _287 Franklin Ave_

and You, the Tenant: _Anthony Steele, Veliga Skubutyte, Kurt Fletcher, Alex DeSantorum_

whose address is _William DStarwall, JON SoSmor, Lisa Tim, Et Jen N223, Brion Pudjaki_

1. **APARTMENT AND USE**
   Owner agrees to lease to You Apartment _all floors_ on the _Entire Apartment_ in the building at _287 Franklin Ave_, Borough of _Brooklyn_, City and State of New York
   You shall use the Apartment for living purposes only. The Apartment may be occupied by the tenant or tenants named above and by the immediate family of the tenant or tenants and by occupants as defined in and only in accordance with Real Property Law § 235-f.

2. **LENGTH OF LEASE**
   The term (that means the length) of this Lease is _1_ years, _0_ months _0_ days, beginning on _April 1st 2010_ and ending on _April 1st 2011_. If You do not do everything You agree to do in this Lease, Owner may have the right to end it before the above date. If Owner does not do everything that owner agrees to do in this Lease, You may have the right to end the Lease before ending date.

3. **RENT**
   Your monthly rent for the Apartment is $ _3850_
   You must pay Owner this rent, in advance, on the first day of each month either at Owner's office or at another place that Owner may inform You of by written notice. You must pay the first month's rent to Owner when You sign this Lease if the lease begins on the first day of the month. If the Lease begins after the first day of the month, You must pay when you sign this lease (1) the part of the rent from the beginning date of this Lease until the last day of the month and (2) the full rent for the next full calendar month. If this Lease is a Renewal Lease, the rent for the first month of this Lease need not be paid until the first day of the month when the renewal term begins.

4. **SECURITY DEPOSIT**
   You are required to give Owner the sum of $ _3850_ when You sign this Lease as a security deposit, which is called in law a trust. Owner will deposit this security in _____ bank, at _____. If the Building contains six or more apartments, the bank account will earn interest. If You carry out all of your agreements in this Lease, at the end of each calendar year Owner or the bank will pay to Owner 1% interest on the deposit for administrative costs and to You all other interest earned on the security deposit.

   If You carry out all of your agreements in this Lease and if You move out of the Apartment and return it to Owner in the same condition as it was in when You first occupied it, except for ordinary wear and tear or damage caused by fire or other casualty, Owner will return to You the full amount of your security deposit and interest to which You are entitled within 30 days after this Lease ends. However, if You do not carry out all your agreements in this Lease, Owner may keep all or part of your security deposit and any interest which has not yet been paid to You necessary to pay Owner for any losses incurred including missed payments.

   If Owner sells or leases the building, Owner will turn over your security, with interest, either to You, or to the person buying or leasing (lessee) the building within 5 days after the sale or lease. Owner will then notify You, by registered or certified mail, of the name and address of the person or company to whom the deposit has been turned over in such case. Owner will have no further responsibility to You for the security deposit. The new owner or lessee will become responsible to You for the security deposit.

   Space to be filled in

**JA114**

_Addendum: Attached to this Standard Form Lease is a rider that overrides any and and all provisions in the Standard Form Lease._

Page 2

5.    IF YOU ARE UNABLE TO MOVE IN
      A situation could arise which might prevent Owner from letting You move into the Apartment on the beginning date set in this Lease. If this happens for reasons beyond Owner's reasonable control, Owner will not be responsible for Your damages or expenses, and this Lease will remain in effect. However, in such case, this Lease will start on the date when You can move in, and the ending date in Article 2 will be changed to a date reflecting the full term of years set forth in Article 2. You will not have to pay rent until the move-in date Owner gives You by written notice, or the date You move in, whichever is earlier. If Owner does not give You notice that the move-in date is within 30 days after the beginning date of the term of this Lease as stated in Article 2. You may tell Owner in writing, that Owner has 15 additional days to let You move in, or else the Lease will end. If Owner does not allow You to move in within those additional 15 days, then the Lease is ended. Any money paid by You on account of this Lease will then be refunded promptly by Owner.

6.    CAPTIONS
      In any dispute arising under this Lease, in the event of a conflict between the text and a caption, the text controls

7.    WARRANTY OF HABITABILITY
      A. All of the sections of this Lease are subject to the provisions of the Warranty of Habitability Law in the form it may have from time to time during this Lease. Nothing in this Lease can be interpreted to mean that You have given up any of your rights under that law. Under that law, Owner agrees that the Apartment and the Building are fit for human habitation and that there will be no conditions which will be detrimental to life, health or safety.
      B. You will do nothing to interfere or make more difficult Owner's efforts to provide You and all other occupants of the Building with the required facilities and services. Any condition caused by your misconduct or the misconduct of anyone under your direction or control shall not be a breach by Owner.

8.    CARE OF YOUR APARTMENT-END OF LEASE-MOVING OUT
      A. You will take good care of the apartment and will not permit or do any damage to it, except for damage which occurs through ordinary wear and tear. You will move out on or before the ending date of this Lease and leave the Apartment in good order and in the same condition as it was when You first occupied it, except for ordinary wear and tear and damage caused by fire or other casualty.
      B. When this Lease ends, You must remove all of your movable property. You must also remove at your own expense, any wall covering, bookcases, cabinets, mirrors, painted murals or any other installation or attachment You may have installed in the Apartment, even if it was done with Owner's consent. You must restore and repair to its original condition those portions of the Apartment affected by those installations and removals. You have not moved out until all persons, furniture and other property of yours is also out of the Apartment. If your property remains in the Apartment after the Lease ends, Owner may either treat You as still in occupancy and charge You for use, or may consider that You have given up the Apartment and any property remaining in the Apartment. In this event, Owner may either discard the property or store it at your expense. You agree to pay Owner for all costs and expenses incurred in removing such property. The provisions of this article will continue to be in effect after the end of this Lease.

9.    CHANGES AND ALTERATIONS TO APARTMENT
      You cannot build in, add to, change or alter, the Apartment in any way, including wallpapering, painting, repainting, or other decorating, without getting Owner's written consent before You do anything. Without Owner's prior written consent, You cannot install or use in the Apartment any of the following: dishwasher machines, clothes washing or drying machines, electric stoves, garbage disposal units, heating, ventilating or air conditioning units or any other electrical equipment which, in Owner's reasonable opinion, will overload the existing wiring installation in the Building or interfere with the use of such electrical wiring facilities by other tenants of the Building. Also, You cannot place in the Apartment water-filled furniture.

10.   YOUR DUTY TO OBEY AND COMPLY WITH LAWS, REGULATIONS AND LEASE RULES
      A. Government Laws and Orders. You will obey and comply (1) with all present and future city, state and federal laws and regulations, which affect the Building or the Apartment, and (2) with all orders and regulations of Insurance Rating Organizations which affect the Apartment and the Building. You will not allow any windows in the Apartment to be cleaned from the outside, unless the equipment and safety devices required by law are used.
      B. Owner's Rules Affecting You. You will obey all Owner's rules listed in this Lease and all future reasonable rules of Owner or Owner's agent. Notice of all additional rules shall be delivered to You in writing or posted in the lobby or other public place in the building. Owner shall not be responsible to You for not enforcing any rules, regulations or provisions of another tenant's lease except to the extent required by law.
      C. Your Responsibility. You are responsible for the behavior of yourself, of your immediate family, your servants and people who are visiting You. You will reimburse Owner as additional rent upon demand for the cost of all losses, damages, fines and reasonable legal expenses incurred by Owner because You, members of your immediate family, servants or people visiting You have not obeyed government laws and orders or the agreements or rules of this Lease.

11.   OBJECTIONABLE CONDUCT
      As a tenant in the Building, You will not engage in objectionable conduct. Objectionable conduct means behavior which makes or will make the Apartment or the Building less fit to live in for You or other occupants. It also means anything which interferes with the right of others to properly and peacefully enjoy their Apartments, or causes conditions that are dangerous, hazardous, unsanitary and detrimental to other tenants in the Building. Objectionable conduct by You, gives Owner the right to end this Lease.

12.   SERVICES AND FACILITIES
      A. Required Services. Owner will provide cold and hot water and heat as required by law, repairs to the Apartment as required by law, elevator service if the Building has elevator equipment, and the utilities, if any, included in the rent, as set forth in sub-paragraph B. You are not entitled to any rent reduction because of a stoppage or reduction of any of the above services unless it is provided by law.
➤     B. The following utilities are included in the rent *Heat and hot water*
1:1º  C. Electricity and Other Utilities. If Owner provides electricity or gas and the charges is included in the rent or
      Page 1, or if You buy electricity or gas from Owner for a separate (submetered) charge, your obligations are described in the Rider attached to this Lease. If electricity or gas is not included in the rent or is not charged separately by Owner, You must arrange for this service directly with the utility company. You must also pay directly for telephone service if it is not included in the rent.
      D. Appliances. Appliances supplied by Owner in the Apartment are for your use. They will be maintained and repaired or replaced by Owner, but if repairs or replacement are made necessary because of your negligence or misuse, You will pay Owner for the cost of such repair or replacement as additional rent.
      E. Elevator Service. If the elevator is the kind that requires an employee of Owner to operate it, Owner may end this service without reducing the rent if (1) Owner gives You 10 days notice that this service will end, and (2) within a reasonable time

➤ Space to be filled in.                                          ·-·  Provisions added, if necessary

**JA115**

Page 3

after the end of this year 10-day notice, Owner begins to substitute an automatic control type of elevator and proceeds diligently with its installation.

F. Storeroom Use. If Owner permits You to use any storeroom, laundry or any other facility located in this building but outside of the Apartment, the use of this storeroom or facility will be furnished to You free of charge and at your own risk, except for loss suffered by You due to Owner's negligence. You will operate at your expense any coin operated appliances located in such storeroom or laundries
13.    INABILITY TO PROVIDE SERVICES

Because of a strike, labor trouble, national emergency, repairs, or any other cause beyond Owner's reasonable control, Owner may not be able to provide or may be delayed in providing, any services or in making any repairs to the Building. In any of these events, any rights You may have against Owner are only those rights which are allowed by laws in effect when the reduction in service occurs.
14.    ENTRY TO APARTMENT

During reasonable hours and with reasonable notice, except in emergencies, Owner may enter the Apartment for the following reasons:

(A) To erect, use and maintain pipes and conduits in and through the walls and ceilings of the Apartment, to inspect the Apartment and to make any necessary repairs or changes Owner decides are necessary. Your rent will not be reduced because of any of this work, unless required by Law

(B) To show the Apartment to persons who may wish to become owners or lessees of the entire Building or may be interested in landing money to Owner;

(C) For four months before the end of the Lease, to show the Apartment to persons who wish to rent it.

(D) If during the last month of the Lease You have moved out and removed all or almost all of your property from the Apartment, Owner may enter to make changes, repairs, or redecorations. Your rent will not be reduced for that month and this Lease will not be ended by Owner's entry.

(E) If at any time You are not personally present to permit Owner or Owner's representative to enter the Apartment and entry is necessary or allowed by law or under this lease, Owner or Owner's representatives may nevertheless enter the Apartment. Owner may enter by force in an emergency. Owner will not be responsible to You, unless during this entry, Owner or Owner's representative is negligent or misuses your property.
15.    ASSIGNING; SUBLETTING; ABANDONMENT

(a) Assigning and Subletting. You cannot assign the Lease or sublet the Apartment without Owner's advance written consent in each instance in a request made by You in the manner required by Real Property Law § 226-b. Owner may refuse to consent to a lease assignment for any reason or no reason, but if Owner unreasonably refuses to consent to consent for a Lease assignment properly made, at your request in writing, Owner will end this Lease effective as of thirty days after your request. The first (and every) other time you want to sublet the Apartment, You must get the written consent of Owner unless Owner unreasonably withholds consent following your request to sublet in the manner provided by Real Property Law § 226-b. Owner may impose a reasonable credit check fee on You in connection with an application to assign or sublet. If You fail to pay your rent Owner may collect rent from subtenant or occupant without releasing You from the Lease. Owner will credit the amount collected against the rent due from You. However, Owner's acceptance of such rent does not change the status of the subtenant or occupant is that of direct tenant of Owner and does not release You from this Lease.

(b) Abandonment. If You move out of the Apartment (abandonment) before the end of this Lease without the consent of Owner, this Lease will not be ended (except as provided by law following Owner's unreasonable refusal to consent to an assignment or subletting requested by You.) You will remain responsible for each monthly payment of rent as it becomes due until the end of this Lease. In case of abandonment, your responsibility for rent will end only if Owner chooses to end this Lease for details as provided in Article 16.
16.    DEFAULT

(1) You default under the Lease if You act in any of the following ways:
(a) You fail to carry out any agreement or provision of this Lease;
(b) You or another occupant of the Apartment behaves in an objectionable manner,
(c) You do not take possession or move into the Apartment 15 days after the beginning of this Lease,
(d) You and other legal occupants of the Apartment move out permanently before this Lease ends;

If You do default in any one of these ways, other than a default in the agreement to pay rent, Owner may serve You with a written notice to stop or correct the specified default within 10 days. You must then either stop or correct the default within 10 days, or, if You need more than 10 days, You must begin to correct the default within 10 days and continue to do all that is necessary to correct the default as soon as possible.

(2) If You do not stop or begin to correct a default within 10 days, Owner may give You a second written notice that this Lease will end six days after the date the second written notice is sent to You. At the end of the 6-day period, this Lease will end and You then must move out of the Apartment. Even though this Lease ends, You will remain liable to Owner for unpaid rent up to the end of this Lease, the value of your occupancy, if any, after the Lease ends, and damages caused to Owner after that time as stated in Article 18.

(3) If You do not pay your rent when this Lease requires after a personal demand for rent has been made, or within three days after a statutory written demand for rent has been made, or if the Lease ends, Owner may do the following: (a) enter the apartment and retake possession of it if You have moved out or (b) go to court and ask that You and all other occupants in the Apartment be compelled to move out.

Once this Lease has been ended, whether because of default or otherwise, You give up any right You might otherwise have to reinstate or renew the Lease.
17.    REMEDIES OF OWNER AND YOUR LIABILITY

If this Lease is ended by Owner because of your default, the following are the rights and obligations of You and Owner.

(a) You must: pay your rent until this Lease has ended. Thereafter, You must pay an equal amount for what the law calls "use and occupancy" until You actually move out.

(b) Once You are out, Owner may re-rent the Apartment or any portion of it for a period of time which may end before or after the ending date of this Lease. Owner may re-rent to a new tenant at a lesser rent or may charge a higher rent than the rent in this Lease.

(c) Whether the Apartment is re-rented or not, You must pay to Owner as damages:

(1) the difference between the rent in this Lease and the amount, if any, of the rents collected in any later lease or leases of the Apartment for what would have been the remaining period of this Lease, and

(2) Owner's expenses for advertisements, broker's fees and the cost of putting the Apartment in good condition for re-rental; and

(3) Owner's expenses for attorney's fees.

(d) You shall pay all damages due in monthly installments on the rent day established in this Lease. Any legal action brought to collect one or more monthly installments of damages shall not prejudice in any way Owner's right to collect the damages for a later month by a similar action.

*This may be deleted

JA116

 Fossed on them Verified

Page 4

If the rent collected by Owner from a subsequent tenant of the Apartment is more than the unpaid rent and damages which You owe Owner, You cannot receive the difference. Owner's failure to re-rent to another tenant will not release or change your liability for damages, unless the failure is due to Owner's deliberate inaction.

**18.    ADDITIONAL OWNER REMEDIES**

If You do not do everything You have agreed to do, or if You do anything which shows that You intend not to do what You have agreed to do, Owner has the right to ask a Court to make You carry out your agreement or to give the Owner such other relief as the Court can provide. This is in addition to the remedies in Article 16 and 17 of this Lease.

**19.    FEES AND EXPENSES**

A.   Owner's Right.  You must reimburse Owner for any of the following fees and expenses incurred by Owner:

(1) Making any repairs to the Apartment or the Building which result from misuse or negligence by You or persons who live with You, visit You, or work for You;

(2) Repairing or replacing property damaged by Your misuse or negligence;

(3) Correcting any violations of city, state or federal laws or orders and regulations of insurance rating organizations concerning the Apartment or the Building which You or persons who live with You, visit You, or work for You have caused;

(4) Preparing the Apartment for the next tenant if You move out of your Apartment before the Lease ending date;

~~(5) Any legal fees and disbursements for legal actions or proceedings brought by Owner against You because of a Lease default by You or for defending lawsuits brought against Owner because of your actions;~~

(6) Removing all of your property after this Lease is ended;

(7) All other fees and expenses incurred by Owner because of your failure to obey any other provisions and agreements of this Lease.

These fees and expenses shall be paid by You to Owner as additional rent within 30 days after You receive Owner's bill or statement. If the Lease has ended when these fees and expenses are incurred, You will still be liable to Owner for the same amount as damages.

B.   Tenant's Right.  Owner agrees that unless sub-paragraph 5 of this Article 19 has been stricken out of this Lease You have the right to collect reasonable legal fees and expenses incurred in a successful defense by You of a lawsuit brought by Owner against You or brought by You against Owner to the extent provided by Real Property Law, section 234.

**20.    PROPERTY LOSS, DAMAGES OR INCONVENIENCE**

Unless caused by the negligence or misconduct of Owner or Owner's agents or employees, Owner or Owner's agents and employees are not responsible to You for any of the following: (1) any loss of or damage to You or your property in the Apartment or the Building due to any accidental or intentional cause, even a theft or another crime committed in the Apartment or elsewhere in the Building; (2) any loss of or damage to your property delivered to any employee of the Building (i.e., doorman, superintendent, etc..); or (3) any damage or inconvenience caused to You by actions, negligence or violations of a Lease by any other tenant or person in the Building except to the extent required by law.

Owner will not be liable for any temporary interference with light, ventilation, or view caused by construction by or in behalf of Owner. Owner will not be liable for any such interference on a permanent basis caused by construction on any parcel of land not owned by Owner. Also, Owner will not be liable to You for such interference caused by the permanent closing, darkening or blocking up of windows, if such action is required by law. None of the foregoing events will cause a suspension or reduction of the rent or allow You to cancel the Lease.

**21.    FIRE OR CASUALTY**

A.   If the Apartment becomes unusable, in part or totally, because of fire, accident or other casualty, this Lease will continue unless ended by Owner under C below or by You under D below. But the rent will be reduced immediately. This reduction will be based upon the part of the Apartment which is unusable.

B.   Owner will repair and restore the Apartment, unless Owner decides to take actions described in paragraph C below.

C.   After a fire, accident or other casualty in the Building, Owner may decide to tear down the Building or to substantially rebuild it. In such case, Owner need not restore the Apartment but may end this Lease. Owner may do this even if the Apartment has not been damaged, by giving You written notice of this decision within 30 days after the date when the damage occurred. If the Apartment is usable when Owner gives You such notice, this Lease will end 60 days from the last day of the calendar month in which You were given the notice.

D.   If the Apartment is completely unusable because of fire, accident or other casualty and it is not repaired in 30 days, You or Owner may give Owner written notice that You end the Lease. If You give that notice, this Lease is considered ended on the day that the fire, accident or casualty occurred. Owner will refund your security deposit and the pro-rata portion of rents paid for the month in which the casualty happened.

E.   Unless prohibited by the applicable insurance policies, to the extent that such insurance is collected, You and Owner release and waive all right of recovery against the other or anyone claiming through or under each applicable policy by way of subrogation.

**22.    PUBLIC TAKING**

The entire building or a part of it can be acquired (condemned) by any government or government agency for a public or quasi-public use or purpose. If this happens, this Lease shall end on the date the government or agency takes title and You shall have no claim against Owner for any damage resulting. You also agree that by signing this Lease, You assign to Owner any claim against the Government or Government agency for the value of the unexpired portion of this Lease.

**23.    SUBORDINATION CERTIFICATE AND ACKNOWLEDGMENTS**

All leases and mortgages of the Building or of the land on which the Building is located, now in effect or made after this Lease is signed, come ahead of this Lease. In other words, this Lease is "subject and subordinate to" any existing or future lease or mortgage on the Building or land, including any renewals, consolidations, modifications and replacements of those leases or mortgages. If certain provisions of any of these leases or mortgages come into effect, the holder of such lease or mortgage can end this Lease. If this happens, You agree that You have no claim against Owner or such lease or mortgage holder. If Owner requests, You will sign promptly an acknowledgment of the "subordination" in the form that Owner requires.

You also agree to sign (if accurate) a written acknowledgment to any third party designated by Owner that this Lease is in effect, that Owner is performing Owner's obligations under this Lease and that You have no present claim against Owner.

**24.    TENANT'S RIGHT TO LIVE IN AND USE THE APARTMENT**

If You pay the rent and any required additional rent on time and You do everything You have agreed to do in this Lease, your tenancy cannot be cut off before the ending date, except as provided for in Article 21, 22, and 23.

**25.    BILLS AND NOTICE**

A.   Notices to You.  Any notice from Owner or Owner's agent or attorney will be considered properly given to You if it (1) is in writing; (2) is signed by or in the name of Owner or Owner's agent; and (3) is addressed to You at the Apartment and delivered to You personally or sent by registered or certified mail to You at the Apartment. The date of service of any written notice by Owner to you under this agreement is the date of delivery or mailing of such notice.

~~This may be omitted~~

*within one month (30) do*

**JA117**

Page 5

B. Notices to Owner. If You wish to give a notice to Owner, you must write it and deliver it or send it by registered or certified mail to Owner at the address noted on page 1 of this Lease or at another address of which Owner or Agent has given You written notice.

26.   GIVING UP RIGHT TO TRIAL, BY JURY AND COUNTERCLAIM

A. Both You and Owner agree to give up the right to a trial by jury in a court action, proceeding or counterclaim on any matters concerning this Lease, the relationship of You and Owner as Tenant and Landlord or your use or occupancy of the Apartment. This agreement to give up the right to a jury trial does not include claims for personal injury or property damage.

B. If Owner begins any court action or proceeding against You which asks that You be compelled to move out, You cannot make a counterclaim unless You are claiming that Owner has not done what Owner is supposed to do about the condition of the Apartment or the Building.

27.   NO WAIVER OF LEASE PROVISIONS

A. Even if Owner accepts your rent or fails once or more often to take action against You when You have not done what You have agreed to do in this Lease, the failure of Owner to take action or Owner's acceptance of rent does not prevent Owner from taking action at a later date if You again do not do what You have agreed to do.

B. Only a written agreement between You and Owner can waive any violation of this Lease.

C. If You pay and Owner accepts an amount less than all the rent due, the amount received shall be considered to be in payment of all or a part of the earliest rent due. It will not be considered an agreement by Owner to accept this lesser amount in full satisfaction of all of the rent due.

D. Any agreement to end this Lease and also to end the rights and obligations of You and Owner must be in writing, signed by You and Owner or Owner's agent. Even if You give keys to the Apartment and they are accepted by any employee, or agent, or Owner, this Lease is not ended.

28.   CONDITION OF THE APARTMENT

When You signed this Lease, You did not rely on anything said by Owner, Owner's agent or superintendent about the physical condition of the Apartment, the Building or the land on which it is built. You did not rely on any promises as to what would be done, unless what was said or promised is written in this Lease and signed by both You and Owner or found in Owner's floor plans or brochure shown to You before You signed the Lease. Before signing this Lease, You have inspected the apartment and You accept it in its present condition "as is," except for any condition which You could not reasonably have seen during your inspection. You agree that Owner has not promised to do any work in the Apartment except as specified in attached "Work" rider.

29.   DEFINITIONS

A. Owner: The term "Owner" means the person or organization receiving or entitled to receive rent from You for the Apartment at any particular time other than a rent collector or managing agent of Owner. "Owner" includes the owner of the land or Building, a lessor, or sublessor of the land or Building and a mortgagee in possession. It does not include a former owner, even if the former owner signed this Lease.

B. You: The Term "You" means the person or persons signing this Lease as Tenant and the successors and assigns of the signer. This Lease has established a tenant-landlord relationship between You and Owner.

30.   SUCCESSOR INTERESTS

The agreements in this Lease shall be binding on Owner and You and on those who succeed to the interest of Owner or You by law, by approved assignment or by transfer.

Owner's Rules - a part of this lease - see page 6

TO CONFIRM OUR AGREEMENTS, OWNER AND YOU RESPECTIVELY SIGN THIS LEASE AS OF THE DAY AND YEAR FIRST WRITTEN ON PAGE 1.

Witness                                                              [L.S.]

                                         Owner's Signature           [L.S.]

                                         Tenant's Signature

                                         Tenant's Signature          [L.S.]

**GUARANTY**

The undersigned Guarantor guarantees to Owner the strict performance of and observance by Tenant of all the agreements, provisions and rules in the attached Lease. Guarantor agrees to waive all notices when Tenant is not paying rent or not observing and complying with all of the provisions of the attached Lease. Guarantor agrees to be equally liable with Tenant so that Owner may sue Guarantor directly without first suing Tenant. The Guarantor further agrees that his guaranty shall remain in full effect even if the Lease is renewed, changed or extended in any way and even if Owner has to make a claim against Guarantor. Owner and Guarantor agree to waive trial by jury in any action, proceeding or counterclaim brought against the other on any matters concerning the attached Lease or the Guaranty.

Dated, New York City _____

_____               _____ Guarantor
            Witness
                                   _____ Address

**JA118**

Page 6

Apartment

Premises

Tenant

Expires

STANDARD FORM OF APARTMENT

# Lease

The Real Estate Board of New York, Inc.

Copyright 1988. All rights Reserved. Reproduction in whole or in part prohibited.

## ATTACHED RULES WHICH ARE A PART OF THE LEASE
### AS PROVIDED BY ARTICLE 10

**Public Access Ways**
1.   (a) Tenants shall not block or leave anything in or on fire escapes, the sidewalks, entrances, driveways, elevators, stairways, or halls. Public access ways shall be used only for entering and leaving the Apartment and the Building. On ly those elevators and passageways designated by Owner can be used for deliveries.
   (b) Baby carriages, bicycles or other property of Tenants shall not be allowed to stand in the halls, passageways, public areas or courts of the Building.
**Bathroom and Plumbing Fixtures**
2   The bathrooms, toilets and wash closets and plumbing fixtures shall only be used for the purposes for which they were designed or built; sweepings, rubbish bags, acids or other substances shall not be placed in them.
**Refuse**
3   Carpets, rugs or other articles shall not be hung or shaken out of any window of the Building. Tenants shall not sweep or throw or permit to be swept or thrown any dirt, garbage or other substances out of the windows or into any of the halls, elevators or elevator shafts. Tenants shall not place any articles outside of the Apartments or outside of the building except in safe containers and only at places chosen by Owner.
**Elevators**
4   All non-automatic passenger and service elevators shall be operated only by employees of Owner and must not in any event be interfered with by Tenants. The service elevators, if any, shall be used by servants, messengers and trades people for entering and leaving, and the passenger elevators, if any, shall not be used by them for any purpose. Nurses with children, however, may use the passenger elevators.
**Laundry**
5   Laundry and drying apperatus, if any, shall be used by Tenants in the manner and at the times that the superintendent or other representative of Owner may direct. Tenants shall not dry or air clothes on the roof.
**Keys and Locks**
6.   Owner may retain a pass key to the apartment. Tenants may install on the entrance of the Apartment an additional lock of not more than three inches in circumference. Tenants may also install a lock on any window but only in the manner provided by law. Immediately upon making any installation of either type, Tenants shall notify Owner or Owner's agent and shall give Owner or Owner's agent a duplicate key. If changes are made to the locks or mechanism installed by Tenants, Tenants must deliver keys to Owner. At the end of this Lease, Tenants must return to Owner all keys either furnished or otherwise obtained. If Tenants lose or fail to return any keys which were furnished to them, Tenants shall pay to Owner the cost of replacing them.
**Noise**
7   Tenants, their families, guests, employees, or visitors shall not make or permit any disturbing noises in the Apartment or Building or permit anything to be done that will interfere with the rights, comforts or convenience of other tenants. Also, Tenants shall not play a musical instrument or operate or allow to be operated a phonograph, CD player, radio or television set so as to disturb or annoy any other occupant of the Building.
**No Projections**
8   An aerial may not be erected on the roof or outside wall of the Building without the written consent of Owner. Also, awnings or other projections shall not be attached to the outside walls of the Building or to any balcony or terrace.
**No Pets**
9   Dogs or animals of any kind shall not be kept or harbored in the Apartment, unless in each instance it be expressly permitted in writing by Owner. This consent, if given, can be taken back by Owner at any time for good cause on reasonable given notice. Unless carried on or in a leash, a dog shall not be permitted on any passenger elevator or in any public portion of the building. Also, dogs are not permitted on any grass or garden plot under any condition. BECAUSE OF THE HEALTH HAZARD AND POSSIBLE DISTURBANCE OF OTHER TENANTS WHICH ARISE FROM THE UNCONTROLLED PRESENCE OF ANIMALS, ESPECIALLY DOGS, IN THE BUILDING, THE STRICT ADHERENCE TO THE PROVISIONS OF THIS RULE BY EACH TENANT IS A MATERIAL REQUIREMENT OF EACH LEASE. TENANTS' FAILURE TO OBEY THIS RULE SHALL BE CONSIDERED A SERIOUS VIOLATION OF AN IMPORTANT OBLIGATION BY TENANT UNDER THIS LEASE. OWNER MAY ELECT TO END THIS LEASE BASED UPON THIS VIOLATION.
**Moving**
10   Tenants can use the elevator to move furniture and possessions only on designated days and hours. Owner shall not be liable for any costs, expenses or damages incurred by Tenants in moving because of delays caused by the unavailability of the elevator.
**Floors**
11   Apartment floors shall be covered with rugs or carpeting of at least 80% of the floor area of each room (excepting only kitchens, pantries, bathrooms and hallways). The lacking of, or failure to install carpeting will be glued, nailed to the floor.
**Window Guards**
12   IT IS A VIOLATION OF LAW TO REFUSE, INTERFERE WITH INSTALLATION, OR REMOVE WINDOW GUARDS WHERE REQUIRED (SEE ATTACHED WINDOW GUARD RIDER);

**JA119**



Peoples Choice Real Estate, L.L.C.

