Jon Sasmor
287 Franklin Avenue
Brooklyn, NY 11205
(917) 318-2619
jonathan.sasmor@gmail.com

August 22, 2013

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Sasmor v. Powell*, No. 13-1223-cv
            Appellant's Rule 28(j) Citation of Supplemental Authorities

Dear Ms. Wolfe:

      Through the courtesy of Steven Eppler-Epstein, Esq., Executive Director of Connecticut Legal Services, and Raphael L. Podolsky, Esq., of the Legal Assistance Resource Center of Connecticut, I now have obtained from Mr. Podolsky unpublished materials from *Williams v. Carlson*, No. CV-H-8405-1373 MR (Conn. Super. Ct. Mar. 19, 1985), one of the three cases which have considered the same due process issue presented by the instant case. *Williams*, like the already-cited cases *Rembert* and *Arrieta*, are on all fours with this case and favor the plaintiff-appellant. Pursuant to Federal Rule of Appellate Procedure 28(j), pages 41-43, 45, 46 n.14, and 48-50 of the plaintiff-appellant's brief should be supplemented to include *Williams*.

      In *Williams*, like in this case, an occupant faced eviction based on a judgment against someone else. The *Williams* court determined, as argued here, that such an eviction would result in a due process violation. Exhibit A at 3.

The *Williams* court initially entered a temporary injunction prohibiting the landlord and the sheriff from evicting the occupant except by a summary process judgment including her as a party. Exhibit A at 4-6, 10.

Subsequently, the Connecticut Attorney General's office, representing a certified class of Connecticut court clerks, stipulated to a judgment requiring the clerks to revise Connecticut's standard summary process execution form to delete the language, "and all persons holding under the Defendant(s)." Exhibit B. This deleted language is similar to the New York eviction warrant language at issue in this case, "AND ALL OTHER PERSONS." *E.g.* JA056.

Following the judgment in *Williams*, Connecticut General Statutes section 47a-26h was enacted to provide due process to all occupants in Connecticut eviction proceedings. Exhibit C (unpublished legislative history included in bill jacket).[1]

*Williams* provides additional persuasive precedent regarding the due process issues presented here.

                Respectfully submitted,

                */s/ Jon Sasmor*

                Jon Sasmor
                Plaintiff-Appellant, *Pro Se*

cc: Mark Shawhan, Esq. (*via* ECF), Kenneth D. Litwack, Esq. (*via* ECF), and David Lyle Stern, Esq. (*via* ECF)

---

[1] Based on a letter in the published legislative history, JA367, I previously believed, apparently incorrectly, that a federal court, rather than state court, decision had resulted in the enactment of Conn. Gen. Stat. § 47a-26h. Appellant's Brief at 46 n.14, second bullet point.