DOCKET NO. 8405-1373

| | | |
|---|---|---|
| PATRICIA WILLIAMS | : | SUPERIOR COURT, HOUSING SESSION |
| V. | : | JUDICIAL DISTRICT OF HARTFORD/ NEW BRITAIN AT HARTFORD |
| BURR R. CARLSON, ET AL | : | MAY 15, 1984 |

Before: The Honorable Arnold W. Aronson, Judge

A P P E A R A N C E S:

    For the Plaintiff:

    LEGAL AID SOCIETY OF HARTFORD COUNTY, INC.
    525 Main Street
    Hartford, Connecticut  06103
      by:  BRUCE J. BATTS

    For the Defendants:

    THOMAS & PRIGNANO
    Attorneys at Law
      by:  PASQUALE PRIGNANO

                              Marie Ruiu-Tanasi,
                              Court Monitor

THE COURT: Well, it seems to the Court that the lease, itself, is a pretty straightforward lease, and it's a lease between Colony Equities and David McGhee. It also states that the tenant, David McGhee, will deposit four hundred and thirty-five dollars as a security deposit on or before November 10th of 1983. The lease, which is signed by David McGhee, provides certain rules and regulations for him to follow in occupying the premises. It does seem strange that if the landlord did know that Patricia Williams were going to reside as a tenant in that apartment that they would have her sign the document, not as a credit reference, even if she could not obtain good credit, but, solely, for the reason that she would be bound by the terms of the lease and the rules and regulations provided by the landlord. It does not appear to the Court that this particular apartment lease was executed with David McGhee solely as a guarantor for the performance of Patricia Williams.

Whether or not there's been any fraud perpetrated upon the landlord by Patricia Williams and David McGhee would have to rest at another date. If the landlord felt that they were wronged by those actions, they have their own remedies at another date. The Court will not decide whether or not there is a basis for it at this time.

However, Section 47a-23 of the Connecticut General Statutes does require that where a person is a tenant, or even an occupant, of property, that the owner of the property or the landlord of the property cannot take the law in his own hands and cannot forcibly evict either the tenant or the occupant without going through due process of law.

The sheriff who operates under an execution which does not name the occupant of the premises is nothing more than an errand boy acting under the direction of the landlord or the owner of the property. The sheriff is <u>not acting under any authority of law</u> by evicting a person who has not been named in a summary process action where a judgment has not been entered against that person.

The question of whether or not the landlord can use as an argument that he cannot know who lives in the premises as a reason for not naming the occupants in a summary process action is really the landlord or the owner's responsibility. It's his property. He has ownership of the property. He is the landlord of the property. He collects the rent. And, certainly, he has the responsibility to determine who is occupying the property whether as a tenant or merely as an occupant without any rights as a tenant. So that from the standpoint of this particular case, where there has been

evidence that Patricia Williams is an occupant, has been an occupant of the premises, regardless of whether she occupies those premises as a tenant or as an occupant without any rights with the landlord, she occupies those rights as until she is properly evicted under the summary process statutes of the State of Connecticut. Where there is a summary process action, Patricia Williams has a right to interpose any defenses which she may be entitled to. And that certainly is the purpose of the summary process action, is to give the person who is going to be evicted from the premises an opportunity to voice their objection. At this particular time, the Plaintiff, Patricia Williams, not being named a party to the summary process action which is Colony Equities versus David McGhee, that the Sheriff Fitzgerald has no authority to evict Patricia Williams, nor does the landlord Colony Equities have the authority to evict Patricia Williams so long as her rights as the occupant of the premises have not been determined in a summary process action. The Court will issue the temporary injunction at this point. The Court sees no real basis after hearing the evidence as to why the injunction should not become permanent until the Defendant has brought a summary process action against the Defendant (sic) if they wish to

5

evict her from the premises. Mr. Prignano, do you have any objection to the Court entering a permanent order, or is your --

MR. PRIGNANO: I certainly do, your Honor, this is absolutely ridiculous. If Mrs. Williams' sister moves in next week, am I to continue to come back here --

THE COURT: Mr. Prignano, are you saying that the Court is ridiculous or what?

MR. PRIGNANO: I'm saying that you have left a gaping hole in the summary process procedure which cannot be filled by fifteen million tons of concrete. There is a revolving door that's been created here that I can find no solution for my clients for.

THE COURT: Mr. Batts?

MR. BATTS: Your Honor, this isn't a revolving door problem at all. She's been there since the very beginning. It's not the case of someone coming in after the papers have been served. The California Supreme Court decision dealt with that problem and found a solution compatible with the due process clause, and I think it's not a practical problem.

THE COURT: I'm going to, since there is an objection to the Court entering a permanent injunction, I will enter a temporary injunction against the Defendants Frank Fitzgerald and

6

Colony Equities from taking any action to interfere with the Plaintiff's normal use and quiet enjoyment of the premises until either further order of this Court or until a summary process action judgment enters in their favor, or enters into its favor. In regard to the bond, the Court does feel that it is important from the standpoint of the protection of the Defendants in this matter, that the proposal of Patricia Williams to pay the use and occupancy -- what is the use and occupancy at this time, Mr. Prignano?

