## CONNECTICUT LEGAL SERVICES, Inc.

*104 BEACON STREET*

*HARTFORD, CONNECTICUT 06105*

*(203) 232-7748*

WILLIAM HESCOCK
*Chairman*

NORMAN K. JAMES
*Executive Director*

DOUGLAS M. CROCKETT
DENNIS J. O'BRIEN
*Deputy Directors*

RAPHAEL L. PODOLSKY
Attorney at Law

April 4, 1987

CONNECTICUT STATE LIBRARY
LEGISLATIVE REFERENCE SECTION

TESTIMONY OF RAPHAEL L. PODOLSKY

H.B. 7588 — Enforcement of summary process judgments         NO OBJECTION

This bill, which was introduced by a landlord group, represents a compromise negotiated between landlord and tenant representatives. A 1985 court decree makes clear that an eviction judgment can be used only against the occupants named in the complaint. This satisfies due process requirements concerning notice and the opportunity for a hearing, but it has presented practical problems for landlords, if they cannot reasonably name the occupants of the apartment.

This bill makes an eviction judgment good against occupants who have not been named in the complaint but satisfies due process concerns by providing a procedure for such persons to become part of the action or to raise objection to their being covered by it. In particular, it provides that an eviction judgment will bind all named defendants, plus (a) occupants who move in after the service of the notice to quit (since the landlord could not have known of their presence) and (b) other occupants whom the landlord did not know about and could not with reasonable diligence have discovered. It also allows the use of "John Doe" notices if the landlord cannot reasonably learn the name of an occupant. The result represents a fair balancing of the interests of landlords and tenants.

Note: Two technical changes should be made in the bill: (a) In l. 114, "contact the clerk of the court" should be changed to "complete and file with the clerk of the court a claim of exemption from the judgment"; and (b) in l. 116-116A, "and" should be changed to "or" and the phrase "or any other current occupants" should be placed in quotation marks (the precise phrase must be used to prevent the Post Office from forwarding the letter).

# CONNECTICUT LEGAL SERVICES, Inc.

104 BEACON STREET
HARTFORD, CONNECTICUT 06105
(203) 232-7748

WILLIAM HESCOCK
*Chairman*

NORMAN K. JAMES
*Executive Director*

•

DOUGLAS M. CROCKETT
DENNIS J. O'BRIEN
*Deputy Directors*

May 17, 1987

RAPHAEL L. PODOLSKY
Attorney at Law

To:   Sen. Anthony Avallone
From: Raphael Podolsky

CONNECTICUT STATE LIBRARY
LEGISLATIVE REFERENCE SECTION

Re:   H.B. 7588 -- Enforcement of summary process judgments
      (Cal. No. 0613, File No. 751, as amended by House "A"

    This bill, which is sponsored by a landlord group, was negotiated in enormous detail by landlord and tenant lawyers. In the House, the Republican leadership unexpectedly added an amendment (House "A"). No one understood the amendment at the time, and Rep. Tulisano therefore opposed it. It turns out that the Republicans had detected a drafting error, but their amendment does not cure it. After the vote, I discussed the amendment with Reps. Krawiecki and Farr, its sponsors, and with Rep. Tulisano. We all agree that House "A" needs to be rejected and Senate "A" substituted for it. I have also confirmed agreement with the landlord representatives who helped write the bill.

> In l. 101, after "served", insert "each occupant whose presence is known".
> In l. 102, delete the last word "a".
> In l. 103, delete "person identified by alias".
> In l. 166, after the period, delete "If the court finds that the" and insert: "The court shall determine whether the claimant is bound by the judgment and, if it finds that the claimant is not bound, it".
> Delete l. 167 through 171.

    Let me try to explain. The Superior Court decree in Williams v. Carlson (1985) limits the use of a summary process execution to the named defendants. This is necessary for due process reasons, since people are entitled to notice of the proceedings against them. But the decree presents problems for landlords, if they are surprised by the presence of unknown occupants. This bill allows a summary process judgment to bind unnamed occupants under certain circumstances, but meets due process standards by providing notice and an opportunity to be heard in the case.

    The proposed Senate amendment makes two changes in the bill: (a) Lines 101-103: It deletes the requirement that, in order for an unknown occupant to be bound, the landlord must have served an alias ("John Doe") notice to quit and writ. As the bill elsewhere makes clear, "John Doe" process is needed only if the landlord knows of the presence of an occupant but not his name. If he cannot reasonably discover the presence of an occupant, no service at all is necessary. (b) Lines 166-171: In stating when an occupant is exempt from a proceeding, the bill describes the conditions of §3(a)(3) but neglects to include §3(a)(2). The revised language includes all of §3. All changes made by this amendment are technical, and all have been discussed with and consented to by all relevant parties. If you want a more comprehensible explanation or the bill or the amendment, please let me know.

cc: Senate leadership

*[signature: Rafu]*