Jon Sasmor
287 Franklin Avenue
Brooklyn, NY 11205
(917) 318-2619
jonathan.sasmor@gmail.com

September 26, 2013

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Sasmor v. Powell*, No. 13-1223-cv
           Appellant's Rule 28(j) Citation of Supplemental Authorities

Dear Ms. Wolfe:

    Pursuant to Federal Rule of Appellate Procedure 28(j), pages 41-43, 45, and 48-50 of the plaintiff-appellant's brief should be supplemented to include two recently discovered decisions — *170 W. 85th St. Tenants Ass'n. v. Cruz*, 173 A.D.2d 338 (N.Y. App. Div. 1991) and *800 Ocean Ave., Inc. v. Juarez*, 2013 NY Slip Op 50858(U) (N.Y. App. Term May 14, 2013).

    In *Cruz*, New York's Appellate Division stated:

> Due process requires only that, for the warrant to be effective against a subtenant, licensee or occupant, he be made a party to the proceeding, either by naming him in and serving him with the petition and notice of petition or by joining him as a party during the pendency of the proceeding (CPLR 401; CCA 110 [d]).

173 A.D.2d at 339-40.  In *Juarez*, New York's Appellate Term applied *Cruz* in affirming a permanent stay of execution of the eviction warrant where the occupant in possession was not named as a party.  2013 NY Slip Op 50858(U), at *1.

*Cruz* and *Juarez* implicitly hold that the statute challenged here, subdivision 749(1) of the New York Real Property Actions and Proceedings Law, violates Due Process.  173 A.D.2d at 339-40; 2013 NY Slip Op 50858(U), at *1.  "All persons" may **not** be removed as required by subdivision 749(1).  Instead, under *Cruz* and *Juarez*, only persons made parties to the eviction proceeding may be removed.  *Id.*

Thus, New York has joined the federal and state courts in California, Connecticut, and Illinois which have held that Due Process requires notice and opportunity to be heard to all occupants before eviction.  Brief for Plaintiff-Appellant at 41-43, 45, 46 n.14, and 48-50; Plaintiff-Appellant's August 22, 2013 Rule 28(j) Letter.

By continuing their policy of issuing eviction warrants to remove the named respondents "AND ALL OTHER PERSONS," the Judicial Defendants violate Due Process even as set forth by the court system that they themselves administer.

                                              Respectfully submitted,

                                              */s/ Jon Sasmor*

                                              Jon Sasmor
                                              Plaintiff-Appellant, *Pro Se*

cc: Mark Shawhan, Esq. (*via* ECF), Kenneth D. Litwack, Esq. (*via* ECF), and David Lyle Stern, Esq. (*via* ECF)