# 13-1223-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



JON SASMOR,

*Plaintiff-Appellant,*

*v.*

STEVEN POWELL, INDIVIDUALLY AND AS CITY MARSHAL,

*Defendant-Cross-Claimant-Cross-Defendant-Appellee,*

*and*

CHAIM GOLDBERGER, AKA HENRY GOLDBERG, ISAAC TEITELBAUM, AKA ISAAC TITALBAUM, ABRAHAM SCHNEEBALG, FERN FISHER, INDIVIDUALLY AND AS DEPUTY CHIEF ADMINISTRATIVE JUDGE FOR THE NEW YORK CITY COURTS, CAROL ALT, INDIVIDUALLY AND AS CHIEF CLERK OF THE CIVIL COURT OF THE CITY OF NEW YORK, HENRY MANAGEMENT, LLC,

*Defendants-Cross-Defendants-Appellees.*

———————————

*On Appeal from the United States District Court*
*for the Eastern District of New York (Brooklyn)*

## BRIEF FOR DEFENDANT-CROSS-CLAIMANT-CROSS-DEFENDANT-APPELLEE STEVEN POWELL, INDIVIDUALLY AND AS CITY MARSHAL

KENNETH D. LITWACK, ESQ.
*Attorney for Defendant-Cross-Claimant-*
*Cross-Defendant-Appellee Steven Powell,*
*Individually and as City Marshal*
38-08 Bell Boulevard, 2nd Floor
Bayside, New York 11361
718-428-4806

# Table of Contents

TABLE OF AUTHORITIES ...................................................................ii-v

COUNTER STATEMENTS OF QUESTIONS PRESENTED ........................vi

COUNTER STATEMENT OF FACTS.......................................................1

PROCEDURUAL HISTORY ..................................................................1

ARGUMENT .....................................................................................6

    PONT I .......................................................................................6

    THE AMENDED COMPLAINT FAILED TO STATE A CLAIM UPON
    WHICH RELIEF COULD BE GRANTED IN THAT THE MARSHAL
    ACTED UPON A WARRANT THAT WAS VALID ON ITS FACE.
    THE TRIAL COURT WAS CORRECT IN DISMISSING THE
    PLAINTIFF- APPELLANT'S AMENDED COMPLAINT

    POINT II.......................................................................................9

    MARSHAL POWELL HAS QUALIFIED IMMUNITY AND IS
    IMMUNE FROM SUIT.

    POINT III ...................................................................................18

    THE PLAINTIFF –APPELLANT DID NOT HAVE STANDING TO
    BRING THIS LAW SUIT AGAINST NEW YORK CITY MARSHAL
    POWELL

    POINT IV ...................................................................................21

    PLAINTIFF-APPELLANT HAD A FULL OPPORTUNITY TO BE
    HEARD IN THE LOWER STATE COURTS AND WAS NOT
    DEPRIVED OF DUE PROCESS

CONCLUSION...................................................................................23

# <u>TABLE OF CASES</u>

## <u>FEDERAL CASES</u>                                            <u>PAGE</u>

<u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034,
97 L.Ed. 2d 523, 1987 U.S. LEXIS 2894, 55 U.S.L.W. 5092 (1987)……12, 13, 14

<u>Ashcroft v. Al- Kidd</u>, 563 U.S. ___ pp 5-6……………….....................................15

<u>Caldwell v. Gutman, Mintz, Baker & Sonnefeld, P.C.</u>,
701 F. Supp. 2d. 340 (E.D.N.Y. 2010.)……………………………………..………20

<u>Caporicci v. Nassau County Police Department</u>,
2007 W.L. 764535 (E.D.N.Y. 2007)…………………………………………..….14

<u>Conn v. Gabbert</u>, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399,
1999 U.S. LEXIS 2345, 67 U.S.L.W. 4222 (1999)………………………………12

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 118 S. Ct. 1708,
140 L. Ed. 2d 1043, 1998 U.S. LEXIS 3404, 66 U.S.L.W. 4407 (1998)…………12

<u>Crawford-El Britton</u>,
523 U.S. 574, 118 S. Ct. 1584, 140 L. Ed 2d 759 (1998)……………………..10, 11

<u>Frances v. Coughlin</u>, 891 F. 2d 43, 1989 U.S. App. LEXIS 18484
 (2nd Cir. N.Y. 1989)………………………………………………………..…..13

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 102 S. Ct. 2727,
73 L. Ed. 2d 396, 1982 LEXIS 139 (1982)………………………..10 , 11, 12, 13

<u>Hartman v. Moore</u>, 547 U.S. 25 (2006)…………………………………..…......15

<u>Hunter v. Bryant</u>, 502 U.S. 224, 112 S. Ct. 534, 116 L. Ed. 2d 589,
1991 U.S. LEXIS 7262, 60 U.S.L.W 3432, 91 D.A.R. 15444 (1991)……………11

