# 13-1223-cv

## United States Court of Appeals

### for the

## Second Circuit

JON SASMOR,

*Plaintiff - Appellant*,

v.

STEVEN POWELL, Individually and as City Marshal,

*Defendant - Cross Claimant - Cross Defendant - Appellee,*

and,

CHAIM GOLDBERGER, aka Henry Goldberg, ISAAC TEITELBAUM, aka Isaac Titalbaum, ABRAHAM SCHNEEBALG, FERN FISHER, Individually and as Deputy Chief Administrative Judge for the New York City Courts, CAROL ALT, Individually and as Chief Clerk of the Civil Court of the City of New York, and HENRY MANAGEMENT, LLC,

*Defendants - Cross Defendants - Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT JON SASMOR

JON SASMOR
287 Franklin Avenue
Brooklyn, NY 11205
(917) 318-2619
jonathan.sasmor@gmail.com

*Plaintiff-Appellant, Pro Se*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT.....................................................................9

REPLY STATEMENT OF FACTS.............................................................11

ARGUMENT............................................................................................13

I.    PRECLUSION INAPPLICABLE: MY RIGHTS NEVER WERE
      DETERMINED...................................................................................13

    A.    Preclusion is an Affirmative Defense, Not a Jurisdictional
            Barrier......................................................................................13

    B.    Appellees Do Not Even Cite the Doctrine (Preclusion)
            that the District Court Erroneously Relied Upon.......................14

    C.    The State Argues *Rooker-Feldman* Instead of Defending
            Preclusion.................................................................................14

    D.    Fletcher, Diaz, and Rosenbaum Cases.......................................15

        1.    Unsuccessful Intervention Attempts Do Not Make Me
                  "Bound" By the Judgments.............................................15

        2.    Applying Preclusion Based on Unsuccessful
                  Intervention Attempts Would Violate Due Process
                  Because I Never Became a Party.....................................17

        3.    Appellees Do Not Pursue Any Recognized Theory of
                  Nonparty Preclusion.......................................................18

    E.    Osterweil, Campos, and Skubutyte Cases..................................19

        1.    Independent Statutory Rights Defeat Successor
                  Estoppel.........................................................................19

        2.    Successor Estoppel Inapplicable to Campos Eviction
                  Judgment Under *Gramatan* Because Succession
                  Predated Proceedings......................................................20

3.      Appellees Do Not Address the Issues Under Appeal
from the District Court's Application of Preclusion.........20

II.   THE PROCESS THAT IS DUE: PROCEDURES TO GIVE
NOTICE AND OPPORTUNITY TO BE HEARD TO ALL
OCCUPANTS...................................................................................21

A.    *Arrieta*, *Rembert*, *Williams*, *Cruz*, and *Juarez*: Appellees Do
Not Dispute Due Process Precedent...........................................21

B.    Due Process Requires Inclusion as Party to Proceedings...........22

C.    Appellees Concede that the Warrants, Despite Their Facial
"All Persons" Language, Are Not "Effective" Against
Certain Nonparties.....................................................................24

D.    *Arrieta* and *Williams*: The Marshal Must Not Determine
Who Is a "Necessary Party" and Whether Warrant is
"Effective" Against the Actual Occupant...................................25

E.    "Necessary Parties" Theory Does Not Provide, as
Due Process Requires, a Procedure for Summons and
Inclusion of All Occupants to be Evicted...................................26

III.  FOURTH AMENDMENT VIOLATIONS.............................................26

A.    My Legitimate Expectation of Privacy......................................26

B.    The Plain Language of the Warrant Clause Forbids
"All Persons" Eviction Warrants................................................28

1.      Lack of Sufficient Particularity.......................................28

2.      No Probable Cause to Remove "All Persons".................29

C.    The Past Evictions, Imminent Evictions, and Warrantless
Search for Service of Process Violate the
Reasonableness Clause...............................................................29

1.      Reasonableness Clause Not Redundant on
Warrant Clause................................................................29

2.      Totality of Defendant Powell's Conduct Must Be
Considered........................................................................30

IV.    THE STATE'S ATTEMPT TO STEP AROUND PRECLUSION
ERRORS BY INVOKING *ROOKER-FELDMAN* MUST FAIL..........31

A.     *Rooker-Feldman* Does Not Bar Actions By State-Court
Nonparties........................................................................32

B.     Not a "State-Court Loser" Because My Rights Not
Determined.......................................................................33

C.     Not a "State-Court Loser" Because State-Court Judgments
All Are Nullities...............................................................33

D.     Injury Caused by Postjudgment Warrants Procedure,
Not By State-Court Judgments......................................33

E.     Judgments Against Long-Departed Former Tenants Need
Not Be Disturbed to Consider Postjudgment Warrant
Procedure.........................................................................34

V.     DEFENDANT POWELL SHOULD NOT BE ACCORDED
IMMUNITY...................................................................................34

A.     Qualified Immunity.........................................................34

B.     Quasi-Judicial Immunity.................................................36

VI.    STATUTORY TENANCY RIGHTS......................................................38

VII.   LIBERTY INTERESTS....................................................................38

VIII.  EQUAL PROTECTION....................................................................39

IX.    ADMINISTRATIVE JUDGE IS PROPER DEFENDANT..................39

CONCLUSION..............................................................................................41

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)..............................42

# TABLE OF AUTHORITIES

## CASES

*170 W. 85th St. Tenants Ass'n. v. Cruz*, 173 A.D.2d 338
(N.Y. App. Div. 1991)..................................................15-16, 21-2, 23, 24

*800 Ocean Ave., Inc. v. Juarez,* 2013 NY Slip Op 50858(U)
(N.Y. App. Term May 14, 2013)...................................................21-2, 24

*Arrieta v. Mahon,* 31 Cal. 3d 381 (1982)..........................................21, 25-6

*Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246 (2d Cir. 1995)..............22

*Benjamin v. Benjamin*, 5 N.Y. 383 (1851).......................................16

*Camara v. Municipal Court of San Francisco*, 387 U.S. 523 (1967).............28

*Caporicci v. Nassau County Police Dep't*, No. 05-CV-5764, 2007 WL
764535 (E.D.N.Y. Mar. 6, 2007)...........................................37

*Dalia v. United States*, 441 U.S. 238 (1979)............................................29-30

*Esquire Trade & Finance, Inc. v. CBQ, Inc.,* 562 F.3d 516 (2d Cir. 2009).....17

*Ex parte Cutting*, 94 U.S. 14 (1876)...............................................17

*Ex parte Young*, 209 U.S. 123 (1908)............................................40

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280
(2005)......................................................................14, 15, 32

*FOCUS v. Alleghany County Court of Common Pleas*, 75 F.3d 834
(3d Cir. 1996)...........................................................32

*Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481 (1979)................20

*Greater N.Y. Health Care Facilities Ass'n v. DeBuono,* 91 N.Y.2d 716
(1998)......................................................................17