# RIDER TO LEASE

**PROPERTY ADDRESS: 287 Franklin ave . Apt 4F, Brooklyn, NY 11205**

On this 20 day, of the month of March, 2010 Tenant(s) , Jon sasmor  and lisa lin   have entered into a lease with the Landlord(s) Isaac Titlebaum. Brooklyn Corporation, and Peoples Choice Real Estate, LLC. Peoples Choice Real Estate, LLC has rented this apartment to the tenant(s) with **NO BROKERS FEE.**

1.   The tenant shall be able to be break the lease with no penalty  should tenant give 30 days notice, and security
Deposit will be refundable assuming no major damage has been done
2.   security deposit shall be returned within one week after tenant vacates premises
3.   John sasmor and lisa lin  is responsible for his portion of the rent which is $ 400 per month.
4.   Bicycles are allowed to be store In front or backyard
5.   Tenant shall have access to kitchen / living room area as well as backyard
6.   Tenants shall have at all times a working stove and refrigerator
7.    Tenant shall not be held liable for any reasons whatsoever assuming said tenants rent is current.

Tenant

Tenant

Peoples Choice Real Estate, L.L.C.

**JA120**

Exhibit D

**JA121**

*888-75-coned*

Page 1                                                    A-401

## STANDARD FORM OF APARTMENT LEASE
(FOR APARTMENTS NOT SUBJECT TO THE RENT STABILIZATION LAW)
THE REAL ESTATE BOARD OF NEW YORK, INC.
©Copyright 1988. All Rights Reserved. Reproduction in whole or in part prohibited.

**PREAMBLE:** This lease contains the agreements between You and Owner concerning Your rights and obligations and the rights and obligations of Owner. You and Owner have other rights and obligations which are set forth in government laws and regulations.

You should read this Lease and all of its attached parts carefully. If you have any questions, or if you do not understand any words or statements, get clarification. Once you and Owner sign this Lease You and Owner will be presumed to have read it and understood it. You and Owner admit that all agreements between You and Owner have been written into this Lease. You understand that any agreements made before or after this Lease was signed and not written into it will not be enforceable.

THIS LEASE is made on _3__ _20__ _10__ ............ between

Owner _Henry Management LLC_

whose address is _287 Franklin Ave_

and You, the Tenant _Anthony Steele, Vilija Skubutyte, Kurt Fletcher, Max Rosenbaum, William Osterweil, Jon Susmer, Lisa Lin, Etjan Nato, Brian Rudya..._

whose address is

1.    **APARTMENT AND USE**

☞ Owner agrees to lease to You Apartment _cll flwr_ Owner _office Apt 1st_ floor in the building at

_287 Franklin Ave._ , Borough of _Brooklin_ , City and State of New York.

You shall use the Apartment for living purposes only. The Apartment may be occupied by the tenant or tenants named above and by the immediate family of the tenant or tenants and by occupants as defined in and only in accordance with Real Property Law § 235-f.

2.    **LENGTH OF LEASE**

☞ The term (that means the length) of this Lease is _1_ years, _0_ months

_0_ days, beginning on _April 1st 2010_

and ending on _April 1st 2011_ . If You do not do everything You agree to do in this Lease, Owner may have the right to end it before the above date. If Owner does not do everything that owner agreed to do in this Lease, You may have the right to end the Lease before ending date.

3.    **RENT**

☞ Your monthly rent for the Apartment is $ _3850_

You must pay Owner the rent, in advance, on the first day of each month either at Owner's office or at another place that Owner may inform You of by written notice. You must pay the first month's rent to Owner when You sign this Lease if the lease begins on the first day of the month. If the lease begins after the first day of the month, You must pay when you sign this lease (1) the part of the rent from the beginning date of this Lease until the last day of the month and (2) the full rent for the next full calendar month. If this Lease is a Renewal Lease, the rent for the first month of this Lease need not be paid until the first day of the month when the renewal term begins.

4.    **SECURITY DEPOSIT**

☞ You are required to give Owner the sum of $ _3850_ when You Sign this Lease as a security deposit, which is called in law a trust. Owner will deposit this security in _____ bank at _____ . If the Building contains six or more apartments, the bank account will earn interest. If You carry out all of your agreements in this Lease, at the end of each calendar year Owner or the bank will pay to Owner 1% interest on the deposit for administrative costs and to You all other interest earned on the security deposit:

If You carry out all of your agreements in this Lease and if You move out of the Apartment and return it to Owner in the same condition it was in when You first occupied it, except for ordinary wear and tear or damage caused by fire or other casualty, Owner will return to You the full amount of your security deposit and interest to which You are entitled within 60 days after this Lease ends. However, if You do not carry out all your agreements in this Lease, Owner may keep all or part of your security deposit and any interest which has not yet been paid to You necessary to pay Owner for any losses incurred, including missed payments.

If Owner sells or leases the building, Owner will turn over your security, with interest, either to You or to the person buying or leasing (lessee) the building within 5 days after the sale or lease. Owner will then notify You, by registered or certified mail, of the name and address of the person or company to whom the deposit has been turned over. In such case, Owner will have no further responsibility to You for the security deposit. The new owner or lessee will become responsible to You for the security deposit.

☞ Space to be filled in.

**JA122**

Page 2

**5.     IF YOU ARE UNABLE TO MOVE IN**

A situation could arise which might prevent Owner from letting You move into the Apartment on the beginning date set in this Lease. If this happens for reasons beyond Owner's reasonable control, Owner will not be responsible for Your damages or expenses, and this Lease will remain in effect. However, in such case, this Lease will start on the date when You can move in, and the ending date in Article 2 will be changed to a date reflecting the full term of years set forth in Article 2. You will not have to pay rent until the move-in date Owner gives You by written notice, or the date You move in, whichever is earlier. If Owner does not give You notice that the move-in date is within 30 days after the beginning date of the term of this Lease as stated in Article 2, You may tell Owner in writing, that Owner has 15 additional days to let You move in, or else the Lease will end. If Owner does not allow You to move in within those additional 15 days, then the Lease is ended. Any money paid by You on account of this Lease will then be refunded promptly by Owner.

**6.     CAPTIONS**

In any dispute arising under this Lease, in the event of a conflict between the text and a caption, the text controls.

**7.     WARRANTY OF HABITABILITY**

A. All of the sections of this Lease are subject to the provisions of the Warranty of Habitability Law in the form it may have from time to time during the Lease. Nothing in this Lease can be interpreted to mean that You have given up any of your rights under that law. Under that law, Owner agrees that the Apartment and the Building are fit for human habitation and that there will be no conditions which will be detrimental to life, health or safety.

B. You will do nothing to interfere or make more difficult Owner's efforts to provide You and all other occupants of the Building with the required facilities and services. Any condition caused by your misconduct or the misconduct of anyone under your direction or control shall not be a breach by Owner.

**8.     CARE OF YOUR APARTMENT-END OF LEASE-MOVING OUT**

A. You will take good care of the apartment and will not permit or do any damage to it, except for damage which occurs through ordinary wear and tear. You will move out on or before the ending date of this lease and leave the Apartment in good order and in the same condition as it was when You first occupied it, except for ordinary wear and tear and damage caused by fire or other casualty.

B. When this Lease ends, You must remove all of your movable property. You must also remove at your own expense, any wall covering, bookcases, cabinets, mirrors, painted murals or any other installation or attachment You may have installed in the Apartment, even if it was done with Owner's consent. You must restore and repair to its original condition those portions of the Apartment affected by those installations and removals. You have not moved out until all persons, furniture and other property of yours is also out of the Apartment. If your property remains in the Apartment after the Lease ends, Owner may either treat You as still in occupancy and charge You for use, or may consider that You have given up the Apartment and any property remaining in the Apartment. In this event, Owner may either discard the property or store it at your expense. You agree to pay Owner for all costs and expenses incurred in removing such property. The provisions of this article will continue to be in effect after the end of this Lease.

**9.     CHANGES AND ALTERATIONS TO APARTMENT**

You cannot build in, add to, change or alter, the Apartment in any way, including wallpapering, painting, repainting, or other decorating, without getting Owner's written consent before You do anything. Without Owner's prior written consent, You cannot install or use in the Apartment any of the following: dishwasher machines, clothes washing or drying machines, electric stoves, garbage disposal units, heating, ventilating or air conditioning units or any other electrical equipment which, in Owner's reasonable opinion, will overload the existing wiring installation in the Building or interfere with the use of such electrical wiring facilities by other tenants of the Building. Also, You cannot place in the Apartment water-filled furniture.

**10.    YOUR DUTY TO OBEY AND COMPLY WITH LAWS, REGULATIONS AND LEASE RULES**

A. Government Laws and Orders. You will obey and comply (1) with all present and future city, state and federal laws and regulations, which affect the Building or the Apartment, and (2) with all orders and regulations of Insurance Rating Organizations which affect the Apartment and the Building. You will not allow any windows in the Apartment to be cleaned from the outside, unless the equipment and safety devices required by law are used.

B. Owner's Rules Affecting You. You will obey all Owner's rules listed in this Lease and all future reasonable rules of Owner or Owner's agent. Notice of all additional rules shall be delivered to You in writing or posted in the lobby or other public place in the building. Owner shall not be responsible to You for not enforcing any rules, regulations or provisions of another tenant's lease except to the extent required by law.

C. Your Responsibility. You are responsible for the behavior of yourself, of your immediate family, your servants and people who are visiting You. You will reimburse Owner as additional rent upon demand for the cost of all losses, damages, fines and reasonable legal expenses incurred by Owner because You, members of your immediate family, servants or people visiting You have not obeyed government laws and orders or the agreements or rules of this Lease.

**11.    OBJECTIONABLE CONDUCT**

As a tenant in the Building, You will not engage in objectionable conduct. Objectionable conduct means behavior which makes or will make the Apartment or the Building less fit to live in for You or other occupants. It also means anything which interferes with the right of others to properly and peacefully enjoy their Apartments, or causes conditions that are dangerous, hazardous, unsanitary and detrimental to other tenants in the Building. Objectionable conduct by You gives Owner the right to end this Lease.

**12.    SERVICES AND FACILITIES**

A. Required Services. Owner will provide cold and hot water and heat as required by law, repairs to the Apartment as required by law, elevator service if the Building has elevator equipment, and the utilities, if any, included in the rent, as set forth in sub-paragraph B. You are not entitled to any rent reduction because of a stoppage or reduction of any of the above services unless it is provided by law.

B. The following utilities are included in the rent _____

C. Electricity and Other Utilities. If Owner provides electricity or gas and the charges is included in the rent on Page 1, or if You buy electricity or gas from Owner for a separate (submetered) charge, your obligations are described in the Rider attached to this Lease. If electricity or gas is not included in the rent or is not charged separately by Owner, You must arrange for this service directly with the utility company. You must also pay directly for telephone service if it is not included in the rent.

D. Appliances. Appliances supplied by Owner in the Apartment are for your use. They will be maintained and repaired or replaced by Owner, but if repairs or replacement are made necessary because of your negligence or misuse, You will pay Owner for the cost of such repair or replacement as additional rent.

E. Elevator Service. If the elevator is the kind that requires an employee of Owner to operate it, Owner may end this service without reducing the rent if: (1) Owner gives You 10 days notice that this service will end; and (2) within a reasonable time

Space to be filled in.                                                              Rider to be added, if necessary

**JA123**

Page 3

after the end of this year 10-day notice, Owner begins to substitute an automatic control type of elevator and proceeds diligently with its installation.

F. Storeroom Use. If Owner permits You to use any storeroom, laundry or any other facility located in the building but outside of the Apartment, the use of this storeroom or facility will be furnished to You free of charge and at your own risk, except for loss suffered by You due to Owner's negligence. You will operate at your expense any coin operated appliances located in such storeroom or laundries.

**13.    INABILITY TO PROVIDE SERVICES**
Because of a strike, labor trouble, national emergency, repairs, or any other cause beyond Owner's reasonable control, Owner may not be able to provide or may be delayed in providing any services or in making any repairs to the Building. In any of these events, any rights You may have against Owner are only those rights which are allowed by laws in effect when the reduction in service occurs.

**14.    ENTRY TO APARTMENT**
During reasonable hours and with reasonable notice, except in emergencies, Owner may enter the Apartment for the following reasons:
(A) To erect, use and maintain pipes and conduits in and through the walls and ceilings of the Apartment, to inspect the Apartment and to make any necessary repairs or changes Owner decides are necessary. Your rent will not be reduced because of any of this work, unless required by Law.
(B) To show the Apartment to persons who may wish to become owners or lessees of the entire Building or may be interested in lending money to Owner.
(C) For four months before the end of the Lease, to show the Apartment to persons who wish to rent it;
(D) If during the last month of the Lease You have moved out and removed all or almost all of your property from the Apartment, Owner may enter to make changes, repairs, or redecorations. Your rent will not be reduced for that month and this Lease will not be ended by Owner's entry.
(E) If at any time You are not personally present to permit Owner or Owner's representative to enter the Apartment and entry is necessary or allowed by law or under this lease, Owner or Owner's representatives may nevertheless enter the Apartment. Owner may enter by force in an emergency. Owner will not be responsible to You, unless during this entry, Owner or Owner's representative is negligent or misuses your property.

**15.    ASSIGNING; SUBLETTING; ABANDONMENT**
(a) Assigning and Subletting. You cannot assign this Lease or sublet the Apartment without Owner's advance written consent in each instance to a request made by You in the manner required by Real Property Law § 226-b. Owner may refuse to consent to a lease assignment for any reason or no reason, but if Owner unreasonably refuses to consent to request for a Lease assignment property made, at your request in writing, Owner will end this Lease effective as of thirty days after your request. The first and every other time you wish to sublet the Apartment, You must get the written consent of Owner unless Owner unreasonably withholds consent following your request to sublet in the manner provided by Real Property Law § 226-b. Owner may impose a reasonable credit check fee on You in connection with an application to assign or sublet. If You fail to pay your rent Owner may collect rent from subtenant or occupant without releasing You from the Lease. Owner will credit the amount collected against the rent due from You. However, Owner's acceptance of such rent does not change the status of the subtenant or occupant to that of direct tenant of Owner and does not release You from this Lease.
(b) Abandonment. If You move out of the Apartment (abandonment) before the end of this Lease without the consent of Owner, this Lease will not be ended (except as provided by law following Owner's unreasonable refusal to consent to an assignment or subletting requested by You.) You will remain responsible for each monthly payment of rent as it becomes due until the end of this Lease. In case of abandonment, your responsibility for rent will end only if Owner chooses to end this Lease for default as provided in Article 16.

**16.    DEFAULT**
(1) You default under the Lease if You act in any of the following ways:
(a) You fail to carry out any agreement or provision of this Lease;
(b) You or another occupant of the Apartment behaves in an objectionable manner;
(c) You do not take possession or move into the Apartment 15 days after the beginning of this Lease;
(d) You and other legal occupants of the Apartment move out permanently before this Lease ends.
If You do default in any one of these ways, other than a default in the payment to pay rent, Owner may serve You with a written notice to stop or correct the specified default within 10 days. You must then either stop or correct the default within 10 days, or, if You need more than 10 days, You must begin to correct the default within 10 days and continue to do all that is necessary to correct the default as soon as possible.
(2) If You do not stop or begin to correct a default within 10 days, Owner may give You a second written notice that this Lease will end six days after the date the second written notice is sent to You. At the end of the 6-day period, this Lease will end and You then must move out of the Apartment. Even though this Lease ends, You will remain liable to Owner for unpaid rent up to the end of this Lease, the value of your occupancy, if any, after the Lease ends, and damages caused to Owner after that time as stated in Article 18.
(3) If You do not pay your rent when this Lease requires after a personal demand for rent has been made, or within three days after a statutory written demand for rent has been made, or if the Lease ends, Owner may do the following: (a) enter the Apartment and retake possession of it if You have moved out or (b) go to court and ask that You and all other occupants in the Apartment be compelled to move out.
Once this Lease has been ended, whether because of default or otherwise, You give up any right You might otherwise have to reinstate or renew the Lease.

**17.    REMEDIES OF OWNER AND YOUR LIABILITY**
If this Lease is ended by Owner because of your default, the following are the rights and obligations of You and Owner.
(a) You must pay your rent until this Lease has ended. Thereafter, You must pay an equal amount for what the law calls "use and occupancy" until You actually move out.
(b) Once You are out, Owner may re-rent the Apartment or any portion of it for a period of time which may end before or after the ending date of this Lease. Owner may re-rent to a new tenant at a lesser rent or may charge a higher rent than the rent in this Lease.
(c) Whether the Apartment is re-rented or not, You must pay to Owner as damages:
(1) the difference between the rent in this Lease and the amount, if any, of the rents collected in any later lease or leases of the Apartment for what would have been the remaining period of this Lease; and
(2) Owner's expenses for advertisements, broker's fees and the cost of putting the Apartment in good condition for re-rental; and
***(3) Owner's expenses for attorney's fees.
(d) You shall pay all damages due in monthly installments on the rent day established in this Lease. Any legal action brought to collect one or more monthly installments of damages shall not prejudice in any way Owner's right to collect the damages for a later month by a similar action.
***This may be deleted.

JA124

Page 4

If the rent collected by Owner from a subsequent tenant of the Apartment is more than the unpaid rent and damages which You owe Owner, You cannot receive the difference. Owner's failure to re-rent to another tenant will not release or change your liability for damages, unless the failure is due to Owner's deliberate inaction.

18.    ADDITIONAL OWNER REMEDIES
If You do not do everything You have agreed to do, or if You do anything which shows that You intend not to do what You have agreed to do, Owner has the right to ask a Court to make You carry out your agreement or to give the Owner such other relief as the Court can provide. This is in addition to the remedies in Article 16 and 17 of this lease.

19.    FEES AND EXPENSES
A.    Owner's Right.   You must reimburse Owner for any of the following fees and expenses incurred by Owner:
(1) Making any repairs to the Apartment or the Building which result from misuse or negligence by You or persons who live with You, visit You, or work for You;
(2) Repairing or replacing property damaged by Your misuse or negligence;
(3) Correcting any violations of city, state or federal laws or orders and regulations of insurance rating organizations concerning the Apartment or the Building which You or persons who live with You, visit You, or work for You have caused;
(4) Preparing the Apartment for the next tenant if You move out of your Apartment before the Lease ending date;
*** (5) Any legal fees and disbursements for legal actions or proceedings brought by Owner against You because of a Lease action brought against Owner because of your actions;
(6) Removing all of your property after this Lease is ended;
(7) All other fees and expenses incurred by Owner because of your failure to obey any other provisions and agreements of this Lease;
These fees and expenses shall be paid by You to Owner as additional rent within 30 days after You receive Owner's bill or statement. If this Lease has ended when these fees and expenses are incurred, You will still be liable to Owner for the same amount as damages.
B.    Tenant's Right.   Owner agrees that unless sub-paragraph 5 of this Article 19 has been stricken out of this Lease You have the right to collect reasonable legal fees and expenses incurred in a successful defense by You of a lawsuit brought by Owner against You or brought by You against Owner to the extent provided by Real Property Law, section 234.

20.    PROPERTY LOSS, DAMAGES OR INCONVENIENCE
Unless caused by the negligence or misconduct of Owner or Owner's agents or employees, Owner or Owner's agents and employees are not responsible to You for any of the following (1) any loss of or damage to You or your property in the Apartment or the Building due to any accidental or intentional cause, even a theft or another crime committed in the Apartment or elsewhere in the Building; (2) any loss of or damage to your property delivered to any employee of the Building (i.e., doorman, superintendent, etc.); or (3) any damage or inconvenience caused to You by actions, negligence or violations of a Lease by any other tenant or person in the Building except to the extent required by law.
Owner will not be liable for any temporary interference with light, ventilation, or view caused by construction by or in behalf of Owner. Owner will not be liable for any such interference on a permanent basis caused by construction on any parcel of land not owned by Owner. Also, Owner will not be liable to You for such interference caused by the permanent closing, darkening or blocking up of windows, if such action is required by law. None of the foregoing events will cause a suspension or reduction of the rent or allow You to cancel the Lease.

21.    FIRE OR CASUALTY
A. If the Apartment becomes unusable, in part or totally, because of fire, accident or other casualty, this Lease will continue unless ended by Owner under C below or by You under D below. But the rent will be reduced immediately. This reduction will be based upon the part of the Apartment which is unusable.
B. Owner will repair and restore the Apartment, unless Owner decides to take actions described in paragraph C below.
C. After a fire, accident or other casualty in the Building, Owner may decide to tear down the Building or to substantially rebuild it. In such case, Owner need not restore the Apartment but may end this Lease. Owner may do this even if the Apartment has not been damaged, by giving You written notice of this decision within 30 days after the date when the damage occurred. If the Apartment is usable when Owner gives You such notice, this Lease will end 60 days from the last day of the calendar month in which You were given the notice.
D. If the Apartment is completely unusable because of fire, accident or other casualty and it is not repaired in 30 days, You may give Owner written notice that You and the Lease. If You give that notice, this Lease is considered ended on the day that the fire, accident or casualty occurred. Owner will refund your security deposit and the pro-rata portion of rents paid for the month in which the casualty happened.
E. Unless prohibited by the applicable insurance policies, to the extent that such insurance is collected, You and Owner release and waive all right of recovery against the other or anyone claiming through or under each applicable policy by way of subrogation.

22.    PUBLIC TAKING
The entire building or a part of it can be acquired (condemned) by any government or government agency for a public or quasi-public use or purpose. If this happens, this Lease shall end on the date the government or agency take this and You shall have no claim against Owner for any damage resulting; You also agree that by signing this Lease, You assign to Owner any claim against the Government or Government agency for the value of the unexpired portion of this Lease.

23.    SUBORDINATION CERTIFICATE AND ACKNOWLEDGMENTS
All leases and mortgages of the Building or of the land on which the Building is located, now in effect or made after this Lease is signed, come ahead of this Lease. In other words, this Lease is "subject and subordinate to" any existing or future lease or mortgage on the Building or land, including any renewals, consolidations, modifications and replacements of these leases or mortgages. If certain provisions of any of these leases or mortgages come into effect, the holder of such lease or mortgage can end this lease. If this happens, You agree that You have no claim against Owner or such lease or mortgage holder. If Owner requests, You will sign promptly an acknowledgment of the "subordination" in the form that Owner requires.
You also agree to sign (if accurate) a written acknowledgment to any third party designated by Owner that this Lease is in effect, that Owner is performing Owner's obligations under this Lease and that you have no present claim against Owner.

24.    TENANT'S RIGHT TO LIVE IN AND USE THE APARTMENT
If You pay the rent and any required additional rent on time and You do everything You have agreed to do in this Lease, your tenancy cannot be cut off before the ending date, except as provided for in Article 21, 22, and 23.

25.    BILLS AND NOTICE
A. Notices to You. Any notice from Owner or Owner's agent or attorney will be considered properly given to You if it (1) is in writing; (2) is signed by or in the name of Owner or Owner's agent; and (3) is addressed to You at the Apartment and delivered to You personally or sent by registered or certified mail to You at the Apartment. The date of service of any written notice by Owner to you under this agreement is the date of delivery or making of such notice.
***This may be deleted.

**JA125**

Page 5

B . Notices to Owner. If You wish to give a notice to Owner, you must write it and deliver it or send it by registered or certified mail to Owner at the address noted on page 1 of this Lease or at another address of which Owner or Agent has given You written notice.

**26.    GIVING UP RIGHT TO TRIAL BY JURY AND COUNTERCLAIM**

A. Both You and Owner agree to give up the right to a trial by jury in a court action, proceeding or counterclaim on any matters concerning this Lease, the relationship of You and Owner as Tenant and Landlord or your use or occupancy of the Apartment. This agreement to give up the right to a jury trial does not include claims for personal injury or property damage.

B. If Owner begins any court action or proceeding against You which asks that You be compelled to move out, You cannot make a counterclaim unless You are claiming that Owner has not done what Owner is supposed to do about the condition of the Apartment or the Building.

**27.    NO WAIVER OF LEASE PROVISIONS**

A. Even if Owner accepts your rent or fails once or more often to take action against You when You have not done what You have agreed to do in this Lease, the failure of Owner to take action or Owner's acceptance of rent does not prevent Owner from taking action at a later date if You again do not do what You have agreed to do.

B. Only a written agreement between You and Owner can waive any violation of this Lease.

C. If You pay and Owner accepts an amount less than all the rent due, the amount received shall be considered to be in payment of all or a part of the earliest rent due. It will not be considered an agreement by Owner to accept this lesser amount in full satisfaction of all of the rent due.

D. Any agreement to end this Lease and also to end the rights and obligations of You and Owner must be in writing, signed by You and Owner or Owner's agent. Even if You give keys to the Apartment and they are accepted by any employee, or agent, or Owner, this Lease is not ended.

**28.    CONDITION OF THE APARTMENT**

When You signed this Lease, You did not rely on anything said by Owner, Owner's agent or superintendent about the physical condition of the Apartment, the Building or the land on which it is built. You did not rely on any promises as to what would be done, unless what was said or promised is written in this Lease and signed by both You and Owner or found in Owner's floor plans or brochure shown to You before You signed the Lease. Before signing this Lease, You have inspected the Apartment and You accept it in its present condition "as is," except for any condition which You could not reasonably have seen during your inspection. You agree that Owner has not promised to do any work in the Apartment except as specified in attached "Work" rider.

**29.    DEFINITIONS**

A. Owner: The term "Owner" means the person or organization receiving or entitled to receive rent from You for the Apartment at any particular time other than a rent collector or managing agent of Owner. "Owner" includes the owner of the land or Building, a lessor, or sublessor of the land or Building and a mortgagee in possession. It does not include a former owner, even if the former owner signed this Lease.

B. You: The Term "You" means the person or persons signing this Lease as Tenant and the successors and assigns of the signer. This Lease has established a tenant-landlord relationship between You and Owner.

**30.    SUCCESSOR INTERESTS**

The agreements in this Lease shall be binding on Owner and You and on those who succeed to the interest of Owner or You by law, by approved assignment or by transfer.

Owners Rules - a part of this lease - see page 6

TO CONFIRM OUR AGREEMENTS, OWNER AND YOU RESPECTIVELY SIGN THIS LEASE AS OF THE DAY AND YEAR FIRST WRITTEN ON PAGE 1.

Witness

_____  Owner's Signature                    [L.S.]

_____  Tenant's Signature                   [L.S.]

_____  Tenant's Signature                   [L.S.]

**GUARANTY**

The undersigned Guarantor guarantees to Owner the strict performance of and observance by Tenant of all the agreements, provisions and rules in the attached Lease. Guarantor agrees to waive all notices when Tenant is not paying rent or not observing and complying with all of the provisions of the attached Lease. Guarantor agrees to be equally liable with Tenant so that Owner may sue Guarantor directly without first suing Tenant. The Guarantor further agrees that his guaranty shall remain in full effect even if the Lease is renewed, changed or extended in any way and even if Owner has to make a claim against Guarantor. Owner and Guarantor agree to waive trial by jury in any action, proceeding or counterclaim brought against the other on any matters concerning the attached Lease or the Guaranty.

Dated, New York City _____

_____  Witness              _____  Guarantor

_____  Address

**JA126**

Case 1:11-cv-04645-KAM-JO   Document 48-4   Filed 07/24/12   Page 16 of 16 PageID #: 819

Page 6

Apartment

Premises

Tenant

Expires

STANDARD FORM OF APARTMENT

# Lease

The Real Estate Board of New York, Inc.

Copyright 1986. All rights Reserved. Reproduction in whole or in part prohibited.

## ATTACHED RULES WHICH ARE A PART OF THE LEASE
## AS PROVIDED BY ARTICLE 10

**Public Access Ways**

1.      (a) Tenants shall not block or leave anything in or on fire escapes, the sidewalks, entrances, driveways, elevators, stairways, or halls. Public access ways shall be used only for entering and leaving the Apartment and the Building. Only those elevators and passageways designated by Owner can be used for deliveries.

        (b) Baby carriages, bicycles or other property of Tenants shall not be allowed to stand in the halls, passageways, public areas or courts of the Building.

**Bathroom and Plumbing Fixtures**

2.      The bathrooms, toilets and wash closets and plumbing fixtures shall only be used for the purposes for which they were designed or built; sweepings, rubbish bags, acids or other substances shall not be placed in them.

**Refuse**

3.      Carpets, rugs or other articles shall not be hung or shaken out of any window of the Building. Tenant is shall not sweep or throw or permit to be swept or thrown any dirt, garbage or other substances out of the windows or into any of the halls, elevators or elevator shafts. Tenants shall not place any articles outside of the Apartments or outside of the building except in safe containers and only at places chosen by Owner.

**Elevators**

4.      All non-automatic passenger and service elevators shall be operated only by employees of Owner and must not in any event be interfered with by Tenants. The service elevators, if any, shall be used by servants, messengers and trades people for entering and leaving, and the passenger elevators, if any, shall not be used by them for any purpose. Nurses with children, however, may use the passenger elevators.

**Laundry**

5.      Laundry and drying apparatus, if any, shall be used by Tenants in the manner and at the times that the superintendent or other representative of Owner may direct. Tenants shall not dry or air clothes on the roof.

**Keys and Locks**

6.      Owner may retain a pass key to the apartment. Tenants may install on the entrance of the Apartment an additional lock of not more than three inches in circumference. Tenants may also install a lock on any window but only in the manner provided by law. Immediately upon making any installation of either type, Tenants shall notify Owner or Owner's agent and shall give Owner or Owner's agent a duplicate key. If changes are made to the locks or mechanism installed by Tenants, Tenants must deliver keys to Owner. At the end of this Lease, Tenants must return to Owner all keys either furnished or otherwise obtained. If Tenants lose or fail to return any keys which were furnished to them, Tenants shall pay to Owner the cost of replacing them.

**Noise**

7.      Tenants, their families, guests, employees, or visitors shall not make or permit any disturbing noises in the Apartment or Building or permit anything to be done that will interfere with the rights, comforts or convenience of other tenants. Also, Tenants shall not play a musical instrument or operate or allow to be operated a phonograph, CD player, radio or television set so as to disturb or annoy any other occupant of the Building.

**No Projections**

8.      An aerial may not be erected on the roof or outside wall of the Building without the written consent of Owner. Also, awnings or other projections shall not be attached to the outside walls of the Building or to any balcony or terrace.