    MR. PRIGNANO: Those apartments are renting for three hundred fifty dollars a month at this time, your Honor.

    THE COURT: What was the use and occupancy granted in the motion on the summary process action?

    MR. PRIGNANO: I believe it was three forty-five at that time, your Honor.

    THE COURT: Three forty-five?

    MR. BATTS: That has been the last agreed upon.

    THE COURT: Well, it's not agreed upon. It was the use and occupancy, was it not?

    MR. PRIGNANO: There was never any rent agreed upon with her.

    THE COURT: But, the Court will make a finding

that at least from the standpoint of the -- this matter, that the -- during the pendency of this action, that as a security, the Defendant (sic) Patricia Williams will pay the sum of three hundred forty-five dollars. Mr. Batts, is it your proposal that the three hundred forty-five dollars be paid to the Defendant Colony Equities in this matter?

MR. BATTS: That's acceptable to us, your Honor.

THE COURT: All right. It will be payable, then, each month during the pendency of this matter.

MR. BATTS: We can make the first payment today for thirty days.

THE COURT: All right. And, then the next payment will be on the fifteenth day of June, and on the fifteenth day of each month during the pendency of this matter. The payments will be made to the landlord, which is Colony Equities, and I'll require that the payment be made to Mr. Prignano as the attorney for the landlord so that there will be a recognition of the money that's being paid each month during the pendency of this matter. Anything further?

MR. BATTS: Yes. I have one final request, your Honor. This being a technical area of law and an issue of statewide significance, I would

8

request that the Court issue a written decision on this case.

    THE COURT: Mr. Prignano, what's your comment?

    MR. PRIGNANO: I have no objection, your Honor.

    MR. BATTS: I'd be happy to submit a brief, your Honor, if that would be helpful.

    THE COURT: Well, after I've made the decision -- I'll take under advisement whether to write a written opinion.

    MR. PRIGNANO: Your Honor, just one inquiry?

    THE COURT: Yes?

    MR. PRIGNANO: If payments aren't made by the fifteenth of each month, what is --

    THE COURT: Then you may make an application for a dissolution of the temporary injunction.

-----------------

DOCKET NO. 8405-1373

PATRICIA WILLIAMS : SUPERIOR COURT, HOUSING SESSION

V. : JUDICIAL DISTRICT OF HARTFORD/
NEW BRITAIN AT HARTFORD

BURR R. CARLSON, ET AL : MAY 15, 1984

## C E R T I F I C A T I O N

    This is to certify that the foregoing is a true and accurate portion of the court proceedings of the above-entitled case heard before the Honorable Arnold W. Aronson, Judge of the Superior Court, Judicial District of Hartford/New Britain, in Hartford, Connecticut on the fifteenth day of May, 1984.

    Dated at Hartford, Connecticut this first day of June, 1984.

*Marie Ruiu-Tanasi*
Marie Ruiu-Tanasi,
Court Monitor

STATE OF CONNECTICUT
## SUPERIOR COURT HOUSING SESSION
OFFICE OF THE CLERK


RECEIVED MAY 18 1984

TO
Bruce J. Batts, Esq.
LASH
525 Main Street
HArtford, CT  06103

(TC-67)

**OFFICIAL NOTICE**

Thomas & Prignano
P.O. Box 648
Manchester, CT  06040

| NAME OF CASE | DOCKET NO. |
|---|---|
| Patricia Williams   v.   Burr Carlson, et al | CV-H-8405-1373 MR |
| ADDRESS OF HOUSING SESSION | DATE |
| 18 Trinity Street, Hartford  06106 | May 15, 1984 |

| | | |
|---|---|---|
| ☐ MOTION FOR DEFAULT FOR FAILURE TO APPEAR | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION FOR DEFAULT FOR FAILURE TO PLEAD | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION TO REOPEN DEFAULT | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION TO REOPEN JUDGMENT | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION TO DISMISS | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION TO STRIKE | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION FOR ORDER OF WEEKLY PAYMENTS | ☐ GRANTED | ☐ DENIED |
| ☐ MOTION FOR USE AND OCCUPANCY (Payment must be made by cash, bank check or moneyorder) | ☐ GRANTED | ☐ DENIED |
| ☐ _____ | ☐ GRANTED | ☐ DENIED |

☐ ~~CONDITIONS~~   Temporary Injunction to restrict defendants Colony Equities and Frank Fitzgerald from evicting plaintiff Patricia Williams from 40 Cumberland Drive, East Hartford, CT is granted. During pendency of action, in lieu of payment of a bond, plaintiff will pay use and occupancy of $ 345.00 a month to defendant Colony Equities attorney on the 15th of each month beginning on May 15, 1984.

/s/ Aronson, J.

/s/ Vic Feigenbaum
ASSISTANT CLERK

JD-CL-22   REV. 8-83