<u>Jermonsen v. Smith</u>, 945 F. 2d 547, 1991 U.S. App. LEXIS 22980 (2nd Cir. N.Y.
1991), cert. denied 503 U.S. 962, 112 S. Ct. 1565, 118 L.E.D. 2d 211
(1992)………………………………………………………………...…………13

<u>Maldonado v. N.Y. County Sheriff</u>, 2006 U.S. Dist. LEXIS 64391
(S.D.N.Y. Sept. 6, 2006)…………………………………………...……...7, 15

Martinez v. Simonetti, 202 F. 3d 625, 2000 U.S. App. LEXIS 1441
(2nd Cir. N.Y. 2000)…………………………………………… ……………..11, 13

McCullough v. Wyandanch Union Free School District, 187 F. 3d 272, 1999 U.S.
App. LEXIS 18012(1999)……………………………………….………………..13

Mehta v. Surles, 905 F. 2d. 595. 1990 U.S. App. LEXIS 8769
 (2nd Cir. N.Y. 1990)……………………………………………………………….8

Morris v. Katz, 2011 U.S. Dist. LEXIS 100961 (E.D.N.Y. Sept 4, 2011)………7, 8

Powell v. Schriver, 175 F. 3d 107, 1999 U.S. App. LEXIS 6061
(2nd Cir. N.Y. 1999)……………………………………………………………...13

Reichle v. Howards, no. 11-262
(U.S. Supreme Court decided June 4, 2012)……………………………….……..15

Sound Aircraft Servs. v. Town of E. Hampton, 192 F. 3d 329,
1999 U.S. App. LEXIS 22966 (2nd Cir. N.Y. 1999)…………………….........10, 11

Tenenbaum v. Williams, 193 F. 3d 581,
1999 U.S. App. LEXIS 25518 (2nd Cir. N.Y. 1999)………………………..……..11

Tornheim v. Eason, 363 F. Supp. 2d 674, 676-77 (S.D.N.Y 2005)………………14

United States v. Lanier, 520 U.S. 259, 117 S. Ct. 1219,
137 L. Ed. 2d 432, 1997 U.S. LEXIS 2079, 65 U.S.L.W. 4232 (1997)………..…13

Weyant v. Okst, 101 F. 3d 845, 1996 U.S. App. LEXIS 31034
(2nd Cir. N.Y. 1996)……………………………………………………………...11

Wilson v. Layne, 526 U.S. 603, 119 S. Ct. 1692 (1999)……………………...11, 12

Young v. County of Fulton, 160 F. 3d. 899,
1998 U.S. App. LEXIS 30792 (2nd Cir, N.Y. 1998)……………………...11, 13, 14

## **CONSTITUTIONAL PROVISIONS**                                    **PAGE**

4th Amendment…………………………………………………………………….3
14th Amendment………………………………………………………………….2, 3

## FEDERAL STATUTES AND REGULATIONS                    PAGE

42 U.S.C. § 1983……………………………………...………..2, 3, 8, 14
42 U.S.C. § 1985………………………………………….……1, 3, 8
Fed. R. Civ. Proc. 12 (c)…………………………………….…………….4

## NEW YORK STATE CONSTITUTIONAL PROVISIONS        PAGE

Art. 1 § 6……………………………...……………………………3
Art. 1 § 11……………………………………………………………3
Art. 1 §12…………………………………………...……………………3

## STATE CASES                                          PAGE

Bovee v. King, 11 Hun. 250 (N.Y.1877),
affirmed by Bovee v. King, 75 N.Y. 609 (1878)…………………………..……….7

Fraiman v. Mancuso , 30 A.D. 2d 108, 289 N.Y.S. 2d 1011, 1968 N.Y. App. Div.
LEXIS 3933 (N.Y. App. Div. 1st Dept 1968), cert. denied 396 U.S. 895 (1969)…..9

Iovinella v. Sheriff of Schenectady Co, 67 A.D. 2d 1037, 413 N.Y.S. 2d 497
(3rd Dep't 1979)…………………………………………..…………...14-15

Iorio v. City of New York, 96 Misc. 2d 955, 410 N.Y.S. 2d 195 (1978)………..…9

M & M Crown Realty v. LLC v. Griffith, 32 Misc. 3d 1227A, 936 N.Y.S.
2d 59 (2011)……………………………………………………….…18

Mayes v. UVI Holdings, Inc., 280 A.D. 2d 153, 723 N.Y.S. 2d 151 (2001)……6, 7

Porter v. Purdy, 29 N.Y. 106 (1864)……………………………….………7

Ronald Henry Land Trust v. Amanda Diaz, Kings County Civil Court
Index #: 064298/2011………………………………………..………......1, 3, 7

Ronald Henry Land Trust v. Kurt Fletcher, Kings County Civil Court
Index #: 064297/2011……………………………………….…….…1, 3, 7