*Hansberry v. Lee,* 311 U.S. 32 (1940)..............................................17, 18, 23

*Hartman v. Moore*, 547 U.S. 250 (2006)...........................................................31

*Jennings v. Comm'r, N.Y.S. Dep't Soc. Servs.,* 71 A.D.3d 98 (N.Y. App. Div. 2010)...........................................................16

*Johnson v. De Grandy*, 512 U.S. 997 (1994)...........................................................32

*Lance v. Dennis*, 546 U.S. 459 (2006)...........................................................14-15, 32

*Levine v. Lawrence*, No. 03-cv-1694 (DRH) (ETB), slip op. (E.D.N.Y. June 15, 2005)...........................................................36, 37

*Martin v. Wilks*, 490 U.S. 755 (1989)...........................................................18, 22-3

*Meyer v. Nebraska,* 262 U.S. 390 (1923)...........................................................38

*Mireles v. Waco*, 502 U.S. 9 (1991)...........................................................36

*MSG Pomp Corp. v. Doe*, 185 A.D.2d 798 (N.Y. App. Div. 1992)...............16

*Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998)...........................................18-19, 21

*Ohio v. Robinette,* 519 U.S. 33 (1996)...........................................................30

*Pallister v. Blue Cross and Blue Shield of Mont., Inc.*, 2013 MT 149 (Mont. 2013)...........................................................17

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)................31

*People v. Stadtmore*, 52 A.D.2d 853 (N.Y. App. Div. 1976).......................30-1

*Rakas v. Illinois,* 439 U.S. 128 (1978)...........................................................27

*Reichle v. Howards*, 132 S.Ct. 2088 (2012)...........................................................31

*Rembert v. Sheahan,* No. 92-cv-67, 1994 U.S. Dist. LEXIS 9164 (N.D. Ill. July 6, 1994), *vacated,* 62 F.3d 937 (7th Cir. 1995), *permanent injunction issued on remand,* No. 92-cv-67, Judgment Order (N.D. Ill. Nov. 3, 1995)...........................................21, 28-9

*Richards v. Jefferson County,* 517 U.S. 793 (1996)........................................17

*Smith v. Bayer Corp.,* 564 U.S. ___, 131 S.Ct. 2368 (2011)....................16-17

*Soldal v. County of Cook*, 506 U.S. 56 (1992)..............................................28

*Taylor v. Sturgell*, 553 U.S. 880 (2008).......................................14, 17, 18, 19

*United States v. Napper*, 887 F.2d 1528 (11th Cir. 1989)..............................32

*United States v. Owens*, 54 F.3d 271 (6th Cir. 1995)....................................32

*Williams v. Carlson*, No. CV-H-8405-1373 MR, transcript (Conn. Super.
    Ct. May 15, 1984) (unpublished; copy filed as ECF No. 57-2),
    *stipulated judgment and permanent injunction* (Conn. Super. Ct.
    Mar. 19, 1985) (unpublished; copy filed as ECF No. 57-3).....21-2, 25-6

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004).........................................40

## CONSTITUTIONAL PROVISIONS

U.S. Const., Amend. I....................................................................................31

U.S. Const., Amend. IV.........................................................................*passim*

U.S. Const., Amend. XIV, § 1................................................................*passim*

## STATUTES

42 U.S.C. § 1983...........................................................................................40

N.Y.C. Admin. Code § 26-521...................................................................20, 38

N.Y. City Civ. Ct. Act § 1602.......................................................................35

N.Y. Real Prop. Law § 228.........................................................................20, 38

N.Y. Real Prop. Acts. Law § 711............................................................19-20, 38

N.Y. Real Prop. Acts. Law § 741..................................................................29

N.Y. Real Prop. Acts. Law § 747(1)...................................................15, 32, 33

N.Y. Real Prop. Acts. Law § 749(1)........................................................*passim*

## OTHER AUTHORITIES

Wikipedia, If a Tree Falls in a Forest,
    http://en.wikipedia.org/wiki/If_a_tree_falls_in_a_forest
    (last visited October 29, 2013)............................................................18

## PRELIMINARY STATEMENT

The Supreme Court has rejected any balancing test to determine whether a nonparty sufficiently participated in litigation so as to be bound by a judgment against someone else who was a party. Instead, subject to limited discrete exceptions inapplicable here and not even advanced by the appellees, the Supreme Court says that party status is fundamental to our jurisprudence.

Appellees primarily contend that I am "bound" by my unsuccessful attempts to intervene in certain eviction proceedings. Their argument starts with and builds upon a factual foundation unsupported by the record — the orders denying my intervention did not make the determinations that the appellees write into those orders. Even regardless of how those orders are construed, Supreme Court precedent, discussed below, requires inclusion as a party to meet Due Process. The Supreme Court also requires Due Process before preclusion may apply. It is undisputed that I never was made a party to the underlying Fletcher, Diaz, and Rosenbaum eviction proceedings, but was evicted anyway.

While the appellees focus on the prejudgment Housing Court proceedings, the appellees offer no excuse for the postjudgment administrative procedure at the heart of this appeal, a procedure which transforms every New York eviction judgment against one named respondent

into a general "all persons" eviction warrant.  This case does not challenge any state-court determination of the rights of named parties.  Instead, this appeal focuses on the procedure that New York court administrators and marshals follow *after* an eviction judgment enters.

The appellees' position goes against not only the five cases that have addressed the same Due Process question presented here, but also against fundamental Supreme Court precedent about the significance of party status to Due Process in judicial proceedings.

The appellees also fail to meet my Fourth Amendment and equal protection claims, and skew the facts and argument concerning my lawful tenancy and constitutionally recognized rights.

## REPLY STATEMENT OF FACTS

Both the State and Defendant Powell claim that the Housing Court determined my property rights in the Fletcher, Diaz, and Rosenbaum cases. State Appellees' Brief at 1-2, 7-8, 10-14; Appellee Powell's Brief at 17-22. However, the state courts did not hear and determine my property interests — they simply excluded me because I was not the party named as respondent in any of the eviction petitions. JA022-3, 051, 054, 057, 229-31, 239-41, 245-7, 256-8, 317-20.

The State, in its list of issues presented, claims that "the plaintiff has failed to put forward any allegations to support his claims that he has state-law property interests that have been injured."  State Appellees' Brief at 2. However, the complaint *does* allege a tenancy interest under New York law. JA016-20, ¶¶ 31-2, 36-50 (allegations of lease, rent payments, credit check, security deposit, permission from all parties claiming ownership, and statutory 30-day occupancy).

The State claims, also in its list of issues presented, that this case is brought "on the sole basis of alleged injuries to his state-law property rights."[1]

---

[1] Thus, the State's two "Issues Presented" assert, contradictorily, (i) that this case is predicated on violation of my alleged property rights, and (ii) that I have not alleged any property rights.  State Appellees' Brief at 2.  Also, both factual statements in the State's "Issues Presented" are false, as discussed in the body of the text.