**No Pets**

9.        Dogs or animals of any kind shall not be kept or harbored in the Apartment, unless in each instance it be expressly permitted in writing by Owner.  This consent, if given, can be taken back by Owner at any time for good cause on reasonably given notice. Unless carried or on a leash, a dog shall not be permitted on any passenger elevator or in any public portion of the Building. Also, dogs are not permitted on any grass or garden plot under any condition. BECAUSE OF THE HEALTH HAZARD AND POSSIBLE DISTUR-BANCE OF OTHER TENANTS WHICH ARISE FROM THE UNCONTROLLED PRESENCE OF ANIMALS, ESPECIALLY DOGS, IN THE BUILDING, THE STRICT ADHERENCE TO THE PROVISIONS OF THIS RULE BY EACH TENANT IS A MATERIAL REQUIRE-MENT OF EACH LEASE. TENANTS' FAILURE TO OBEY THIS RULE SHALL BE CONSIDERED A SERIOUS VIOLATION OF AN IMPORTANT OBLIGATION BY TENANT UNDER THIS LEASE. OWNER MAY ELECT TO END THIS LEASE BASED UPON THIS VIOLATION.

**Moving**

10.     Tenants can use the elevator to move furniture and possessions only on designated days and hours. Owner shall not be liable for any costs, expenses or damages incurred by Tenants in moving because of delays caused by the unavailability of the elevator.

**Floors**

11.     Apartment floors shall be covered with rugs or carpeting of at least 80% of the floor area of each room excepting only kitchens, pantries, bathrooms and hallways. The locking strip for wall-to-wall carpeting will be glued, not nailed to the floor.

**Window Guards**

12.     IT IS A VIOLATION OF LAW TO REFUSE, INTERFERE WITH INSTALLATION, OR REMOVE WINDOW GUARDS WHERE REQUIRED. (SEE ATTACHED WINDOW GUARD RIDER.)

JA127

# MEIER DECLARATION
## EXHIBIT 3

**JA128**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART

------------------------------------------------------------------X

RONALD HENRY LAND TRUST,

                      Petitioner

                                                          Index No. L&T 64303/11

        -against-

ALEX ROSENBAUM,

                      Respondent.

------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF ANSWER
## ~~AND MOTION TO DISMISS~~
## ~~OR STAY~~

The actual tenants of the described premises, Jon Sasmor and Lisa Lin, pro se, respectfully

submit this memorandum of law in support of their Answer and Motion to Dismiss or Stay,

pursuant to Rule 3211 of the New York Civil Practice Law and Rules and other relevant law.

**JA129**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

   A. This is a Timely Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

   B. Standard of Review for Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . 14

   C. Grounds for Dismissal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

      1. Land trusts do not have capacity to sue in New York. . . . . . . . . . . . . . . . . . .15

      2. There is no subject matter jurisdiction because Ronald Henry Land Trust is not the landlord. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

      3. Ronald Henry Land Trust is without capacity to sue because it never existed and does not exist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

      4. Petitioner could not be landlord because Petitioner is not competent to transfer title to the property. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

      5. There is no subject matter jurisdiction because this action seeks to benefit the beneficiaries of a trust, and is therefore equitable in nature. . . . . . . . . . . . . . .20

      6. Petitioner fails to state a claim because any relief to Petitioner is barred by Petitioner's felonious violation of the Home Equity Theft Protection Act, Real Property Law § 265-a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

      7. Ronald Henry Land Trust is without capacity to sue due to uncorrectable violation of General Business Law § 130. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

      8. There is no personal jurisdiction due to improper service. . . . . . . . . . . . . . . 27

      9. Documentary evidence shows that this is a retaliatory eviction. . . . . . . . . . . . .28

      10. There is no subject matter jurisdiction due to defects in the predicate termination notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

      11. Petitioner could not be the landlord because Petitioner is barred from doing business in this state by uncorrectable violation of General Business Law § 130. . . . . . 32

      12. Petitioner fails to state a claim because Multiple Dwelling Law violations are not a valid grounds for termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

      13. This is a nonpayment case in the guise of a holdover case, barred by collateral estoppel, res judicata, and documentary evidence. . . . . . . . . . . . . . . . . . . 33

      14. This is a quiet title case in the guise of a holdover case, for which there is no subject matter jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34

      15. Necessary parties have not been joined. . . . . . . . . . . . . . . . . . . . . . . . . . .35

      16. Petitioner waived any claim to possession by failing to assert it in the prior pending case in Federal Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

      17. Petitioner waived any claim to relief due to housing violations by defaulting at its Environmental Control Board Hearing and by neglecting to pay the $12,000 default judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37

**JA130**

18.  There is no subject matter jurisdiction because the petition is not signed and is not
        verified by an appropriate party, nor are the correct Respondents named. . . . . 37
      19.  Documentary evidence proves Petitioner brings this case with unclean hands. . . .38
  **D. Grounds for Stay** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
  **E. Motion to Dismiss Treated as One for Summary Judgment** . . . . . . . . . . . . . . . . . . 40

**IV. APPENDIX**

Exhibit A) Affidavit in Support of Answer and Motion to Dismiss or Stay

Exhibit B) Ronald Henry Land Trust Deed

Exhibit C) Lease signed by Respondents for 287 Franklin Avenue, Room #4F

Exhibit D) Lease signed by Chaim Goldberger as "Henry"

Exhibit E) Rent and security deposit checks and receipts

Exhibit F) Affidavit of Ronald Henry

Exhibit G) FTAP Affidavit submitted by Ronald Henry to NYPD

Exhibit H) ECB Violation # 34745165X, retrieved on April 4, 2011

Exhibit I) EDNY CV11-0976, *287 Franklin Avenue Residents' Association, et al v Chaim
        Meisels, et al*: Complaint

Exhibit J) EDNY CV11-0976, *287 Franklin Avenue Residents' Association, et al v
        Chaim Meisels, et al*: Docket as of May 1, 2011

Exhibit K) EDNY CV11-0976, *287 Franklin Avenue Residents' Association, et al
        v Chaim Meisels, et al*: Answer to Complaint by Ronald Henry Land Trust,
        Henry Management, LLC, Isaac Teitelbaum, Abraham Schneebalg, and Chaim
        Goldberger, dated March 23, 2011

Exhibit L) 287 Franklin Avenue has no HPD Multiple Dwelling Registration on file as of
        May 1, 2011

Exhibit M) 287 Franklin Avenue has no DOB Certificate of Occupancy on file as of May
        1, 2011

Exhibit N) Ronald Henry Land Trust has no business registration on file with the Kings
        County Clerk as of May 1, 2011

Exhibit O) Ronald Henry Land Trust has no Certificate of Assumed Name on file with
        the New York Department of State as of May 1, 2011

Exhibit P) HPD Inspection Report provided to Housing Part re L.&T. No. 100576/10

**JA131**

3

Exhibit Q) Email from New York Department of State: "FOIL Request for Henry
Management, LLC and People Choice Real Estate, LLC"

Exhibit R) List of HPD Violations from December 18, 2010

Exhibit S) HPD Partial Vacate Order from January 18, 2010

Exhibit T) Letter from Alex Rosenbaum regarding this case, dated April 11, 2011

## I. PRELIMINARY STATEMENT

Petitioner "Ronald Henry Land Trust" neither owns nor has collected any rent from
287 Franklin Avenue. Nonetheless Petitioner has brought 7 separate holdover cases against 5
tenants and 3 former tenants of the building. The movants are the actual tenants of the described
premises, though they are not named in the caption nor is any "John Doe" named.

Land trusts do not have capacity to sue in New York. Furthermore, Ronald Henry
Land Trust was never properly formed as a trust and therefore does not exist, and otherwise is
without capacity to sue or to do business in this state due to its failure to register as a business or
a property owner. Movants still do not know who is behind the Ronald Henry Land Trust, but
surely those people would be necessary parties in this case and in any counterclaims.

Movants were not served properly. Retaliation is evident from the statement of HPD
violations as the sole grounds in Petitioner's termination notice.

287 Franklin Avenue is a distressed property with a pending foreclosure case. Parties
who claimed ownership converted it from a 2-family house into 9 rooming units. HPD has
vacated 4 of those rooming units as unfit for human habitation. Movants and other tenants have
pending Federal litigation against the 17 parties, including Petitioner, who have made some
claim to possession or rents during their tenancy at 287 Franklin Avenue.

4

**JA132**

## II.  STATEMENT OF FACTS

The following facts are established by the annexed Affidavit of Jon Sasmor (exhibit A) and by other exhibits as described herein.

Lisa Lin and Jon Sasmor are the actual tenants of the premises described in this case. They store their possessions in the described room and sleep in that room.

Alex Rosenbaum no longer lives in New York. He moved out of 287 Franklin Avenue in August 2010 (*see* "Letter from Alex Rosenbaum," exhibit T).

287 Franklin Avenue is a distressed property with a pending foreclosure case (*OneWest Bank FSB v. Ronald Henry*, Sup Ct, Kings County Docket No. 11344/2009, *filed* May 8, 2009). Until December 2009, the entire building was occupied by Maria Hernandez and her several foster children. The Hernandez family moved out in part because there was no heat.

As of January 15, 2011, the value of 287 Franklin Avenue was $529,000 as estimated by the New York City Department of Finance.

On May 18, 2009 a deed dated May 12, 2009 ("Land Trust Deed") (exhibit B) was recorded as document 2009000147561 with the Office of the City Register of the City of New York. The Land Trust Deed purports to grant from Ronald Henry as grantor to Ronald Henry Land Trust as grantee the full fee interest in the property commonly known as 287 Franklin Avenue, Brooklyn, NY 11205.

The Land Trust Deed does not designate a trustee, but, instead, purports to convey directly from Ronald Henry to the Ronald Henry Land Trust. The Land Trust Deed designates no beneficiaries and does not state any duties of the trustee. Nor does the Land Trust Deed refer to any other document from which one might determine the identities of the trustee and the beneficiaries or the duties of the trustee. The Land Trust Deed has no limit to the duration of the

JA133

conveyance, providing instead that the deed grants 287 Franklin Avenue to the Ronald Henry Land Trust and its heirs or successors and assigns "forever." The Land Trust Deed is silent both about the difference between the trust *res* and its profits and about a remainder or remaindermen.

At a meeting with movants on August 6, 2010 Ronald Henry stated the following facts: (i) A few days after May 8, 2009, the date when the foreclosure case was filed against Ronald Henry, a man approached Mr. Henry offering to help with a short sale. The man claimed his name was Cliamah Mizelle. (ii) On May 12, 2009 Ronald Henry met with "Cliamah Mizelle" and a few other people in Queens, and signed several papers, among which was a deed, in connection with the possible short sale. Mr. Henry did not read all the papers in their entirety. (iii) The Land Trust Deed was not the deed Ronald Henry signed. On May 12, 2009 Mr. Henry had signed a deed only for the purposes of facilitating a short sale, but the deed actually signed by Mr. Henry was not the same deed as the Land Trust Deed. The deed actually signed by Mr. Henry was not recorded with the City Register. (iv) Ronald Henry had never heard of the Ronald Henry Land Trust and was certain that none of the papers he signed were related to the Ronald Henry Land Trust. (v) When Ronald Henry visited 287 Franklin Avenue in early 2010, he was surprised and angry to see that people had entered his house and were living there.

Movants Jon Sasmor and Lisa Lin moved into 287 Franklin Avenue, Room #4F on or around April 1, 2010. Movants found the room through People's Choice Realty, and on or around April 17, 2010, Movants signed a one-year lease agreement with Henry Management, LLC with a rider from People's Choice Real Estate, L.L.C. (exhibit C). Movants paid monthly rent by checks payable to Isaac Teitelbaum and a security deposit to Kings Management (exhibit E). Petitioner Ronald Henry Land Trust never collected rent from Movants for the demised premises, and to their knowledge, has not collected rent for any other dwelling unit. The lease

**JA134**

signed by tenants was never returned to them with a landlord's signature; however, after the

electricity was turned off on or around April 22, 2010, Chaim Goldberger provided a copy of the

lease with no tenant signatures that he signed as "Henry" (exhibit D).

Starting in May 2010 Chaim Goldberger, using the name "Henry," came around to 287

Franklin Avenue every month to collect the rent on an unannounced date between the beginning

of the month and the middle of the month. Each month, Goldberger would arrive unannounced

in the evening between 7:00 and 9:00 p.m., let himself in, and walk up the stairs to knock on

every tenant's bedroom door and demand the rent. When tenants paid rent by check, they

were usually instructed to pay in cash or to make out the checks to "Isaac Titalbaum," whom

Goldberger claimed was the owner of 287 Franklin Avenue.

Between April 2010 and July 2010, Brian Dudjak and Isaac Teitelbaum operated an

illegal hostel on the third floor of 287 Franklin Avenue. Movants stopped payment on their June

rent check made out to "Henry Goldberg" pending the removal of the illegal hostel from the

building. On or around July 22, 2010, Brian Dudjak moved out of the building and the hostel

was removed. Movants and other tenants of the building continued to withhold rent pending an

investigation of the legal ownership and the legality of the rent. On or around July 24, 2010,

Movant Jon Sasmor verbally asked Goldberger for proof of ownership of 287 Franklin Avenue

and restated the same request on voice messages to Goldberger and Isaac Teitelbaum.

On August 5, 2010, at noon, Movant Jon Sasmor discovered Chaim Goldberger, Peter

Henry, and Samuel Emmanus attempting to break into the front door of 287 Franklin Avenue.

Sasmor heard Goldberger call out to the Emmanus, the man drilling at the locks, "I thought you

said no one was home." Sasmor called 911 and the police responded quickly. Goldberger told

the police that he was the managing agent, and that he needed access to 287 Franklin Avenue.

**JA135**

Goldberger produced a lease from Ronald Henry Land Trust to Peter Henry, purporting that Peter Henry had leased two rooms on March 31, 2010, but that Peter Henry was only then ready to move in, over four months later. Police Officer Villanueva instructed Goldberger and Sasmor each to give the other access to the building. Later that same day, Movants Jon Sasmor and Lisa Lin located Ronald Henry.

On August 6, 2010, Ronald Henry met with Movants and other tenants, as described above, and provided a statement in a written affidavit (exhibit F). Ronald Henry and Movant Jon Sasmor went to the 79th Police Precinct. Officer Villanueva, the same officer who had come to the house the previous day, was at the desk and spoke with Ronald Henry. Ronald Henry told Officer Villanueva about how the house he owned had been rented out by other people claiming to be the owners. Officer Villanueva provided instructions to Ronald Henry for enrollment in the New York Police Department's FTAP anti-trespassing program, and instructed Ronald Henry to change the locks again. A few days later, Ronald Henry completed the FTAP affidavit and submitted it to the NYPD (exhibit G). Whereas some parties claiming to be "Ronald Henry Land Trust" are now bringing an eviction proceeding, Ronald Henry has given verbal authorization for tenants to continue to live at 287 Franklin Avenue. The 287 Franklin Avenue Residents' Association paid Ronald Henry $100 rent for August 2010, with the amount in consideration of the break-in attempts, and decided to withhold rent thereafter.

Chaim Goldberger, Peter Henry, and Samuel Emmanus returned again in a van and minivan around 1:00 a.m. on August 6, 2010, but when tenant Kurt Fletcher awoke, turned on a light, and ran downstairs, they left. Peter Henry and Emmanus returned at least one more additional time, on or around August 25, 2010, but did not gain access to the building.

Between July 2010 and January 2011, Movants Jon Sasmor and Lisa Lin, and other

tenants Willie Osterweil, Kurt Fletcher, and Vilija Skubutyte received at least 40 phone calls from Chaim Goldberger and Isaac Teitelbaum, usually in waves where all the tenants would receive multiple phone calls in one day or night. Sasmor, Lin, Osterweil, Fletcher, and Skubutyte did not answer these calls. Teitelbaum did not leave any messages. Goldberger left Sasmor and Osterweil messages asking them to call him, and then called again up to 3 more times the same day after leaving those messages. Goldberger also left Skubutyte a message asking her if she had moved out of 287 Franklin Avenue and whether she would give him her keys.

On or around November 11, 2010, the Law Offices of Stuart I. Jacobs filed L.&T. No. 100576/10 at this court. The case was captioned Ronald Henry Land Trust v. Jon Sasmor & Kurt Fletcher & Lisa Lin & Willie Osterweil & Amanta Diqz. This nonpayment case claimed $15,550 in rent arrears owed for all 9 rooming units at 287 Franklin Avenue, even though the named Respondents occupied only 4 of the 9 units. The Respondents in the nonpayment case, two of whom are the present movants, found out about the eviction case by a single Petition and Notice of Petition sent by regular U.S. Mail addressed to all five Respondents, which was received on November 17, 2010, the day before an answer was required.

When movants Jon Sasmor, Lisa Lin, and tenants Willie Osterweil and Amanda Diaz went to the hearing on December 1, 2010, in a meeting with opposing counsel Stuart I. Jacobs and the court attorney in Part E, Room 509, the tenants made a complaint that 287 Franklin Avenue was illegally converted into an unregistered multiple dwelling and that, accordingly, no rent legally was owed. When the court attorney asked Mr. Jacobs about his client's view, Mr. Jacobs said he would call in his client. Later that morning, Defendant Chaim Goldberger showed up at the court on behalf of petitioner Ronald Henry Land Trust. When the court

**JA137**

9

attorney asked Goldberger whether there were multiple apartments in 287 Franklin Avenue, Goldberger replied, "One family, two family, six family, who cares? If it's illegal housing, then throw them out!"

At the tenants' request, Judge Marcia J. Sikowitz ordered an inspection by HPD to determine whether the building was an illegal multiple dwelling. As a result of an HPD inspection on December 18, 2010 at 287 Franklin Avenue, eight class "B" HPD violations were issued, including five for occupied illegal rooming units and one for illegal conversion to a multiple dwelling. As a result of the HPD's findings from its inspection on December 18, 2010, and the eight violations HPD had issued, HPD submitted a written statement to Judge Sikowitz confirming that 287 Franklin Avenue was an illegal multiple dwelling. On January 7, 2011, Judge Sikowitz reviewed the HPD's report in open court and instructed Sasmor, Lin, Osterweil, and Diaz not to pay any more rent. Also on January 7, 2011, Judge Sikowitz ordered that the nonpayment case be removed from the calendar and deemed dismissed if not restored within 45 days, that is, as of February 21, 2011. As of May 1, 2011, to Movants' knowledge, the case has not been restored, and is presumed to be deemed dismissed.

Also, as a further result of the HPD inspection on December 18, 2010 at 287 Franklin Avenue, an Environmental Control Board (ECB) violation was issued, and, on January 18, 2011 vacate orders were issued for the four rooms on the top floor. At the ECB hearing on February 28, 2011, Petitioner defaulted and was assessed a default penalty of $12,000, which is five times the usual penalty (see exhibit H).

During the tenancy of Movants, at least 17 parties have claimed some right to convey possession or to collect rent as owner, managing agent, or broker of 287 Franklin Avenue, including Chaim Meisels a/k/a Cliamah Mizelle, Chaim Goldberger a/k/a Henry Goldberg, Isaac

JA138

Teitelbaum a/k/a Isaac Titalbaum, Abraham Schneebalg, Ronald Henry, Nathan Doe, Josh Doe,

Joe Doe, Ronald Henry Land Trust, Henry Management, LLC, People Choice Real Estate, LLC

a/k/a Peoples Choice Real Estate, L.L.C. a/k/a People's Choice Realty, Inc., Peter Henry a/k/

a Guru, Louis Garcia, Joel Kaufman, Kings County Realty Corp., Brian Dudjak, and Samuel

Emmanus. Movants still have been given no documentation about what the Ronald Henry Land

Trust is and who constitutes it.

On March 1, 2011, Movants and other tenants filed claims against all these parties in

Federal Court under the Federal Racketeer Influenced and Corrupt Organizations Act and the

New York Consumer Protection Act, *see 287 Franklin Avenue Residents' Assoc., et al v Chaim

Meisels, et al*, EDNY Docket No. CV11-0976. (Complaint attached as exhibit I; Docket attached

as exhibit J). On March 23, 2011, the day before filing this holdover case, Ronald Henry Land

Trust and some additional defendants filed their Answer to Complaint in the Federal case

(exhibit K).

As of May 1, 2011, there is still no Multiple Dwelling Registration on file with the

Department of Housing Preservation and Development for 287 Franklin Avenue (see exhibit

L) and no Certificate of Occupancy on file with the Department of Buildings (see exhibit M).

Ronald Henry Land Trust has no business registration on file with Kings County Clerk (exhibit

N) and no Certificate of Assumed Name on file with the New York Department of State (exhibit

O). Ronald Henry denies any involvement in the creation or operation of the Ronald Henry

Land Trust (*see* exhibit F).

To the knowledge of Movants, none of the parties attempting to collect rent has provided

heat, gas, electricity, smoke detectors or carbon monoxide detectors. The 287 Franklin Avenue

Residents' Association installed smoke detectors and carbon monoxide detectors in the absence

JA139

of existing ones. To the extent of research by Movants, the parties who collected rent have paid

neither electric bills, gas bills, water bills, property taxes, nor Environmental Control Board

penalties. Electricity was discontinued at 287 Franklin Avenue on or around April 22, 2010.

Though it was turned back on a few days later, to Movants' knowledge, Petitioner and the other

parties claiming to be owners have not paid for the overdue bills prior to that time, nor have

they paid for electricity since then. After the heat and hot water were turned off in 2009, HPD

established a gas account for those utilities as an emergency repair. HPD continues to pay for

the gas for heat and hot water and place those charges onto the property tax bill. Though some

of those charges have been paid, presumably by the foreclosing bank, existing gas charges still

remain, and no owner has established an account since the gas was turned off. Furthermore, over

$3000 of water bills from over a year are unpaid, and though the water has not been turned off

yet, the DEP told Movant Jon Sasmor on the phone that it might be.

      Those parties collecting rent (who are not the Petitioner) recklessly converted a two-

family house into nine rooming units during the pendency of a foreclosure case. Whereas the

part of the building that was the most dangerous has been vacated already, the remaining tenants

and former tenants now face 7 holdover eviction cases.

      On or around January 27, 2010, termination notices were sent to Movants, 3 other

tenants, and 3 former tenants of 287 Franklin Avenue. On March 24, 2011, 7 holdover cases,

bearing Docket Nos. L.&T. 64297/11, 64298/11, 64299/11, 64300/11, 64301/11, 64302/11,

and 64303/11, were filed simultaneously against those 5 tenants and 3 former tenants and

were scheduled by Petitioner for 6 different hearing dates. Movants were never served with a

termination notice for the described room in this case.

      Movants, who are the tenants of the described room, also were not served with the

**JA140**

Petition and Notice of Petition regarding this case. Movants are not named in the caption of the case. Movants never received any personal service, nor did any other tenants or former tenants of 287 Franklin Avenue against whom 7 holdover cases were filed simultaneously. No papers were ever posted either on the common entrance door nor on the door of any dwelling unit at 287 Franklin Avenue.

### III. ARGUMENT

**A. This is a timely motion to dismiss.**

Movants bring this motion to dismiss pursuant to Rule 3211 of the New York Civil Practice Law and Rules ("CPLR"). Section 1002 of the New York City Civil Court Act provides that "CPLR Rule 3211, relating to a motion to dismiss, shall apply in this court" (with an exception that does not apply here relating to dismissal of a pleading to which no response is required).

"At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a)." (CPLR Rule 3211[e]). In a holdover case, "at the time when the petition is to be heard the respondent ... may answer" (RPAPL § 743). Thus, in a holdover proceeding, we believe that a party move to dismiss at any time until and including the hearing at which an answer is due.

"Any motion in a summary proceeding under the RPAPL can be made on little or, indeed, no notice if it is made returnable at the same time as the petition" (*Goldman v McCord*, 120 Misc. 2d 754, 755, 466 NYS 2d 584 [1983]; *see also* CPLR Rule 406). However, "if a party serves motions with little or no notice as permitted by CPLR 406, it is only fair and reasonable

**JA141**

13

for the court to provide an adequate adjournment to allow for a response to those motions which cannot be disposed of summarily on their return date" (*Goldman* at 756).  Movants indeed are moving with little notice, but will consent to a reasonable adjournment if requested by Petitioner.

**B. Standard of Review for Motion to Dismiss**

"In the context of a motion to dismiss pursuant to *CPLR 3211*, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference." (*EBC I, Inc. v Goldman, Sachs, & Co.*, 5 N.Y.3d 11, 19, 832 N.E.2d 26, 799 N.Y.S.2d 170 [2005]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 326, 774 N.E.2d 1190, 746 N.Y.S.2d 858 [2002]; *Leon v Martinez*, 84 N.Y.2d 83, 87-88, 638 N.E.2d 511, 614 N.Y.S.2d 972 [1994] ["We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory."])

However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 A.D.3d 833, 834, 834 N.Y.S.2d 203 [2d Dept 2007], quoting *Maas v Cornell Univ.*, 94 N.Y.2d 87, 91, 721 N.E.2d 966, 699 N.Y.S.2d 716 [1999]).

By these standards of review, the instant petition should be dismissed due to *each of the following provisions* of CPLR Rule 3211(a):

"A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

    1. a defense is founded on documentary evidence; or

    2. the court has not jurisdiction of the subject matter of the cause of action; or

**JA142**

3. the party asserting the cause of action has not legal capacity to sue; or

4. there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires; or

5. the cause of action may not be maintained because of … collateral estoppel, … release, [or] res judicata; [or] …

7. the pleading fails to state a cause of action; or

8. the court has not jurisdiction of the person of the defendant; or …

10. the court should not proceed in the absence of a person who should be a party."

Movants assert that *each of* the following nineteen grounds merit dismissal of the instant petition under one or more of the above listed provisions of CPLR Rule 3211(a).

## C. Grounds for Dismissal

1. Land trusts do not have capacity to sue in New York.

Under CPLR Rule 3211(a)(1),(2), (3), and (7), the petition should be dismissed because land trusts do not have capacity to sue in New York. The City Court of Oswego lists the five types of entities capable to sue as follows: "Under New York State law there are five, and to this court's knowledge, only five, proper parties to any given action: an individual, an individual doing business as a trade name, a corporation, an unincorporated association which brings the action by its president or treasurer (General Associations Law §§ 12, 13) and a partnership" (*Patel v MacArthur*, 137 Misc. 2d 104; 519 N.Y.S.2d 769 [1987]). The *Patel* case was dismissed because "Ramji D. Patel, Managing Party" was not a proper party plaintiff (at 110).

Similarly, in *Little Shoppe Around the Corner v Carl*, the County Court of Rockland

**JA143**

County found that "it is existence in law which creates for entities the legal capacity to sue" (80 Misc. 2d 717, 718, 363 N.Y.S.2d 784 [1975]). "Absent a party plaintiff, 'the judgment is in such case futile, because in truth no action is then pending between the parties named. If the plaintiff in that action was not in existence, the defendants named in the summons and complaint were, in fact, not required to appear in court and answer the complaint'" (*Id.* at 719; quoting *MacAffer* v. *Boston & Maine R. R.*, 268 N. Y. 400, 404 [1935]). The *Little Shoppe Around the Corner* case was dismissed sua sponte because "Little Shoppe Around the Corner" was found not to be a proper party plaintiff (*Id.* at 720).

"Ronald Henry Land Trust" is clearly not an individual. Nor does it appear from the petition that it is a partnership, corporation, unincorporated association or an individual doing business as a trade name. Whereas a trust may transact legal transactions by its trustee, a trust in its own name has no legal capacity. Movants know of no law that empowers a trust to sue in the name of the trust. Were Movants to bring any counterclaims, there would be no individual registered to receive service nor would there be any power of the Court to enforce judgments against any human being on any of those counterclaims.

### 2. There is no subject matter jurisdiction because Ronald Henry Land Trust is not the landlord.

Under CPLR Rule 3211(a)(1),(2), (3), and (7), the petition should be dismissed because Ronald Henry Land Trust is not the landlord. RPAPL § 721 provides a comprehensive list of parties who may bring a summary proceeding to recover real property. The Petitioner claims in the Petition to be "owner and landlord of the premises," and therefore presumably brings this proceeding under RPAPL § 721(1) which permits proceedings to be brought by "the landlord or lessor." The Free Dictionary defines "landlord" as "one that owns and rents land, buildings, or

**JA144**

16

dwelling units" [The Free Dictionary by Farlex, *"Landlord,"* available at http://www.thefreedictionary.com/landlord [accessed April 2, 2011].

Both "landlord" and "lessor" require that a party rent out real property. In this instant case, Petitioner has not rented any real property to Movants. As described in Jon Sasmor's affidavit (exhibit A) and also shown by the following additional exhibits, Movants have a lease agreement with Henry Management, LLC with a rider from People's Choice Real Estate, L.L.C. (exhibit C), and have paid rent checks to Isaac Teitelbaum and a security deposit to Kings Management (exhibit E). To the knowledge of Movants, Petitioner has not collected rent for the demised premises or for any other dwelling unit. Therefore, the Petitioner is not the landlord, and summary proceedings are unavailable to Petitioner.

"The failure strictly to comply with the statutes governing summary proceedings deprives the court of jurisdiction and mandates dismissal" (*MSG Pomp Corp. v Doe*, 185 AD 2d 798, 799, 586 NYS 2d 965 [1st Dept 1992]). "A summary proceeding is a special proceeding governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction" (*MSG Pomp Corp.* at 799-800, quoting *Berkeley Assocs. Co. v Di Nolfi*, 122 AD2d 703, 705, 505 NYS2d 630 [1st Dept 1986], quoting *Goldman Bros. v Forester*, 62 Misc 2d 812, 814-815, 309 NYS2d 694 [Civ Ct, NY County 1970]; see also *Perrota v Western Regional Off-Track Betting Corp.*, 98 AD2d 1, 2, 469 NYS2d 504 [4th Dept 1983]). Where Petitioner fails to meet strict statutory provisions, the petition must be dismissed.

3. Ronald Henry Land Trust is without capacity to sue because it never existed and does not exist.

**JA145**

The Land Trust Deed fails to create a trust.  Under New York law, creation of a trust by a deed alone, or by a deed construed as part of an integrated transaction involving additional documents, requires, at least, a conveyance of all legal and equitable interests to a trustee, a statement of active duties on the part of the trustee, a designation of beneficiaries, and a limitation of time for the existence of the trust. (*Matter of Gagliardi*, 55 N.Y. 109 [1982] [deed from grantor to himself as trustee plus lease back from beneficiaries to trustee fails to create a trust because rent under lease negates clear showing of intent to convey all legal and equitable interests from settlor to trustee]). Had the deed in *Gagliardi* made a clear showing of intent to convey all legal and equitable interests to the trustee, but nevertheless placed no duties upon him, the Statute of Uses would have executed the trust in favor of the beneficiaries. (*Gagliardi* at 113 [construing Estates, Powers and Trusts Law § 7-1.2].)