Ronald Henry Land Trust v. Rosenbaum, Kings. County Civil Court
Index #: 064303/2011………………………………..……………...1,3, 7

Savacool v. Boughton, 5 Wend. 170, 1830 N.Y. LEXIS 221,
21 Am. Dec. 181 (N.Y. Sup. Ct. 1830)………………………….………....6

Sethi v. Kaur, 15 Misc. 3d 1117A, 839 N.Y.S. 2d 437,
2007 N.Y. Misc. LEXIS 2211 (2007)…………………………………….…....18

170 W. 85th Street Tenants Ass'n v. Cruz, 173 A.D 2d 338
 (NY App. Div 1991)………………………………………………………...22

## **STATE STATUTES AND REGULATIONS**         **PAGE**

NY CLS RPAPL § 853…………………………………...………...2, 4
NY Civil Court Act § 1600 et seq…………………………...……………...1, 6, 9
Marshals Handbook of Regulations……………………………………10, 16, 17
JT. Administrative Order 453…………………………………….........9, 10
J.T. Administrative Order 456…………………………………….…....………..9

## <u>COUNTER QUESTIONS PRESENTED</u>

**1)**   Was the District Court correct in deciding that Plaintiff-Appellant did not have standing to bring this law suit against New York City Marshal Powell and was not deprived of due process in the State Court?

**2)**   Was the District Court correct in deciding that a Marshal is protected when he executes a warrant that is valid on its face?

**3)**   Was the District Court correct in deciding that the Marshal had qualified immunity that protects him from this law suit?

## COUNTER-STATEMENT OF FACTS

Plaintiff -Appellant brought suit herein concerning legal possessions that took place at a property in Kings County, New York known as 287 Franklin Avenue, Brooklyn, New York 11205.  Named as Defendants were New York City Marshal Steven Powell (hereinafter "Marshal Powell") various individuals that are alleged to represent an alleged owner of the property, the Deputy Chief Administrative Judge for the New York City Courts, Fern Fisher and Carol Alt, the Chief Clerk of the Civil Court of the City of New York.

Steven Powell is a New York City Marshal duly appointed pursuant to § 1600 et. seq. of the New York Civil Court Act.  On July 13, 2011, Marshal Powell executed a warrant of eviction that was issued by the Civil Court of the City of New York County of Kings against Alex Rosenbaum under Warrant Index #: 064303/2011. (JA056) On July 20, 2011, Marshal Powell executed warrants of eviction against Kurt Fletcher and Amanda Diaz under New York City Civil Court County of Kings Warrants with Index Numbers 064297/2011 and 064298/2011, respectfully.  (JA049, 052).

## PROCEDURAL HISTORY

Plaintiff-Appellant's amended complaint alleged various constitutional violations, under both the Federal and New York State Constitutions, violation of Federal Rights under 42 U.S.C. §1983 and 42 U.S.C. §1985(3) as well as

violations under State Common Law for Abuse of Process, Trespass, Conversion, Intentional Infliction of Emotional Distress and Wrongful Eviction under New York NY CLS RPAPL §853.  See Amended Complaint JA012

The gravamen of all of these alleged violations was that the Plaintiff - Appellant, Jon Sasmor, was improperly evicted from portions of the subject premises due to the execution of three warrants.  The amended complaint states that Plaintiff -Appellant had a possessory right to three areas/rooms in the subject premises and was removed in spite of that because he was not named as a party on the warrants of eviction which commanded Marshal Powell to "remove all persons" in addition to the named tenant in the apartment. As a result he claimed he was denied due process and an opportunity to be heard in the lower State Court in spite of the fact he attempted to intervene in all three (3) cases.  See Amended Complaint JA014, 015,022,025,028,034.  Plaintiff -Appellant also claimed the three warrants that were executed were what he called "wild cat warrants" which did not properly specify the particular rooms that were the subject of the dispossess that were performed.  See Amended Complaint JA012, 014-015, 035.

More specifically the amended complaint alleged as follows:

- COUNT 1 – Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for the use of "all other person" warrants

2

- COUNT 2 – Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for the application and issuance of "wild cat warrants"

- COUNT 3 – Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for issuance of executions granting possession to "Ronald Henry Land Trust" which is not an entity capable of owning property.

- COUNT 4 - Violation of 4th and 14th Amendments under U.S. Const. and 42 U.S.C. §1983 for the Marshal refusing to show his badge and the warrant and by evicting Plaintiff without any court judgment against him.  Violation of Plaintiff's right to be secure from unreasonable searches and seizures.

- COUNT 5 – Violation of the 4th Amendment under U.S. Const. and 42 U.S.C. §1983 by entering "Plaintiff's home" and evicting him without permission and without a valid warrant.

- COUNT 6 – Violation of 42 U.S.C. §1985 by evicting Plaintiff without showing a badge or warrant and without any court judgment against Plaintiff.