State Appellees' Brief at 2.  However, the complaint *also* alleges injury to additional, independent constitutionally protected interests, including liberty interests, equal protection, and Fourth Amendment reasonable expectation of privacy.  JA020, ¶¶ 51-2; JA034-7, ¶¶ 133-45.

The State claims, "[t]he complaint did not allege any injury based on the Campos, Osterweil, and Skubutyte rooms."  State Appellees' Brief at 9.  However, the complaint *does* allege injury based on my imminent eviction from these rooms.  JA013, ¶ 6; JA019, ¶ 48; JA024, ¶ 72; JA025-8, ¶¶ 80-92.[2]

Whereas New York summary eviction proceedings may provide "an elaborate set of notice requirements to ensure that tenants are not unjustly evicted from premises without an opportunity to defend," State Appellees' Brief at 3, this case does not, as the State implies, challenge the whole statutory eviction scheme, *id*.  Instead, this case challenges only subdivision 749(1) of the New York Real Property Actions and Proceedings Law, which provides a postjudgment administrative procedure for issuance of general eviction warrants to "remove all persons," *id.*, regardless of which individual was named as respondent in the proceedings.

---

[2] Moreover, my claims against the State Appellees do <u>not</u> concern the past evictions, which are the focus of the majority of the State's brief.  Instead, I seek only *prospective* relief against the State Appellees.  *See infra*, at 31 n.13.

The State describes "Ronald Henry Land Trust" as my "landlord," State Appellees' Brief at 1, 6, 7, 8, 13, 15, 16, 17, 20.  However, given the ongoing dispute about ownership of the building, Appellant's Brief at 5-6, the State Appellees are skewing the facts when they conclusorily describe one side of that dispute as "landlord."  Here, none of the rent checks were made out to "Ronald Henry Land Trust," JA017-18, 171-4, 292,[3] nor was "Ronald Henry Land Trust" named on any of the leases, JA016-17, 114-20, 122-7, 249, 270-3.

Contrary to the appellees' descriptions of "apartments," State Appellees' Brief at 1, 6, 10, 11, 16; Appellee Powell's Brief at 2, 17, 18, 21, the premises involved in each eviction is only a single room, JA016, ¶ 36.

## ARGUMENT

## I.    PRECLUSION INAPPLICABLE: MY RIGHTS NEVER WERE DETERMINED

### A.    Preclusion is an Affirmative Defense, Not a Jurisdictional Barrier

The appellees treat preclusion as a jurisdictional barrier to my claims — they assert that I have no constitutionally protected interest because I am precluded from asserting one.  State Appellees' Brief at 1, 2, 10, 11, 12-16;

_____

[3] Though served on the other parties by email in correct form, three pages from the joint appendix containing rent and security deposit checks did not print properly, JA171, 173, 174, and therefore also are incorrect in the scanned copy on the Court of Appeals ECF.  Correct pages are available in the District Court's ECF record.  Dist. Ct. ECF No. 48-6 at 3, 5, 6.

Appellee Powell's Brief at vi, 17, 18-20. However, "[p]reclusion, of course, is not a jurisdictional matter." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005) (citation omitted). "Claim preclusion, like issue preclusion, is an affirmative defense." *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (citations omitted).

Moreover, the appellees have not met the correct, higher standard for proof of their affirmative defense. *See* Appellant's Brief at 30.

### B.    Appellees Do Not Even Cite the Doctrine (Preclusion) that the District Court Erroneously Relied Upon

The appellees' argument sections make no mention whatsoever of "collateral estoppel," "res judicata," "issue preclusion," or "claim preclusion," despite that the District Court relied heavily on these principles, SPA008, 010-19, 027, 029-31.

### C.    The State Argues *Rooker-Feldman* Instead of Defending Preclusion

The State tries to step around the District Court's errors in application of preclusion by invoking the *Rooker-Feldman* doctrine, but *Rooker-Feldman* and preclusion are different. The State responds to appellant's preclusion arguments only with *Rooker-Feldman* arguments. State Appellees' Brief at 13, citing Appellant's Brief at 30-34.

But *Rooker-Feldman* should not be confused with preclusion. *Lance v. Dennis*, 546 U.S. 459, 466 (2006) ("The District Court erroneously conflated

14

preclusion law with *Rooker-Feldman*. Whatever the impact of privity

principles on preclusion rules, *Rooker-Feldman* is not simply preclusion by

another name."); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544

U.S. 280, 283-4 (2005) (rejecting expansive interpretation of *Rooker-*

*Feldman* which improperly supersedes preclusion).  Therefore, *Rooker-*

*Feldman* is discussed separately, *infra*, part IV.

### D.    Fletcher, Diaz, and Rosenbaum Cases

#### 1.    Unsuccessful Intervention Attempts Do Not Make Me "Bound" By the Judgments

The appellees jump to the conclusion that I automatically have no

rights because I was not allowed to become a party.  State Appellees' Brief at

1, 2, 7-8, 11-15; Appellee Powell's Brief at vi, 17-22.  But the conclusion that

I have no rights is at least inconsistent with the appellees' express concession

that some tenants, at least tenants with derivative rights, permissibly may be

excluded from the proceeding, yet still may not be evicted.  State Appellees'

Brief at 4; Appellee Powell's Brief at 16-17.

The Appellate Term's rulings that I am "not aggrieved by the final

judgment," JA231, 241, 247, simply reflect that I am not bound by the

judgments, JA051, 054, 057, none of which include me as a party, *id*.  *See*

N.Y. Real Prop. Acts. Law § 747(1) (SPA068) (eviction judgment enters

"determining the rights of the parties"); *170 W. 85th St. Tenants Ass'n. v.*

*Cruz*, 173 A.D.2d 338, 339-40 (N.Y. App. Div. 1991) (Due Process requires that occupant be made party to the proceeding for eviction warrant to be effective against him); *Benjamin v. Benjamin*, 5 N.Y. 383, 385 (1851) (jurisdiction to hear summary proceeding is a creature of statute and must be strictly construed); *MSG Pomp Corp. v. Doe*, 185 A.D.2d 798, 799-800 (N.Y. App. Div. 1992) (same); Appellant's Brief at 31-2.[4]

Appellees concede that I never was made a party to the Fletcher, Diaz, and Rosenbaum proceedings. Appellee Powell's Brief at 17 ("In each instance he was denied his application to intervene . . . ."); State Appellees' Brief at 7 (Housing Court "concluded that Sasmor was not a party" to Fletcher and Diaz cases).