Here, the Land Trust Deed contains even less information about the settlor's intent than did the deed in *Gagliardi*. The Land Trust Deed designates neither trustee nor beneficiaries, both of which were designated in the *Gagliardi* deed. The Land Trust Deed fails to refer to any additional document which might be part of an integrated transaction. Under these circumstances, the Land Trust Deed must fail to effect conveyance of all legal and equitable interests to a trustee for the benefit of beneficiaries. (*Gagliardi* at 115 [beneficiaries' relationship to property determined solely by lease since deed and lease together failed to create a trust].)

An additional reason why the Land Trust Deed cannot create a trust is that the duration of the conveyance, "forever," violates the Rule Against Perpetuities because "forever" is longer than a life in being plus twenty-one years. (Estates, Powers and Trust Law § 9-1.1[a][2].) Moreover, even if the Land Trust Deed did create a trust despite violating the Rule Against Perpetuities, that trust would be executed by the Statute of Uses since the Land Trust Deed

**JA146**

places no duties upon the trustee. (*Gagliardi* at 113.) Where there is no trust, the trust cannot

make a claim. Under CPLR Rule 3211 (a) (1), (2), (3), (7), and (10), this proceeding should be

dismissed.

### 4. Petitioner could not be landlord because Petitioner is not competent to transfer title to the property.

"To be considered a landlord or lessor a petitioner must prove he is possessed of such

ownership in an estate in land, be it ownership in fee or of such lesser estate, such as being a

net lessee, and that he/she had leased it to another, the tenant; *or* show he/she has the authority

from such a person to do so." (*Redhead v Henry*, 160 Misc 2d 546, 547, 610 NYS2d 433 [Civ Ct,

Kings County 1994]). Ronald Henry Land Trust does not qualify as a person for the purposes of

transferring real estate, so could not possibly convey rights of possession (unlike a corporation or

a trustee; *see* Real Property Law § 11 and Estates, Powers and Trust Law § 9-1.1[a][1]).

The *Redhead* court explained the policy implications of requiring more than a mere lease

prove ownership:

> To adopt petitioner's view that the lease alone is sufficient to prove one is a landlord
> or lessor is adopting a position akin to, 'I am, because I say I am' and leads to absurd
> results. This would permit anyone coming upon an abandoned building, or a city-owned
> vacant building, or any other premises in which such person has no right or authority to
> convey a right to possession in and by the simple expedient of entering into leases with
> tenants allow such person to bring summary proceedings without further proof of right
> or authority to maintain the proceeding. One cannot transfer what he/she doesn't possess.
> You cannot carve out an estate, a right of possession, out of thin air. (*Redhead* at 548)

The instant case contains exactly the "absurd" scenario envisioned in *Redhead*. 287 Franklin

Avenue is a distressed property with a pending foreclosure case (Sup Ct, Kings County Docket

No. 11344/2009). In the tenancy of Movants, at least 17 parties have claimed some right to

**JA147**

convey possession or collect rent as owner, managing agent, or broker, including Chaim Meisels
a/k/a Cliamah Mizelle, Chaim Goldberger a/k/a Henry Goldberg, Isaac Teitelbaum a/k/a Isaac
Titalbaum, Abraham Schneebalg, Ronald Henry, Nathan Doe, Josh Doe, Joe Doe, Ronald Henry
Land Trust, Henry Management, LLC, People Choice Real Estate, LLC a/k/a Peoples Choice
Real Estate, L.L.C. a/k/a People's Choice Realty, Inc., Peter Henry a/k/a Guru, Louis Garcia,
Joel Kaufman, Kings County Realty Corp., Brian Dudjak, and Samuel Emmanus. Movants and
other tenants have brought claims against all these parties in Federal Court under the Federal
Racketeer Influenced and Corrupt Organizations Act and the New York Consumer Protection
Act, (*see 287 Franklin Avenue Residents' Assoc., et al v Chaim Meisels, et al*, EDNY Docket
No. CV11-0976; Complaint attached as exhibit I; Docket attached as exhibit J).

   This court should not entertain claims by scam artists who claim ownership of vacant or
distressed properties. Where the petitioner party is an entity of a form that could not own
property, there could not be subject matter jurisdiction under RPAPL § 721. Under CPLR Rule
3211 (a) (1), (2), (3), (7), and (10), this proceeding should be dismissed.

### 5. There is no subject matter jurisdiction because this action seeks to benefit the beneficiaries of a trust, and is therefore equitable in nature.

   Even if the Court finds that the Land Trust Deed establishes a valid trust, the reformation
of the Deed to designate a trustee would benefit the beneficiaries by declaring their rights as
against the trustee, and so would be equitable in nature. (*Murphy v Serial Fed. Sav. & Loan
Assn.*, 30 Misc. 2d 450, 454-455 [1961].) Although the Civil Court may entertain an equitable
defense and thus may dismiss a case for equitable reasons (*id.*), it is without equitable subject
matter jurisdiction to reform a deed to property where, as here, the assessed value exceeds

**JA148**

$25,000 (Civil Court Act § 203[f], *Murphy* at 454-455). Thus this court cannot reform the Land

Trust Deed (*id.*) which was ineffective to convey any interest in 287 Franklin Avenue to the

purported Petitioner.

### 6. Petitioner fails to state a claim because any relief to Petitioner is barred by Petitioner's felonious violation of the Home Equity Theft Protection Act, Real Property Law § 265-a.

Real Property Law § 265-a (1) (a) provides:

> The legislature finds and declares that homeowners in default on their mortgages or in foreclosure may be vulnerable to fraud, deception, and unfair dealing by home equity purchasers. . . . During the time period between the default on the mortgage and the scheduled foreclosure sale date, homeowners in financial distress, especially poor, elderly, and financially unsophisticated homeowners, are vulnerable to aggressive 'equity purchasers' who induce homeowners to sell their homes for a small fraction of their fair market values, or in some cases even sign away their homes, through the use of schemes which often involve oral and written misrepresentations, deceit, intimidation, and other unreasonable commercial practices.

Real Property Law § 265-a (15) provides: "The provisions of this section shall be liberally

construed  to effectuate the intent and to achieve the purposes set forth in subdivision one of

this section" (*see also Lucia v Goldman*, 68 AD3d 1064, 893 NYS2d 90 [2d Dept 2009] [Real

Property Law § 265-a should be liberally construed]).  Real Property Law § 265-a provides

a procedure for rescission of property transfers by equity sellers, a cause of action for equity

sellers, and criminal penalties as a Class E felony for equity purchasers who violate the section

with intent to deceive.

It appears that a felonious scheme may have occurred relating to the demised premises.

At a meeting with Movants on August 6, 2010 Ronald Henry stated the following facts: (i) A

few days after May 8, 2009, the date when the foreclosure case was filed against Ronald Henry,

**JA149**

a man approached Mr. Henry offering to help with a short sale. The man claimed his name was Cliamah Mizelle. (ii) On May 12, 2009 Ronald Henry met with "Cliamah Mizelle" and a few other people in Queens, and signed several papers, among which was a deed, in connection with the possible short sale. Mr. Henry did not read all the papers in their entirety. (iii) The Land Trust Deed was not the deed Ronald Henry signed. On May 12, 2009 Mr. Henry had signed a deed only for the purposes of facilitating a short sale, but the deed actually signed by Mr. Henry was not the same deed as the Land Trust Deed. The deed actually signed by Mr Henry was not recorded with the City Register. (iv) Ronald Henry had never heard of the Ronald Henry Land Trust, and was certain that none of the papers he signed were related to the Ronald Henry Land Trust. (v) When Ronald Henry visited 287 Franklin Avenue in early 2010, he was surprised and angry to see that people had entered his house and were living there.

Whereas some parties claiming to be "Ronald Henry Land Trust" are now bringing an eviction proceeding, Ronald Henry has given verbal authorization for tenants to continue to live at 287 Franklin Avenue.

Any conveyance to Ronald Henry Land Trust may have violated the Home Equity Theft Protection Act, Real Property Law 265-a. Though the legislature did not address specifically summary eviction proceedings brought by home equity purchasers as defined by the Act, it was clear that the Act should be construed liberally (*see* subd. 15 ["The provisions of this section shall be liberally construed to effectuate the intent and to achieve the purposes set forth in subdivision one of this section"]). Public policy precludes subject matter jurisdiction for petitions brought by home equity thieves. Under CPLR Rule 3211 (a) (1), (2), (3), and (7), this proceeding should be dismissed.

**JA150**

**7. Ronald Henry Land Trust is without capacity to sue due to uncorrectable violation of General Business Law § 130.**

Under CPLR Rule 3211(a)(3) and (7), the petition should be dismissed because Ronald Henry Land Trust lacks a required registration as a business. General Business Law § 130 (1) requires :

> No person shall hereafter (i) carry on or conduct or transact business in this state under any name or designation other than his or its real name, or (ii) carry on or conduct or transact business in this state as a member of a partnership, unless:
>
> (a) Such person, if other than a corporation, limited partnership or limited liability company, shall file in the office of the clerk of each county in which such business is conducted or transacted a certificate setting forth the name or designation under which and the address within the county at which such business is conducted or transacted, the full name or names of the person or persons conducting or transacting the same, including the names of all partners, with the residence address of each such person, and the age of any person less than eighteen years of age. Each certificate shall be executed and duly acknowledged by the person or, if there be more than one, by all of the persons conducting the business.
>
> (b) Such person, if a corporation, limited partnership or limited liability company, shall file, together with the fees as set forth in subdivision five of this section, in the office of the secretary of state a certificate setting forth the name or designation under which business is carried on or conducted or transacted, its corporate, limited partnership or limited liability company name, the location including number and street, if any, of its principal place of business in the state, the name of each county in which it does business or intends to do business, and the location including number and street, if any, of each place where it carries on or conducts or transacts business in this state. Each certificate shall be executed by an officer of the corporation, a general partner of the limited partnership, a member or manager of a limited liability company, or an attorney-in-fact or authorized person for such corporation, limited partnership, or limited liability company, as the case may be.

General Business Law § 130 (2) (a) prohibits the use of a business name that contains a person's name who is not involved in operating the business:

> No individual, partnership, or unincorporated association shall hereafter use or file a certificate for the use of any name or designation to carry on or conduct or transact business in this state which consists of or includes words, or initials and a word or words,

**JA151**

23

which are or appear to be the full name or names, or the initial or initials and family name of a person or persons, or a colorable simulation thereof, unless:

(1) the words or initials and word or words appearing to be the full name or initials and family name of a person included, are the true full name or the initials and family name of the person or one of the persons conducting the business; or

(2) the words or initials and words so included, which are or appear to be the full name, or the initials and family name, of any person, have a secondary, historic or geographic meaning or connotation apart from that of a name of a person, and the name or designation so used contains a word or words clearly signifying such secondary, historic or geographic meaning or connotation, or is followed by the abbreviation "a.n.", and said secondary, historic or geographic meaning or connotation is stated in the certificate; or

(3) the person or persons conducting the business are successors in interest to the person or persons theretofore using such name or names to carry on or conduct or transact business, in which case the certificate filed shall so state.

The penalty for failure to register a business properly is the loss of a capacity to sue, as described

by General Business Law § 130 (9):

Any person or persons carrying on, conducting or transacting business as aforesaid who fails to comply with the provisions of this section shall be prohibited from maintaining any action or proceeding in any court in this state on any contract, account or transaction made in a name other than its real name until the certificate required by this section has been executed and filed in accordance with the provisions set forth herein.

Numerous courts have classified rental housing as a business (*see 23 Realty Associates v Teigman*, 213 AD2d 306, 308, 624 NYS2d 155 [1st Dept 1995] ["The Department of Consumer Affairs has given notice that the offering of rental housing is a legitimate area of interest for consumer protection against deceptive advertising and misrepresentation, and we agree."]; *Park West Mgmt. Corp. v Mitchell*, 47 NY2d 316 *cert denied* 444 US 992 [1979] ["A residential lease is essentially a sale of shelter and necessarily encompasses those services which render the premises suitable for the purpose for which they are leased."]; *Meyerson v Prime Realty Svcs., LLC*, 7 Misc 3d 911, 922, 796 NYS2d 848 [Sup Ct, NY County 2005] ["The defendants

JA152

point to no legislative intent indicating that those engaged in the residential real estate business

are exempt from compliance with the consumer protection laws."]; *Buyers and Renters United

to Save Harlem v. Pinnacle Group N.Y. LLC*, 575 F Supp 2d 499 [SDNY 2008] ["New York

courts, interpreting consumer protection statutes, give tenants private rights of action against

their landlords."], *Frazier v Priest,* 141 Misc2d 775, 534 NYS2d 846 [Watertown City Ct 1988]

[General Business Law § 349 applies to landlord-tenant relationships]).

In *Graham Cook Assocs. v. Mintz* (155 Misc 2d 273, 587 NYS2d 821 [1992]), the Civil

Court of the City of New York in New York County applied General Business Law § 130 in a

summary eviction proceeding.  In that case, a motion to vacate a judgment due to violation of

General Business Law § 130 was denied, on the grounds that a proper Multiple Dwelling

Registration had been filed, whereby "the petitioner has satisfied the requirement that notice be

given to afford the tenants notice of ownership and control of the premises" (*Mintz* at 275).

However, in *Supreme Realty Assoc. v Korovessis* (171 Misc 2d 996, 656 NYS2d 797

[1997]), in a case where there was no corresponding Multiple Dwelling Registration, the Civil

Court of the City of New York in Bronx County dismissed an eviction case because "petitioner's

failure to file a certificate of doing business in Bronx County is a bar to maintaining this action"

(*Korovessis* at 1000).

In *Mintz*, a business registration had been filed in Queens County but not New York

County, and a Multiple Dwelling Registration had been filed containing the same information

that would be identified in a business registration.  The same is not true in the instant case.  In

this case, as in *Korovessis*, there is neither a business registration nor a Multiple Dwelling

Registration.

Ronald Henry Land Trust has no business registration at the Kings County Clerk

JA153

(exhibit N) nor with the New York Department of State (exhibit O).  287 Franklin Avenue

has no Multiple Dwelling Registration on file with the Department of Housing Preservation

and Development (see exhibit L) and a previous nonpayment proceeding at this Court (L.&T.

No. 100576-10) was dismissed due to violation of Multiple Dwelling Law § 325 (requiring

registration).  Movants have been asking those people attempting to collect rent for proof of

ownership since July 2010, and still have been given no documentation about who or what

constitutes the Ronald Henry Land Trust.

Furthermore, Ronald Henry denies any involvement in the creation or operation of the

Ronald Henry Land Trust (see exhibit F, *Affidavit of Ronald Henry* ["I have No Knowledge of

the Ronald Henry Land Trust.  And did not participate its formation or Administration [*sic*]"]).

Even if the Ronald Henry Land Trust were to submit a registration, it could not be valid under

General Business Law § 130 (2) (a) because it contains the name of a person who is not involved

in conducting the business.  Whereas a defect in business registration usually could be cured

before judgment (*Mintz* at 274; *Korovessis* at 1000), a cure is impossible in this case because the

name of the Petitioner violates the General Business Law by including the proper name of a

person not involved.  According to the penalty in General Business Law § 130 (9), Ronald Henry

Land Trust has not the capacity to sue, and is incapable of gaining that capacity.

The purpose of General Business Law § 130 "is to protect the public, to afford the public

information as to the identity of the persons conducting the business, and to prevent deception

and confusion" (*Cifone v Andros Broadway, Inc.*, 40 AD3d 549, 550, 836 NYS2d 599 [1st Dept

2007]; *see also American Express Travel Related Services Company, Inc. v Assih*, 26 Misc 3d

1016, 1020, 893 NYS2d 438 [Civ Ct, Richmond County 2009] [seeking identity of creditor

Plaintiff is like seeking the Wizard of Oz]).  In the instant case, Petitioner is an entity created to

JA154

deceive and confuse. whose operators have afforded no public information as to the identity of the persons conducting the business.  Accordingly, as prescribed by General Business Law § 130, the Ronald Henry Land Trust should be prohibited from maintaining this or any other proceeding.

<u>8.  There is no personal jurisdiction due to improper service.</u>

Under CPLR § 3211 (a) (2) and (8), this proceeding should be dismissed because of improper service.  RPAPL §§ 733 and 735 provide strict guidelines about timing and manner of service.  "The failure strictly to comply with the statutes governing summary proceedings deprives the court of jurisdiction and mandates dismissal" (*MSG Pomp Corp.* at 799; *see also 445 East 85th Street, L.L.C. v Phillips*, 2003 NY Slip Op 51270U [Civ Ct, NY County 2003] [defect in timing of service cannot be corrected nunc pro tunc]; *Star Medical Services, P.C. v Allstate Ins. Co.*, 5 Misc 3d 785, 789, 786 NYS2d 286 [Civ Ct, Kings County 2004] ["The failure to comply with these requirements [RPAPL § 735], even when the person being served admits receipt, is deemed to be fatal."]).

In the instant case, the Movants, who should be the Respondents in this case, were not served.  Jon Sasmor and Lisa Lin never received any personal service, nor did any other tenants of 287 Franklin Avenue.  No papers were ever posted either on the common entrance door nor on the door of any unit in the building.

"The mandatory language in *RPAPL 733 (1)* expresses the Legislature's commitment to giving every respondent notice and an opportunity to be heard, the twin pillars of due process." (*Phillips* at 4). "If Civil Court Act *§ 411* allowed short filings, . . . landlords would be free to file short in every case, knowing that the courts' response would be to grant nunc pro tunc relief--or,

**JA155**

in other words, to say 'So what?'" (*Philips* at 20).  Due to defective service, this proceeding should be dismissed.

### 9. Documentary evidence shows that this is a retaliatory eviction.

Under CPLR § 3211 (a) (1), this proceeding should be dismissed.  This proceeding is on its face a retaliatory eviction in response to an HPD inspection request, in violation of common law and/or Real Property Law § 223-b, as proven by documentary evidence.  A rebuttable presumption of retaliation is created if a good faith complaint was made by or on behalf of the tenant, to a governmental authority for violation of health, safety law, regulation, code, ordinance, etc, within six months prior to the landlord serving notice to quit (Real Property Law § 223-b [5] [a]), or if an order was entered, or other action was taken, as a result of such a complaint or act within six months prior to the landlord serving notice to quit (Real Property Law § 223-b [5] [c]). On December 1, 2010, in nonpayment case L.&T. No. 100576/10 at this Court, Respondents in that case asserted that 287 Franklin Avenue was an illegal multiple dwelling converted into nine rooming units.  At tenants' request, Judge Marcia J. Sikowitz ordered HPD to make an inspection of the house. On December 18, 2010, pursuant to Judge Sikowitz' order, HPD performed the inspection and issued 8 class "B" violations, including five for occupied illegal rooming units and one for illegal conversion to a multiple dwelling. The HPD submitted a written statement to Judge Sikowitz confirming these violations (exhibit P).  On January 7, 2011, Judge Sikowitz reviewed the HPD's report, removed the case from the calendar pending dismissal, and instructed tenants not to pay any more rent. On January 18, 2011, the HPD issued a partial vacate order to vacate the premises of the top story based on safety violations found in the inspection. The notice to quit in the instant case was filed on

JA156

January 26, 2011, one month and twenty-five days after the complaints were made to the court,
and nineteen days after orders were entered and actions were taken as a result of this complaint.
As such the notice to quit falls within the six month time frame provided by § 223-b for the
presumption of retaliation. Furthermore, in the termination notice submitted by Petitioner with
the petition in this case, Petitioner states "The subject premises are not legal for residential use.
Violation #8740631 was placed on 12/18/10...As the premises are not legal any lease or
agreement to occupy same is null and void." Petitioner's statement indicates that the HPD
complaint and violation are the cause of eviction, and, as such, warrants dismissal.

    Furthermore, this is a retaliatory eviction in response to petitioner losing a previous
nonpayment case, and as shown by a pattern of attempts to remove tenants from the premises,
including harassment, deceit, and attempted break ins, in violation of common law and/or Real
Property Law § 223-b, as proven by documentary evidence. As described above, Petitioner
brought a non-payment case against Movants and other tenants in November of 2010. On
January 7, 2011, Judge Sikowitz removed the case from the calendar pending dismissal, and
instructed tenants not to pay any more rent. Petitioners sent termination notices nineteen days
later.   Movants also have been victims of repeated harassment and threats to dispossess.
Petitioners, along with bringing a previous frivolous eviction proceeding, attempted to break into
the premises on multiple occasions, verbally harassed and frightened Movants, attempted illegal
lock changes, and tried various other ploys to remove tenants from the premises.   Precedent
shows this behavior is enough to prove retaliation. "Northwood Village, Inc. brought a holdover
eviction case against Curet 1 month and 8 days after losing, with 100% abatement of rent, a
previous nonpayment eviction case . . . the proximity of this case, along with failure to cure
conditions which brought about the original rent abatement, as well as repeated harassment,

JA157

threat to dispossess, and frivolous legal strategies were enough to prove retaliation." (*Northwood Village, Inc. v Curet*, 26 HCR 630B, NYLJ 11/30/98 34:4 [1998]).

Though "willful and malicious intent" are not elements of retaliatory eviction such that they hold sway in the discovery stage of an eviction proceeding (*see Theodoli v 170 East 77th LLC*, 24 Misc 3d 1103, 1105, 883 NYS2d 686 [Sup Ct, NY County 2009]), "ceaseless efforts, pretenses and ploys invoked by [landlord] to oust [tenant] from her apartment amounted to attempts at retaliatory eviction" (*Kumble v Windsor Plaza Co.*, 16 HCR 438A, NYLJ 12/6/88 21:5 [1988]). Furthermore "'frivolous' non-payment proceedings" without explanation from the landlord have been found sufficient to show retaliation (*see 601 West 160 Realty Corp v Henry*, 189 Misc 2d 352, 731 NYS2d 581 [2d Dept 2001]). Petitioners should not be heard to bring eviction proceedings that are retaliatory on their face.

### 10. There is no subject matter jurisdiction due to defects in the predicate termination notice.

Under CPLR § 3211 (a) (2), (7), and (8), this proceeding should be dismissed because Movants were not served with a proper termination notice. In *Chinatown Apartments, Inc. v Chu Cho Lam* (51 NY2d 786, 412 NE2d 1312, 433 NYS2d 86 [1980]), the Court of Appeals held that a requisite termination notice was not valid where it failed to allege a specific ground in violation of the lease. In *Second & E. 82 Realty LLC v 82nd Street Gily Corp.* [192 Misc 2d 55, 745 NYS2d 371, 2002], the Civil Court of the City of New York, New York County held that a termination notice signed by a landlord's agent was invalid because no authority was shown for his agency, and his authorization was not previously known to Movants.

In the instant case, the termination notice on its face has several defects. It states "The premises are not legal for residential use. As the premises are not legal any lease or agreement to

JA158

occupy same is null + void." As in *Chinatown*, where no specific provisions of a lease are given

to justify termination, the termination notice is void. This termination notice is signed "Ronald

Henry Land Trust, Landlord, By: Chaim Goldberger, managing agent." As discussed previously,

Ronald Henry Land Trust is not the landlord, and Movants had been questioning for several

months previous to the termination notice who really was the landlord or managing agent. As in

*82nd Street Gily Corp.*, where Respondents do not know about who has authority to act on behalf

of Petitioner, a termination notice by an agent without authorization is void.

Furthermore, for Ronald Henry Land Trust, the act of sending a termination notice was

itself an impermissible act. Ronald Henry Land Trust is barred from carrying on or conducting

business in this state by General Business Law § 130. To the extent that Chaim Goldberger

may be the managing agent, he previously represented himself to tenants as "Henry Goldberg"

and signed a copy of the lease on behalf of Henry Management LLC. As an individual

misrepresenting his name, he was barred from carrying on, conducting, or transacting business

in this state by General Business Law § 130. As an LLC, he was barred from carrying on,

conducting, or transacting business in this state due to violation of Limited Liability Company

Law § 206, requiring the publication of the formation of LLCs (see exhibit Q).

Although the Movants were served properly with the termination notices for a different

room in the building, they were never served with a termination notice for the room in the instant

case.

Predicate notices are strictly formulated to enforce the legal structures of summary

proceedings. Since there was no proper termination notice, this holdover proceeding should be

dismissed.

### 11. Petitioner could not be the landlord because Petitioner is barred from doing business in this state by uncorrectable violation of General Business Law § 130.

Besides the penalty against maintaining a proceeding in General Business Law § 130 (9) for those without a proper registration, General Business Law § 130 (1) mandates that "No person shall hereafter carry on or conduct or transact business in this state under any name or designation other than his or its real name." Where being a landlord is a business activity (*see* cases cited above in Ground for Dismissal 7), Ronald Henry Land Trust could not be a landlord due to its ongoing, uncorrectable violation of General Business Law § 130 (*see id.*). Therefore, Petitioner Ronald Henry Land Trust could not possibly qualify for subject matter jurisdiction pursuant to Real Property Actions and Proceedings Law § 721. This Court has not subject matter jurisdiction over Petitioners who claim to be landlords but are barred from carrying on, conducting, or transacting business in New York State. Under CPLR Rule 3211 (a) (1), (2), and (3), this proceeding should be dismissed.

### 12. Petitioner fails to state a claim because Multiple Dwelling Law violations are not a valid grounds for termination.

Multiple Dwelling Law violations do not qualify as an illegal use and are not themselves valid grounds for eviction. (*Sima Realty L.L.C. v Philips*, 282 AD2d 394, 724 NYS2d 51 [1st Dept 2001]; *Guaranty Trust Co. v Nelson*, 189 Misc. 915, 72 NYS2d 159 [App Term 1st Dept 1947; *Sherbal v Epstein*, 191 Misc 543, 78 NYS2d 607 [Mun Ct, Bronx County 1948]) As in *Nelson* (at 917), the city has ample power to issue vacate orders when housing is dangerous, and has done so already at 287 Franklin Avenue. Otherwise, "the violation in and of itself does not invalidate the lease" (*Sherbal* at 544). The termination notice in the instant case states a

JA160

Multiple Dwelling Law violation as grounds for termination, but there is no authority of law to support it as valid grounds for termination. "[The Multiple Dwelling Law] was enacted to protect tenants of multiple dwellings against unsafe living conditions, not to provide a vehicle for landlords to evict tenants on the ground that premises are unsafe" (*Sima Realty L.L.C.* at 395). Under CPLR Rule 3211 (a) (1), (2), and (7), this proceeding should be dismissed.

13. This is a nonpayment case in the guise of a holdover case, barred by collateral estoppel, res judicata, and documentary evidence.

In *Semans Family Ltd. Partnership v Kennedy* (177 Misc 2d 345, 675 NYS2d 489 [1998]), the Civil Court of the City of New York, New York County held that a holdover case should be dismissed where it was essentially a nonpayment case brought as a holdover to evade tenants' rights to assert the warranty of habitability. In the instant case, a prior nonpayment proceeding (Civ Ct, Kings County L.&T. No. 100754-10) was dismissed due to a finding that the building was a de facto multiple dwelling in violation of Multiple Dwelling Law §§ 302 and 325.

Petitioner should not be heard to bring this nonpayment case again as a holdover. As in *Kennedy*, Movants withheld rent as permitted by law. In this case, the dangerous parts of the building have already been vacated by HPD, there is no illegal use by the tenants, and the 287 Franklin Avenue Residents' Association installed smoke detectors, since none of the parties claiming to be landlord had provided them. To the extent of research by Movants, the parties who collected rent have paid neither electric bills, gas bills, water bills, property taxes, nor Environmental Control Board penalties. Those parties collecting rent (who are not the Petitioner) recklessly converted a two-family house into nine rooming units during the pendency of a foreclosure case. Whereas the part of the building that was dangerous has been vacated already,

**JA161**

the remaining tenants should not be evicted in order to facilitate further operation of the scheme and further violation of the Multiple Dwelling Law, and possibly of the vacate orders. Where Petitioner has made no good faith showing of intent or a plan to obtain a Certificate of Occupancy, Petitioner should not be able to flout the penalties for noncompliance by replacing current tenants with unknowing new tenants who will pay illegal rent.

Where the legislature enacted penalties of inability to maintain a nonpayment proceeding, this Court should not allow landlords to flout those laws by bringing nonpayment cases as holdovers. Under CPLR Rule 3211 (a) (1), (2), and (7), this proceeding should be dismissed.

### 14. This is a quiet title case in the guise of a holdover case, for which there is no subject matter jurisdiction.

The New York City Civil Court Act § 110 (a) conveys jurisdiction to the Civil Court Housing Part for "actions and proceedings involving the enforcement of state and local laws for the establishment and maintenance of housing standards." Actions to quiet title involve conflicts between possible owners and are not within the jurisdiction of this Court.

The most recent rent for 287 Franklin Avenue was paid to Ronald Henry, who holds a competing claim to title with the Ronald Henry Land Trust. The mysterious parties involved in operating the Ronald Henry Land Trust should not be heard now to attempt to assert their right to title by evicting the tenants and recovering possession. An action to quiet title should be brought in the New York Supreme Court, and not in the Housing Part at the expense of the tenants. This is an action to quiet title in the guise of a holdover proceeding, for which this Court has no subject matter jurisdiction. Under CPLR Rule 3211 (a) (1), (2), (7), and (10), this proceeding should be dismissed.

**JA162**

15. Necessary parties have not been joined.

The Court of Appeals has found that the joinder of parties is necessary "where the determination of the court will adversely affect the rights of nonparties" (*Castaways Motel v. Schuyler*, 24 NY2d 120, 125, 247 NE2d 124, 299 NYS2d 148 [1969]; *see also* CPLR § 1001).

"In motions or proceedings relating to trusts, all persons materially interested should be made parties" (*New York Trust Co. v Weaver*, 270 A.D. 989, 990, 62 N.Y.S.2d 698 [1st Dept 1946], *supplementary opinion* 271 A.D. 776, 66 N.Y.S.2d 406 [1st Dept 1946], *aff'd* 298NY 1, 298 NYS 1, 80 NE2d 56 [1948]; *see also McKnight v Bank of New York & Trust Co.*, 254 NY 417, 421-2, 254 NYS 417, 173 NE 568 [1930] [in an action regarding integrity of trust deed, trustees and beneficiaries must be parties]; *Fagan v Nowitz*, 65 AD3d 1184, 886 NYS2d 437 [2d Dept 2009] [beneficiaries and remainderpersons must be parties]). In the instant case, neither trustees, beneficiaries, nor remainderpersons are parties to the case. A fair hearing about the interests of the Petitioner cannot be had in the absence of these parties.