- COUNT 7 – Under Article 1 § 6 of the New York State Constitution for violating Plaintiff's due process rights; under Article 1 § 11 of the New York State Constitution for violating Plaintiffs equal protection rights; for violation of Article 1 § 12 of the New York State Constitution for violating

rights to be secured from unreasonable searches and seizures where warrants were issued without probable cause and improper warrants being issued.

- COUNT 8 – Wrongful eviction under NY CLS RPAPL § 853.

- COUNT 9 – Abuse of process.

- COUNT 10 – Trespass on property.

- COUNT 11 – Trespass on chattels.

- COUNT 12 – Conversion.

- COUNT 13 – Intentional infliction of emotional distress.

Thereafter, the Marshal moved pursuant to FED. R. Civ. Proc. 12(c) to dismiss the amended complaint, because it failed to state a claim upon which relief may be granted, because the Marshal executed a warrant that was valid on its face, on the basis of his qualified immunity, because the Marshal had been improperly named as a party and because of Plaintiff- Appellant's lack of standing to bring the law suit as it applied to the Defendant -Appellee Marshal. JA078-087. The various other Defendants also moved to dismiss the amended complaint against them. JA106-11.

The matter was referred to Magistrate Judge James Orenstein for a report and recommendation. Judge Orenstein recommended that the complaint be dismissed because the Plaintiff- Appellant lacked standing, was collaterally estopped from attacking the State Court's decision, had a full and fair opportunity

4

to be heard in State Courts and as such there was no violation of his due process as claimed and that the Marshal specifically was protected by qualified immunity (JA293)

The report in its entirety was then adopted by the Honorable Judge Kiyo Matsumoto.

# ARGUMENT

## POINT I

### THE AMENDED COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED IN THAT THE MARSHAL ACTED UPON A WARRANT THAT WAS VALID ON ITS FACE. THE TRIAL COURT WAS CORRECT IN DISMISSING THE PLAINTIFF-APPELLANT'S AMENDED COMPLAINT

Marshals are officers of the Civil Court.  See N.Y.C. Civil Court Act § 1600 et. seq. They must act upon the command in any order they receive.  Marshals must not look behind the process that they receive.  See Savacool v Boughton 5 Wend.170 (1830).  They are not judges. They must act upon the mandate of the court if the warrant is valid on its face.  See Mayes v UVI Holdings, Inc. 280 A.D. 2d 153., 723 N.Y.S. 2d 151 (2001) (Marshal executed a warrant that was valid on its face but invalid since it pertained to a prior judgment between the parties.  The Marshal was deemed not responsible since the conduct of the litigation was not known to the City Marshal.)

Marshal Powell would have had no way of knowing if anything wrong had been done in the underlying landlord/tenant actions, in State Court, if in fact something had been improper. The Marshal was only aware that there had been decisions and judgments of the court granting possession in favor of the landlord, along with Court issued warrants.  Once a Marshal is made aware that there is a judgment in favor of the landlord, the Marshal requisitions the warrant from the

court. He is entitled to rely upon the presumption of regularity. <u>Mayes v UVI Holdings, Inc., supra</u>.

The warrants in the instant matter are very clear in their language. They state, "TO THE SHERIFF OF THE CITY OF NEW YORK OR ANY MARSHAL, GREETINGS: After a decision and the entry of a judgment of possession in favor of the petitioner(s) Ronald Henry Land Trust

> **"IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK, YOU ARE COMMANDED TO REMOVE THE RESPONDENT(S): [KURT FLETCHER], [AMANDA-DIAZ], [ALEX ROSENBAUM] AND ALL OTHER PERSONS FROM THE PREMISES…"** JA050, JA053, JA056

The Marshal is not a party to the litigation. Only the tenants, the landlord and the State Court would know what took place during the lower court proceedings. See <u>Bovee v. King</u>, 11 HUN 250, affirmed 75 NY 608 (1878); <u>Porter v. Purdy</u>, 29 NY 106 (1864).

In the case of <u>Morris v. Katz</u>, 2011 U.S. Dist Lexis 100 961 (E.D.N.Y. Sept 4, 2011), the Court referencing <u>Maldonado v. New York City Sheriff</u>, 2006 U.S. Dist Lexis 64391 (S.D.N.Y. Sept. 6, 2006) stated that "…a Marshal is not responsible for verifying the processes that precede the issuance of a warrant; he is responsible only for verifying its facial validity and facially valid executing it. A

City Marshal may conduct an eviction or legal possession only after a Court has ruled on the Landlord's petition for removal and has issued a warrant of eviction to the Marshal.  Since [the tenant] seeks to hold [the Marshal] liable based upon his execution of a facially valid warrant of eviction in accordance with his duty to carry out mandates of the Court, the action against him must be dismissed on the basis of Quasi – Judicial Immunity." [1] In Morris v. Katz, supra, the Plaintiff had alleged violations of 42 U.S.C. § 1983 and 1985 alleging violations of Due Process and equal protection, much as the Plaintiff- Appellant in the case at bar is alleging. There, the Court cited Mehta v. Surles, 905 F.2d 595, 598 and stated that in order to state a claim for deprivation of property rights under § 1983 three elements must be proven: (1) that there was a property interest; (2) which was the deprived under color of state law; and (3) the deprivation must be without Due Process.  As explained more fully in **Point III** it has already been determined that the Plaintiff - Appellant herein has no property interest since he had no standing and there has not been a deprivation of Due Process. He had ample opportunity to attempt to intercede and be heard in the state courts.