Appellees nevertheless improperly attempt to treat me as a party. *See Smith v. Bayer Corp.,* 564 U.S. ___, 131 S.Ct. 2368, 2379 (2011) (claim that member of proposed, but uncertified, class qualifies as a party to prior litigation "ill-comports with any proper understanding of what a 'party' is. In general, '[a] "party" to litigation is "[o]ne by or against whom a lawsuit is

---

[4] The State has cut short a case law quotation to skew the quotation's meaning in the State's favor. *See Jennings v. Comm'r, N.Y.S. Dep't Soc. Servs.,* 71 A.D.3d 98, 103 n.3 (N.Y. App. Div. 2010) (in determining whether a nonparty is aggrieved, "the critical inquiry is 'whether the person seeking to appeal has a direct interest in the controversy which is affected by the result **and whether the adjudication has a binding force against the rights, person or property of the party or person seeking to appeal**.'") (boldface emphasis added to show language omitted in State's quotation, State Appellees' Brief at 13).

brought,"' or one who 'become[s] a party by intervention, substitution, or third-party practice.'") (citations omitted).  *See also Ex parte Cutting*, 94 U.S. 14, 21 (1876) ("if one wishes to intervene and become a party to a suit in which he is interested, he must not only petition the court to that effect, but his petition must be granted . . . ."); *Greater N.Y. Health Care Facilities Ass'n v. DeBuono,* 91 N.Y.2d 716, 720 (1998) (only "a *successful* intervenor becomes a party for all purposes"); *Pallister v. Blue Cross and Blue Shield of Mont., Inc.*, 2013 MT 149, ¶¶ 6, 8, 13, 17 (Mont. 2013) (class member who unsuccessfully attempted to intervene did not become a party and did not gain rights and responsibilities of being a party) (citing *Smith*, 131 S.Ct. at 2379).

### 2. Applying Preclusion Based on Unsuccessful Intervention Attempts Would Violate Due Process Because I Never Became a Party

Before applying preclusion against a nonparty to the prior proceeding, a court must determine that doing so would not violate due process. *Taylor v. Sturgell,* 553 U.S. 880, 891 (2008); *Richards v. Jefferson County,* 517 U.S. 793, 797 (1996); *Hansberry v. Lee,* 311 U.S. 32, 37, 40-1 (1940); *Esquire Trade & Finance, Inc. v. CBQ, Inc.,* 562 F.3d 516, 521-2 (2d Cir. 2009).  If a judgment is to affect my rights, I must be able to become a party and my defense must be heard.[5]  Since I never was made a party to the Fletcher, Diaz,

---

[5] A tree fell amidst the forest of proceedings at the Housing Court when I tried to defend, but I — as a nonparty — was kept outside the forest, with no one there who would hear my case.  Am I to be deprived of even one opportunity

17

and Rosenbaum cases, I must not be bound by the judgments. *Taylor*, 553 U.S. at 898 ("our decisions emphasize the fundamental nature of the general rule that a litigant is not bound by a judgment to which she was not a party.") (citations omitted); *Martin v. Wilks*, 490 U.S. 755, 765 (1989) ("Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree."); *Hansberry,* 311 U.S. at 40-1 (inclusion as a party fundamental to Anglo-American jurisprudence); Appellant's Brief at 48-50; *infra*, part II (further discussion of Due Process' requiring inclusion as party).

### 3.    Appellees Do Not Pursue Any Recognized Theory of Nonparty Preclusion

The appellees argue only that I am bound by my unsuccessful intervention attempts in the Fletcher, Diaz, and Rosenbaum cases, State Appellees' Brief at 1-2, 6-8, 10-14; Appellee Powell's Brief at 17-22, but do not base their argument on any previously recognized form of nonparty preclusion, *see* Appellant's Brief at 35-6 (nonparty preclusion inapplicable); *Taylor,* 553 U.S. at 893-5 (listing established exceptions to rule against nonparty preclusion, none of which is advanced by appellees here); *Norton v.*

---

to make a sound? *See* Wikipedia, If a Tree Falls in a Forest, http://en.wikipedia.org/wiki/If_a_tree_falls_in_a_forest (last visited October 29, 2013) (discussing philosophical thought experiment: "If a tree falls in a forest and no one is around to hear it, does it make a sound?").

*Sam's Club*, 145 F.3d 114, 117-8 (2d Cir. 1998) (objection insufficiently argued in appellee's brief is waived).

In effect, the appellees suggest a new, unbounded exception to nonparty preclusion, where a litigant attempted to intervene unsuccessfully, with some amorphous minimum amount of proceeding having been held on intervention. *But see Taylor*, 553 U.S. at 898 ("we have endeavored to delineate discrete exceptions that apply in 'limited circumstances.' Respondents' amorphous balancing test is at odds with the constrained approach to nonparty preclusion our decisions advance.") (citation omitted).

### E.    Osterweil, Campos, and Skubutyte Cases

#### 1.    Independent Statutory Rights Defeat Successor Estoppel

My independent statutory rights would defeat successor collateral estoppel regarding the Osterweil, Campos, and Skubutyte eviction judgments. *See* Appellant's Brief at 36; *see also* SPA014 n.5 (magistrate judge's implied agreement with this point). The State relies only on the District Court's ultimate determination, and not on any legal reason, to argue that "Sasmor's alleged property interest in these additional rooms is wholly derivative of the actual tenants'." State Appellees' Brief at 15. However, the plain language of the statutes which convey independent rights contradicts the State's position. *See* Appellant's Brief at 15-21 (discussing N.Y. Real Prop. Acts. Law § 711

(SPA062), N.Y.C. Admin. Code § 26-521 (SPA058-9), and N.Y. Real Prop. Law § 228 (SPA061)).

The plain language of these statutes also contradicts the State's argument, State Appellees' Brief at 16, that the judgment in the Campos eviction case somehow ended the thirty-day period in which my tenancy was established.

### 2. Successor Estoppel Inapplicable to Campos Eviction Judgment Under *Gramatan* Because Succession Predated Proceedings

Contrary to the State's argument, State Appellees' Brief at 16, my lawful exclusive occupancy of the Campos room actually began in late 2010, JA261, ¶ 57, before the institution of the eviction proceedings for that room in March 2011, JA256, ¶ 32, so that successor estoppel cannot apply under *Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 487 (1979) ("an assignee is not privy to a judgment where the succession to the rights affected thereby has taken place prior to the institution of the suit against the assignor.") (citations omitted).

### 3. Appellees Do Not Address the Issues Under Appeal from the District Court's Application of Preclusion

The appellees have not opposed my arguments that the District Court improperly relied on a declaration extrinsic to the pleadings, that the record provided no support whatsoever for the "full and fair opportunity to be heard"

element of preclusion, and that the Campos judgment had no preclusion value because it was rendered on default and was unappealable.  *See* Appellant's Brief at 36-8; *Norton v. Sam's Club*, 145 F.3d 114, 117-8 (2d Cir. 1998) (objection insufficiently argued in appellee's brief is waived).