Neither can a fair hearing about possession of 287 Franklin Avenue be had in the absence of the 17 parties claiming ownership or management interest (*see Censi v Cove Landings, Inc.*, 65 AD3d 1066, 1067-8, 885 NYS2d 359 [2d Dept 2009] [the determination of a claim to real property requires inclusion of all owners of any part of that property]). The aforementioned 17 parties are parties already in the prior pending Federal case.

The proceeding also does not include all necessary parties because any counterclaim is unenforceable. As described above, Petitioner has not filed any required registration providing information about the persons operating the business. Movants' counterclaims would be unenforceable because no person has been named as responsible for Ronald Henry Land Trust.

**JA163**

Where there is not a proper party making a claim, and counterclaims are uncollectable, necessary parties have not been joined.

Ronald Henry is a necessary party because he may have a possible claim to damages and rescission under the Home Equity Theft Protection Act relating to the same facts described in this case, and the outcome of this case may harm his ability to enforce those rights.

Under CPLR Rule 3211 (a) (1), (2), (3), (4), (7), and (10), this proceeding should be dismissed.

16. Petitioner waived any claim to possession by failing to assert it in the prior pending case in Federal Court.

Where common issues of law and fact exist, and where additional parties were included in a plenary case, and where broader equitable relief was available in the other court, a summary eviction claim should be consolidated within the other case (*Hotel New Yorker Pharmacy, Inc. v New Yorker Hotel Corp.*, 40 A.D.2d 967, 338 N.Y.S.2d 697 [1st Dept 1972]). In this case, Petitioner submitted in answer in a prior pending Federal case the day before filing the instant case (exhibit K). Petitioner could have asserted a right of possession in that answer, but did not. In the Federal case, Movants and other Plaintiffs are requesting broad equitable relief, including injunctions and dissolution of the Ronald Henry Land Trust (*see* exhibit 1, *Complaint*, at 55-6). As in *Hotel New Yorker Pharmacy, Inc.*, the relief requested goes beyond the equity powers of the Civil Court, and the other pending case includes additional Defendants. Petitioner should not be heard to evade the broader equitable jurisdiction of the Federal Court by bringing its claims here. Under CPLR Rule 3211 (a) (1) and (4), this proceeding should be dismissed.

JA164

17. Petitioner waived any claim to relief due to housing violations by defaulting at its
Environmental Control Board Hearing and by neglecting to pay the $12,000 default judgment.

As a result of the HPD inspection on December 18, 2010 at 287 Franklin Avenue, eight

HPD violations were issued, an Environmental Control Board (ECB) violation was issued, and

vacate orders were issued for four rooms. At the ECB hearing on February 28, 2011, Petitioner

defaulted and was assessed a default penalty of $12,000, which is five times the usual penalty.

Petitioner should not be heard to attempt to use its violations to its advantage by failing to defend

or pay the ECB violation while bringing summary eviction proceedings on the grounds of the

HPD violations. To permit violators to use violations to their advantage would be against public

policy. Petitioner waived any right to maintain an action based on housing code violations

because Petitioner defaulted on a hearing before the Environmental Control Board relating to the

same inspection, and has not paid the $12,000 penalty imposed. Under CPLR Rule 3211 (a) (1),

(5), and (7), this proceeding should be dismissed.

18. There is no subject matter jurisdiction because the petition is not signed and is not verified
by an appropriate party, nor are the correct Respondents named.

RPAPL § 741 provides that: "The petition shall be verified by the person authorized by

section seven hundred twenty-one to maintain the proceeding; or by a legal representative,

attorney or agent of such person." By reason of the same objections made above related to

Petitioner's lack of standing as landlord and Chaim Goldberger's lack of authorization as

managing agent, the Petition conveys no subject matter jurisdiction because it is not verified by

an appropriate party. Additionally, the Petition is defective on its face because it does not

identify the attorney representing Petitioner and is not signed at all. The correct Respondents,

JA165

who are the movants, are not named in the caption, nor is any "John Doe" named. Under CPLR Rule 3211 (a) (1), (2), (3), (7), and (8), this proceeding should be dismissed.

<u>19. Documentary evidence proves Petitioner brings this case with unclean hands.</u>

"The doctrine of unclean hands applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Columbo v Columbo, Jr.*, 50 AD3d 617, 856 NYS2d 159 [2d Dept 2008]). Based on the foregoing grounds for dismissal and the facts presented herein, documentary evidence shows that Petitioner is guilty of immoral, unconscionable conduct directly related to the question of possession at 287 Franklin Avenue. Under CPLR Rule 3211 (a) (1), this proceeding should be dismissed.

**D. Grounds for Stay**

If not dismissed, this proceeding should be stayed pending Federal litigation and pending payment of cancelled utilities. The New York City Civil Court Act grants this Court power to stay a proceeding (*660 Riverside Drive Aldo Assocs., L.L.C. v Marte*, 178 Misc 2d 784, 786, 681 NYS2d 436 [Civ Ct, NY County 1998]). Such a stay should be granted where "the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented" (*Id.*). In the present case, the prior pending Federal litigation may result in the dissolution of the Ronald Henry Land Trust and/or the criminal enterprise operating it (*see* exhibit 1, *Federal RICO Complaint* at 55-56). The relief granted in the Federal case may render this case moot, thereby it would be a

**JA166**

waste of this Court's resources to proceed at this time.

Furthermore, simultaneous jurisdiction of the cases prejudices Movants because they are only able to assert counterclaims in one court. For example, Movants might assert counterclaims arising out of the New York Consumer Protection Act in this case, but could not do so until knowing the resolution of claims under that Act in the Federal case. Movants would be forced to choose between asserting counterclaims to strengthen their defense in a Court considering their eviction and asserting those claims in an amended complaint in a court of broader jurisdiction. A stay should be granted pending the adjudication of the Federal case.

Additionally, this case should be stayed as by statute when utilities are unpaid. RPAPL § 756 provides:

> In the event that utilities are discontinued in any part of a multiple dwelling because of the failure of the landlord or other person having control of said multiple dwelling to pay for utilities for which he may have contracted, any proceeding to dispossess a tenant from said building or an action against any tenant of said building for rent shall be stayed until such time as the landlord or person having control of said multiple dwelling pays the amount owing for said utilities and until such time as the utilities are restored to working order.

The present case qualifies for a stay under three different utilities. Electricity was discontinued at 287 Franklin Avenue on or around April 22, 2010. Though it was turned back on a few days later, to Movants' knowledge, Petitioner and the other parties claiming to be owners have not paid for the overdue bills prior to that time, nor have they paid for electricity since then, as required for shared meters by Public Service Law § 52. After the heat and hot water were turned off in 2009, HPD established a gas account for those utilities as an emergency repair. HPD continues to pay for the gas for heat and hot water and place those charges onto the property tax bill. Though some of those charges have been paid, presumably by the foreclosing bank,

existing gas charges still remain, and no owner has established an account since the gas was

turned off. Furthermore, over $3000 of water bills from over a year ago are unpaid, and though

the water has not been turned off yet, the DEP told Movant Jon Sasmor on the phone that it

might be. The RPAPL penalizes parties such as Petitioner who do not pay utilities even when

utilities are not presently turned off. According to RPAPL § 756, this proceeding should be

stayed until all the respective overdue utilities are paid.


**E. Motion to Dismiss Treated as One for Summary Judgment**

"*CPLR 3211* (subd. [c]) contains an extraordinary power; the power to treat *any* 3211

motion as one for summary judgment. The effect of the exercise of such a power is to accord the

resultant judgment the same *res judicata* effect that belongs to a judgment rendered after a

plenary trial" (*Lustig v. Congregation B'Nai Israel of Midwood,* 62 Misc 2d 216, 216, 308

NYS2d 480 [Sup Ct, Kings County 1970]). Movants respectfully request that the Court consider

exercising its discretion to treat this motion as one for summary judgment to dismiss the case

with prejudice, as per CPLR Rule 3211 (c).


Dated: May 1st, 2011                    Respectfully submitted,
Brooklyn, New York


                                        Jon Sasmor       and       Lisa Lin
                                        Actual Tenants, Pro Se
                                        287 Franklin Avenue, Room #2B
                                        Brooklyn, NY 11205
                                        (917) 318-2619

JA168

**MEIER DECLARATION
EXHIBIT 4**

Exhibit E

# Peoples Choice Real Estate, LLC
359 Broadway, Brooklyn NY 11211 718-782-2400 / fax 718-782-2445

**RECEIPT**

To: Lisa Lim
Jon Sasmor

| | DESCRIPTION | AMOUNT |
|---|---|---|
| 3/30/10 | First months rent for 287 Franklin Apt 4F Brooklyn ny 11206 | $ 400.00 |
| | | $50.00 |
| | Credit checks | ~~$ 100.00~~ |
| | | |
| | | |
| | TOTAL: ~~$550.00~~ $ 450.00 |

Amount in words: ~~Five hundred dollars and 00/100~~ four hundred fifty dollars and 00/100

Customer's signature

**JA172**









**MEIER DECLARATION**
**EXHIBIT 6**

**JA175**

Exhibit

P

**JA176**

CIVIL COURT OF THE CITY OF NEW YORK
County Of __Kings__

Index No.: LT/HP __100576-10__

Housing Part __E-509__

Ronald Henry Land Trust   *Petitioner(s),*

*against*

Lin + Willie Osterweil + Amanda Diaz
Jon Sasmor + Kurt Fletcher + Lisa   *Respondent(s).*

**JUDICAL REQUEST / ORDER**
for
**HOUSING INSPECTION**

THE PEOPLE OF THE STATE OF NEW YORK
TO THE DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK:
In connection with the existing case in the Civil Court of the City of New York referred to above, the tenant of the apartment referred to below
alleges violation(s) exist and has requested that an inspection of the property be made.

Tenant's Name: __Jon Sasmor__

Tenant's Address: __287 Franklin Av__
__Brooklyn, NY  11205__

Apt. No. __4F__   Floor: __4__

Tenant's Phone #'s: Home: (__917__) __318-2619__

Work: (__"__)

You may gain access by contacting: __Jon at phone # above__

Is there a child under the age of 7 residing in this apartment?
Yes ☐  No ☒  If yes, please provide the name and age/date of
birth for each child.

| Name | Age/Date of Birth |
|------|-------------------|
|  |  |
|  |  |
|  |  |

| Inspection Date: | Time: ☒ 10 AM – 2 PM | Case Adjourned to: | DIVISION OF |
|---|---|---|---|
| __12-18-10__ | ☒ 2 PM – 6 PM<br>☒ 5 PM – 9 PM<br>☒ Weekend ☐ 10 AM – 3 PM<br>☐ Staten Island 10 AM – 2 PM | 1 7 11 | CODE ENFORCEMENT<br>Inspector's No.: __3368__ |

| Apt. No. (OR PUBLIC AREA) | Which room? | Condition(s) – Be Specific | Date: __12/K/12__ __Bartick-Keith__ Signature REPORT |
|---|---|---|---|
| Entire House | | 1 House is divided into 9 single room apts. | VA |
| | | 2 Illegal Multiple Dwelling | VA |
| | | 3 | |
| | | 4 | |
| | | 5 | |
| | | 6 | |
| | | 7 | |
| | | 8 | |
| | | 9 | |
| | | 10 | |

YOU ARE HEREBY REQUESTED / DIRECTED to inspect said premises and to report the findings of this inspection to
this Court.

DEC 1 2010   DEC 0 0 ...

MARCIA L. SIKOWITZ
JUDGE HOUSING COURT

**JA177**

Case 1:11-cv-04645-KAM-JO   Document 48-8   Filed 07/24/12   Page 4 of 9 PageID #: 940

The City of New York
Department of Housing Preservation and Development
Division of Code Enforcement

## Violation Summary Report

For The Following Selected Criteria: From Date - 12/18/2010 Through Date - 12/18/2010, Viol Hazard Code - All, Violation Order No. - All, Apt No. - 4F, Violation Category. - All

**Building Location:**

| | | |
|---|---|---|
| Address: 287 FRANKLIN AVENUE | Range: 287-287 | |
| Boro: BROOKLYN   Zip: 11205 | CD: 3 | |
| Block: 01941   Lot: 0005 | Census Tract: 23300 | |

**Building Profile:**

| | |
|---|---|
| A Units: 2 | Ownership/Prog: PVT |
| B Units: 0 | Bldg Class: 2 FAMILY HOUSE |
| No. of Stories: 3 | |
| MDR #: 0 | |

Last Insp Dt: 12/18/2010
ERP Repair Ind: Y
Last ERP: 07/01/2010

**AKA**

| House No. | Street Name |
|---|---|
| | |

| Story | Date Reported | Hazard Class | Order No | Violation Seq No | Item No | Violation Status | Status Dt | Certification Status | NOV Issue Dt | Cert Due Date | Cert Rcvd |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 12/18/2010 | B | 1051 | 8739976 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |

§ 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR TENANT JON SASMOR AND LISA LIN.. IN THE 1st ROOM FROM NORTH AT WEST LOCATED AT B-ROOM 4F, 3rd STORY

| 3 | 12/18/2010 | B | 1051 | 8739983 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |

§ 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR THE TENANT AMANDA DIAZ IN THE 1st ROOM FROM EAST AT SOUTH LOCATED AT B-ROOM 4F, 3rd STORY

Total Open Violations for the Bldg: 52   A = 10   B = 30   C = 12   I = 0   Other = 0

Total Open Violations for the Bldg for the selected criteria: 2   A = 0   B = 2   C = 0   I = 0   Other = 0

For The Following Selected Criteria: From Date - 12/18/2010 Through Date - 12/18/2010, Viol Hazard Code - All, Violation Order No. - All, Apt No. - 4F, Violation Category. - All

Exhibit
R

The City of New York
Department of Housing Preservation and Development
Division of Code Enforcement

## Violation Summary Report

or The Following Selected Criteria: From Date - 12/18/2010 Through Date - 12/18/2010, Viol Hazard Code - All, Violation Order No. - All, Apt No. - All, Violation Category. - All

**Building Location:**

| Building Profile: | | | |
|---|---|---|---|
| Address: 287    FRANKLIN AVENUE | Range: 287-287 | A Units: 2 | Ownership/Prog: PVT | Last Insp Dt: 12/18/2010 |
| Boro: BROOKLYN    Zip: 11205 | CD: 3 | B Units: 0 | Bldg Class: 2 FAMILY HOUSE | ERP Repair Ind: Y |
| Block: 01941    Lot: 0005 | Census Tract: 23300 | No. of Stories: 3 | | Last ERP: 07/01/2010 |
| | | MDR #: 0 | | |

| se No. | | Street Name | |
|---|---|---|---|

| ry Date Reported | Hazard Class | Order No | Violation Seq No | Item No | Violation Status | Status Dt | Certification Status | NOV Issue Dt | Cert Due Date | Cert Rcvd |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2010 | B | 1041 | 8740673 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2073 ADM CODE - DISCONTINUE UNLAWFUL COOKING SPACE OR FILE PLANS AND APPLICATION WITH THIS DEPARTMENT TO LEGALIZE SAME, IF LAWFULLY FEASIBLE AT KITCHEN  AT BASEMENT | | | | | | | |
| 12/18/2010 | B | 1061 | 8740670 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2087 ADM CODE - DISCONTINUE USE OF ROOMS FOR LIVING, DISCONNECT PLUMBING FIXTURES WHERE ILLEGAL AND PROPERLY SEAL PIPE CONNECTIONS AT  WATER CLOSET, WASH BASIN AND KITCHEN SINK.  AT BASEMENT | | | | | | | |
| 12/18/2010 | B | 1493 | 8740679 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 9, 56, 193, 300, 302 M.D. LAW- ABOVE FRAME BUILDING HAS BEEN CONVERTED FROM A PRIVATE DWELLING TO A MULTIPLE DWELLING AND IS NOW OCCUPIED AND MAINTAINED AS SUCH CONTRARY TO LAW.RESTORE PREMISES TO LAWFUL OCCUPANCY | | | | | | | |
| 12/18/2010 | B | 1051 | 8740665 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR THE TENANT LUIS CAMPOS  IN THE ROOM LOCATED AT B-ROOM 1, 1st STORY | | | | | | | |
| 12/18/2010 | B | 1051 | 8740631 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR THE TENANT WILLIE OSTERWEIL  IN THE ROOM LOCATED AT B-ROOM 4, 2nd STORY | | | | | | | |

The City of New York
Department of Housing Preservation and Development
Division of Code Enforcement

## Violation Summary Report

r The Following Selected Criteria: From Date - 12/18/2010 Through Date - 12/18/2010, Viol Hazard Code - All, Violation Order No. - All, Apt No. - All, Violation Category. - All

| Building Location: | | Building Profile: | | |
|---|---|---|---|---|
| Address: 287   FRANKLIN AVENUE | Range: 287-287 | A Units: 2 | Ownership/Prog: PVT | Last Insp Dt: 12/18/2010 |
| Boro: BROOKLYN   Zip: 11205 | CD: 3 | B Units: 0 | Bldg Class: 2 FAMILY HOUSE | ERP Repair Ind: Y |
| Block: 01941   Lot: 0005 | Census Tract: 23300 | No. of Stories: 3 | | Last ERP: 07/01/2010 |
| | | MDR #: 0 | | |

| y Date Reported | Hazard Class | Order No | Violation Seq No | Item No | Violation Status | Status Dt | Certification Status | NOV Issue Dt | Cert Due Date | Cert Rcvd |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2010 | B | 1051 | 8739976 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR TENANT JON SASMOR AND LISA LIN.. IN THE 1st ROOM FROM NORTH AT WEST LOCATED AT B-ROOM 4F, 3rd STORY | | | | | | | |
| 12/18/2010 | B | 1051 | 8739983 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR THE TENANT AMANDA DIAZ IN THE 1st ROOM FROM EAST AT SOUTH LOCATED AT B-ROOM 4F, 3rd STORY | | | | | | | |
| 12/18/2010 | B | 1051 | 8740594 | | NOV SENT | 12/27/2010 | PENDING | 12/29/2010 | 02/16/2011 | 00/00/0000 |
| | | | § 27-2077 ADM CODE - DISCONTINUE THE ROOMING UNIT FOR THE VILIJA SKUBUTYTE IN THE ROOM LOCATED AT B-ROOM 5, 2nd STORY | | | | | | | |

Open Violations for the Bldg: 62   A = 10   B = 30   C = 12   I = 0   Other = 0

Open Violations for the Bldg for the selected criteria: 8   A = 0   B = 8   C = 0   I = 0   Other = 0

he Following Selected Criteria: From Date - 12/18/2010 Through Date - 12/18/2010, Viol Hazard Code - All, Violation Order No. - All, Apt No. - All, Violation Category. - All

Exhibit

S

**JA182**

OHO Form 150 (Rev. 03/03)

Date Posted and Mailed: January 18, 2011
Effective Date: January 19, 2011

 NYC
Department of
Housing Preservation
& Development
nyc.gov/hpd

THE CITY OF NEW YORK
**DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT**
OFFICE OF HOUSING OPERATIONS
Division of Code Enforcement

Vacate #: 85133
Block #: 01941
Lot #: 0005

**PARTIAL VACATE**

**ORDER TO REPAIR / VACATE ORDER**

By Authority of New York City Administrative Code sec. 27-2139 et. seq. with Notice Pursuant to New York City Administrative Code 27-2127 (a) and 27-2141.

To the Owners, Lessees, and Occupants, et al of the dwelling situated at 287 Franklin Avenue, Borough of Brooklyn, City of New York:

WHEREAS it has been certified to the Division of Code Enforcement by an Officer or Inspector thereof, that the said dwelling is dangerous to life, and detrimental to the health and safety of the occupants and others and is unfit for human habitation because of the following conditions:

1. ILLEGAL ROOMING UNITS CREATED : OTHER : 3rd STORY 4 ILLEGAL ROOMS CREATED

2. ILLEGAL ROOMING UNITS CREATED : INADEQUATE SECOND MEANS OF EGRESS : 3rd STORY - 4 ILLEGAL ROOMS ONE WAY IN SAME WAY OUT

IT IS ORDERED pursuant to Sec. 27-2125 and Sec. 27-2139 et. seq. of the Administrative Code of the City of New York, that the owner(s) of the dwelling situated at 287 Franklin Avenue, Borough of Brooklyn, City of New York repair the above conditions by Wednesday, January 19, 2011.

And to the owner(s) of the dwelling situated at 287 Franklin Avenue, Borough of Brooklyn, City of New York please TAKE NOTICE that unless the above described conditions are removed by Wednesday, January 19, 2011, pursuant to said sec. 27-2125 and sec. 27-2139 et. seq., the Department of Housing Preservation and Development of the City of New York may elect to seek an order directing said Department to execute the above repair order and to permit said Department to obtain a lien for costs of executing said repair order having priority over all other liens and encumbrances against said dwelling; or said Department may elect to correct such conditions with no further notice and obtain a lien for the costs of executing said repairs.

And FURTHER, pursuant to sec. 1802 (1), (2) and (6) of Chapter 61 of the N.Y.C. Charter and sec. 27-2139 et. seq. of the N.Y.C. Administrative Code,
IT IS ORDERED that all persons in apartments:        Last owner / Agent:

Story 3, Apt 4A,EAST/SOUTH,ROOM
Story 3, Apt 4B,EAST/SOUTH,ROOM
Story 3, Apt 4F,NORTHWEST,ROOM
Story 3, Apt 4R,EAST,ROOM

of said dwelling vacate the dwelling by Wednesday, January 19, 2011.

TAKE NOTICE, if the Department finds that the conditions rendering the dwelling or part unfit for human habitation have been corrected, it may revoke this vacate order. If the Department finds that the unlawful conditions are being corrected and that continued occupancy may be permitted consistent with health and safety, the Department may extend the time period for vacating fixed in this order and, in the event of full compliance, may revoke this order.

TAKE FURTHER NOTICE that if this vacate order is not revoked pursuant to the above paragraph the owner may be liable and responsible for all penalties, costs and liens that may arise as a result of this order, including, but not limited to, penalties, costs and liens pursuant to Subchapter V, Article 8 of the Housing Maintenance Code.

And FURTHER, that this order be served as the law requires.
All requests for revocations or time extensions must be submitted immediately to the Borough Chief Inspector in writing with supporting documentation.

_____
Chief Inspector - Division of Code Enforcement

**NOTICE**
THIS VACATE ORDER MAY CAUSE A RELOCATION AND/OR AN EMERGENCY REPAIR LIEN TO BE FILED AGAINST THIS PROPERTY PURSUANT TO SECTIONS 26-305 AND 27-2139 THROUGH 27-2146 OF THE N.Y.C. ADMINISTRATIVE CODE. FOR INFORMATION CALL (718) 348-2565.

**JA183**

**MEIER DECLARATION**
**EXHIBIT 7**

**JA184**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                                          INDEX #_____
-----------------------------------------X

RONALD HENRY LAND TRUST
                        PETITIONER(landlord)

                                                        NOTICE OF PETITION
            VS.                                         HOLD OVER

KURT FLETCHER            RESPONDENT
287 FRANKLIN AVE
TOP FL BACK SMALL ROOM
BROOKLYN, NY 11205      ADDRESS


            RESPONDENT(UNDERTENANT)

-----------------------------------------X

        To the Respondent(s) above named and described, in possession of the
premises hereinafter described or claiming possession thereof:

        **PLEASE TAKE NOTICE** that a hearing at which you must appear will be held
at the Civil Court of the City of New York, Housing   Part to be held at
141 Livingston St                                     J  -RM 502
County of   Kings   on  APRIL 13, 2011 at 2:00 p.m. on the annexed Petition
of Ronald Henry Land Trust  which prays for a final judgment of eviction,
awarding to the Petitioner the possession of premises designated and described as
follows:

the small   room on the Top   Floor Back Apartment   at 287 Frankling Ave
City of New York, County of Kings  other and further relief as is demanded in
the Petition, which you must answer.

        **TAKE NOTICE** also that demand is made in the petition herein for judgment
against you, the Respondent, for the sum of          with interest thereon from
            plus all use and occupancy and legal fees due at trial.

        **TAKE NOTICE** that your answer may set forth any defense or counterclaim you
may have against the Petitioner.

        **TAKE NOTICE** also that if you shall fail at such time to interpose and
establish any defense that you may have to the allegations of the Petition, you
may be precluded from asserting such defense or the claim on which it is based in
any other proceeding or action.

        **TAKE NOTICE** also that your answer may be made at the time of hearing
specified above unless this Notice of Petition is served upon you on or before
at least eight days prior to court date  in which event you must answer at least
3 days before the Petition is noticed to be heard, either orally before the clerk
of the court at his or her office or in writing by serving a copy thereof upon
the undersigned attorney for the Petitioner, and by filing the original of such
written answer with proof of service thereof in the office of the clerk at least
3 days before
the time the Petition is noticed to be heard; in addition thereto, you must
appear before the court at the time and place herein above set forth for the
hearing.

        **TAKE NOTICE** that your failure to appear and answer may result in final
judgment by default for the Petitioner in the amount demanded in the Petition.

Dated: March 9, 2011                                    CHIEF CLERK

    STUART I. JACOBS                    CAROL ALT        MAR 2 4 2011
    Attorney for Petitioner             Chief Clerk
                                                         KINGS COUNTY
    LAW OFFICES OF STUART I. JACOBS                      CIVIL COURT
        1775 St STREET
    BROOKLYN, N.Y. 11204                                              **JA185**
        718-403-3798

L & T Index No. 064297

Civil Court of the City of New York 19

County of Kings Part

Ronald Henry Land Trust

Petitioner (Landlord)

against

Kurt Fletcher

257 Franklin Ave - Top floor back small room

Bklyn, NY 11205

Respondent (Tenant)

Respondent (Undertenant)

# Notice of Petition-Hold Over

(J) 2 pm

4/13/11

Attorney(s) for Petitioner

Office, Post Office Address and Telephone Number

LAW OFFICES OF STUART I. JACOBS
1779 81 STREET
BROOKLYN, N.Y. 11204
718-438-3398

SERVICE BY PERSONAL DELIVERY

being duly sworn, deposes and says that deponent is not a party to this proceeding, is over 18 years of age and resides at

That on 19 at No. That the property sought to be recovered is No.

deponent served the within notice of petition and petition on

(a) respondent therein named, by delivering a true copy of each to said respondent personally; deponent knew the person so served to be the person described as said respondent therein. Deponent describes the individual as and is the respondent's residence or corporate respondent's principal office or principal place of business.

☐ male ☐ female height weight hair color age

(b) a corporation, respondent therein named, by delivering a true copy thereof to personally; deponent knew said corporation so served to be the corporation described in said petition and knew said individual to be the thereof.

strike out either (a) or (b)

Sworn to before me on

AFFIDAVIT AS TO LAST RESIDENCE

being duly sworn, deposes and says that he is the agent of Petitioner in the within proceeding. Petitioner has written information that the above address is the last residence of respondent.

State of New York, County of ss.: being sworn, says, that deponent is not a party to this proceeding, is over 18 years of age and resides at No.

Deponent was unable to serve respondent by personal delivery. The property sought to be recovered is No.

strike out inapplicable statements

Or SUBSTITUTED SERVICE — On 19 at o'clock M. deponent served the within notice of petition and petition by gaining admittance to said property and delivering to and leaving a copy thereof personally with a person of suitable age and discretion, who was willing to receive same and who — resides — was employed — at said property

CONSPICUOUS PLACE SERVICE — ☐ by affixing a copy thereof upon a conspicuous part, to wit: — the entrance door of said property ☐ by placing a copy thereof under the entrance door of such premises. deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to receive same.

MAILING — and within 1 day thereafter on 19 by mailing a copy thereof enclosed in a postpaid properly addressed wrapper to respondent at the property sought to be recovered which is respondent's residence or corporate respondent's principal office or principal place of business by registered-certified-mail and by regular first class mail.

are either (a) or (b) if applicable — (a) which is individual respondent's last — residence address — place of business or employment address. (b) which is corporate respondent's last known principal office or principal place of business within the state by depositing the same in —post office — official depository under the exclusive care and custody of the United States Postal Service within the state.

Sworn to before me on 19

03/07/2011  11:34  7184364138                LAW OFFICES S JACOBS                PAGE  04

B 307—Thirty Days Notice Terminating Monthly            ©1919 BY JULIUS BLUMBERG INC., PUBLISHER
           Tenancy or Tenancy from Month to Month: 2-42          62 White Street, New York, N.Y. 10013
           (In N.Y.C. save in Rent Control or a Notice of Petition)

                                                         January 26  2011
                          Re: Premises: 287 Franklin Avenue
              Back Small  rooms  Top  floor  ___  side  Apt. No.
                        st
                        used for  ☐ Business  ☒ Dwelling purposes.

TO:

┌                                  ┐
│  Kurt Fletcher         Tenant ┐  and,                    Undertenant*
│  287 Franklin Avenue
│  Top Floor Back Small Room
│  Brooklyn, NY 11205            ┘    First name of Tenant and/or Undertenant being fictitious and unknown
└                                  ┘   to petitioner, person intended being in possession of the premises herein
                                        described

or assigns, and every person in possession of the premises.

    You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises
now held by you under monthly hiring. Unless you remove from the said premises on  February  29,
2011 , the day on which your term expires, the Landlord will commence summary proceedings under the
Statute to remove you from said premises for the holding over after the expiration of your term and will de-
mand the value of your use and occupancy of the premises during such holding over.

    The subject premises are not legal for residential use,
    As the premises are not legal, any lease or
    agreement to occupy same is null & void.

Dated: 1/26/11

                                    (X) _____
                                    _____ Landlord
                                    Ronald Henry Land Trust
                                       Landlord                    Agent
                                    By: Chaim Goldberger
                                       Managing agent            Address

* Use window envelope if mailed to tenant.
  Use ordinary envelope if mailed to undertenant.

**JA187**

01/26/2011  17:37   7184364138          LAW OFFICES S JACOBS          PAGE  08/12

## VERIFICATION

STATE OF NEW YORK)
           :SS.:
COUNTY OF KINGS  )

    I, *Chaim Goldberger*, being duly sworn, deposes and says
I am the Managing Agent of the subject premises and have read the
foregoing Petition and Notice of Petition and know the contents
thereof; the same is true to my own knowledge, except as to the
matters therein stated to be alleged on information and belief
and as to those matters I believe it to be true.