The Marshal had to perform the dispossesses and as such cannot be held responsible for any of the alleged violations stated in Plaintiff- Appellant's Amended Complaint.

---

[1] The issue of immunity is discussed further in point II.

## POINT II

## MARSHAL POWELL HAS QUALIFIED IMMUNITY AND IS IMMUNE FROM SUIT.

New York City Marshal Steven Powell has been duly appointed pursuant to New York City Civil Court Act § 1600 et seq.  Marshals are not City or State employees but are Officers of the Civil Court who are independent contractors. See Iorio v. City of New York, 96 Misc. 2d 955, 410 N.Y.S. 2d 195 (1978). Pursuant to the Civil Court Act the Mayor of the City of New York has the authority to appoint City Marshals and the Appellate Divisions First and Second Departments have the authority to supervise and regulate Marshals but are allowed to delegate that authority.  See New York City Civil Court Act § 1600 et. seq.  In 1968, the Appellate Divisions First and Second Judicial Departments delegated their power to supervise the activities of New York City Marshals to the New York City Department of Investigation (DOI) pursuant to New York City Civil Court Act.  See also, Fraiman v. Mancuso, 30 A.D.2d 108, 289 N.Y.S.2 1011, aff'd 24 N.Y.2d 891, 301 N.Y.S. 2d 633, cert denied 396 U.S.895 (1969).  On November 12, 1975 and February 27, 1976 the Appellate Division for the First and Second Judicial Departments issued Joint Administrative Orders 453 and 456, concerning the supervision of City Marshals. JA 093-096,098 These orders expounded upon and detailed the supervisory powers which had previously been lawfully delegated

9

to the Department of Investigation. Specifically Joint Administrative Order 453

authorized the Department of Investigation to promulgate a <u>"Handbook of</u>

<u>Regulations"</u> for City Marshals.

Marshal Powell is immune from suit by operation of the doctrine of

"Qualified Immunity."  Qualified Immunity serves important function in our

political system.  It protects government officials from liability they might

otherwise incur due to unforeseeable changes in the law governing their conduct.

<u>Sound Aircraft Servs v. Town of E. Hampton,</u> 192 F.3d 329, 334 (2d Cir. 1999);

See <u>Crawford-El v. Britton,</u> 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)

(reiterating that qualified immunity protects an official where the official "could

not reasonably be expected to anticipate subsequent legal developments,

nor…fairly be said to "know" that the law forbade conduct not previously

identified as 'unlawful'." quoting <u>Harlow v. Fitzgerald,</u> 457 U.S. 800, 818, 102

S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Moreover, qualified immunity serves the

"strong public interest in protecting public officials from the costs associated with

the defense of damage actions…[including] the expenses of litigation, the

diversion of official energy from pressing public issues, and the deterrence of able

citizens from acceptance of public office."  Id., quoting <u>Crawford-EL,</u> <u>supra,</u> 118

S.Ct. 1584, 1592-93 & n. 12

Public officials performing discretionary functions generally are granted a qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". <u>Wilson v. Layne,</u> 526 U.S. 603,609 614, L19 S.Ct. 1692, 1696, 1699 (quoting <u>Harlow v. Fitzgerald,</u> <u>supra,</u> 457 U.S. 800, 818).  Following the Supreme Court's <u>Wilson</u> decision, the Court of Appeals for the Second Circuit articulated the standard of the doctrine of qualified immunity as entitling public officials  freedom from suit for acts undertaken in their official capacity if "(1) their conduct does not violate clearly established constitutional rights <u>or</u> (2) it was objectively reasonable for them to believe their acts did not violate those rights." <u>Martinez v. Simonetti,</u> 202 F.3d 625, 633-34 (2d Cir. 2000) (quoting <u>Wevant v. Okst.</u> 101 F.3d 845, 857 (2d Cir. 1996) ; see also <u>Tenenbaum v. Williams,</u> 193 F.3d 581, 596 (2d Cir. 1999); <u>Young v. County of Fulton,</u> 160 F.3d 899, 903 (2d Cir. 1998).

The focus of a qualified immunity inquiry is on the objective reasonableness of the act or actions.  Motivation does not come into play.  <u>Sound Aircraft Services, Inc.,</u> <u>supra,</u> 192 F.3d 329, 334; <u>Crawford-El,</u> <u>supra,</u> 118 S.Ct. 1584, 1592. A court should be mindful of "the importance of resolving immunity questions at the earliest possible state in litigation."  <u>Hunter v. Bryant,</u> 502 U.S. 224, 227 (1991).