## II.  THE PROCESS THAT IS DUE: PROCEDURES TO GIVE NOTICE AND OPPORTUNITY TO BE HEARD TO ALL OCCUPANTS

### A.  *Arrieta*, *Rembert*, *Williams*, *Cruz*, and *Juarez*: Appellees Do Not Dispute Due Process Precedent

The appellees do not address[6] the five cases that have considered the identical Due Process question to that presented here, all favoring the plaintiff-appellant.  *Arrieta v. Mahon,* 31 Cal. 3d 381, 383-6, 389-93 (1982);[7] *Rembert v. Sheahan,* No. 92-cv-67, 1994 U.S. Dist. LEXIS 9164, *1-3, *5-13 (N.D. Ill. July 6, 1994), *vacated,* 62 F.3d 937, 938-43 (7th Cir. 1995), *permanent injunction issued on remand,* No. 92-cv-67, Judgment Order, slip op. at 3-10 (N.D. Ill. Nov. 3, 1995); *Williams v. Carlson*, No. CV-H-8405-1373 MR, transcript at 3-6, 10 (Conn. Super. Ct. May 15, 1984) (unpublished; copy filed as ECF No. 57-2), *stipulated judgment and permanent injunction*

---

[6] Defendant Powell cites *Cruz* favorably.  Appellee Powell's Brief at 22.  The State's brief does not mention *Cruz*.  *Arrieta*, *Rembert*, *Williams*, and *Juarez* are mentioned nowhere in either brief.

[7] *Arrieta* and *Williams* not only involve the same factual situation, but also provide precedent rejecting exactly the same arguments the appellees make here.  *Infra* at 25-6.

(Conn. Super. Ct. Mar. 19, 1985) (unpublished; copy filed as ECF No. 57-3); *170 W. 85th St. Tenants Ass'n. v. Cruz,* 173 A.D.2d 338, 339-40 (N.Y. App. Div. 1991); *800 Ocean Ave., Inc. v. Juarez,* 2013 NY Slip Op 50858(U) (N.Y. App. Term May 14, 2013).  *See* Appellant's Brief at 41-3; Appellant's Rule 28(j) Citation of Supplemental Authorities dated August 22, 2013, ECF No. 57; Appellant's Rule 28(j) Citation of Supplemental Authorities dated September 26, 2013, ECF No. 62.

### B.    Due Process Requires Inclusion as Party to Proceedings

The State's argument that a *nonparty's* "actual pre-eviction notice and opportunity to respond satisfied due process," State Appellees' Brief at 18, would require nonparties to intervene any time they had actual notice of a proceeding that may affect them.  But the Supreme Court explicitly has rejected "placing on potential additional parties a duty to intervene when they acquire knowledge of the lawsuit."  *Martin v. Wilks*, 490 U.S. 755, 765 (1989).

The State cites *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995).  State Appellees' Brief at 18.  However, *Baker* is readily distinguishable because *Baker* involves the process to be accorded to a *party* to a proceeding, 72 F.3d at 248-9, 254-5, whereas the post-judgment eviction warrant process accorded to *nonparties* is at issue here.  *Compare with Martin*, 490 U.S. at 765 ("Joinder as a party, rather than knowledge of a

22

lawsuit and an opportunity to intervene, is the method by which potential

parties are subjected to the jurisdiction of the court and bound by a judgment

or decree.").

Party status is fundamental to Due Process:

It is a principle of general application in Anglo-American
jurisprudence that one is not bound by a judgment *in personam*
in a litigation in which he is not designated as a party or to which
he has not been made a party by service of process. *Pennoyer v.
Neff,* 95 U.S. 714; 1 Freeman on Judgments (5th ed.), § 407. A
judgment rendered in such circumstances is not entitled to the
full faith and credit which the Constitution and statute of the
United States, R.S. § 905, 28 U.S.C. § 687, prescribe, *Pennoyer
v. Neff, supra; Lafayette Ins. Co. v. French,* 18 How. 404; *Hall v.
Lanning,* 91 U.S. 160; *Baker* v. *Baker, Eccles & Co.,* 242 U.S.
394; and judicial action enforcing it against the person or
property of the absent party is not that due process which the
Fifth and Fourteenth Amendments require. *Postal Telegraph
Cable Co. v. Newport*, 247 U.S. 464; *Old Wayne Mutual Life
Assn. v. McDonough*, 204 U.S. 8.

*Hansberry v. Lee,* 311 U.S. 32, 40-1 (1940).  My attempts to intervene in the

Fletcher, Diaz, and Rosenbaum eviction proceedings did not result in my

being made a party, JA022-3, 051, 054, 057, 229-31, 239-41, 245-7, 256-8,

317-20 — and thus did not accord Due Process to support the use of the

eviction warrants against me.  *Id.*; *170 W. 85th St. Tenants Ass'n. v. Cruz*, 173

A.D.2d 338, 339-40 (N.Y. App. Div. 1991) (Due Process requires that

occupant "be made party to the proceeding").

**C.    Appellees Concede that the Warrants, Despite Their Facial "All Persons" Language, Are Not "Effective" Against Certain Nonparties**

The appellees concede that New York eviction warrants do not mean what the words printed on them say, that "all persons" shall be removed — New York case law has held, and the New York City Marshals' Handbook also says, that warrants are "not effective" against subtenants not named as parties.  State Appellees' Brief at 4; Appellee Powell's Brief at 16-17, 22.

The court-created limitation on "effectiveness" of New York warrants extends even to licensees and occupants.  *Cruz,* 173 A.D.2d at 339-40; *800 Ocean Ave., Inc. v. Juarez,* 2013 NY Slip Op 50858(U) (N.Y. App. Term May 14, 2013); Appellant's Rule 28(j) Citation of Supplemental Authorities dated September 26, 2013 (ECF No. 62).

However, the judicial limitations on "effectiveness" of the warrant are not visible from the warrant's face.  JA050, 053, 056, 332-4 (warrants command removal of named respondent "AND ALL OTHER PERSONS").  By continuing their policy of issuing "all persons" eviction warrants, the State Appellees violate Due Process even as articulated by judges within the court system that they themselves administer.  *Cruz*; *Juarez.*

24

###### D.    *Arrieta* and *Williams*: The Marshal Must Not Determine Who is a "Necessary Party" and Whether Warrant is "Effective" Against the Actual Occupant

These "all persons" warrants leave the executing marshal to determine whether the actual occupant should have been included as a "necessary party" and whether the warrant is "effective" against the actual occupant.

However,

> The function of the marshal in an [eviction] proceeding is very limited — at no point does it include a determination of the merits of the underlying action. . . . [W]hen the marshal discovers an individual who is not named in the writ in possession of the premises under a claim of right, he is not empowered, nor would he be equipped, to determine whether that person is bound by the previous judgment or had a facially valid claim to possession except to the extent that the person admits that he is bound or has no claim of right. These determinations are properly the role of the courts.