Sworn to before me on this
9 day of March , 2011

    *Chaim Goldberger*

3/9/11

STUART I. JACOBS
Notary Public State of New York
No. 34-4924809
Qualified in Kings County
Commission Expires Jan 2, /14

NOTARY PUBLIC

JA188

HOLDOVER NOTICE

TAKE NOTICE that under section 745 of the Real Property
Actions and Proceedings Law, you may be required by the
Court to make a deposit of use and ocupancy, or a payment
of use and occupancy to the Petitioner, upon your second
request for an adjournment or if the proceeding is not
settled or a final determination has not been made by the
Court within 30 days of the first court appearance.  Failure
to comply with an initial deposit or payment order may
result in the entry of a final judgment against you without
a trial.  Failure to make subsequent required deposits or
payments may result in an immediate trial on the issues
raised in your answer.

**JA189**

M.D.R.No   Registered Manag Agent's Name _____ Address

Petitioner lacks written information or notice of any address where the
Respondent tenant-resides-is employed-has a place of business-has its principal
office-place of business in New York State, other than the address of the
property sought to be recovered.

At least 30 days before the expiration of the said term the Respondent-tenant was
served in the manner provided for by law with a notice in writing, a copy of
which with proof of service is hereto annexed and made a part of this petition,
that the landlord elected to terminate the said tenancy and that unless the said
tenant removed from said premises on the day on which said term expired the
landlord would commence summary proceedings under the statute to remove said
tenant therefrom.

Petitioner requests final judgment awarding possession of the premises to the
Petitioner-landlord; issuance of a warrant to remove respondents from possession
thereof; judgment for rent in arrears against respondent-tenant for $
     value of use and occupancy; interest from          costs and disbursement
herein.

DATED:March 9, 2011                    PETITIONER-RONALD HENRY LAND TRUST

JA190

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF    KINGS
----------------------------------------X
RONALD HENRY LAND TRUST

                          PETITIONER( LANDLORD)
            VS                                          PETITION

                                                        HOLDOVER

KURT FLETCHER
287 FRANKLIN AVE            RESPONDENT (TENANT)
TOP FL BACK SMALL ROOM          ADDRESS
BROOKLYN, NY 11205

                  RESPONDENT(UNDERTENANT)

----------------------------------------
THE PETITION OF Ronald Henry Land Trust Owner and landlord of the premises shows
that:

1. The undersigned is managing agent  of the Petitioner. xxxxxxxxx

2. Respondent Kurt Fletcher is a tenant of the premises, entered into possession
under a        rental agreement made on or about April 2010 on a month to month
basis.
Respondent  is an undertenant of the aforementioned respondents tenants.

3. The premises are described as follows:
        The top fl back small room located at 287 Franklin Ave
   which is situated within the territorial jurisdiction of the Civil Court of
the City of New York, County of Kings

 4. The term for which said premises were rented by the respondent tenant expired
on February 28, 2011      pursuant to Thirty Day Termination Notice
made a part hereof as if fully set forth herein.

 5. The respondents continue in possession of the premises without permission of
the landlord, or of the petitioner, after the expiration of said term.

   See annexed Thirty Day Termination Notice made a part hereof as if fully set
forth herein.

6
___The apartment is presently subject to the Rent Stabilization Law of 1969, as
amended, because:
   ___ It was subject to the Rent Stabilization Law on June 30, 1974;
       It became subject to the Rent Stabilization Law on July 1, 1974.  It had
       been subject to the Rent Stabilization Law on June 30, 1971, but was
       destabilized prior to July 1, 1974, because of a vacancy which occurred
       between July 1, 1971 and June 30, 1974;
   ___ It became subject to the Rent Stabilization Law on July 1, 1974.  It had
       been subject to the City Rent Law(rent control) on June 30, 1974, but
       was thereafter decontrolled because of a vacancy which occurred on
                             and the owner of the premises has
       registered rents and services with the DHCR pursuant to the
       Administrative Code; is in compliance with the Rent Stabilization Law
       and Code; and the rent demanded herein does not exceed the legal
       regulated rent permitted the owner under said Law, Code and
       appropriate Rent Guidelines Board Orders.


X_   The apartment is not subject to any of the foregoing by reason of
     Premises are located in a two family dwelling rented after April 1, 1953.


7.  X  The premises are not a legal multiple dwelling.  The dwelling are a
multiple dwelling and pursuant to the Administrative Code Article 41 there is a
currently effective registration statement on file with the office of Code
Enforcement in which the owner has designated the managing agent named below, a
natural person over 21 years of age, to be in control of and responsible for the
maintenance and operation of the dwelling.

**JA191**

BROOKLYN CIVIL COURT
2011 MAR 24 PH 3:51

Civil Court of the City of New York
Index # Kings 06-13297
County of

Ronald Henry Land Trust
Petitioner (Landlord)

Kurt Fletcher — Respondent (Tenant)
287 Franklin Ave
Top floor back small room — (Undertenant)
Brooklyn, NY 11205

PETITION HOLD-OVER

Reg. received on: _____
Answer on: _____

Counterclaim: _____
Third party notice: _____
Landlord notified: _____
Tenant notified: _____
Date: _____

Judgment: _____
Disposition: _____    JCC

4/13/11

Attorney for Petitioner
Office, Post Office Address and Telephone Number
Stuart I. Jacobs
1770 51st Street

**JA192**

AFFIDAVIT OF CONSPICUOUS SERVICE

STATE OF NEW YORK        )          CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS          )               L&T # 064297/11K

YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.

DEPONENT WAS UNABLE TO SERVE KURT FLETCHER TENANT(S)/OCCUPANT(S) BY
PERSONAL DELIVERY

AT 287 FRANKLIN AVENUE, APT. TOP FLOOR BACK SMALL ROOM,
BROOKLYN, N.Y. 11205

ON APRIL 6TH 2011 AT 9:21AM DEPONENT SERVED THE ATTACHED

NOTICE OF PETITION & PETITION HOLDOVER

[X] BY AFFIXING ONE TRUE COPY FOR EACH TENANT/OCCUPANT UPON A
CONSPICUOUS PART, TO WIT-THE ENTRANCE DOOR.

DEPONENT WAS UNABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION
WILLING TO RECEIVE THE SAME AT THIS TIME OR DURING THE PRIOR ATTEMPT
MADE ON APRIL 5TH 2011 AT 6:02PM.

SERVICE ON THE RESPONDENTS WAS COMPLETED ON APRIL 7TH 2011, WHEN
DEPONENT CAUSED TRUE COPIES OF THE FOREGOING PLEADINGS TO BE FORWARDED
TO THE RESPONDENTS AT THE PREMISES, BY CERTIFIED MAIL, AND BY ORDINARY
FIRST CLASS REGULAR MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY
ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST
OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE
CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.

                                        YISROEL A. SIMON
                                        LICENSE #1161183

SWORN TO BEFORE ME THIS
7TH DAY OF APRIL, 2011


NOTARY PUBLIC

        ESTHER M. OLITSKY
    Notary Public State of New York
          No. OL6156414
      Qualified in Kings County
  Commission Expires November 27, 2014

**JA193**

**MEIER DECLARATION**
**EXHIBIT 8**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                                          INDEX #_____
-----------------------------------------X

RONALD HENRY LAND TRUST
                    PETITIONER(landlord)
                                                        NOTICE OF PETITION
            VS.                                         HOLD OVER

AMANDA DIAZ              RESPONDENT
287 FRANKLIN AVE
TOP FL BACK LARGE ROOM          ADDRESS
BROOKLYN, NY 11205

                    RESPONDENT(UNDERTENANT)
-----------------------------------------X

     To the Respondent(s) above named and described, in possession of the
premises hereinafter described or claiming possession thereof:

     **PLEASE TAKE NOTICE** that a hearing at which you must appear will be held
at the Civil Court of the City of New York, Housing   Part to be held at
141 Livingston St                                          RM 502
County of   Kings      on  April 5  / 2011 at 2:00  p.m. on the annexed
Petition of Ronald Henry Land Trust  which prays for a final judgment of
eviction, awarding to the Petitioner the possession of premises designated and
described as follows:

the   Large   room on the Top   Floor Back Room   at 287 Franklin Ave
   City of New York, County of Kings     other and further relief as is demanded
in the Petition, which you must answer.

     **TAKE NOTICE** also that demand is made in the petition herein for judgment
against you, the Respondent, for the sum of        with interest thereon from
          plus all use and occupancy and legal fees due at trial.

     **TAKE NOTICE** that your answer may set forth any defense or counterclaim you
may have against the Petitioner.

     **TAKE NOTICE** also that if you shall fail at such time to interpose and
establish any defense that you may have to the allegations of the Petition, you
may be precluded from asserting such defense or the claim on which it is based in
any other proceeding or action.

     **TAKE NOTICE** also that your answer may be made at the time of hearing
specified above unless this Notice of Petition is served upon you on or before
at least eight days   prior to court date   in which event you must answer at
least 3 days before the Petition is noticed to be heard, either orally before the
clerk of the court at his or her office or in writing by serving a copy thereof
upon the undersigned attorney for the Petitioner, and by filing the original of
such written answer with proof of service thereof in the office of the clerk at
least 3 days before
the time the Petition is noticed to be heard; in addition thereto, you must
appear before the court at the time and place herein above set forth for the
hearing.

     **TAKE NOTICE** that your failure to appear and answer may result in final
judgment by default for the Petitioner in the amount demanded in the Petition.

Dated:March 9, 2011

     STUART I. JACOBS                    CAROL ALT
     Attorney for Petitioner            Chief Clerk          Carol Alt
                                                             CHIEF CLERK
LAW OFFICES OF STUART I. JACOBS                              MAR 24 2011
     1779 61 STREET                                          KINGS COUNTY
  BROOKLYN, N.Y. 11204                                       CIVIL COURT
    ___ ___-3896

                                                             **JA195**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
RONALD HENRY LAND TRUST

                        PETITIONER( LANDLORD)

            VS                                          PETITION

                                                        HOLDOVER

AMANDA DIAZ              RESPONDENT (TENANT)
287 FRANKLIN AVE              ADDRESS
TOP FL BACK LARGE ROOM
BROOKLYN, NY 11205

        RESPONDENT(UNDERTENANT)

----------------------------------------------------
THE PETITION OF   Ronald Henry Land Trust     Owner and landlord of the premises
shows   that:

1. The undersigned is   managing agent        of the Petitioner. xxxxxxxxx

2. Respondent Amanda Diaz is a tenant of the premises, entered into possession
under a              rental agreement made on or about April 2010 on a monthly
basis.
Respondent   is an undertenant of the aforementioned respondents tenants.

3. The premises are described as follows:
      The top floor back large room located at 287 Franklin Ave.
   which is situated within the territorial jurisdiction of the Civil Court of
the City of New York, County of Kings.

 4. The term for which said premises were rented by the respondent tenant expired
on February 28, 2011       pursuant to Thirty Day Termination  Notice
made a part hereof as if fully set forth herein.

 5. The respondents continue in possession of the premises without permission of
the landlord, or of the petitioner, after the expiration of said term.

    See annexed Thirty Day Termination Notice made a part hereof as if fully set
forth herein.

6__  The apartment is subject to rent control and the rent demanded herein does
not exceed the maximum rent prescribe by the New York State Division of Housing
and Community Renewal (DHCR)

___The apartment is presently subject to the Rent Stabilization Law of 1969, as
amended, because:
      ___ It was subject to the Rent Stabilization Law on June 30, 1974;
      ___ It became subject to the Rent Stabilization Law on July 1, 1974.  It had
          been subject to the Rent Stabilization Law on June 30, 1971, but was
          destabilized prior to July 1, 1974, because of a vacancy which occurred
          between July 1, 1971 and June 30, 1974;
      ___ It became subject to the Rent Stabilization Law on July 1, 1974.  It had
          been subject to the City Rent Law(rent control) on June 30, 1974, but
          was thereafter decontrolled because of a vacancy which occurred on
                              and the owner of the premises:has
          registered rents and services with the DHCR pursuant to the
          Administrative Code; is in compliance with the Rent Stabilization Law
          and Code; and the rent demanded herein does not exceed the legal
          regulated rent permitted the owner under said Law, Code and
          appropriate Rent Guidelines Board Orders.

_x   The apartment is not subject to any of the foregoing by reason of

     Premises are located in a two family dwelling rented after April 1, 1953.

**JA196**

7. __X__ The premises are not a legal multiple dwelling. __The dwelling are a multiple dwelling and pursuant to the Administrative Code Article 41 there is a currently effective registration statement on file with the office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

M.D.R.No   Registered Manag Agent's Name _____   Address

Petitioner lacks written information or notice of any address where the Respondent tenant-resides-is employed-has a place of business-has its principal office-place of business in New York State, other than the address of the property sought to be recovered.

At least 30 days before the expiration of the said term the Respondent-tenant was served in the manner provided for by law with a notice in writing, a copy of which with proof of service is hereto annexed and made a part of this petition, that the landlord elected to terminate the said tenancy and that unless the said tenant removed from said premises on the day on which said term expired the landlord would commence summary proceedings under the statute to remove said tenant therefrom.

Petitioner requests final judgment:awarding possession of the premises to the Petitioner-landlord; issuance of a warrant to remove respondents from possession thereof;judgment for rent in arrears against respondent-tenant for $
     value of use and occupancy; interest from          costs and disbursement herein.

DATED: March 9, 2011                    PETITIONER-RONALD HENRY LAND TRUST

JA197

*AFFIDAVIT OF CONSPICUOUS SERVICE*

STATE OF NEW YORK      )            CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS        )

    *YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.*

*DEPONENT WAS UNABLE TO SERVE* **AMANDA DIAZ** *TENANT(S)/OCCUPANT(S) BY
PERSONAL DELIVERY*

*AT 287 FRANKLIN AVENUE, APT. TOP FLOOR BACK LARGE ROOM,
BROOKLYN, N.Y. 11205*

*ON JANUARY 28TH 2011, AT 9:01AM DEPONENT SERVED THE ATTACHED*

*NOTICE OF TERMINATION*

*[X] BY AFFIXING ONE TRUE COPY FOR EACH TENANT/OCCUPANT UPON A
CONSPICUOUS PART, TO WIT-THE ENTRANCE DOOR.*

*DEPONENT WAS UNABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION
WILLING TO RECEIVE THE SAME AT THIS TIME OR DURING THE PRIOR ATTEMPT
MADE ON JANUARY 27TH 2011 AT 6:07PM.*

*SERVICE ON THE RESPONDENTS WAS COMPLETED ON JANUARY 28TH 2011, WHEN
DEPONENT CAUSED TRUE COPIES OF THE FOREGOING NOTICE TO BE FORWARDED TO
THE RESPONDENTS AT THE PREMISES, BY CERTIFIED MAIL, AND BY ORDINARY
FIRST CLASS REGULAR MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY
ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST
OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE
CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.*

                                 *YISROEL A. SIMON*
                                 *LICENSE #1161183*

*SWORN TO BEFORE ME THIS
28TH DAY OF JANUARY, 2011*

NOTARY PUBLIC

      ESTHER M. OLITSKY
   Notary Public State of New York
       No. OL6156414
    Qualified in Kings County
Commission Expires November 27, 2014

**JA198**

AFFIDAVIT OF CONSPICUOUS SERVICE

STATE OF NEW YORK        )               CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS          )                  L&T # 064298/11K

YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.

DEPONENT WAS UNABLE TO SERVE AMANDA DIAZ TENANT(S)/OCCUPANT(S) BY
PERSONAL DELIVERY

AT 287 FRANKLIN AVENUE, APT. TOP FLOOR BACK LARGE ROOM,
BROOKLYN, N.Y. 11205

ON MARCH 30TH 2011 AT 9:03AM DEPONENT SERVED THE ATTACHED

NOTICE OF PETITION & PETITION HOLDOVER

[X] BY AFFIXING ONE TRUE COPY FOR EACH TENANT/OCCUPANT UPON A
CONSPICUOUS PART, TO WIT-THE ENTRANCE DOOR.

DEPONENT WAS UNABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION
WILLING TO RECEIVE THE SAME AT THIS TIME OR DURING THE PRIOR ATTEMPT
MADE ON MARCH 29TH 2011 AT 9:49PM.

SERVICE ON THE RESPONDENTS WAS COMPLETED ON MARCH 30TH 2011, WHEN
DEPONENT CAUSED TRUE COPIES OF THE FOREGOING PLEADINGS TO BE FORWARDED
TO THE RESPONDENTS AT THE PREMISES, BY CERTIFIED MAIL, AND BY ORDINARY
FIRST CLASS REGULAR MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY
ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST
OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE
CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.

                                        YISROEL A. SIMON
                                        LICENSE #1161183

SWORN TO BEFORE ME THIS
30TH DAY OF MARCH, 2011

NOTARY PUBLIC

        ESTHER M. OLITSKY
    Notary Public State of New York
            No. OL6156414
        Qualified in Kings County
    Commission Expires November 27, 2014

**JA199**

HOLDOVER NOTICE

TAKE NOTICE that under section 745 of the Real Property
Actions and Proceedings Law, you may be required by the
Court to make a deposit of use and occupancy, or a payment
of use and occupancy to the Petitioner, upon your second
request for an adjournment or if the proceeding is not
settled or a final determination has not been made by the
Court within 30 days of the first court appearance.  Failure
to comply with an initial deposit or payment order may
result in the entry of a final judgment against you without
a trial.  Failure to make subsequent required deposits or
payments may result in an immediate trial on the issues
raised in your answer.

**JA200**

02/26/2011 15:27   7184364138          LAW OFFICES S JACOBS          PAGE 10

VERIFICATION

STATE OF NEW YORK)
                 :SS.:
COUNTY OF KINGS  )

      I, Chaim Goldberg, being duly sworn, deposes and says
I am the Managing Agent of the subject premises and have read the
foregoing Petition and Notice of Petition and know the contents
thereof; the same is true to my own knowledge, except as to the
matters therein stated to be alleged on information and belief
and as to those matters I believe it to be true.

Sworn to before me on this
9 day of March, 2011

STUART L JACOBS
Notary Public State of New York
No. 24-4934809
Qualified in Kings County
Commission Expires Jan 7,

NOTARY PUBLIC

                                        Chaim Goldberger

JA201

01/26/2011  17:37   7184364138              LAW OFFICES S JACOBS              PAGE  04/12

B 307—Thirty Days Notice Terminating Monthly
Tenancy or Tenant from Month to Month : 2.42
(In N.Y.C serve in same manner as a Notice of Petition)

©1976 BY JULIUS BLUMBERG, INC., PUBLISHER
62 WHITE STREET, NEW YORK, N.Y. 10013

January 26, 2011

Re: Premises: 287 Franklin Avenue

    rooms    floor    side  Apt. No.

at

used for ☐ Business ☒ Dwelling purposes.

TO:

| Tenant | and, | Undertenant* |
|---|---|---|
| Amanda Diaz | | |
| 287 Franklin Avenue | | |
| Top Floor back large Room | | |
| Brooklyn, NY 11205 | | |

First name of Tenant and/or Undertenant being fictitious and unknown
to petitioner, person intended being in possession of the premises herein
described

or assigns, and every person in possession of the premises.

    You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises
now held by you under monthly hiring. Unless you remove from the said premises on February 28,
2011 , the day on which your term expires, the Landlord will commence summary proceedings under the
Statute to remove you from said premises for the holding over after the expiration of your term and will de-
mand the value of your use and occupancy of the premises during such holding over.

The subject premises are not legal for residential use.
Violation # 8739953 was placed on 12/8/10 and the premises
are also described and referred to under said violation
as 1st room from East at South located at b Room 4E, 3rd story.

As the premises are not Legal any lease or agreement
to occupy same is null + void.

Dated: 1/26/11

(X) _____  ......Landlord

Ronald Henry Land Trust
......Landlord ......................... ......Agent
By: Chaim Goldberger
......Managing Agent ......................... ......Address

* Use window envelope if mailed to tenant.
Use ordinary envelope if mailed to undertenant.

**JA202**

L. & T Index No. 064298

Civil Court of the City of New York 19

County of Kings Part

Ronald Henry Land Trust

Petitioner (Landlord)

against

Amanda Diaz
237 Franklin Ave
Top fl back large rm
Bklyn NY 11205

Respondent (Tenant)

Respondent (Undertenant)

# Notice of Petition-Hold Over

(J) 2 PM

4/5/11

2011 MAR 30 PM 3:49

Attorney(s) for Petitioner

Office, Post Office Address and Telephone Number

LAW OFFICES OF STUART I. JACOBS
1779 61 STREET
BROOKLYN, N.Y. 11204
718-438-3398

AFFIDAVIT AS TO LAST RESIDENCE

being duly sworn, deposes and says that he is the agent of Petitioner in the within proceeding.

That the property sought to be recovered is No.

and is the respondent's residence or corporate respondent's principal office or principal place of business.

Petitioner has written information that the above address is the last residence of respondent.

Sworn to before me on

SERVICE BY PERSONAL DELIVERY

being duly sworn, deposes and says that deponent is not a party to this proceeding, is over 18 years of age and resides at

That on 19 at No. deponent served the within notice of petition and petition on

(a) respondent therein named, by delivering a true copy of each to said respondent personally; deponent knew the person so served to be the person described as said respondent therein. Deponent describes the individual as

☐ male ☐ female height weight hair color age

(b) a corporation, respondent therein named, by delivering a true copy thereof to personally; deponent knew said corporation so served to be the corporation described therein as said respondent and knew said individual to be the thereof.

strike out either (a) or (b)

Sworn to before me on

State of New York, County of ss.: being sworn, says, that deponent is not a party to this proceeding, is over 18 years of age and resides at No.

Deponent was unable to serve respondent by personal delivery. The property sought to be recovered is No.

strike out inapplicable statements

SUBSTITUTED SERVICE — On 19 at o'clock M. deponent served the within notice of petition and petition by gaining admittance to said property and delivering to and leaving a copy thereof personally with a person of suitable age and discretion, who was willing to receive same and who — resided — was employed — at said property.

CONSPICUOUS PLACE SERVICE — ☐ by affixing a copy thereof upon a conspicuous part, to wit — the entrance door of said property. ☐ by placing a copy thereof under the entrance door of such premises. deponent was unable to gain admittance thereto or to find a person of suitable age and discretion willing to receive same.

MAILING — and within 1 day thereafter, on 19 by mailing a copy thereof enclosed in a post paid properly addressed wrapper to respondent at the property sought to be recovered which is respondent's residence or corporate respondent's principal office or principal place of business by registered-certified-mail and by regular first class mail.

use either (a) or (b) if applicable — (a) which is individual respondent's last — residence address — place of business or employment address. (b) which is corporate respondent's last known principal office or principal place of business within the state by depositing the same in —post office — official depository under the exclusive care and custody of the United States Postal Service within the state.

Sworn to before me on 19

**MEIER DECLARATION**
**EXHIBIT 9**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF   KINGS

INDEX # __64303/11__

-----------------------------------------X

RONALD HENRY LAND TRUST
                  PETITIONER(landlord)

                                          NOTICE OF PETITION
                    VS.                   HOLD OVER

ALEX ROSENBAUM          RESPONDENT
287 FRANKLIN AVE
2ND FL BACK LARGE ROOM
BROOKLYN, NY 11205      ADDRESS

         RESPONDENT(UNDERTENANT)

-------------------------------------------X

        To the Respondent(s) above named and described, in possession of the
premises hereinafter described or claiming possession thereof:

        **PLEASE TAKE NOTICE** that a hearing at which you must appear will be held
at the Civil Court of the City of New York,   Housing  Part to be held at
141 Livingston St  PT2 __April 13__         , 2011 at __9:30 a.m.__ on the annexed Petition of
County of   Kings    on __April 13__ , 2011 at __9:30 a.m.__ on the annexed Petition of
Ronald Henry Land Trust   which prays for a final judgment of eviction, awarding
to the Petitioner the possession of premises designated and described as follows:

the large   room on the second  Floor back Apartment NO#   at 287 Franklin Ave
     City  of New York, County of Kings  other and further relief as is demanded
in the Petition, which you must answer.

        **TAKE NOTICE** also that demand is made in the petition herein for judgment
against you, the Respondent, for the sum of        with interest thereon from
        plus all use and occupancy and legal fees due at trial.

        **TAKE NOTICE** that your answer may set forth any defense or counterclaim you
may have against the Petitioner.

        **TAKE NOTICE** also that if you shall fail at such time to interpose and
establish any defense that you may have to the allegations of the Petition, you
may be precluded from asserting such defense or the claim on which it is based in
any other proceeding or action.

        **TAKE NOTICE** also that your answer may be made at the time of hearing
specified above unless this Notice of Petition is served upon you on or before
at least eight days prior to court date· in which event you must answer at least
3 days before the Petition is noticed to be heard, either orally before the clerk
of the court at his or her office or in writing by serving a copy thereof upon
the undersigned attorney for the Petitioner, and by filing the original of such
written answer with proof of service thereof in the office of the clerk at least
3 days before
the time the Petition is noticed to be heard; in addition thereto, you must
appear before the court at the time and place herein above set forth for the
hearing.

        **TAKE NOTICE** that your failure to appear and answer may result in final
judgment by default for the Petitioner in the amount demanded in the Petition.

Dated: March 9, 2011

        STUART I. JACOBS                    CAROL ALT
        Attorney for Petitioner            Chief Clerk

LAW OFFICES OF STUART I. JACOBS
        1775 51 STREET
    BROOKLYN, N.Y. 11204
        718-436-3386

**JA205**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RONALD HENRY LAND TRUST

                            PETITIONER ( LANDLORD)

                 VS                                    PETITION

                                                    HOLDOVER

ALEX ROSENBAUM        RESPONDENT (TENANT)
287 FRANKLIN AVE              ADDRESS
2ND FL BACK LARGE ROOM
BROOKLYN, NY 11205

                  RESPONDENT(UNDERTENANT)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THE PETITION OF Ronald Henry Land Trust Owner and landlord of the premises shows
that:

1. The undersigned is   managing agent   of the Petitioner. xxxxxxxxx

2. Respondent Alex Rosenbaum is a tenant of the premises, entered into possession
under a     rental agreement made on or about April 2010 for a monthly basis.

Respondent   is an undertenant of the aforementioned respondents tenants.

3. The premises are described as follows:
    The second floor back large room located at 287 Franklin Ave.
    which is situated within the territorial jurisdiction of the Civil Court of
the City of New York, County of Kings.

4. The term for which said premises were rented by the respondent tenant expired
on February 28, 2011      pursuant to Thirty Day Termination Notice
made a part hereof as if fully set forth herein.

5. The respondents continue in possession of the premises without permission of
the landlord, or of the petitioner, after the expiration of said term.

    See annexed Thirty Day Termination Notice made a parat hereof as if fully set
forth herein.

6__   The apartment is subject to rent control and the rent demanded herein does
not exceed the maximum rent prescribe by the New York State Division of Housing
and Community Renewal (DHCR)

___The apartment is presently subject to the Rent Stabilization Law of 1969, as
amended, because:
    __ It was subject to the Rent Stabilization Law on June 30, 1974;
    __ It became subject to the Rent Stabilization Law on July 1, 1974.  It had
       been subject to the Rent Stabilization Law on June 30, 1971, but was
       destabilized prior to July 1, 1974, because of a vacancy which occurred
       between July 1, 1971 and June 30, 1974;
    __ It became subject to the Rent Stabilization Law on July 1, 1974.  It had
       been subject to the City Rent Law(rent control) on June 30, 1974, but
       was thereafter decontrolled because of a vacancy which occurred on
                        and the owner of the premises:has
       registered rents and services with the DHCR pursuant to the
       Administrative Code; is in compliance with the Rent Stabilization Law
       and Code; and the rent demanded herein does not exceed the legal
       regulated rent permitted the owner under said Law, Code and
       appropriate Rent Guidelines Board Orders.

_x   The apartment is not subject to any of the foregoing by reason of

    Premises are located in a two family dwelling rented after April 1, 1953.

**JA206**

7. _X_ The premises are not a legal multiple dwelling. _The dwelling are a
multiple dwelling and pursuant to the Administrative Code Article 41 there is a
currently effective registration statement on file with the office of Code
Enforcement in which the owner has designated the managing agent named below, a
natural person over 21 years of age, to be in control of and responsible for the
maintenance and operation of the dwelling.

M.D.R.No   Registered Manag Agent's Name        Address

Petitioner lacks written information or notice of any address where the
Respondent tenant-resides-is employed-has a place of business-has its principal
office-place of business in New York State, other than the address of the
property sought to be recovered.

At least 30 days before the expiration of the said term the Respondent-tenant was
served in the manner provided for by law with a notice in writing, a copy of
which with proof of service is hereto annexed and made a part of this petition,
that the landlord elected to terminate the said tenancy and that unless the said
tenant removed from said premises on the day on which said term expired the
landlord would commence summary proceedings under the statute to remove said
tenant therefrom.

Petitioner requests final judgment:awarding possession of the premises to the
Petitioner-landlord; issuance of a warrant to remove respondents from possession
thereof;judgment for rent in arrears against respondent-tenant for $
     value of use and occupancy; interest from          costs and disbursement
herein.

DATED:March 9, 2011                    PETITIONER-RONALD HENRY LAND TRUST

**JA207**

03/07/2011  11:34    7184364130              LAW OFFICES S JACOBS              PAGE  02

B 307—Thirty Days Notice Terminating Monthly
Tenancy or Tenancy from Month to Month; 1-42
(In N.Y.C. have in same manner as a Notice of Petition)

© 1978 BY JULIUS BLUMBERG, INC., PUBLISHER
62 WHITE STREET, NEW YORK, N.Y. 10013

January 26, 2011

Re: Premises: 287 Franklin Avenue
Back Large rooms  2nd floor  side  Apt. No.
used for ☐ Business  ☒ Dwelling purposes.

TO:

Alex Rosenbaum  ⌐ Tenant ⌐    and,    Undertenant*
287 Franklin Avenue
2nd Floor, Back Large Room
Brooklyn, NY 11205

First name of Tenant and/or Undertenant being fictitious and unknown
to petitioner, person intended being in possession of the premises herein
described

or assigns, and every person in possession of the premises.

You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises now held by you under monthly hiring. Unless you remove from the said premises on february 28, 2011 . the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term and will demand the value of your use and occupancy of the premises during such holding over.

The subject premises are not legal for residential use.
As the premises are not legal, any lease or
agreement to occupy same is null & void.