The U.S. Supreme Court has stated that a court evaluating a claim of qualified immunity "must first determine whether the Plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established <u>at the time of the alleged violation</u>." (emphasis added)  <u>Wilson v. Lane, supra,</u> (quoting <u>Conn v. Gabbert,</u> 526 U.S. 286, 119 S.Ct. 1292, 1295, 143 L.Ed.2d 399 (1999)); <u>Conn v.Gabbert, supra,</u> (citing <u>County of Sacramento v. Lewis,</u> 523 U.S. 833, 118 S.Ct. 1708, 1714 fn. 5, 140 L.Ed.2d 1043 (1998).  What the qualified immunity rule means in practice is that "an official is protected by qualified immunity for an allegedly unlawful official action if his action was objectively reasonable  in light of the legal rules that were 'clearly established' at the time it was taken."  <u>Wilson v. Lane, supra,</u> 526 U.S. at 614 (quoting <u>Anderson v. Creighton,</u> 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987) (in turn citing <u>Harlow v. Fitzgerald,</u> 457 U.S. 800, 819). The Supreme Court further stated:

> "In <u>Anderson,</u> we explained that what 'clearly established' means in this context depends largely 'upon the level of generality at which the relevant 'legal rule' is to be established.' 483 U.S. at 639, 107 S.Ct. 3034.  "Clearly established" for purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent." <u>Id.,</u> at 640, 107 S.Ct. 3034

(internal citations omitted); see also United States v. Lanier, 520 U.S. 259, 270, 117 S.Ct. 1219, 137, L.Ed.2d 432 (1997).

The Second Circuit, in McCullough v. Wyandanch Union Free School Dist., 187 F.3d 272 (1999), explained:

> "A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the Defendant's position should know about the constitutionality of the conduct. The unlawfulness must be apparent."

See also, Anderson v. Creighton, supra, 635, 638-39 (1987); Harlow v. Fitzgerald, supra, at 818; Martinez v. Simonetti, supra at 633-34. "In determining whether a particular right was clearly established at the time Defendants acted, [the Second Circuit] has considered three factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable Defendant official would have understood that his or her acts were unlawful." Jermonsen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991), cert. denied, 503 U.S. 962, 112 S.Ct. 1565 (1192); accord, e.g., Powell v. Schriver, 175 F.3d 107, 113 (2d Cir. 1999); Young v. County Fulton, supra, 160 F.3d 899,903 (2d Cir. 1998); Frances v. Coughlin, 891 F.2d 43 (1989) "Typically, [the Second Circuit] puts significant weight on whether or not the law

was governed by controlling precedent of this Circuit." <u>Young v. County of Fulton</u>, <u>supra</u>, supra at 160 F.3d 899,903. "Even in the absence of binding precedent, a right is clearly established if [t]he contours of the right [are] sufficiently clear that a reasonable official would understand what he is doing violates that right…[T]he unlawfulness must be apparent." <u>Id.</u> (alterations in original) (quoting <u>Anderson v. Creighton</u>, <u>supra</u>, 483 U.S. 635, 640.

Magistrate Judge Orenstein stated that, while the Court need not address the issue of the qualified immunity, he concluded that Powell was also entitled to dismissal on that basis because he acted on a facially valid warrant that had never been declared unconstitutional.

A case directly on point is <u>Caporicci v.Nassau County Police Department,</u> 2007 W.L. 764535 (E.D.N.Y. 2007). In that case there was a claim that a warrant was facially invalid due to the fact that it sought the removal of the named lessee as well as "all other persons" from the building. There, the court stated that the Sheriff that performed the eviction was awarded complete protection from liability for any proper act done in its execution and found the warrant to be facially valid. The court dismissed the 1983 action against the Sheriff on the basis of quasi-judicial immunity. (See also <u>Tornheim v. Eason,</u> 363 F. Supp. 2d 674, 676-77 (S.D.N.Y. 2005); in <u>Iovinella v. Sheriff of Schenectady Co.,</u> 67 A.D. 2d 1037, 413

N.Y.S. 2d 497 (3d Dep't 1979); <u>Maldonado v. New York County Sheriff,</u> 2006 WL 2588911)

While Plaintiff- Appellant spends much time discussing his allegation that the Marshal called or attempted to call the Fire Department in order to have the building vacated, it is clear even from his own statements that even if this did take place the dispossess were not based upon the calling of the Fire Department but the warrant of eviction.