*Arrieta v. Mahon*, 31 Cal. 3d 381, 392-3 (1982).[8]

The marshal here contends that "not every individual who claims to have a property interest in fact has one and such a ruling would cause chaos enabling any individual to stop an eviction just by merely saying that he has such a property interest."  Appellee Powell's Brief at 22.  The same argument was rejected, not only in *Arrieta*, 31 Cal. 3d at 392-3, but also by the

_____

[8] "The sheriff who operates under an execution which does not name the occupant of the premises is nothing more than an errand boy acting under the direction of the landlord or the owner of the property. The sheriff is not acting under any authority of law by evicting a person who has not been named in a summary process action where a judgment has not been entered against that person." *Williams*, transcript at 3, ECF No. 57-2 at 3.

Connecticut Superior Court in *Williams v. Carlson*, No. CV-H-8405-1373 MR, transcript at 3-5 (Conn. Super. Ct. May 15, 1984) (unpublished; copy attached to Appellant's Rule 28(j) Citation of Supplemental Authorities dated August 22, 2013 as ECF No. 57-2 at 3-5).

### E.    "Necessary Parties" Theory Does Not Provide, as Due Process Requires, a Procedure for Summons and Inclusion of All Occupants to be Evicted

The *theoretical* inclusion of all individuals with a possessory interest (except those with a derivative interest such as subtenants) as "necessary parties" does not have any practical effect on a nonparty occupant, such as me, who gets evicted.  Indeed, the "necessary parties" theory does not specify any procedure whatsoever for the summons and inclusion of *all* occupants — such as the procedures enacted in Connecticut, California, and Illinois following court determinations that Due Process so requires.  *See* Appellant's Brief at 42-3, 45-8 and n.14, 48-50; Appellant's Rule 28(j) Citation of Supplemental Authorities dated August 22, 2013 (ECF No. 57).

## III.    FOURTH AMENDMENT VIOLATIONS

### A.    My Legitimate Expectation of Privacy

The State does not explain why my "possessory interest" to support a seizure claim was not "legitimate," State Appellees' Brief at 19.  Nor does the State explain why my "presence in the rooms" was "wrongful" so as to "preclude[] any reasonable expectation of privacy from a search."  *Compare*

*with* Appellant's Brief at 5-6 (describing my occupancy at 287 Franklin Avenue, including lease, payments, ownership dispute, proceeding brought against co-tenants and me claiming we all were tenants of entire building, and keys and permission from co-tenants to use the rooms exclusively); *id.* at 25-6 (citing analogous cases in which Fourth Amendment protections were accorded).

The State's asserts that "Sasmor's constitutional claims against the state judicial defendants are premised solely on alleged injuries to his statutory property rights . . . ," State Appellees' Brief at 11.  However, the correct standard for Fourth Amendment protection, "legitimate expectation of privacy," *Rakas v. Illinois,* 439 U.S. 128, 143 and n.12 (1978), reaches beyond property interests because it also includes "understandings that are recognized and permitted by society," *id.*, 439 U.S. at 143 n.12. While I do argue that certain state statutory protections demonstrate, at the least, a "legitimate expectation of privacy," Appellant's Brief at 26, nonetheless, the protections of the Fourth Amendment are not limited to state property interests.  *See id.* at 25-6; *Rakas,* 439 U.S. at 143 and n.12.[9]

---

[9] The State eventually appears to concede the broader *Rakas* standard, at least as applied to searches.  State Appellees' Brief at 18.

**B.    The Plain Language of the Warrant Clause Forbids "All Persons" Eviction Warrants**

The Fourth Amendment's Warrant Clause provides: "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const., Amend. IV.[10]

### 1.    Lack of Sufficient Particularity

The State contends that "[N.Y. Real. Prop. Acts. Law] Section § 749(1) dictates that the eviction warrant describe the property to which the warrant applies. No more is required."  State Appellees' Brief at 19.  However, a tenant generally does not own the premises.  An eviction seizes the tenant's *possessory interest*.  Therefore, the tenant whose possessory interests are to be seized must be individually named.[11]  *See Rembert v. Sheahan*, 62 F.3d 937, 941-3 (7th Cir. 1995) (instructing District Court to make precise factual findings about whether sheriff was following injunction requiring that orders of possession name all tenants who will be evicted; describing use of generic

---

[10] The Fourth Amendment applies in the eviction context.  *Soldal v. County of Cook*, 506 U.S. 56, 61-2 (1992).  *See also Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 530 (1967) ("It is surely anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior.") (footnote omitted).

[11] I do not claim to have been seized myself, as the State suggests, State Appellees' Brief at 19-20.

names as "troubling;" remanding for determination about possible mootness based upon whether sheriff continues to evict persons not named).

### 2. No Probable Cause to Remove "All Persons"

The appellees make no objection to my argument that there is no "probable cause," U.S. Const., Amend. IV, to support a warrant to "remove all persons," N.Y. Real. Prop. Acts. Law § 749(1) (SPA069). *See* Appellant's Brief at 51; N.Y. Real Prop. Acts. Law § 741 (oath or affirmation supporting eviction proceeding does not include "all persons").

### C. The Past Evictions, Imminent Evictions, and Warrantless Search for Service of Process Violate the Reasonableness Clause

#### 1. Reasonableness Clause Not Redundant on Warrant Clause

The State does not address why it is reasonable for the appellee court administrators to issue warrants to remove the named respondents "AND ALL OTHER PERSONS." Instead, the State suggests that the Reasonableness Clause claim is redundant upon the Warrant Clause claim. *Compare* State Appellees' Brief at 20 (unreasonableness claim "that the warrants 'require removal of "all persons"' . . . merely repeats [Sasmor's] fruitless Warrant Clause argument") *with Dalia v. United States*, 441 U.S. 238, 257-8 (1979) (manner of officer's search, even if authorized by warrant,

still "subject of course to the general Fourth Amendment protection "against unreasonable searches and seizures'").

### 2.    Totality of Defendant Powell's Conduct Must Be Considered

Defendant Powell argues that "While Plaintiff- Appellant spends much time discussing his allegation that the Marshal called or attempted to call the Fire Department in order to have the building vacated, it is clear even from his own statements that even if this did take place the dispossess were not based upon the calling of the Fire Department but the warrant of eviction." Appellee Powell's Brief at 15.  However, the totality of Defendant Powell's conduct must be considered in evaluating the July 13 and 20, 2011 searches, even if the warrants were deemed valid.  *See* Appellant's Brief at 52-5 (listing Defendant Powell's unreasonable, even criminal, acts); *Ohio v. Robinette,* 519 U.S. 33, 39 (1996) ("We have long held that the 'touchstone of the Fourth Amendment is reasonableness.' Reasonableness, in turn, is measured in objective terms by examining the totality of the circumstances.") (citation omitted); *Dalia*, 441 U.S. at 257-8 (manner of officer's conduct of search subject to Reasonableness Clause); *People v. Stadtmore*, 52 A.D.2d 853, 853, 854-5 (N.Y. App. Div. 1976) (Fourth Amendment violated where marshal

requested police assistance and officers used eviction as a pretext to conduct a general search for contraband).[12]

Defendant Powell does not address appellant's arguments that the September 20, 2011 break-in and warrantless search was unreasonable.  *See* Appellant's Brief at 56.