Dated:  1/26/11

(X) _____
_____ Landlord
Ronald Henry Land Trust
Land lord _____ Agent
By: Chaim Goldberger
managing agent _____ Address

**JA208**

AFFIDAVIT OF CONSPICUOUS SERVICE

STATE OF NEW YORK      )                    CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS        )

     YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
     THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
     PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.

DEPONENT WAS UNABLE TO SERVE ALEX ROSENBAUM TENANT(S)/OCCUPANT(S)
BY PERSONAL DELIVERY

AT 287 FRANKLIN AVENUE, APT. 2ND FLOOR BACK LARGE ROOM,
BROOKLYN, N.Y. 11205

ON JANUARY 28TH 2011, AT 9:05AM DEPONENT SERVED THE ATTACHED

NOTICE OF TERMINATION

[X] BY AFFIXING ONE TRUE COPY FOR EACH TENANT/OCCUPANT UPON A
CONSPICUOUS PART, TO WIT-THE ENTRANCE DOOR.

DEPONENT WAS UNABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION
WILLING TO RECEIVE THE SAME AT THIS TIME OR DURING THE PRIOR ATTEMPT
MADE ON JANUARY 27TH 2011 AT 6:15PM.

SERVICE ON THE RESPONDENTS WAS COMPLETED ON JANUARY 28TH 2011, WHEN
DEPONENT CAUSED TRUE COPIES OF THE FOREGOING NOTICE TO BE FORWARDED TO
THE RESPONDENTS AT THE PREMISES, BY CERTIFIED MAIL, AND BY ORDINARY
FIRST CLASS REGULAR MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY
ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST
OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE
CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.

                                        YISROEL A. SIMON
                                        LICENSE #1161183

SWORN TO BEFORE ME THIS
28TH DAY OF JANUARY, 2011

NOTARY PUBLIC

        ESTHER M. GLITSKY
   Notary Public State of New York
        No. 0L6156414
     Qualified in Kings County
Commission Expires November 27, 2014

**JA209**

Apr 07 2011 12:18PM  Landlord & Tennant Servic  347-702-6724          p.2

### AFFIDAVIT OF CONSPICUOUS SERVICE

STATE OF NEW YORK        )              CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS          )                  L&T # 064303/11K

YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.

DEPONENT WAS UNABLE TO SERVE ALEX ROSENBAUM TENANT(S)/OCCUPANT(S)
BY PERSONAL DELIVERY

AT 287 FRANKLIN AVENUE, APT. 2ND FLOOR BACK LARGE ROOM,
BROOKLYN, N.Y. 11205

ON APRIL 6TH 2011 AT 9:23AM DEPONENT SERVED THE ATTACHED

NOTICE OF PETITION & PETITION HOLDOVER

[X] BY AFFIXING ONE TRUE COPY FOR EACH TENANT/OCCUPANT UPON A
CONSPICUOUS PART, TO WIT-THE ENTRANCE DOOR.

DEPONENT WAS UNABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION
WILLING TO RECEIVE THE SAME AT THIS TIME OR DURING THE PRIOR ATTEMPT
MADE ON APRIL 5TH 2011 AT 6:04PM.

SERVICE ON THE RESPONDENTS WAS COMPLETED ON APRIL 7TH 2011, WHEN
DEPONENT CAUSED TRUE COPIES OF THE FOREGOING PLEADINGS TO BE FORWARDED
TO THE RESPONDENTS AT THE PREMISES, BY CERTIFIED MAIL, AND BY ORDINARY
FIRST CLASS REGULAR MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY
ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST
OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE
CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.

                                        YISROEL A. SIMON
                                        LICENSE #1161183

SWORN TO BEFORE ME THIS
7TH DAY OF APRIL, 2011

NOTARY PUBLIC

        ESTHER M. GLITSKY
    Notary Public State of New York
            No. 01GL5564I4
        Qualified in Kings County
    Commission Expires November 27, 2014

**JA210**

☐ Attorney's  has been compared by me with the original and found to be a true and complete copy.
    Affirmation
    state that I am
    the attorney(s) of record for                                                           in the within
    action; I have read the foregoing                                   and know the contents thereof;
    the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
    I believe it to be true. The reason this verification is made by me and not by

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

    I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:                                                                    _____
                                                                          The name signed must be printed beneath
STATE OF NEW YORK, COUNTY OF                                    ss.:
I, the undersigned, being duly sworn, depose and say: I am
☐ Individual  in the action; I have read the foregoing
   Verification
                                                               and know the contents thereof; the same is true to my own knowledge, except
               as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.
☐ Corporate  the                                      of
   Verification
                                                               corporation and a party in the within action; I have read the foregoing
               and know the contents thereof; and the same is true to my own knowledge.
    except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
    verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                                                     _____
                                                                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF K ¡NG S                    ss.:      (If more than one box is checked—indicate after name(s) type of service used.)
I, the undersigned, being sworn, I am not a party to the action, am over 18 years of age and reside at K ¡NG S   Co ¡N T Y
On April 29, 2011          I served the within N A T ¡ c e  of  m o T ¡ o n   W ¡ T h   E x h ¡ b ¡ T s
☒ Service  by mailing a copy to each of the following persons at the last known address set forth after each name below.
   By Mail
☐ Personal  by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
   Service on
   a Party     to be the person mentioned and described in said papers as a party therein.
☐ Service by  by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
   Electronic    at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
   Means         copy to the address set forth after each name.
☐ Overnight  by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name
   Delivery      below.
   Service

              ALEX Rosenbaum
              287  Franklin Ave.
              2nd Flor Back Large room
              Brooklyn, NY 11205

Sworn to before me on                                                     _____
                                                                          The name signed must be printed beneath

                                                                          ST A R T  J A c o B S
                                                                          ATT ¡  f c  P e T ¡ T ¡ o n e r

RONALD HENRY LAND TRUST

                         PETITIONER

                              VS

        ALEX ROSENBAUM

                         RESPONDENT

---

        NOTICE OF MOTION

---

            **LAW OFFICES OF STUART I. JACOBS**
            *Attorney for*        PETITIONER
                *Office and Post Office Address, Telephone*
            LAW OFFICES OF STUART I. JACOBS
                    1779 61 STREET
                  BROOKLYN, N.Y. 11204
                    718-436-3396

---

        To

        Attorney(s) for

---

        Service of a copy of the within                            is hereby admitted.

        Dated,

                                      Attorney(s) for

---

        Please take notice
        ☐ NOTICE OF ENTRY
        that the within is a *(certified)* true copy of a
        duly entered in the office of the clerk of the within named court on                    19
        ☐ NOTICE OF SETTLEMENT
        that an order                                    of which the within is a true copy will be presented for
        settlement to the HON.                                                  one of the judges
        of the within named court, at
        on            19      at              M.

        Dated,

                                      Yours, etc.
                            **LAW OFFICES OF STUART I. JACOBS**
                            *Attorney for*
                                *Office and Post Office Address*
                            LAW OFFICES OF STUART I. JACOBS
                                    1779 61 STREET
                                  BROOKLYN, N.Y. 11204
                                    718-436-3396

        To

        Attorney(s) for

**JA212**

**MEIER DECLARATION
EXHIBIT 10**

**JA213**

Case 1:11-cv-04645-KAM-JO   Document 48-12   Filed 07/24/12   Page 2 of 2 PageID #: 976

```
SCRN: CHST                  UNIFIED COURT SYSTEM            DATE: 07/21/2011
TERM: F207        - HOUSING COURT INFORMATION SYSTEM -     TIME: 10:40:45
                          KING - CASE HISTORY -
                                                           CMD:
CASE: 2011/0064299        RONALD HENRY LAND     VS. SASMOR/LIN

05/04/2011 002 CLN H       09:30A ADJN  05/16/2011 H        09:30A MFI    CAL
05/16/2011 003 CLN H       09:30A ADJN  06/15/2011 H        09:30A MFI    CAL
06/15/2011 004 CLN H       09:30A ADJN  06/30/2011 H        09:30A MFI    CAL
06/30/2011 005 CLN H       09:30A TRAN  06/30/2011 EX       09:30A MFI    CAL
06/30/2011 006 CLN EX      09:30A TRAN  06/30/2011 H        09:30A JL     CAL
06/30/2011 007 CLN H       09:30A DISC                             MFI    CAL

04/19/2011 001 MTN BY RESP              04/22/2011 H        09:30A
               . MOTION BY SEPCIAL APPEARANCE TO CONSOLIDATE
04/22/2011 001 CLN H       09:30A ADJN  04/28/2011 H        09:30A MFI    MOT
04/28/2011 002 CLN H       09:30A DEND                             MFI    MOT

05/06/2011 002 MTN BY RESP              05/16/2011 H        09:30A
               MOTION FOR LEAVE TO RENEW
05/16/2011 001 CLN H       09:30A ADJN  06/15/2011 H        09:30A MFI    MOT
06/15/2011 002 CLN H       09:30A GRTD                             MFI    MOT
PF7 TO SCROLL BACKWARD - PF8 TO SCROLL FORWARD
```

**JA214**

**MEIER DECLARATION**
**EXHIBIT 11**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X        INDEX #_____

RONALD HENRY LAND TRUST
                    PETITIONER (landlord)
                                                          NOTICE OF PETITION
        vs.                                               HOLD OVER

JON SASMOR & LISA LIN        RESPONDENT
287 FRANKLIN AVE
TOP FL FRONT SMALL ROOM
BROOKLYN, NY 11205           ADDRESS


            RESPONDENT (UNDERTENANT)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        To the Respondent(s) above named and described, in possession of the
premises hereinafter described or claiming possession thereof:

        PLEASE TAKE NOTICE that a hearing at which you must appear will be held
at the Civil Court of the City of New York,  Housing  D  Part to be held at
141 Livingston St    Room 504
County of   Kings    on July  11, 2011 at 2:00 P.M on the annexed
Petition of Ronald Henry Land Trust  which prays for a final judgment of
eviction, awarding to the Petitioner the possession of premises designated and
described as follows:

the small   room on the   Top   Floor Front Small Room  at   287 Franklin Ave
    City  of New York, County of Kings   other and further relief as is demanded
in the Petition, which you must answer.


        TAKE NOTICE also that demand is made in the petition herein for judgment
against you, the Respondent, for the sum of      with interest thereon from
        plus all use and occupancy and legal fees due at trial.

        TAKE NOTICE that your answer may set forth any defense or counterclaim you
may have against the Petitioner.

        TAKE NOTICE also that if you shall fail at such time to interpose and
establish any defense that you may have to the allegations of the Petition, you
may be precluded from asserting such defense or the claim on which it is based in
any other proceeding or action.

        TAKE NOTICE also that your answer may be made at the time of hearing
specified above unless this Notice of Petition is served upon you on or before
at least eight days  prior to court date  in which event you must answer at least
3 days before the Petition is noticed to be heard, either orally before the clerk
of the court at his or her office or in writing by serving a copy thereof upon
the undersigned attorney for the Petitioner, and by filing the original of such
written answer with proof of service thereof in the office of the clerk at least
3 days before
the time the Petition is noticed to be heard; in addition thereto, you must
appear before the court at the time and place herein above set forth for the
hearing.

        TAKE NOTICE that your failure to appear and answer may result in final
judgment by default for the Petitioner in the amount demanded in the Petition

Dated: June 22, 2011

STUART I. JACOBS                    CAROL ALT
Attorney for Petitioner             Chief Clerk

LAW OFFICES OF STUART I. JACOBS
1779 51 STREET
BROOKLYN, N.Y. 11204

**JA216**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF    KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RONALD HENRY LAND TRUST

                              PETITIONER (LANDLORD)

                VS                                            PETITION

                                                             HOLDOVER

JON SASMOR & LISA LIN     RESPONDENT (TENANT)
287 FRANKLIN AVE                        ADDRESS
TOP FL FRONT SMALL ROOM
BROOKLYN, NY 11205

                        RESPONDENT (UNDERTENANT)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THE PETITION OF   Ronald Henry Land Trust    Owner and landlord of the premises
shows   that:

1. The undersigned is    Managing Agent   of the Petitioner. xxxxxxxxx

2. Respondents Jon Sasmor & Lisa Lin    are tenants of the premises, entered into
possession  under a         rental agreement made on or about April 2010 on a
Monthly basis.
Respondent   is an undertenant of the aforementioned respondents tenants.

3. The premises are described as follows.
        The top fl front small room located at 287 Franklin Ave
   which is situated within the territorial jurisdiction of the Civil Court of
the City of New York, County of Kings.

4. The term for which said premises were rented by the respondent tenant expired
on February 28, 2011      pursuant to Thirty Day Termination Notice
made a part hereof as if fully set forth herein.

5. The respondents continue in possession of the premises without permission of
the landlord, or of the petitioner, after the expiration of said term.

   See annexed Thirty Day Termination Notice made a part hereof as if fully
set forth herein.

6__  The apartment is subject to rent control and the rent demanded herein does
not exceed the maximum rent prescribe by the New York State Division of Housing
and Community Renewal (DHCR)

___The apartment is presently subject to the Rent Stabilization Law of 1969, as
amended, because:
    __  It was subject to the Rent Stabilization Law on June 30, 1974;
    __  It became subject to the Rent Stabilization Law on July 1, 1974.  It had
        been subject to the Rent Stabilization Law on June 30, 1971, but was
        destabilized prior to July 1, 1974, because of a vacancy which occurred
        between July 1, 1971 and June 30, 1974;
    __  It became subject to the Rent Stabilization Law on July 1, 1974.  It had
        been subject to the City Rent Law (rent control) on June 30, 1974, but
        was thereafter decontrolled because of a vacancy which occurred on
                            and the owner of the premises has
        registered rents and services with the DHCR pursuant to the
        Administrative Code; is in compliance with the Rent Stabilization Law
        and Code; and the rent demanded herein does not exceed the legal
        regulated rent permitted the owner under said Law, Code and
        appropriate Rent Guidelines Board Orders.

x_   The apartment is not subject to any of the foregoing by reason of
     Premises are located in a two family dwelling rented after April 1, 1953.

7   _X_The premises are not a legal multiple dwelling._ The dwelling are a
multiple dwelling and pursuant to the Administrative Code Article 41 there is a
currently effective registration statement on file with the office of Code
Enforcement in which the owner has designated the managing agent named below, a
natural person over 21 years of age, to be in control of and responsible for the
maintenance and operation of the dwelling.

**JA217**

M.D.R.No   Registered Manag Agent's Name _____ __  Address

Petitioner lacks written information or notice of any address where the
Respondent tenant-resides-is employed-has a place of business-has its principal
office-place of business in New York State. other than the address of the
property sought to be recovered.

At least 30 days before the expiration of the said term the Respondent-tenant was
served in the manner provided for by law with a notice in writing, a copy of
which with proof of service is hereto annexed and made a part of this petition
that the landlord elected to terminate the said tenancy and that unless the said
tenant removed from said premises on the day on which said term expired the
landlord would commence summary proceedings under the statute to remove said
tenant therefrom.

Petitioner requests final judgment awarding possession of the premises to the
Petitioner-landlord; issuance of a warrant to remove respondents from possession
thereof; judgment for rent in arrears against respondent-tenant for $
        value of use and occupancy; interest from              costs and disbursement
herein.

DATED: June 22, 2011                    PETITIONER-RONALD HENRY LAND TRUST

**JA218**

Jul 01 2011 12:07AM  Landlord & Tennant Servic  347-702-6724                    p.2

AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK     )        CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS       )              L&T # 078902/11K

YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.

DEPONENT SERVED *LISA LIN OF 287 FRANKLIN AVENUE, APT. TOP
FLOOR FRONT SMALL ROOM, BROOKLYN, N.Y. 11205*
TENANT(S)/OCCUPANT(S) BY PERSONAL DELIVERY

AT *141 LIVINGSTON STREET, 5TH FLOOR, ROOM 501*, BROOKLYN,
N.Y. 11201

ON JUNE 30TH 2011 AT 11:25AM DEPONENT SERVED THE ATTACHED

NOTICE OF PETITION & PETITION HOLDOVER

BY DELIVERING TO AND LEAVING A COPY\COPIES THEREOF TO SAID
TENANT(S)/OCCUPANT(S) DEPONENT KNEW THE PERSON SO SERVED TO BE THE
PERSON(S) DESCRIBED AS SAID TENANT(S)/OCCUPANT(S) THEREIN.

DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:
SEX: FEMALE
SKIN COLOR: WHITE
HAIR COLOR: BLACK
AGE: 21-35
HEIGHT: 5'0"-5'3"
WEIGHT: 131-160
ADDITIONAL FEATURES: GLASSES

NAME OF SAID INDIVIDUAL SERVED: LISA LIN

                                        YISROEL A. SIMON
                                        LICENSE #1161189

SWORN TO BEFORE ME THIS
30TH DAY OF JUNE, 2011

NOTARY PUBLIC

ESTHER M. GLITSKY
Notary Public State of New York
No. 01GL6156424
Qualified in Kings County
Commission Expires November 27, 2014

**JA219**

01 2011 12:07AM  Landlord & Tennant Servic  347-702-6724           P.1

### AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK       )           CASE # RONALD HENRY LAND TRUST.
COUNTY OF KINGS         )                 L&T # 078902/11K

    YISROEL A. SIMON, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:
THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED
PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN NEW YORK CITY.

DEPONENT SERVED *JON SASMOR OF 287 FRANKLIN AVENUE, APT. TOP
FLOOR FRONT SMALL ROOM, BROOKLYN, N.Y. 11205*
TENANT(S)/OCCUPANT(S) BY PERSONAL DELIVERY

AT *141 LIVINGSTON STREET, 5TH FLOOR, ROOM 501*, BROOKLYN,
N.Y. 11201

ON JUNE 30TH 2011 AT 11:25AM DEPONENT SERVED THE ATTACHED

NOTICE OF PETITION & PETITION HOLDOVER

BY DELIVERING TO AND LEAVING A COPY\COPIES THEREOF TO SAID
TENANT(S)/OCCUPANT(S) DEPONENT KNEW THE PERSON SO SERVED TO BE THE
PERSON(S) DESCRIBED AS SAID TENANT(S)/OCCUPANT(S) THEREIN.

DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:
SEX: MALE
SKIN COLOR: WHITE
HAIR COLOR: BROWN
AGE: 21-35
HEIGHT: 5'9"-6'0"
WEIGHT: 131-160
ADDITIONAL FEATURES: GLASSES

NAME OF SAID INDIVIDUAL SERVED: *JON SASMOR*

                         YISROEL A. SIMON
                         LICENSE #1161183

SWORN TO BEFORE ME THIS
30TH DAY OF JUNE, 2011

NOTARY PUBLIC

ESTHER M. OLITSKY
Notary Public State of New York
No. 01L6156414
Qualified in Kings County
Commission Expires November 27, 2014

**JA220**

01/26/2011   17:37   7184364138                    LAW OFFICES S JACOBS              PAGE   03/12

P 307—[Thirty Days Notice Termination Monthly
Tenancy of Tenancy from Month to Month] 1-81
[N.Y.L.G. serve to most tenant or a Notice of Petition]

℗ DATE OF JULIUS BLUMBERG, INC., PUBLISHER
62 WHITE STREET, NEW YORK, N.Y. 10013

January 26, 2011

Re: Premises: 287 Franklin Avenue
                rooms          floor:       side: Apt. No.
           at
           used for: ☐ Business  ☑ Dwelling purposes.

TO:

⌐ Jon Sasmor + Lisa Lin ¬    and,                        Undertenant*
  287 Franklin Avenue
  Top Floor Front Small Room
⌊ Brooklyn, N.Y. 11205 ⌋

                                            First name of Tenant and/or Undertenant being fictitious and unknown
                                            to petitioner, person intended being in possession of the premises herein
                                            described

or assigns, and every person in possession of the premises.

       You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises
now held by you under monthly hiring. Unless you remove from the said premises on February 28,
2011, the day on which your term expires, the Landlord will commence summary proceedings under the
Statute to remove you from said premises for the holding over after the expiration of your term and will de-
mand the value of your use and occupancy of the premises during such holding over.

The subject premises are not legal for residential use.
Violation #8739976 was placed on 12/18/10 and the premises
are also described and referred to under said violation as
1st Room from North at West located at b Room 4F, 3rd Story.
As the premises are not legal any lease or agreement
to occupy same is null + void.

Dated:  1/26/11

                              (X) _____ Landlord
                              Ronald Henry Land Trust
                              Landlord                          Agent
                              By: Chaim Goldberger
                              Managing agent                    Address

*Use window or return if mailed to tenant.
Use ordinary or receipt it mailed to undertenant

**JA221**

**MEIER DECLARATION**
**EXHIBIT 12**

JA223

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART
-------------------------------------------------------------------X

RONALD HENRY LAND TRUST,

          Petitioner

                                  SPECIAL APPEARANCE

       -against-

                                  Index No. L&T 64297/11

KURT FLETCHER,

              Respondent.
-------------------------------------------------------------------X

Come now Willie Osterweil and Jon Sasmor, as Respondents not named in the original Petition,
to appear specially in this case to contest personal jurisdiction and to represent to the Court that
they presently are in actual possession of the premises in this case and were in actual possession
at the time the Petition was filed.

Both Petitioner and counsel for Petitioner knew that Kurt Fletcher no longer lived in the demised
premises when they filed this case as an unconstitutional method of attempting to evict the actual
occupants. There is a prior pending Federal case between us and Petitioner, *287 Franklin Avenue
Residents' Association, et al v Chaim Meisels, et al*, Docket No. CV11-0976 (KAM) (JO), at
the United States District Court, Eastern District of New York. Ronald Henry Land Trust is a
Defendant in that case and filed an answer on March 23, 2011. An initial discovery planning
conference in that case is scheduled for May 3, 2011. The present eviction case is a continuing
act of attempted extortion in furtherance of the pattern of racketeering activity upon which claims
are made in Federal Court under the Federal Racketeer Influenced and Corrupt Organizations Act.

We have notified Kurt Fletcher by phone about this case. He now lives in Missouri and has
previously filed a letter with this Court in this case. When Mr. Fletcher moved out of 287
Franklin Avenue in September 2010, he left his key with the 287 Franklin Avenue Residents'
Association, whereby we, along with other tenants, now store our possessions in what we believe
are the premises known as "TOP FL BACK SMALL ROOM."

A motion to consolidate all seven cases presently pending in this Court as to 287 Franklin Avenue, Brooklyn, NY 11205, including this case, will be heard in Part H, Room 507 on April 28, 2011. Should that motion be denied, we intend to appeal. We also intend to file a similar motion in this case and to present separate defenses, for which we request reasonable additional time.

Dated: Brooklyn, New York
April 26, 2011

Respectfully submitted,

Jon Sasmor
287 Franklin Avenue, Room #2B
Brooklyn, NY 11205
(917) 318-2619

Willie Osterweil
287 Franklin Avenue, Room #3R
Brooklyn, NY 11205
(857) 234-2701

To: Civil Court of the City of New York, County of Kings
Housing Part Clerk
141 Livingston Street
Brooklyn, NY 11201

To: Stuart I. Jacobs, Attorney for Petitioner
1779 51 Street
Brooklyn, NY 11204

**JA225**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART
-------------------------------------------------X
RONALD HENRY LAND TRUST,
      Petitioner

      -against-

KURT FLETCHER,
      Respondent.
-------------------------------------------------X

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE
TO STAY EXECUTION OF
WARRANT AS TO TENANTS
UNNAMED IN CAPTION

Index No. L&T 64297/11

STATE OF NEW YORK
COUNTY OF KINGS     ss.:

     Willie Osterweil and Jon Sasmor, both being duly sworn, depose and say:

1. We claim possession of the subject premises and are the actual tenants.
2. We are not named in the caption of this case.
3. There is no "John Doe" named in the caption of this case.
4. We appear, with several others, in a joint lease dated March 20, 2010 between Henry Management LLC and nine tenants that covers the entire building, including the subject premises in this case.
5. We and others paid rent to Ronald Henry for the entire building in August 2010, including the subject premises in this case.
6. We also obtained rights of possession to the subject premises from Kurt Fletcher when he moved out in September 2010.
7. Kurt Fletcher no longer resides in the subject premises and keeps no possessions there.
8. We never were served with a notice of petition and petition in this proceeding.
9. On April 28, 2011, we attended the Court to file a Special Appearance and to attempt to mount a defense of this case.
10. On April 28, 2011, the Honorable George Heymann found that we had no standing to speak in this case because we were not named in the caption of this case and because we had other cases pending in the Housing Part as to other premises in the same building.
11. Those other Housing Part cases in which we are Respondents are still pending.
12. Two appeals to the Appellate Term also are pending regarding the denial of motions to consolidate seven related Housing Part cases, including this one, that were brought on the same grounds and involve the same building.
13. On April 28, 2011, judgment of possession was granted in this case after an inquest, in favor of Ronald Henry Land Trust and against Kurt Fletcher.
14. If given the opportunity in this case, we would raise similar defenses to the 24 defenses that we have raised in cases L&T Nos. 64299/11, 64300/11, and 64303/11, including, among others, that land trusts are not a type of entity that has capacity to sue in New York; that, for purposes of subject matter jurisdiction, Ronald Henry Land Trust does not qualify as "landlord or lessor;" and that there was "sewer service."

**JA226**

15. Chaim Goldberger and others claiming to be the "Ronald Henry Land Trust" have made repeated attempts to break into 287 Franklin Avenue at all hours of day and night. Chaim Goldberger also attempted to move a thug called "Guru" into the building to intimidate the tenants into leaving.

16. As a result of these actions, in August 2010, Officer Villanueva of the 79th NYPD Precinct instructed Ronald Henry in cooperation with the tenants to change the locks to the front door. Ronald Henry instructed tenants to change the locks and to provide him the key, which they did on August 12, 2010.

17. Ronald Henry submitted an affidavit to the police to enroll in the Formal Trespass Affidavit Program (FTAP), by which Goldberger or others would be arrested for any future trespassing activity.

18. The present case could restore Chaim Goldberger to building access through a fraudulent scheme to evict former tenant Kurt Fletcher, whom Goldberger, as of the date of filing of the present case, knew had already moved out.

19. The premises at 287 Franklin Avenue include rooming units with a common kitchen and living room, in which we and other tenants store possessions.

20. If Chaim Goldberger were to regain access to the building, we and other rightful tenants would fear for our safety and our possessions because of the vulnerability of the common space and because of Mr. Goldberger's previous threats.

21. We and other tenants have talked about leaving the building if Chaim Goldberger gains access to the front door, due to concerns about our safety.

22. Thereby, this eviction if executed against us or if executed by changing the locks on the front door might constuctively evict tenants who have been granted no standing to speak in this case and other tenants in other rooms besides the subject premises in this case, who also have had no opportunity to speak in this case.

23. There is a current case pending in Federal Court under the Racketeer Influenced and Corrupt Organizations Act (RICO) and relevant state law in which we are among the plaintiffs and Goldberger and Ronald Henry Land Trust are among the defendants, *287 Franklin Avenue Residents' Association, et al v Meisels, et al*, EDNY Docket # CV11-0976 (KAM) (JO).

24. The Federal RICO case has passed the motion to dismiss stage. Goldberger and Ronald Henry Land Trust have filed an answer.

25. On May 13, 2011, when one of us (Jon Sasmor) called the Clerk of this Court, we learned that on May 13, 2011 a warrant had been issued in this holdover case to City Marshal Steven Powell.

26. We have had no due process "day in court" in which to raise our defenses to the issuance of that warrant.

27. We have not been granted equal protection as the named respondent to defend this case.

28. Furthermore, the execution of this warrant against us while the other holdover cases are still pending would create the possibility of an injustice that would result from divergent decisions based on the same facts, where we potentially could have Ronald Henry Land Trust's possessory claims against us dismissed with prejudice in one case, and a warrant executed in another case in which we were not granted leave to defend ourselves.

29. We are not named Respondents in this case, nor is any John Doe named as a Respondent in this case.

30. We have been denied standing to speak despite our actual possessory interest in the subject premises

31. We and other tenants would be placed in danger if Chaim Goldberger and others claiming to be "Ronald Henry Land Trust" were given access to the front door of 287 Franklin Avenue.

**JA227**

32. Therefore we respectfully request: that any warrant issued with respect to this case be stayed permanently as to execution against either of us, Willie Osterweil or Jon Sasmor; and that any execution of such warrant that involves changing locks be limited to changing the locks on the door of the subject room in this case and providing keys to the actual tenants; and that any execution of such warrant be stayed permanently against any execution that involves changing the locks on the front door of the building. Alternatively, we respectfully request that the prior judgment dated April 28, 2011 be vacated and the case dismissed.

33. Neither of us has filed a previous Order to Show Cause regarding this index number.

34. We are grateful for the consideration of the Court.

Severally sworn to before me this 17 day of May 2011

Willie Osterweil          /Jon Sasmor

CLASSIE DOCKERY
COMMISSIONER OF DEEDS
City of New York – No. 212903
Qualified in Kings County
Commission Expires November 1, 20 12

3

**JA228**

Case 1:11-cv-04645-KAM-JO   Document 48-14   Filed 07/24/12   Page 8 of 10 PageID #: 991

CIVIL COURT OF THE CITY OF NEW YORK              INDEX NO. 064297/2011
COUNTY OF KINGS                                  SEQ NO. 001
HOUSING PART J, RM.502                           NO. OF RESPONDENT
                                                 OSC APPLICATIONS: 001

ORDER TO SHOW CAUSE TO VACATE DEFAULT JUDGMENT AND TO RESTORE TO THE CALENDAR

RONALD HENRY LAND    TRUST                       NOTE OUT OF COUNTY
                     PETITIONER(S),              MARSHALL
             AGAINST                             
FLETCHER      KURT                               PREMISES:
                     RESPONDENT(S)               287    FRANKLIN AVE        TOP FL
                                                 BROOKLYN           NY 112350000

     UPON THE ANNEXED AFFIDAVIT (ON BEHALF) OF KURT              FLETCHER,
THE ABOVE NAMED RESPONDENT(S), SWORN TO ON      MAY 18, 2011,
AND UPON ALL THE PAPERS AND PROCEEDINGS HEREIN:

     LET THE PETITIONER(S) OR HIS/HER/THEIR ATTORNEY(S) SHOW CAUSE AT A
MOTION TERM OF THE
                 CIVIL COURT OF THE CITY OF NEW YORK
                 HOUSING COURT: PART J ,RM.502
                 LOCATED AT:   141 LIVINGSTON STREET, BROOKLYN
                 ON:     MAY 26, 2011, AT 09:30 AM
OR AS SOON THEREAFTER AS COUNSEL CAN BE HEARD, WHY AN ORDER SHOULD NOT BE MADE:

     VACATING THE JUDGMENT BASED ON THE RESPONDENTS FAILURE TO APPEAR.
RESTORING THE CASE TO THE CALENDAR AND/OR GRANTING SUCH OTHER
AND FURTHER RELIEF AS MAY BE JUST.