Two cases that are analogous to the situation before this Court are <u>Hartman v. Moore,</u> 547 U.S. 25 (2006) and <u>Reichle v. Howards,</u> no. 132 S.CT _____ (2012). In <u>Hartman,</u> supra, the Court determined that where there was probable cause to make an arrest an individual could not sue on the basis of an infringement of his First Amendment Rights for a retaliatory prosecution so long as there had been probable cause for the prosecution.   The Courts stated in both cases that the governmental officials were entitled to qualified immunity because the reported right allegedly violated was not "clearly established" by prior case law.  To be clearly established a right must be sufficiently clear "that every reasonable official would have understood that what he was doing violated that right.  Citing <u>Ashcroft v. Al-Kidd,</u> 563 U.S. ____ pp 5-6.  In those cases the public official was granted qualified immunity because they had a right to arrest/prosecute based upon probable cause even though there were allegations that other rights may have been

infringed upon.  In the case before this Court Mr. Sasmor is attempting to say that the fact that the Marshal threatened to call, or did call the Fire Department gives him rights and undermines the Marshal's defense of qualified immunity.  Clearly, this is not the case since under any reading of the facts the Marshal ultimately acted upon the warrant which was duly issued by a Court and contained all of the information that was necessary, making it valid on its face and as such protects the Marshal.

It is clear that Marshal Powell acted reasonably and as a civil enforcement officer with no ability to affect the written contents of a warrant, a matter which is solely within the discretion of the New York State Legislature or the New York State Courts.  Marshal Powell had a reasonable expectation that his acts were not unlawful under the law that existed at the time when he executed the warrants in question.  In Plaintiff- Appellant's Amended Complaint he states that there were 114,705 warrants with the "all other persons" language issued in 2010.  JA014 Even if this Court was to find that the warrants as written, were in improper, Defendant- Appelle- Powell, who was operating on a warrant that was valid on its face, acted reasonably subject to the existing law at the time.

The DOI Handbook in Chapter 4 Section 1-2 entitled "Parties To Be Named" states, "Generally, all persons in possession of real property who derived their right or title to possession through the respondent (tenant) must be named in

16

the papers.  If a sub-tenant is in possession he must be joined in the proceedings.  If he is not named, he may not be evicted, even though the prime tenant maybe evicted.  Generally, the **children, spouse, or guest of the tenant need not be named.**  Where the landlord does not know the name of the tenant or sub-tenants he may proceed against them by designating such tenant "John or Jane Doe" (emphasis added) (See Handbook Chapter 4 § 1-2, JA100)

But the case before this Court is not involving "John Doe" litigation.  As more fully set forth in **Point III** of the Argument hereunder, it has been clearly determined that this particular Plaintiff –Appellant has no standing or possessory interest in any of the apartments within which the dispossess took place.  On three different occasions the Plaintiff- Appellant attempted to litigate his rights to possession in the lower State Court and even in the New York Appellate Term.  In each instance he was denied his application to intervene in these matters as having no standing. (JA088, 229,231, 239-241, 099,242,245-246,247)

The Handbook reflects what the law in New York is and it is that all persons "with rights of possession" are necessary parties who must be named in a petition.  Thus, tenants, co-tenant and other known occupants who have some known possessory interest must be served but not individuals who have no possessory right.  The term "all other persons" allows the removal of individuals who might be occupants of the premises who are there at the pleasure of the tenant or at random

17

but who enjoy no independent rights of possession.  See <u>Sethi v. Kaur,</u> 15 Misc. 3d 1117(A), 839 N.Y.S. 2d 437 (Dist. Ct., Nassau Cty., Apr. 5, 2007) and <u>M&M Crown Realty, LLC v. Griffith,</u> 32 Misc., 3d 1227 (A), 2011 WL 3370860 (Civ. Ct. Kgs. Co., June 17, 2011).  Mr. Sasmor has no standing, no right of possession and the warrants were valid.

While the Plaintiff-Appellant in the instant matter repeatedly claims that he was entitled to see the Marshal's badge or the warrant, in fact he was a person without standing to have anything to do with these landlord/tenant matters.  This Court can only imagine what it would be like if any individual could approach a City Marshal while he is performing the delicate task of removing a tenant from an apartment, which can at times become volatile, and he had to stop and indulge that individual.  People make claims to Marshals all of the time.  Plaintiff-Appellant made these same claims in State Courts but was rebuffed.

## POINT III

**THE PLAINTIFF –APPELLANT DID NOT HAVE STANDING TO BRING THIS LAW SUIT AGAINST NEW YORK CITY MARSHAL POWELL**

Plaintiff- Appellant claimed that he had a right to occupy three (3) apartments and was evicted by Marshal Powell in spite of his interest in those premises.  JA016,021,023,030,034-047 However, both the State Trial Courts in these three (3) actions and the Appellate Term made the determination that

18

Plaintiff had no standing to intervene in any of these actions. (JA088, 229-231,099, 245-247, 239-241) In the case against Alex Rosenbaum the housing court judge stated that a motion to dismiss was filed by Plaintiff- Appellant who had "no standing to represent the Respondent Rosenbaum." (JA245) The individuals who submitted the motion to dismiss the petition who had no standing were Jon Sasmor and Lisa Lin. Thereafter, there was an attempt to appeal the matter to the Appellate Term. There, the court on its own motion dismissed the appeal "as non party-appellants are not aggrieved by the final judgment." (JA247)