## IV.  THE STATE'S ATTEMPT TO STEP AROUND PRECLUSION ERRORS BY INVOKING *ROOKER-FELDMAN* MUST FAIL

The State attempts to step around the District's Court's errors in applying preclusion by invoking the *Rooker-Feldman* doctrine, which the State argues should be applied to the Fletcher, Diaz, and Rosenbaum cases.[13] *See supra*, part I.C.; State Appellees' Brief at 13-15.  However, *Rooker-Feldman* is inapplicable here for at least five reasons:

---

[12] *Hartman v. Moore*, 547 U.S. 250 (2006), and *Reichle v. Howards*, 132 S.Ct. 2088 (2012), both cited in Appellee Powell's Brief at 15-16, are distinguishable because both are First Amendment cases.

[13] Though the State argues that *Rooker-Feldman* should be applied to the Fletcher, Diaz, and Rosenbaum judgments, I do not seek any relief as against the State related to those judgments, since the State Appellees already have issued the warrants for those cases and those evictions already have occurred. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-3 (1984) (Eleventh Amendment limits claims against state officials to prospective relief governing future conduct).  My claims against the State Appellees (though not my claims against the other defendants) are limited to prohibiting their future issuance of "all persons" warrants, and particularly "all persons" warrants based upon the Osterweil, Campos, and Skubutyte judgments.

## A.  *Rooker-Feldman* Does Not Bar Actions By State-Court Nonparties

Despite my unsuccessful attempts to participate and intervene in the Fletcher, Diaz, and Rosenbaum cases, I never became a party.  JA022-3, 051, 054, 057, 229-31, 239-41, 245-7, 256-8, 317-20; *see* N.Y. Real Prop. Acts. Law § 747(1) (SPA068) (eviction judgment only "determin[es] the rights of the parties").  Thus, *Rooker-Feldman* is inapplicable.  Appellant's Brief at 58; *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (*Rooker-Feldman* does not bar actions by state-court nonparties); *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (same); *see also FOCUS v. Alleghany County Court of Common Pleas*, 75 F.3d 834, 840-2 (3d Cir. 1996) (even under previous more expansive interpretation of *Rooker-Feldman* subsequently abrogated by *Exxon Mobil Corp.*, *see supra* at 14-15, *Rooker-Feldman* inapplicable where federal court plaintiff not a party to state-court proceedings, notwithstanding plaintiff's attempts to intervene in state court); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (same);[14] *United States v. Napper*, 887 F.2d 1528, 1534 (11th Cir. 1989) (Johnson, J., concurring) (same).

---

[14] "A person who was not a party in the state court action did not have an opportunity to litigate its claims. That person must be allowed to bring an action in federal court to attempt to vindicate its perceived rights, otherwise it will have no chance to do so."  *Owens*, 54 F.3d at 274.

32

### B.    Not a "State-Court Loser" Because My Rights Not Determined

I was not a "state-court loser" because the Housing Court did not make any determination about my property interests, liberty interests, equal protection interests, or legitimate expectation of privacy, but instead simply excluded me from being heard on the merits of my property interests.  *Supra* at 11, 15-17.

### C.    Not a "State-Court Loser" Because State-Court Judgments All Are Nullities

I was not a "state-court loser" because the state-court judgments all are nullities for lack of a proper party petitioner.  *See* Appellant's Brief at 38-41.

### D.    Injury Caused by Postjudgment Warrants Procedure, Not By State-Court Judgments

My injury is not caused by the state-court *judgments* themselves.  *See* JA051, 054, 057, 327-9 (not party to the judgments); N.Y. Real Prop. Acts. Law § 747(1) (SPA068) (eviction judgment only "determin[es] the rights of the parties").  Instead, my injury is caused by an unconstitutional postjudgment administrative procedure requiring the issuance of a warrant to "remove all persons" upon an *in personam* judgment against any named individual.  N.Y. Real Prop. Acts. Law § 749(1) (SPA069).

### E.    Judgments Against Long-Departed Former Tenants Need Not Be Disturbed to Consider Postjudgment Warrant Procedure

This Court need not review or reject the Housing Court judgments against long-departed former tenants Fletcher, Diaz, and Rosenbaum.  JA051, 054, 057.  Those judgments may stand as made while this Court reviews the statutory administrative procedure for eviction warrants against nonparties.

## V.    DEFENDANT POWELL SHOULD NOT BE ACCORDED IMMUNITY

### A.    Qualified Immunity

Defendant Powell's conduct was contrary to clearly established law, including the Fourth and Fourteenth Amendments, state criminal and civil statutes, and marshals' regulations, as well as clearly established case law. *See* Appellant's Brief at 48-56, 58-9.

Even if Powell were accorded immunity because 114,705 warrants with the unconstitutional "all other persons" language are issued in a given year, *see* Appellee Powell's Brief at 16, Powell still should be held accountable, and not immune, for the remainder of his improper actions, *see* Appellant's Brief at 53-5, 56.

To the extent Powell claims that he should be immune for all of his actions just because he had a warrant, *see* Appellee Powell's Brief at 15-16 (claiming immunity for threat to call and actual call to Fire Department), the

34

warrants do not protect Powell's actions because the Fourth Amendment governs the manner of the search execution and considers "the totality of the circumstances." *Supra* at 30-1.

Moreover, contrary to Powell's claim that the denials of my intervention attempts in the state courts determined my rights, Appellee Powell's Brief at 17-18, clearly established law, including U.S. Supreme Court cases and the relevant New York statute and cases, showed that eviction judgments were binding only on parties to the proceeding. *Supra* at 15-19, 21-4.

Lastly, Powell argues that "[w]hile the Plaintiff-Appellant in the instant matter repeatedly claims that he was entitled to see the Marshal's badge or the warrant, in fact he was a person without standing to have anything to do with these landlord/tenant matters." Appellee Powell's Brief at 18. However, Powell clearly was required, *with criminal penalties*, to show his badge. N.Y. City Civ. Ct. Act § 1602 (SPA060) ("Every city marshal shall display his badge upon demand. . . . Any person violating the provisions of this section shall be punished by imprisonment for a term not exceeding thirty days or a fine not exceeding two hundred dollars for each offense."). Powell also was required by clearly established U.S. Supreme Court precedent and the Marshal's HandBook to present a copy of the warrant, at least at the end of the search. *See* Appellant's Brief at 54-5 and n.15.

Powell has not met his burden on the qualified immunity affirmative defense to warrant granting immunity at the pleadings stage.  Appellant's Brief at 58-9.