     UNTIL THE ENTRY OF A COURT ORDER, ALL PROCEEDINGS BY PETITIONER,
HIS/HER ATTORNEY, AND ANY CITY MARSHAL ARE STAYED.

     SERVICE OF A COPY OF THIS ORDER TO SHOW CAUSE AND ANNEXED AFFIDAVIT UPON THE
PARTY"S ATTORNEY (OR, IF HE/SHE HAS NONE, ON THE PARTY),
     ATTORNEY (OR PARTY)                              MARSHAL:
(JUDGE TO INITIAL)                           (JUDGE TO INITIAL)
 BY PERSONAL SERVICE "IN HAND DELIVERY"  OR   BY PERSONAL SERVICE "IN HAND DELIVERY"
 BY CERTIFIED MAIL, R. R. R.             OR   BY CERTIFIED MAIL, R. R. R.
 BY FIRST CLASS MAIL WITH CERTIFICATE    OR   BY FIRST CLASS MAIL WITH CERTIFICATE
 OF MAILING AT POST OFFICE                    OF MAILING AT POST OFFICE
ON OR BEFORE                                        , SHALL BE DEEMED GOOD AND SUFFICIENT.
PAPERS MAY BE SERVED BY THE RESPONDENT IN PERSON.

     PROOF OF SUCH SERVICE MAY BE FILED WITH THE CLERK IN THE PART INDICATED ABOVE
OR IN THE L & T CLERK"S OFFICE BEFORE THE RETURN DATE OF THIS ORDER TO SHOW CAUSE

ATTORNEY:                                    MARSHAL:
STUART I. JACOBS                             STEVEN POWELL
1770 51ST STREET                             774 MANOR ROAD
BROOKLYN, NY 11204                           STATEN ISLAND, NY 10314
TELEPHONE: (718) 436-3396                    TELEPHONE: (718) 494-7484

                                             GEORGE M. HEYMANN
                                             JUDGE, CIVIL/HOUSING COURT

DENIED
GENERATED: 05/18/2011                        CIV-LT-71 (REVISED 7/10)

**JA229**

Motion for an automatic
stay and fixing an undertaking
pending appeal is denied.
The movants are not the tenants
of record to the subject premises
and the Ct conducted an inquest
and entered a judgment of possession
against the TOR. Movants are named
parties under different index numbers
but claim standing because they store
property in the subject room.
This is without prejudice to seek a
stay from the appellate Term.

**JA230**

### APPELLATE TERM OF THE SUPREME COURT
### OF THE STATE OF NEW YORK FOR THE 2ND, 11TH & 13TH JUDICIAL DISTRICTS

MICHAEL L. PESCE, P.J.
JOSEPH G. GOLIA
MARSHA L. STEINHARDT, JJ.

-------------------------------------------------------------------x

DECISION & ORDER ON MOTION

Ronald Henry Land Trust, Respondent, v Kurt Fletcher,
Tenant.  Jon Sasmor and Willie Osterweil, Nonparty-
Appellants.

Appellate Term Docket No.
2011-1667 K C

Lower Court # 64297/11

-------------------------------------------------------------------x

Motion by nonparty-appellants for a stay pending the determination of an appeal from a final judgment of the Civil Court of the City of New York, Kings County, entered April 28, 2011.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED, on the court's own motion, that the appeal is dismissed, as nonparty-appellants are not aggrieved by the final judgment (*see* CPLR 5511); and it is further,

ORDERED that nonparty-appellants' motion is denied as academic.

ENTER:

Paul Kenny
Chief Clerk

July 5, 2011

RONALD HENRY LAND TRUST v FLETCHER

**JA231**

**MEIER DECLARATION**
**EXHIBIT 13**

```
ATE: 05/18/2011            OFFICE OF COURT ADMINISTRATION
IME: 11:55:15       - KING HOUSING COURT INFORMATION SYSTEM -       PAGE:  1
                            HISTORY OF PROCEEDINGS

ASE:  064298/2011
ONALD HENRY LAND     TRUST          VS DIAZ              AMANDA

O OF RESP OSC APPL:    1
NT DMD:             $.00 PETN ATTY: STUART I. JACOBS
ILING DTE    FILING TYPE    CASE TYPE1   CASE TYPE2   CASE TYPE3
3/24/2011      PET/NP         RESDT        HOLDOVER
ETITIONER:
ONALD HENRY LAND TRUST
ESPONDENT:
IAZ                                                     AMANDA
REMISES ADDRESS:
97     FRANKLIN AVE            TOP FL
ROOKLYN            NY 11205
ESCRIPTION:
OP FLOOR BACK LARGE ROOM

4/25/2011    001 CLN J    09:30A ADJN  04/28/2011 J    09:30A BMH      CAL
4/28/2011    002 CLN J    09:30A JIND                          BMH     CAL

5/18/2011  001 OSC BY RESP SIGNED BY   BMH 05/26/2011 J       09:30A
           EXTENSION
5/26/2011    001 CLN J    09:30A                                      OSC

4/28/2011  001 ST SIGNED BY BMH
           AFTER INQU
           RESP AWARDED Y MONEY AWARD              $.00
UDGMENT AGAINST:
IAZ                                                    AMANDA
           COMMENT : ML
5/18/2011  001    WAR WARRANT REQUESTED
5/12/2011  001    WAR WARRANT REVIEWED
5/13/2011  001    WAR WARRANT ISSUED    STEVEN POWELL
XECUTION IS FORTHWITH
GAINST:
IAZ                                                    AMANDA
```

JA233

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART
-------------------------------------------------------------X

RONALD HENRY LAND TRUST,
                Petitioner

        -against-

AMANDA DIAZ,
                  Respondent.
-------------------------------------------------------------X

SPECIAL APPEARANCE

Index No. L&T 64298/11

Come now Willie Osterweil and Jon Sasmor, as Respondents not named in the original Petition, to appear specially in this case to contest personal jurisdiction and to represent to the Court that they presently are in actual possession of the premises in this case and were in actual possession at the time the Petition was filed.

Both Petitioner and counsel for Petitioner knew that Amanda Diaz no longer lived in the demised premises when they filed this case as an unconstitutional method of attempting to evict the actual occupants. There is a prior pending Federal case between us and Petitioner, *287 Franklin Avenue Residents' Association, et al v Chaim Meisels, et al*, Docket No. CV11-0976 (KAM) (JO), at the United States District Court, Eastern District of New York. Ronald Henry Land Trust is a Defendant in that case and filed an answer on March 23, 2011. An initial discovery planning conference in that case is scheduled for May 3, 2011. The present eviction case is a continuing act of attempted extortion in furtherance of the pattern of racketeering activity upon which claims are made in Federal Court under the Federal Racketeer Influenced and Corrupt Organizations Act.

We have been unable to notify Amanda Diaz about this case. She now lives in Queens, New York. She has stopped responding to our calls and text messages. She is around 20 years old, and moved out of the building in part because of previous acts of extortion by the people claiming to be "Ronald Henry Land Trust." When she moved out of 287 Franklin Avenue in January 2011, she left her key with the 287 Franklin Avenue Residents' Association, whereby we, along with other tenants, now store our possessions in what we believe are the premises known as "TOP FL BACK LARGE ROOM."

**JA234**

A motion to consolidate all seven cases presently pending in this Court as to 287 Franklin Avenue, Brooklyn, NY 11205, including this case, will be heard in Part H, Room 507 on April 28, 2011. Should that motion be denied, we intend to appeal. We also intend to file a similar motion in this case and to present separate defenses, for which we request reasonable additional time.

Dated: Brooklyn, New York
April 26, 2011

Respectfully submitted,

Jon Sasmor
287 Franklin Avenue, Room #2B
Brooklyn, NY 11205
(917) 318-2619

Willie Osterweil
287 Franklin Avenue, Room #3R
Brooklyn, NY 11205
(857) 234-2701

To: Civil Court of the City of New York, County of Kings
Housing Part Clerk
141 Livingston Street
Brooklyn, NY 11201

To: Stuart I. Jacobs, Attorney for Petitioner
1779 51 Street
Brooklyn, NY 11204

**JA235**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART
------------------------------------------------------X

RONALD HENRY LAND TRUST,
      Petitioner

          -against-

AMANDA DIAZ,
      Respondent.
------------------------------------------------------X

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE
TO STAY EXECUTION OF
WARRANT AS TO TENANTS
UNNAMED IN CAPTION

Index No. L&T 64298/11

STATE OF NEW YORK
COUNTY OF KINGS    ss.:

Willie Osterweil and Jon Sasmor, both being duly sworn, depose and say:

1. We claim possession of the subject premises and are the actual tenants.
2. We are not named in the caption of this case.
3. There is no "John Doe" named in the caption of this case.
4. We appear, with several others, in a joint lease dated March 20, 2010 between Henry Management LLC and nine tenants that covers the entire building, including the subject premises in this case.
5. We and others paid rent to Ronald Henry for the entire building in August 2010, including the subject premises in this case.
6. We also obtained rights of possession to the subject premises from Amanda Diaz when she moved o ʳ in January 2011.
7. Amanda Diaz no longer resides in the subject premises and keeps no possessions there.
8. We never were served with a notice of petition and petition in this proceeding.
9. On April 28, 2011, we attended the Court to file a Special Appearance and to attempt to mount a defense of this case.
10. On April 28, 2011, the Honorable George Heymann found that we had no standing to speak in this case because we were not named in the caption of this case and because we had other cases pending in the Housing Part as to other premises in the same building.
11. Those other Housing Part cases in which we are Respondents are still pending.
12. Two appeals to the Appellate Term also are pending regarding the denial of motions to consolidate seven related Housing Part cases, including this one, that were brought on the same grounds and involve the same building.
13. On April 28, 2011, judgment of possession was granted in this case after an inquest, in favor of Ronald Henry Land Trust and against Amanda Diaz.
14. If given the opportunity in this case, we would raise similar defenses to the 24 defenses that we have raised in cases L&T Nos. 64299/11, 64300/11, and 64303/11, including, among others, that land trusts are not a type of entity that has capacity to sue in New York; that, for purposes of subject matter jurisdiction, Ronald Henry Land Trust does not qualify as "landlord or lessor;" and that there was "sewer service."

JA236

1

15. Chaim Goldberger and others claiming to be the "Ronald Henry Land Trust" have made repeated attempts to break into 287 Franklin Avenue at all hours of day and night. Chaim Goldberger also attempted to move a thug called "Guru" into the building to intimidate the tenants into leaving.

16. As a result of these actions, in August 2010, Officer Villanueva of the 79th NYPD Precinct instructed Ronald Henry in cooperation with the tenants to change the locks to the front door. Ronald Henry instructed tenants to change the locks and to provide him the key, which they did on August 12, 2010.

17. Ronald Henry submitted an affidavit to the police to enroll in the Formal Trespass Affidavit Program (FTAP), by which Goldberger or others would be arrested for any future trespassing activity.

18. The present case could restore Chaim Goldberger to building access through a fraudulent scheme to evict former tenant Amanda Diaz, whom Goldberger, as of the date of filing of the present case, knew had already moved out.

19. The premises at 287 Franklin Avenue include rooming units with a common kitchen and living room, in which we and other tenants store possessions.

20. If Chaim Goldberger were to regain access to the building, we and other rightful tenants would fear for our safety and our possessions because of the vulnerability of the common space and because of Mr. Goldberger's previous threats.

21. We and other tenants have talked about leaving the building if Chaim Goldberger gains access to the front door, due to concerns about our safety.

22. Thereby, this eviction if executed against us or if executed by changing the locks on the front door might constuctively evict tenants who have been granted no standing to speak in this case and other tenants in other rooms besides the subject premises in this case, who also have had no opportunity to speak in this case.

23. There is a current case pending in Federal Court under the Racketeer Influenced and Corrupt Organizations Act (RICO) and relevant state law in which we are among the plaintiffs and Goldberger and Ronald Henry Land Trust are among the defendants, *287 Franklin Avenue Residents' Association, et al v Meisels, et al,* EDNY Docket # CV11-0976 (KAM) (JO).

24. The Federal RICO case has passed the motion to dismiss stage. Goldberger and Ronald Henry Land Trust have filed an answer.

25. On May 13, 2011, when one of us (Jon Sasmor) called the Clerk of this Court, we learned that on May 13, 2011 a warrant had been issued in this holdover case to City Marshal Steven Powell.

26. We have had no due process "day in court" in which to raise our defenses to the issuance of that warrant.

27. We have not been granted equal protection as the named respondent to defend this case.

28. Furthermore, the execution of this warrant against us while the other holdover cases are still pending would create the possibility of an injustice that would result from divergent decisions based on the same facts, where we potentially could have Ronald Henry Land Trust's possessory claims against us dismissed with prejudice in one case, and a warrant executed in another case in which we were not granted leave to defend ourselves.

29. We are not named Respondents in this case, nor is any John Doe named as a Respondent in this case.

30. We have been denied standing to speak despite our actual possessory interest in the subject premises.

31. We and other tenants would be placed in danger if Chaim Goldberger and others claiming to be "Ronald Henry Land Trust" were given access to the front door of 287 Franklin Avenue.

2

JA237



32. Therefore we respectfully request: that any warrant issued with respect to this case be stayed permanently as to execution against either of us, Willie Osterweil or Jon Sasmor; and that any execution of such warrant that involves changing locks be limited to changing the locks on the door of the subject room in this case and providing keys to the actual tenants; and that any execution of such warrant be stayed permanently against any execution that involves changing the locks on the front door of the building.  Alternatively, we respectfully request that the prior judgment dated April 28, 2011 be vacated and the case dismissed.

33. Neither of us has filed a previous Order to Show Cause regarding this index number.

34. We are grateful for the consideration of the Court.

Severally sworn to before me this 17 day of May 2011

CLASSIE DOCKERY
COMMISSIONER OF DEEDS
City of New York - No. 212903
Qualified in Kings County
Commission Expires November 1, 20 12

Willie Osterweil        Jon Sasmor

JA238

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
HOUSING PART J ,RM.502

INDEX NO. 064298/2011
SEQ NO. 001
NO. OF RESPONDENT
OSC APPLICATIONS: 001

ORDER TO SHOW CAUSE TO VACATE DEFAULT JUDGMENT AND TO RESTORE TO THE CALENDAR

RONALD HENRY LAND  TRUST
                   PETITIONER(S),

        AGAINST                    PREMISES:
DIAZ          AMANDA               267  FRANKLIN AVE          TOP FL
              RESPONDENT(S)        BROOKLYN            NY 112050000

    UPON THE ANNEXED AFFIDAVIT (ON BEHALF) OF AMANDA      DIAZ,
THE ABOVE NAMED RESPONDENT(S), SWORN TO ON      MAY 18, 2011,
AND UPON ALL THE PAPERS AND PROCEEDINGS HEREIN,

    LET THE PETITIONER(S) OR HIS/HER/THEIR ATTORNEY(S) SHOW CAUSE AT A
MOTION TERM OF THE
              CIVIL COURT OF THE CITY OF NEW YORK
              HOUSING PART, PART J RM.502
              LOCATED AT: 141 LIVINGSTON STREET, BROOKLYN,
              ON          MAY 26, 2011 AT 09:30 AM
OR AS SOON THEREAFTER AS COUNSEL MAY BE HEARD, WHY AN ORDER SHOULD NOT BE MADE,

    VACATING THE JUDGMENT BASED ON THE RESPONDENTS FAILURE TO APPEAR,
RESTORING THE CASE TO THE CALENDAR AND/OR GRANTING SUCH OTHER
AND FURTHER RELIEF AS MAY BE JUST,

    UNTIL THE ENTRY OF A COURT ORDER, ALL PROCEEDINGS BY PETITIONER,
HIS/HER ATTORNEY, AND ANY CITY MARSHAL ARE STAYED.

    SERVICE OF A COPY OF THIS ORDER TO SHOW CAUSE AND ANNEXED AFFIDAVIT UPON THE
PARTY'S ATTORNEY (OR IF HE/SHE HAS NONE, ON THE PARTY),
ATTORNEY OR PARTY                           MARSHAL:
(JUDGE TO INITIAL)                          (JUDGE TO INITIAL)
BY PERSONAL SERVICE "IN HAND DELIVERY"      BY PERSONAL SERVICE "IN HAND DELIVERY"
                                            BY CERTIFIED MAIL
           MAIL WITH CERTIFICATE               BY FIRST CLASS MAIL WITH CERTIFICATE
    OF MAILING AT POST OFFICE                   OF MAILING AT POST OFFICE
ON OR BEFORE                      , SHALL BE DEEMED GOOD AND SUFFICIENT.
PAPERS MAY BE SERVED BY THE RESPONDENT IN PERSON.

    PROOF OF SUCH SERVICE MAY BE FILED WITH THE CLERK IN THE PART DESIGNATED ABOVE
OR IN THE L & T CLERK"S OFFICE BEFORE THE RETURN DATE OF THIS ORDER TO SHOW CAUSE

ATTORNEY:                          MARSHAL:
STUART I. JACOBS                   STEVEN POWELL
1779 51ST STREET                   774 MANOR ROAD
BROOKLYN, NY 11204                 STATEN ISLAND, NY
TELEPHONE: (718) 436-3396          TELEPHONE: (718)

_____                    GEORGE M. HEYMANN
DATE                               JUDGE, CIVIL/HOUSING COURT

DENIED
GENERATED: 05/18/2011 @ 11:55:15        CIV-LT-71 (REVISED 7/99)

JA239

Case 1:11-cv-04645-KAM-JO   Document 48-15   Filed 07/24/12   Page 9 of 10 PageID #: 1002

Motion for an automatic stay and fixing
an undertaking pending appeal is denied.
The movants are not the tenants of record
to the subject premises and the Ct conducted
an inquest and entered a judgment of possession
against the TOR. Movants are self-named
parties under different index numbers but
claim standing because they store property
in the subject room. This is without
prejudice to seek a stay from Appellate Term.

6/3/11   SO ORDERED

HON. GEORGE HEYMANN
JUDGE, HOUSING PART

**JA240**

APPELLATE TERM OF THE SUPREME COURT
OF THE STATE OF NEW YORK FOR THE 2ND, 11TH & 13TH JUDICIAL DISTRICTS

MICHAEL L. PESCE, P.J.
JOSEPH G. GOLIA
MARSHA L. STEINHARDT, JJ.

----------------------------------------------------------------x

DECISION & ORDER ON MOTION

Ronald Henry Land Trust, Respondent, v Amanda Diaz,
Tenant. Jon Sasmor and Willie Osterweil, Nonparty-
Appellants.

Appellate Term Docket No.
2011-1666 K C

Lower Court # 64298/11
----------------------------------------------------------------x

Motion by nonparty-appellants for a stay pending the determination of an appeal from a
final judgment of the Civil Court of the City of New York, Kings County, entered April 28, 2011.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it
is

ORDERED, on the court's own motion, that the appeal is dismissed, as nonparty-appellants
are not aggrieved by the final judgment (*see* CPLR 5511); and it is further,

ORDERED that nonparty-appellants' motion is denied as academic.

ENTER:

Paul Kenny
Chief Clerk

JUL 0 5 2011        RONALD HENRY LAND TRUST v DIAZ

**JA241**

**MEIER DECLARATION**
**EXHIBIT 14**

JA242

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS, HOUSING PART H

/ORIGINAL PAPERS
RECEIVED AND FILED

MAY 04 2011

LANDLORD TENANT
KINGS COUNTY

--------------------------------------------------------X

RONALD HENRY LAND TRUST,

                         Petitioner

ANSWER AND
MOTION TO DISMISS
OR STAY

          -against-

ALEX ROSENBAUM,

                Respondent.

Index No. L&T 64303/11

--------------------------------------------------------X

Jon Sasmor and Lisa Lin hereby answer because they are the actual residents of the described

premises. They move for an Order dismissing the Petitioner's claims with prejudice, or

alternatively staying the proceedings, and for such other and further relief as this Court deems

just and proper. All annexed papers, including the Memorandum in Support of Answer and

Motion to Dismiss or Stay, the Affidavit in Support of Motion to Dismiss or Stay, and the papers

_Answer_

affixed thereto, are incorporated as if presented herein.


Jon Sasmor and Lisa Lin assert general denial and assert the following affirmative defenses:

1. Land trusts do not have capacity to sue in New York.
2. There is no subject matter jurisdiction because Ronald Henry Land Trust is not the landlord or lessor.
3. Ronald Henry Land Trust is without capacity to sue because it never existed and does not exist.
4. Petitioner could not be landlord because Petitioner is not competent to transfer title to or possession of the property.
5. There is no subject matter jurisdiction because this action seeks to benefit the beneficiaries of a trust, and is therefore equitable in nature.
6. Petitioner fails to state a claim because any relief to Petitioner is barred by Petitioner's felony violation of the Home Equity Theft Protection Act, Real Property Law § 265-a.
7. Ronald Henry Land Trust is without capacity to sue due to uncorrectable violation of General Business Law § 130.
8. There is no personal jurisdiction due to improper service.

**JA243**

9.  This is a retaliatory eviction in response to tenants' request for HPD Inspection.
10. There is no subject matter jurisdiction due to defects in the predicate termination notice.
11. Petitioner could not be the landlord because Petitioner is barred from doing business in this state by uncorrectable violation of General Business Law § 130.
12. Petitioner fails to state a claim because Multiple Dwelling Law violations are not a valid grounds for termination.
13. This is a nonpayment case in the guise of a holdover case, barred by collateral estoppel, res judicata, documentary evidence, and violation of the Multiple Dwelling Law.
14. This is a quiet title case in the guise of a holdover case, for which there is no subject matter jurisdiction.
15. Necessary parties have not been joined.
16. Petitioner waived any claim to possession by failing to assert it in the prior pending case in Federal Court.
17. Petitioner waived any claim to relief due to housing violations by defaulting at its Environmental Control Board Hearing and by neglecting to pay the $12,000 default judgment.
18. There is no subject matter jurisdiction because the petition is not signed and is not verified by an appropriate party, nor is the correct respondent named.
19. Petitioner brings this case with unclean hands.
20. This proceeding should be stayed pending resolution of litigation in Federal Court, which may resolve all the issues raised in the petition.
21. This proceeding should be stayed according to RPAPL § 756 because utilities remain unpaid after they were turned off.
22. This is a retaliatory eviction in response to our participation in the 287 Franklin Avenue Residents' Association.
23. This is a retaliatory eviction in response to our lawful activities withholding rent where it was not due because of violation of the Multiple Dwelling Law.
24. We are the actual tenants and are not named in the Petition.

Dated:  May 1st, 2011
Brooklyn, New York

Jon Sasmor        and        Lisa Lin
Actual tenants, Pro Se
287 Franklin Avenue, Room #2B
Brooklyn, NY 11205
(917) 318-2619

2

**JA244**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART E
-------------------------------------------------------------X
RONALD HENRY LAND TRUST,

                                              L & T INDEX NO.: 064303/2011

                         Petitioner,

            -against-                                __DECISION/ORDER__

ALEX ROSENBAUM,
                        Respondent.
-------------------------------------------------------------X
**J. SIKOWITZ:**

RECITATION, AS REQUIRED BY CPLR SECTION 2219(A), OF THE PAPERS
CONSIDERED IN THE REVIEW OF THIS MOTION:.

                  PAPERS                                NUMBERED

NOTICE OF MOTION AND AFFIRMATION AND EXHIBITS
ANNEXED..... ...............................................................   --------1------------
ANSWERING AFFIRMATION .................................................   ----------------------
REPLYING AFFIRMATION.......................................................   ----------------------

      UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS
MOTION IS AS FOLLOWS:

Petitioner commenced this "no defense" holdover proceeding seeking possession of "2nd FL Back
Large Room" at 287 Franklin Avenue, Brooklyn, NY 11205. On the initial court date of April
13, 2011 respondent failed to appear, but John Sasmor appeared, and the proceeding was
adjourned to May 4, 2011 for respondent to appear, and the court sent post cards to the subject
room notifying the occupant of the court date.

On May 4, 2011 petitioner's motion for summary judgment was returnable, and there was no
opposition from the respondent. Respondent failed to appear, and Sasmor and Lisa Lin, who
have a holdover seeking possession of their respective rooms under L&T # 64297/11 attempted
to file a motion to dismiss the petition on behalf of respondent Rosenbaum herein. Petitioner
submitted opposition to the motion to dismiss filed by individuals who have no standing to
represent respondent Rosenbaum.

Respondent has defaulted in appearing on two court appearances, and has failed to file an
answer. Issue has not been joined and, therefore, it is not appropriate to move for summary
judgment. The court is treating the instant motion as an inquest on certified documents.

**JA245**

Petitioner's (A) is a certified copy of the deed, and petitioner's (B) is a copy of the lease for the premises. The lease was signed by nine tenants and the petitioner renting the entire house for a monthly rent of $3,850.00 for one year, from April 1, 2010 through April 1, 2011. The respondent herein, Alex Rosenbaum, is listed as a tenant in the subject lease. Exhibit C is a copy of the housing code violations stating, inter alia, that the second floor rooming unit shall be discontinued. The violations state that pursuant to the Multiple Dwelling Law (MDL) the building must be restored to premises with lawful occupancy, and that the frame building has been converted from a private dwelling to a multiple dwelling and legal occupancy must be restored.

In addition to the violations placed for illegal use of the subject premises, the parties' one year lease has expired.

Therefore, based on the foregoing, the petitioner is awarded a final judgment of possession, a warrant shall issue forthwith, and no stay on execution of the warrant. This constitutes the decision and order of the court.

DATED: May 31, 2011

MAY 3 1 2011

_____
Marcia J. Sikowitz, JHC

MARCIA J. SIKOWITZ
JUDGE, HOUSING COURT

2

**JA246**



APPELLATE TERM OF THE SUPREME COURT
OF THE STATE OF NEW YORK FOR THE 2ND, 11TH & 13TH JUDICIAL DISTRICTS

MICHAEL L. PESCE, P.J.
JOSEPH G. GOLIA
MARSHA L. STEINHARDT, JJ.

-------------------------------------------------------------x

                                          DECISION & ORDER ON MOTION

Ronald Henry Land Trust, Respondent, v Alex
Rosenbaum, Tenant. Jon Sasmor and Lisa Lin, Nonparty-
Appellants.                             Appellate Term Docket No.
                                          2011-1795 K C

Lower Court #

-------------------------------------------------------------x

       Appeal from an order of the Civil Court of the City of New York, Kings County, entered
May 31, 2011.

       On the court's own motion, it is

       ORDERED that the appeal is dismissed, as nonparty-appellants are not aggrieved by the
final judgment (*see* CPLR 5511).

                          ENTER:

                                      Paul Kenny
                                    Chief Clerk

JUL 0 5 2011      RONALD HENRY LAND TRUST v ROSENBAUM

**JA247**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Sasmor v. Powell_____ v.

_____

_____

**CERTIFICATE OF SERVICE**
Docket Number: 13-1223-cv_____

I, Jon Sasmor_____, hereby certify under penalty of perjury that on
July 16, 2013_____ (name)_____, I served a copy of (1) both volumes of the Joint Appendix,
_____(date)_____
and (2) the Brief and Special Appendix for Plaintiff-Appellant Jon Sasmor_____

(list all documents)

by (select all applicable)*

- [✔] United States Mail
- [ ] Federal Express
- [ ] Overnight Mail
- [ ] Facsimile
- [✔] E-mail
- [ ] Hand delivery

on the following parties (complete all information and add additional pages as necessary):

**Please see attached list.**

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

July 16, 2013_____          _____
Today's Date                              Signature

**\*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.**

Certificate of Service Form

**ATTACHMENT TO CERTIFICATE OF SERVICE: RECIPIENT LIST**
*Sasmor v. Powell*, No. 13-1223-cv
July 16 , 2013

Mark H. Shawhan, Assistant Solicitor General
Office of the N.Y.S. Attorney General
120 Broadway, 25th Floor
New York, NY 10271-0332
Attorney for Appellees Fisher and Alt
*via* email to mark.shawhan@ag.ny.gov pursuant to consent under Fed. R. App. P. 25(c)(1)(D)
    and 2d Cir. Rule 25.1(h)(1) and (4)

Kenneth D. Litwack, Esq.
38-08 Bell Blvd., 2nd Floor
Bayside, NY 11361
Attorney for Appellee Powell
*via* email to klitwack@aol.com pursuant to consent under Fed. R. App. P. 25(c)(1)(D) and 2d
    Cir. Rule 25.1(h)(1) and (4)

David Lyle Stern, Esq.
50 Court Street, Suite 1100
Brooklyn, NY 11201
E.D.N.Y. Attorney for Appellees Teitelbaum, Schneebalg, Goldberger, and Henry Mgmt., LLC
*via* email to sternandsternesq@aol.com, with a copy of this certificate of service *via* USPS First
Class Mail, both pursuant to Mr. Stern's written consent dated March 24, 2012 ("Email service is
fine.  Please just also send me some form of confirmation that a document has been served")

Roy I. Martin, Esq. and Carmine J. Castellano, Esq.
Hodgson Russ LLP
1540 Broadway, 24th Floor
New York, NY 10036
E.D.N.Y. Attorney for Appellees Teitelbaum and Schneebalg in Related Case No. 11-cv-976
*via* email to RMartin@hodgsonruss.com and CCastell@hodgsonruss.com


Because Appellees Teitelbaum, Schneebalg, Goldberger, and Henry Mgmt., LLC have not
appeared in this appeal, I made additional service to each of them directly by sending each a CD
containing (1) both volumes of the Joint Appendix and (2) two copies of the Brief and Special
Appendix for Plaintiff-Appellant Jon Sasmor, together with a print copy of this certificate of
service, by USPS First Class Mail to each of the following addresses:

    Isaac Teitelbaum                Abraham Schneebalg
    237 Hooper Street               238 Keap Street
    Brooklyn, NY 11211           Brooklyn, NY 11211

    Chaim Goldberger             Henry Management, LLC
    198 Middleton Street          503 Lafayette Avenue, Bsmt.
    Brooklyn, NY 11206           Brooklyn, NY 11205