In the case involving Kurt Fletcher, Mr. Sasmor again attempted to intercede via Order to Show Cause in the Landlord/Tenant Court seeking a stay JA088. The request for a stay was denied by the trial court which stated "the movants are not the tenants of record to the subject premises and the court conducted an inquest and entered a judgment of possession… Movants are named parties under different Index numbers but claimed standing because they stored property in the subject room." JA230 Thereafter, Mr. Sasmor attempted to appeal the matter to the Appellate Term and again the court on its own motion dismissed the appeal "as non party-appellants are not aggrieved by the final judgment." (JA231)

Again, Plaintiff –Appellant herein sought an Order to Show Cause in the Appellate Term seeking a stay on the Amanda Diaz matter, after attempting to obtain a stay in the trial court. (JA241, 090-091, 239-240, the State Trial Court

had denied the stay saying that the movants "are not the tenants of record to the subject premises and the court conducted an inquest and entered a judgment of possession against the TOR [tenant of record].  Movants are named parties under different Index numbers but claim standing because they stored property in the subject room."  On appeal, the Appellate Term stated that the appeal was dismissed on the court's own motion as nonparty appellants are not aggrieved by the final judgment.  JA241

Therefore, in light of the foregoing it is clear that Plaintiff- Appellant Jon Sasmor has no standing whatsoever and had been provided a full and fair opportunity in the State Courts to be heard.  He cannot attempt at this point to use the Federal Courts to obtain a stay in these evictions simply because he could not do so in the State Court.  Merely couching his complaint in terms of Federal violations did not give him any right to appear before the District Court to contest these matters. See Caldwell v. Gutman, Mintz, Baker & Sonnefeld, P.C., 701 F. Supp. 2d. 340 (E.D.N.Y. 2010.)

# POINT IV

## PLAINTIFF-APPELLANT HAD A FULL OPPORTUNITY TO BE HEARD IN THE LOWER STATE COURTS AND WAS NOT DEPRIVED OF DUE PROCESS

On numerous occasions the Plaintiff-Appellant attempted to intervene in the three evictions involving Rosenbaum, Fletcher and Diaz. In Rosenbaum he attempted to submit an answer and made a Motion to dismiss or to obtain a stay. In the Landlord/ Tenant Court determined that Mr. Sasmor had no standing. (JA245) Plaintiff- Appellant submitted a forty (40) page memorandum of law to the State Trial Court in which he attempted to assert his right to submit an answer and file a motion to dismiss JA129-168. That attempt as stated, was roundly dismissed by the Landlord/ Tenant Court. He then attempted to appeal the matter to the Appellant term. JA247

In the Fletcher matter Mr. Sasmor attempted to file a special appearance (JA224) and move by Order to Show Cause to say the execution of the warrant because he was not named. JA226 In support of his Order to Show Cause he claimed possession of the apartment saying that he should have been named. The State Trial Court rejected his argument stating "movants have no standing not tenant of record and that there was matter pending against them in another part. JA 229

In the Diaz matter Plaintiff- Appellant again attempted to file a special appearance (JA 234) and move by Order to Show Cause to stay the eviction as he an unnamed tenant. JA 236. Again this was denied by the Landlord/Tenant judge stating that Plaintiff –Appellant had no standing. JA 240. The appellant term concurred JA241.

Thus, it is clear that this Plaintiff- Appellant had more than an opportunity to be heard in the lower State Courts. He made extensive motions and in each case attempted an appeal which was rejected. The case law the Plaintiff- Appellant cites is inaccurate. It just does not apply to him. New York law already requires that any individual that has a possessory interest in a property be named in a warrant. (See 170 W.85TH Street Tenants Ass'n v. Cruz, 173 A. D. 2d 338 1991; JA100) But not every individual who claims to have a property interest in fact has one and such a ruling would cause chaos enabling any individual to stop an eviction just by merely saying that he has such a property interest.

## <u>CONCLUSION</u>

In light of the foregoing, the Amended Complaint was properly dismissed as to

Defendant- Appellee City Marshal Steven Powell in light of the fact that the

complaint failed to state a claim upon which relief could be granted, because the

Marshal was protected when he executed a warrant that was valid on its face,

because the Marshal had Qualified Immunity, and that the Plaintiff-Appellant did

not have standing to bring this law suit.

_____
**KENNETH D. LITWACK** (KDL 6527)
Counselor at Law, P.C.
Attorney for Defendant-Appellee
City Marshal Steven Powell
38-08 Bell Blvd, 2nd Floor
Bayside, NY 11361
**Tel:** (718) 428-4806
**Fax:** (718) 947-2794