### B.    Quasi-Judicial Immunity

Defendant Powell perhaps may be arguing, by case law citations, that he also separately is entitled to dismissal under the quasi-judicial immunity affirmative defense.  Appellee Powell's Brief at 7-8, 14-5.  This affirmative defense was not reached by the District Court and has not been adequately developed.

Even if this Court reaches quasi-judicial immunity, it should not accord immunity to Defendant Powell at the pleadings stage.  Judicial immunity is unavailable for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" and for "actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11-2 (1991) (citations omitted).  As applied to officers enforcing judicial orders, "most courts seem to agree that absolute quasi-judicial immunity should not extend to court officers enforcing judicial orders if either (1) the judge's order is facially invalid; or (2) the judge's order is not facially invalid, but the court officer exceeds the scope of that order, or enforces it in an improper manner." *Levine v. Lawrence*, No. 03-cv-1694 (DRH) (ETB), slip op. at 20 (E.D.N.Y. June 15, 2005) (citations omitted).

36

Here, the warrants were facially invalid due to: (i) their "all persons" language and failure to meet the Fourth Amendment's Warrant Clause, Appellant's Brief at 50-3; *supra* at 28-9;[15] (ii) the lack of sufficient premises descriptions to identify specific targeted rooms, Appellant's Brief at 53; as well as, (iii) the purported award of property to a trust not capable of owning property in its name, *id.* at 38-41, 53.

Furthermore, Powell exceeded that scope of the warrants by improperly involving the Fire Department, *id.* at 55, and also by acting through an agent without any warrant whatsoever during the September 20, 2011 break-in and search, *id.* at 56.  Powell also enforced the warrants in an improper manner at the July 13 and 20, 2011 evictions by refusing to show his badge and the warrants, *id.* at 54-5 and n.15.

Thus, quasi-judicial immunity should be denied.  *See Levine*, slip op. at 20-21 (denying quasi-judicial immunity at motion to dismiss stage because allegations of complaint suggest that defendant court officer may have acted in an unauthorized manner or exceeded the scope of a court order).

---

[15] *Caporicci v. Nassau County Police Dep't*, No. 05-CV-5764, 2007 WL 764535 (E.D.N.Y. Mar. 6, 2007), described by Powell as "[a] case directly on point," Appellee Powell's Brief at 14, does not appear to consider any Fourth or Fourteenth Amendment challenge to the "all persons" language on the warrants.  *Caporicci*, 2007 WL 764535 at ___, slip op. at 14.

## VI.   STATUTORY TENANCY RIGHTS

Contrary to the State's suggestion, State Appellees' Brief at 16, the alleged thirty-day occupancy plainly meets the statutory language of the statutes, N.Y. Real Prop. Acts. Law § 711 (SPA062); N.Y.C. Admin. Code § 26-521 (SPA058-9), according tenancy rights to rooming house occupants. Appellant's Brief at 15-19.  Moreover, the alleged previous lease and previous acquiescence of both groups claiming ownership supports, at least, a tenancy at will or at sufferance, N.Y. Real Prop. Law § 228 (SPA061), due to the lawful initiation of my occupancy.  *Compare* State Appellees' Brief at 16 n.6 *with* Appellant's Brief at 19-21.

The appellees have not addressed the argument that these statutory rights trigger Constitutional protection.  *See* Appellant's Brief at 21-6.

## VII.   LIBERTY INTERESTS

The State suggests that "[t]he 'liberty interests' that [Sasmor] asserts (Br. at 27-28) merely recapitulate his procedural due process and Warrant Clause claims."  State Appellees' Brief at 20 n.7.  However, liberty interests are important and must be protected independently as set forth by the Constitution.  U.S. Const., Amend. XIV, § 1; *Meyer v. Nebraska,* 262 U.S. 390, 399 (1923); Appellant's Brief at 27-8.

## VIII.  EQUAL PROTECTION

The State suggests that (i) "*Rooker-Feldman* similarly bars Sasmor's assertion (Br. at 28-29) that the Housing Court lacked a rational basis to issue eviction warrants for the Diaz, Fletcher, and Rosenbaum rooms that named those individuals but not Sasmor," State Appellees' Brief at 15 n.5, and that (ii) "Sasmor's claim that the eviction warrants for the Campos, Osterweil, and Skubutyte rooms violated equal protection (Br. at 28-29) fails because Housing Court had a rational basis to issue warrants that named those individuals but not Sasmor."  State Appellees' Brief at 20 n.7.

But simply excluding my name from the warrants is not what the Housing Court did!  Instead, the Housing Court issued warrants for the removal of named tenants "AND ALL OTHER PERSONS," and continues to do so.  JA014-15, 029, 033-4, 050, 053, 056, 262-3, 332-4.  There is no rational basis to support the inclusion of "ALL OTHER PERSONS" in the warrants!  *See* Appellant's Brief at 28-9.

## IX.    ADMINISTRATIVE JUDGE IS PROPER DEFENDANT

The State contends that although Appellee Alt signs all the eviction warrants, "[Appellee] Fisher, though 'responsible for the administration and operation of the New York City Courts,' has no direct involvement in Housing Court or eviction proceedings. (A. 29.)"  State Appellees' Brief at 9 n.3. Therefore, the State reasons, "Sasmor does not allege that appellee Fisher

took any action with respect to the challenged eviction warrants. The terms and scope of those warrants, and the point at which they issue, are set by statute rather than by administrative action. Sasmor therefore cannot show injury fairly traceable to Fisher in any case." *Id.* at 12 n.4.

However, it is well established that a suit for injunction against enforcement of an unconstitutional state statute may be brought against a state officer responsible for enforcing that statute. *Ex parte Young*, 209 U.S. 123, 159-61 (1908). An administrative judge enforcing an unconstitutional statute is a proper defendant to a 42 U.S.C. § 1983 claim. *Wolfe v. Strankman*, 392 F.3d 358, 365-6 (9th Cir. 2004) (reversing dismissal of Chief Justice in administrative capacity).

## **CONCLUSION**

This Court should reverse the judgment of the District Court, remand,

and direct entry of a preliminary injunction.


Dated:  October 29, 2013
Brooklyn, New York

Respectfully submitted,

Jon Sasmor
*Plaintiff-Appellant, Pro Se*
287 Franklin Avenue
Brooklyn, NY 11205
jonathan.sasmor@gmail.com
(917) 318-2619

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

**Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 6,952 words, excluding the parts of the

brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because

this brief has been prepared in a proportionally spaced typeface using

LibreOffice 3.6.5.2 in 14-point Times New Roman font.


Dated:  October 29, 2013
Brooklyn, New York

                                        Respectfully submitted,

                                        Jon Sasmor
                                        *Plaintiff-Appellant, Pro Se*
                                        287 Franklin Avenue
                                        Brooklyn, NY 11205
                                        jonathan.sasmor@gmail.com
                                        (917) 318-2619